IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

KENNETH C. GRIFFIN,                                )
                                                   )
                    Plaintiff,                     )
                                                   )
        v.                                         )
                                                   )
INTERNAL REVENUE SERVICE, *et al.*,                )
                                                   )
                    Defendants.                    )
_____                )

## <u>UNITED STATES' MOTION TO DISMISS COMPLAINT</u>

Plaintiff Kenneth C. Griffin seeks damages from the Government under 26 U.S.C. § 7431 (Count I or "the § 7431 claim") and the Privacy Act, 5 U.S.C. § 552a (Count II or "the Privacy Act claim"). As a basis for both counts, Griffin alleges that the IRS failed to properly safeguard its record systems and that, because of this failure, unidentified IRS personnel wrongfully obtained his tax return information and provided it to ProPublica, an online news publication. Griffin's Complaint—based on speculation that someone at the IRS is ProPublica's source and conjecture that deficient security practices caused the alleged leak—should be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

The Internal Revenue Code provides that taxpayers' "returns" and "return information" are confidential. 26 U.S.C. § 6103(a). Consistent with their confidential

status, the Government cannot disclose an individual's return or return information unless the disclosure is authorized by statute. *Id.* If the Government knowingly or negligently discloses a taxpayer's return information in violation of § 6103, § 7431 provides the taxpayer with an *exclusive* cause of action to recover statutory or actual damages proximately caused by that violation. *See* 26 U.S.C. § 7431(a).

Griffin's Complaint fails to state a claim for two reasons. First, Griffin cannot recover under the Privacy Act. Under Count II, Griffin's Complaint raises two Privacy Act claims: (1) wrongful disclosure of his return information, and (2) failure to safeguard that same information as required by the Privacy Act. But the Internal Revenue Code's statutory remedy preempts Griffin's Privacy Act claim to the extent that it seeks damages for the purported unauthorized disclosure of his confidential return information to ProPublica. Even absent preemption, both aspects of Griffin's Privacy Act claims must be dismissed because Griffin fails to allege any actual damages.

Second—turning to Count I of the Complaint—Griffin's § 7431 claim is based on the unsupported speculation that unidentified IRS personnel hacked the IRS's data and records systems to obtain his return information and then gave that information to ProPublica. In essence, Griffin's Complaint is a shotgun pleading based solely on conclusory allegations of the IRS's role in the disclosure of his information to ProPublica. Those conclusory allegations fail to state a valid claim for relief under § 7431. Thus, Griffin's § 7431 claim must, too, be dismissed.

**BACKGROUND**

In 2021 and 2022, ProPublica published a series of articles reporting on the tax returns of several of the wealthiest U.S. taxpayers, including Griffin. In its reporting, ProPublica states that it does not know the identity of the source of the information in its articles. *See* Stephen Engelberg and Richrd Tofel, [Why We Are Publishing the Tax Secrets of the .001%](#), ProPublica (June 8, 2021, 4:59 a.m. EDT). And ProPublica does not rule out the possibility that the source is "a state actor hostile to American interests." *Id*.

Although the source of the information for ProPublica's articles is unknown, Griffin filed this action based on "information and belief" that unknown IRS employees provided the information to ProPublica. The factual allegations in support of his claims are summarized as follows:

- The IRS's records system does not adequately safeguard taxpayer's information.

- The IRS has known of the challenges in its records security for years but has not taken sufficient action to shore up its records security.

- On unknown dates between 2019 and March 2022 "on information and belief," unidentified IRS personnel exploited unspecified weaknesses in the IRS's records systems to obtain Griffin's tax returns and return information.

- On unknown dates between 2019 and March 2022, "on information and belief," unidentified IRS personnel provided Griffin's tax returns and return information to ProPublica.

- In 2021 and 2022, ProPublica published articles that reported on the information it allegedly received from the IRS.

3

Griffin cites to source material for nearly all his allegations, including links to several ProPublica stories that allegedly contain his return information.[1] But he fails to allege any facts demonstrating that IRS personnel improperly obtained his records and provided those records to ProPublica. Nor does he make any attempt, beyond a conclusory statement, to explain how the IRS perpetrated the wrongful access and disclosure of his information and why the information allegedly disclosed is protected by § 6103. What's more, consistent with the selective nature of his narrative, Griffin omits from his Complaint any reference to ProPublica's admission that it does not know the source of the information and that the source may be a state actor hostile to Government interests. Instead, he alleges without support that ProPublica identified the IRS as its source. Compl. ¶ 4.

## ARGUMENT

The crux of Griffin's Complaint is the alleged unauthorized disclosure of his return information in violation of 26 U.S.C. § 6103 by an unidentified IRS employee to ProPublica. On this basic factual allegation, Griffin alleges two claims for relief. Count I seeks to recover under Section 7431 of the Internal Revenue Code. Count II seeks to recover for the same conduct under the Privacy Act, 5 U.S.C. § 522a. The Court should dismiss both claims.

---

[1] The Court may consider the ProPublica articles cited in Griffin's Complaint at the motion to dismiss stage because they are central to Griffin's claims and their authenticity are not disputed. *See Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018).

Griffin's Privacy Act claim fails on both procedural and merits grounds. Griffin cannot proceed under the Privacy Act for the alleged wrongful disclosure of his information because the narrow relief prescribed by Congress under the Internal Revenue Code for that type of disclosure preempts Griffin's broader Privacy Act claim. Even apart from this preemption, the Privacy Act claim must be dismissed for failure to state a claim because Griffin fails to allege actual damages.

Griffin's § 7431 claim is also meritless. Griffin's broad "factual assertions" alleging a § 7431 claim lack the detail required to survive a motion to dismiss. Griffin merely speculates that "unidentified IRS personnel" obtained Griffin's return information and then gave that information to ProPublica. This speculative allegation—based on information and belief—evinces a shotgun pleading that falls short of the line between possible and plausible.

## I.    Griffin's Privacy Act Claim Is Preempted by the Internal Revenue Code and Fails to State a Claim

In his Complaint, Griffin raises two alleged Privacy Act violations: (1) unauthorized disclosure of his return or return information, and (2) failure to safeguard information. Griffin cannot proceed under the Privacy Act for the alleged wrongful disclosure of Griffin's return information because the Internal Revenue Code provides the exclusive remedy for the wrongful disclosure of return information. And even if Griffin were correct that he may proceed under the Privacy Act, his Complaint would still fail to state a claim because he has not pleaded actual damages, a necessary element to state a claim under the Privacy Act.

5

A.      The Internal Revenue Code Preempts Griffin's Alleged Privacy Act
        Violation for the Unlawful Disclosure of His Tax Return Information

At its core, Griffin's Complaint seeks redress for the alleged unlawful disclosure

of his return information. But Griffin cannot seek relief for the alleged disclosure under

the Privacy Act. The Privacy Act provides that "[n]o agency shall disclose any record

contained in a system of records . . . to any person, or to another agency" except as

provided by statute. *See* 5 U.S.C. § 552a(b). The Privacy Act creates a private right of

action for individuals whose confidential records are unlawfully disclosed where the

Government's "fail[ure] to comply" with its obligations under the Act "advers[ly]

effect[ed]" the person whose records were disclosed. *Id.* § 552a(g)(1)(D).[2] Unlike the

Privacy Act's broad application to any "record" as defined in 5 U.S.C. § 552a(a)(4), §

6103 prohibits the disclosure of a taxpayer's "return or return information," except as

authorized by statute. 26 U.S.C. § 6103(a). Just as the Privacy Act permits suits for

alleged violations of its provisions, the Internal Revenue Code allows taxpayers to sue

the United States to redress alleged knowing or negligent violations of § 6103. 26 U.S.C.

§ 7431(a)(1).

When individuals have attempted to seek relief under both statutes as Griffin has

done here, courts have routinely held that § 7431 provides the exclusive remedy for

disclosure of taxpayer information. *See, e.g.*, *Gardner v. United States*, 213 F.3d 740,

742 (D.C. Cir. 2000) (discussing how courts interpret the relationship between § 6103

---

[2] There are several other avenues for a person to allege a violation under the Privacy Act (*see* 5 U.S.C. § 522a(g)(1)(A)-(D). In this case, the Privacy Act claim appears limited to claims under 5 U.S.C. § 522a(g)(1)(D), (g)(4).

and the Privacy Act). The prevailing view is that the specific provisions in the Internal Revenue Code related to the disclosure of return information—§§ 6103 and 7431— preempt the Privacy Act's more general prohibition on disclosure of "records." *See id; see also Hobbs v. United States*, 209 F.3d 410, 412 (5th Cir. 2000) (noting that a majority of courts that have considered the interaction of § 6103 and the Privacy Act have concluded that § 7431 is the exclusive remedy for the disclosure of tax return information). As explained in *Gardner*, when Congress enacted § 6103, it intended to override inconsistent provisions contained in the Privacy Act. 213 F.3d at 741. Upholding the district court's dismissal under Rule 12(b)(6) of the plaintiff's Privacy Act claims for wrongful disclosure of return information, the D.C. Circuit reasoned that the Internal Revenue Code's "detailed framework for access to and disclosure of tax records preempts the generic provisions of the Privacy Act." *Id*.

Indeed, allowing taxpayers to proceed under both causes of action would inevitably lead to inconsistent and irreconcilable results. *Hobbs*, 209 F.3d at 412. As the Fifth Circuit recognized, "only § 6103 provides for a variety of tax-return-specific exceptions to the general confidentiality rule." *Id*. But if the plaintiff were allowed "to maintain a suit under the Privacy Act even where his § 7431 damages action was unsuccessful, this would punish the IRS for disclosing tax return information it was authorized to disclose under the express terms of § 6103." *Id*. Preemption, thus, is the only appropriate way of reconciling these two statutes.

In his Complaint Griffin alleges that "the IRS unlawfully disclosed . . . his confidential tax return information . . . in violation of [the Privacy Act]." Compl. ¶ 56.

But a claim for the disclosure of return information must be brought under § 7431, not under the Privacy Act. *See Gardner*, 213 F.3d at 742; *see also Hobbs*, 209 F.3d at 412 (§ 7431 is the exclusive remedy for wrongful disclosure claims); *Cheek v. IRS*, 703 F.2d 271, 271–72 (7th Cir.1983) (Congress intended to override any inconsistent provisions of Privacy Act when it enacted § 6103); *Welborn v. United States*, 218 F. Supp. 3d 64, 81 (D.D.C. 2016) (Privacy Act claims dismissed because they are preempted by the Internal Revenue Code); *Ross v. United States*, 460 F. Supp. 2d 139, 151 (D.D.C. 2006) (same); *Diamond v. United States*, 2014 WL 788361, at *9 (C.D. Cal. Nov. 14, 2014) (same); *Gulden v. United States*, 2007 WL 3202480, at *3 (M.D. Fla. Oct. 28, 2007) (same); *Iacoe v. IRS*, 1999 WL 675322, at *5 (E.D. Wis. July 23, 1999) (same).[3]

For this reason, the Court should dismiss Griffin's Privacy Act claim for the alleged wrongful disclosure of his tax return information.

B.    <u>Griffin's Privacy Act Claim Fails to State a Claim Because he Fails to Allege Actual Damages</u>

To the extent Griffin's failure to safeguard allegation is not otherwise preempted by the Internal Revenue Code, his entire Privacy Act claim must be dismissed for failure to allege actual damages. To state a claim under the Privacy Act, the plaintiff must demonstrate that: (1) the government failed to fulfill its record-keeping obligation; (2) the agency acted intentionally or willfully in failing to perform its obligation; (3) the failure

---

[3]  The United States identified only one case declining to find § 7431 provides the exclusive remedy for a wrongful disclosure of tax return information and allowing the plaintiff to pursue her lawsuit under both § 7431 and the Privacy Act. *Sinicki v. Dep't. of Treasury*, 1998 WL 80188, at *4–*5 (S.D.N.Y. Feb. 24, 1998). The Court should not follow this outlier and should adopt the reasoning of the cases above.

proximately caused an adverse effect on an individual; and (4) the individual suffered actual damages. *See Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 872 (11th Cir. 2009) (internal citation omitted). Failure to allege any of these elements requires dismissal of a litigant's Privacy Act claim. *See Speaker v. U.S. Dep't of Health and Hum. Servs. Centers for Disease Control and Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010).

The Privacy Act permits recovery only for "pecuniary or economic harm." *F.A.A. v. Cooper*, 566 U.S. 284, 299 (2012). Thus, a person seeking relief under the Privacy Act cannot recover non-pecuniary damages stemming from "loss of reputation, shame, mortification, injury to the feelings and the like." *See id.* at 295–96 (2012) (construing § 552a(g)(4)). Because Griffin fails to allege *any* pecuniary harm, his claim must be dismissed. *See Corbett v. Trans. Sec. Admin.*, 568 F. App'x. 690, 702 (11th Cir. 2014) ("We need not evaluate whether [the plaintiff] stated a Privacy Act violation because he alleged no pecuniary loss or actual damages as a result of a Privacy Act violation."); *U.S. Dep't of Agriculture*, 2022 WL 2208915, at * 7 (S.D. Fla. June 21, 2022) (dismissing the plaintiff's Privacy Act claim, which failed to allege actual damages, for failure to state a claim); *Welborn*, 218 F. Supp. 3d at 82 (dismissing Privacy Act violation for failure to state a claim when the plaintiff did not allege actual damages).

Griffin does not allege he suffered pecuniary or economic harm resulting from the alleged violations of the IRS's failure to safeguard his information under the Privacy Act. The Complaint simply states that Griffin "has and will continue to sustain damages directly traceable to the IRS' violations" under the Privacy Act (Compl. ¶ 57), and Griffin

does not identify the nature of such damages. On the face of the Complaint, it is impossible to identify whether the generic "damages" he alleges are actual damages that are economic or pecuniary (recoverable) versus non-pecuniary (non-recoverable) damages. Griffin's Complaint, devoid of any allegation of actual damages, must be dismissed. *See Brown v. U.S. Dep't of Justice*, 169 F. App'x 537, 541 (11th Cir. 2006) (dismissal proper where the plaintiff's Privacy Act claim failed as it was "devoid of any allegations" of actual damages).

## II. Griffin's Section 7431 Claim Should Be Dismissed for Failure to State a Claim

Griffin's wrongful disclosure claim under the Internal Revenue Code is based on speculation and conjecture that an unidentified IRS employee hacked the IRS's data and records systems to obtain his personal records and then gave those records to ProPublica. Griffin's conclusory allegations based on his information and belief that the IRS was the source of the information in ProPublica's articles amount to a shotgun pleading that runs afoul of Rule 8. And this warrants dismissal of his wrongful disclosure claim under Rule 12(b)(6).

### A. Griffin's Wrongful Disclosure Claim Is a Shotgun Pleading That Falls Short of Rule 8's Standard Because It Is Replete with Vague and Conclusory Allegations

Griffin's wrongful disclosure claim based on "information and belief" that an unidentified IRS employee is responsible for the disclosure to ProPublica fails the pleading standard required by Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is

entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although the Rule does not require detailed factual allegations, the plaintiff must allege "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must provide fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Bell At. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Shotgun pleadings—like Griffin's Complaint—fail "to give defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings. *Id.* at 1321. Griffin's wrongful disclosure count falls into the second category because he offers only vague and conclusory allegations to support his claim. *See id.* at 1321 n.12 (collecting cases in which the complaint was a shotgun pleading because of vague and conclusory allegations); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (finding that a complaint with vague and conclusory allegations was a "prototypical 'shotgun complaint'").

Griffin's wrongful disclosure claim is a textbook shotgun pleading. Griffin offers only vague and conclusory allegations that unidentified IRS personnel are responsible for the alleged disclosure of his return information to ProPublica. These allegations are based on speculation and conjecture. Although he provides notice of the nature of his claim (wrongful disclosure), Griffin's claim is largely hypothetical. Indeed, by alleging a violation of § 6103 based on information and belief, Griffin speculates that some

unknown individual(s) in an organization of nearly 80,000 employees[4], using unknown methods and exploiting unspecified security weaknesses, wrongfully obtained his return information. He then infers that the IRS individual(s) gave that information to ProPublica, while omitting or discounting all other possibilities or explanations. The ProPublica articles he cites offer no additional context that fill in the blanks or afford the United States fair notice to formulate a response. If anything, those articles muddy the water as ProPublica acknowledges in its reporting that it does not know who provided Griffin's tax information and does not rule out that the source is a foreign government hostile to the United States. *See* Stephen Engelberg and Richrd Tofel, Why We Are Publishing the Tax Secrets of the .001%, ProPublica (June 8, 2021, 4:59 a.m. EDT) (acknowledging that the information ProPublica received could have "come from a state actor hostile to American interests.").

To allow Griffin's wrongful disclosure claim to go forward based solely on his conclusory allegations will "exact an intolerable toll" on the Court and "lead to unnecessary and unchanneled discovery." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348 (11th Cir. 2018). That it is especially problematic here. Without confirming the authenticity of any purported return information, it is certainly understandable that a taxpayer in his shoes would want to know how his or her confidential return information entered the public domain. Section 6103, however, does not permit the United States to

---

[4] *See* 2021 IRS Data Book, at 69, 72, and 73 (IRS employed 78,661 full-time equivalents in 2021) (Data Book available here: https://www.irs.gov/pub/irs-pdf/p55b.pdf).

disclose to Griffin or the Court the existence or details of any investigations related to the events described in the Complaint. Information about investigations into specific persons for unauthorized disclosure violations can represents the return information of the subjects and/or targets of those investigations, which the United States is prohibited from revealing. 26 U.S.C. § 6103(b)(2)(A); *Comyns v. United States*, 155 F.2d 1344, 1348–49 (S.D. Fla. 2001) *aff'd,* 287 F.3d 1034 (11th Cir. 2002) ("[R]evealing the fact that a taxpayer is the subject of a tax investigation constitutes disclosure of 'return information.'").

That is not to suggest that Griffin has no remedy. Both Treasury Secretary Yellen and former IRS Commissioner Rettig advised Congress that they have referred the publication of Griffin's return information by ProPublica to TIGTA and other investigative authorities. Compl. ¶ 12, n. 22–23. If future events reveal—beyond speculation and conjecture—that his return information was disclosed to ProPublica in violation of § 6103, then Griffin can file suit. For now, however, his speculative allegations do not comply with Rule 8, and his wrongful disclosure claim must be dismissed.[5]

---

[5] For this reason, Griffin's Complaint can also be dismissed on ripeness grounds. *See, e.g.*, *Yacht Club on the Intracoastal Condominium Ass'n, Inc. v. Lexington Ins. Co.*, 509 F. App'x 919, 921–22 (11th Cir. 2013) (explaining that the ripeness doctrine "protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes.").

**B.** <u>Griffin Fails to State a Valid Claim for Relief Under Section 7431 of the Internal Revenue Code</u>

The conclusory nature of Griffin's allegations leads to dismissal of his § 7431 claim for a second, broader reason—failure to state a claim. Rule 12(b)(6) requires the dismissal of claims based on conclusory and speculative allegations. *See Twombly*, 550 U.S. at 555 (explaining that factual allegations must rise "above the speculative level"). Thus, Rule 12(b)(6) ensures that deficient claims do not move past the pleading stage and into discovery hoping to find "data and evidence to support the allegations through subsequent discovery." *Moss v. Liberty Mut. Fire Insur. Co.*, 2017 WL 4676629, * 7 (M.D. Fla. Aug. 18, 2017); *see also Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1329 n.16 (S.D. Fla. 2011) (Discovery "is not intended to allow a plaintiff to go on a fishing expedition to see if the speculative complaint that he has filed has any basis in fact."). But this is what Griffin seeks to do. He hopes to prove his conclusory and speculative allegations through broad discovery.

To allege a violation under § 7431, the aggrieved party must plead these elements: (1) that an officer or employee of the United States (2) knowingly, or by reason of negligence, disclosed (3) any return or return information of a taxpayer that is protected from disclosure under § 6103. *See* 26 U.S.C. § 7431(a). Griffin's Complaint fails to allege several key facts necessary for his § 7431 claim to survive a motion to dismiss under Rule 12(b)(6). First, Griffin fails to plead sufficient facts to demonstrate that his "return" or "return information" (*i.e.*, § 6103 information) was disclosed to ProPublica. Second, Griffin's Complaint lacks the necessary facts of the circumstances of the alleged

14

disclosure to take his allegation on information and belief that unidentified IRS personnel disclosed his return information to ProPublica from speculation to plausible.

> i.  Griffin Failed to Plead Facts Sufficient to Demonstrate "Return or Return Information" was Disclosed

Section 6103 of the Internal Revenue Code protects a taxpayer's "return" and "return information." Those words are terms of art that are statutorily defined. A "return" is "any tax or information return, . . . *which is filed with the Secretary* . . . including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed." 26 U.S.C. § 6103(b)(1) (emphasis added). A taxpayer's "return information" includes:

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or *any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary* with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

*Id.* § 6103(b)(2) (emphasis added). Thus, § 6103 protects only a taxpayer's return or return information that is within the IRS's files. To illustrate, a taxpayer's return that is stored in the IRS's files is protected by § 6103 and cannot be disclosed unless authorized by statute. But a draft of that same return stored in the files of the taxpayer's accountant is not protected by § 6103 because it was not filed with the IRS. And so, if the accountant's files are stolen and given to a news service, such as ProPublica, there is no unauthorized disclosure of the taxpayer's "return" or "return information." *See Thomas v.*

*United States*, 890 F.2d 18, 21 (7th Cir. 1989) ("[T]he definition of return information comes into play only when the immediate source of that information" is the IRS's files); *Johnson v. Sawyer*, 120 F.3d 1307, 1325–26 (5th Cir. 1997) (holding that an IRS press release announcing the taxpayer's guilty plea disclosed return information because the immediate source of that information was the IRS's file, not the public judicial proceeding).

Griffin fails to plausibly allege that the information reported in ProPublica's articles is his return information as defined by § 6103. He merely speculates that the information came from the IRS's files. But there is no indication in the Complaint or by ProPublica that the information was taken *from the IRS's files*—either by unidentified IRS personnel or outside hackers. While it is true that it is often hard to trace private information in the public domain to any particular data breach, Griffin cannot even allege (other than speculatively) that there was a data breach at the IRS, which led to the disclosure of his return information to ProPublica. Even ProPublica claims it does not know the identity of its source and has not ruled out that it could be a hostile foreign actor. Thus, Griffin's bald assertion that the information must have come from the IRS's files, while possible, is insufficient to plausibly allege that the ProPublica articles contained his return information as defined under § 6103.

    ii.    <u>Griffin Failed to Plead Facts that an Employee or Official of the United States Wrongfully Disclosed His "Return" or "Return Information" to ProPublica</u>

Even if Griffin plausibly alleged that the articles were based on his return information, Griffin does not plausibly allege that any IRS employees knowingly or

16

negligently gave that information to ProPublica. And for this reason too, his § 7431 claim must be dismissed.

A party seeking damages under § 7431 must allege "who made the alleged disclosures, to whom they were made, the nature of the disclosures, the circumstances surrounding them, and the dates on which they were made." *Bancroft Glob. Dev. v. United States,* 330 F. Supp. 3d 82, 101 (D.D.C. 2018) (citation and quotation omitted). But Griffin alleges only on information and belief that unidentified IRS personnel made the disclosure to ProPublica on unknown dates between late 2019 and March 2022. Allegations based "on information and belief" are taken as true only if the plaintiff alleges specific, non-conclusory facts to support the allegation. *See Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *2 (S.D. Fla. June 29, 2018). Griffin does not allege specific, non-conclusory facts to support his allegation on information and belief that unidentified IRS personnel are ProPublica's source. To allow Griffin's claim to proceed because he couched his allegations as based on information and belief flaunts *Twombly's* plausibility standard.

Courts confronted with similarly conclusory allegations have dismissed other wrongful disclosure suits. For example, in *United States v. Zak*, the court held that the allegation that unidentified "IRS and DOJ Officials have made other statements constituting impermissible disclosure of Mr. Clark's return information" was insufficient to state a claim for relief. 481 F. Supp. 3d 1305, 1312 (N.D. Ga. 2020). The allegation was "too attenuated" because "the allegation on its own neither identifies who made the

alleged disclosure, nor when." *Id.* Without additional facts, this allegation failed to provide "any guideposts" to fairly place the Government on notice of the claim. *Id.*

The court in *Bancroft* reached a similar conclusion in dismissing one of the plaintiff's wrongful disclosure counts while allowing other claims to go forward. 330 F. Supp. 3d at 89. For two of Bancroft's claims, the allegations placed the Government on notice to whom the tax information was allegedly revealed and the narrow time frame of the alleged disclosure. And so, the court allowed those claims to proceed. But a third claim for wrongful disclosure was not supported with factual allegations that placed the Government on notice of his claim. *Id.* at 102–03. The plaintiff did not allege key details such as "who disclosed the tax return information, to whom, and when." *Id.* at 103. The plaintiff did not even allege "where in the Government" the source of the alleged disclosure worked. *Id.*

At least one court has allowed a § 7431 claim to survive a motion to dismiss without alleging who made the disclosure. *Strong v. United States*, Case No. 6:98-cv-1452, 1998 WL 990581, *3 (W.D. La. Dec. 10, 1998). But *Strong* is an outlier in which the plaintiff included other factual allegations to put the Government on notice to investigate his claim. In *Strong*, the plaintiff was married to an IRS employee and alleged that his return information was openly discussed among employees at a specific IRS office because of his marriage. And an IRS official attested under oath that discussion of the plaintiff's tax return information was "part of a common and accepted practice" at the IRS office where his spouse worked. *Id.*

Griffin's § 7431 claim is like the dismissed claims in *Zak* and *Bancroft*. He does not allege the who or when to allow the United States to defend against his claim. Griffin alleges when he learned of the alleged wrongful disclosure (March 2022). And he attributes the alleged disclosure "on information and belief" to unknown IRS personnel. Beyond this, he does not provide any details on where in the IRS the unidentified personnel may work. Nor does Griffin allege the specific dates, or even month or year of the alleged disclosure. He alleges only that it may have occurred between late 2019 and March 2022.

Unlike in *Strong*, Griffin's allegations do not provide guideposts to allow the Government to assess his claim. To illustrate, the IRS employed nearly 80,000 individuals each year between late 2019 and March 2022. Without any clue as to which employee(s) allegedly misappropriated Griffin's return information and gave that information to ProPublica, the Government would have to canvass all those employees to investigate the allegations. Simply put, Griffin's allegation would require the Government to search for a needle in a haystack. But the needle may not even be in the haystack. ProPublica does not know if the source of the information was the IRS and acknowledges that the source may be a hostile state actor.

In sum, Griffin's claim "on information and belief" that IRS personnel disclosed his return information to ProPublica is based on speculation and conjecture. And the Court need not afford to these speculative allegations the presumption of truth for purpose of determining whether Griffin's wrongful disclosure states a valid claim for relief under Rule 12(b)(6). Griffin's § 7431 claim fails to allege specific facts to show

19

that the IRS was responsible for the disclosure to ProPublica, or even that the information constituted "return information." Griffin has therefore failed to state a claim upon which relief can be granted under 26 U.S.C. § 7431.[6]

## CONCLUSION

Griffin's Complaint alleging that the IRS is responsible for the wrongful disclosure of his records to ProPublica is long on content but short on substance. Griffin's Privacy Act claim, in part, fails because § 7431 preempts his Privacy Act claim for wrongful disclosure of return information. And his Privacy Act claim fails in its entirety because Griffin does not plead that he suffered actual damages. Griffin's wrongful disclosure claim fares no better. It is a shotgun pleading based on vague, conclusory allegations that the IRS is the source of the ProPublica articles. And Griffin fails to state a claim under § 7431 because he has not plausibly alleged beyond mere "information and belief" that IRS employees provided his "return information" to ProPublica in violation of 26 U.S.C. § 6103.

---

[6] If Griffin's Complaint survives a motion to dismiss, the Court should still deny Griffin's request for non-monetary relief because neither § 7431 nor the Privacy Act provide for the type of extraordinary relief he seeks. *See* Compl. at p. 21 (referring to subsections "A", "B", "E", and "F." of Prayer for Relief). In this case, each statute lays out the remedies available to a wronged party, *e.g.,* $1,000 in damages per wrongful disclosure under 26 U.S.C. § 7431 and actual damages with a recovery no less than $1,000 under the Privacy Act. Griffin's demanded declaratory relief (*i.e.*, that the Court declare the IRS wrongfully inspected and disclosed Griffin's § 6103 information to ProPublica; order the IRS to produce to Griffin all documents to Griffin related to said disclosure; and order the IRS to adopt a data plan that satisfies the Privacy Act) goes well beyond what is available to him under the statutory schemes alleged in his Complaint. "[T]he task for th[e] court is determine whether plaintiffs' claims are based upon 'express mandates of the controlling statute' or 'go beyond what the statute itself requires.'" *Mason v. City of Huntsville, Ala.*, 2012 WL 4815518, at *14 (N.D. Ala. Oct. 10, 2012).

Dated: April 25, 2023

Respectfully Submitted

DAVID A. HUBBERT
Deputy Assistant Attorney General

**Elizabeth N. Duncan**
ELIZABETH N. DUNCAN
Virginia Bar No. 90685
ZACHARY A. GRAY
California Bar No. 291376
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-514-6546 (v) | 202-514-4963 (f)
Elizabeth.N.Duncan@usdoj.gov
Zachary.A.Gray@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov
Counsel for the United States

Of counsel:

MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

**<u>Zachary A. Gray</u>**
ZACHARY A. GRAY
Trial Attorney
U.S. Dept. of Justice, Tax Division