**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
Case No. 1:22-cv-24023-Scola/Goodman

KENNETH C. GRIFFIN,

    Plaintiff,

    v.

INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY,

    Defendants.

## JOINT SCHEDULING REPORT

The parties in the above captioned action (collectively, "Parties"), by and through their respective undersigned counsel and pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1(b), and this Court's December 16, 2022 Order Requiring Discovery and Scheduling Conference (ECF No. 15), met by videoconference on May 15, 2023, and hereby submit this Joint Scheduling Report:

**I. INFORMATION REQUIRED BY LOCAL RULE 16.1(B)(2)**

    **A.** **Likelihood of Settlement:** The United States' position is there is no evidence to show that the IRS wrongfully inspected or disclosed plaintiff's return information, and as such, settlement is unlikely at the present time. If the United States' position changes, the Parties are open to resolving this matter amicably through settlement, if possible.

    **B.** **Likelihood of Appearance in the Action of Additional Parties:** The Parties do not currently anticipate any additional parties, but reserve the right to add any additional parties subject to the deadline to add parties that may be set by the Court.

    **C.**    **Discovery Schedule:** The Parties propose the pretrial discovery schedule set forth below based on the *Standard Track Cases* set forth in Attachment B of this Court's December 16, 2022 Order (ECF No. 15).

    **D.**    **Proposals for the Formulation and Simplification of Issues:** Currently, the Parties do not have any proposals for the formulation and simplification of any issues. As the case progresses the Parties will, if appropriate, confer in good faith to discuss proposals for the formulation and simplification of issues in this case.

    **E.**    **The Necessity or Desirability of Amendments to the Pleadings:** Subject to the court's ruling on the United States' motion to dismiss, the Parties do not currently anticipate the necessity to amend the pleadings, but reserve the right to amend the pleadings subject to the deadline to amend that may be set by the Court.

    **F.**    **Admissions and Stipulations To Avoid Unnecessary Proof And Advanced Rulings on Admissibility of Evidence:** Subject to the court's ruling on the United States' motion to dismiss, and the outcome of any potential discovery dispute discussed in Section K below, the Parties will work together to obtain admissions and stipulations that will avoid unnecessary proof at trial and advance rulings from the Court on admissibility of evidence.

    **G.**    **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence:** Subject to the court's ruling on the United States' motion to dismiss, and the outcome of any potential discovery dispute discussed in Section K below, the Parties will work together to obtain admissions and stipulations that will avoid unnecessary proof and presentation of cumulative evidence at trial.

    **H.**     **Referral of Matters to Magistrate Judge:** The Parties agree that all discovery matters in this case may be referred to United States Magistrate Judge Jonathan Goodman (ECF No. 15, ¶ 6), but reserve the right to object to and appeal any such decisions. The Parties do not consent to trial by a Magistrate Judge, and do not consent to the disposition of dispositive pre-trial motions by a Magistrate Judge.

    **I.**     **Preliminary Estimate of The Time Required for Trial:** The Parties believe that this matter will require 5 – 7 days of trial.

    **J.**     **Pretrial Conference and Trial Dates:** The Parties request that the pretrial conference be scheduled in accordance with the schedules set forth below based on the *Standard Track Cases* set forth in Attachment B of this Court's December 16, 2022 Order (ECF No. 15).

    **K.**     **Other Information Helpful to the court in Setting the Case for Status or Pretrial Conference:** The United States' position is the existence or status of investigations related to the allegations in Mr. Griffin's complaint constitutes third-party return information that the United States is barred from disclosing. 26 U.S.C. § 6103(a), (b)(2)(A). If Mr. Griffin intends to serve discovery on the United States about those matters, the United States will seek a status conference to discuss the appropriate bounds of such discovery or, if necessary, a stay of the case.

**II.**     **INFORMATION REQUIRED BY FED. R. CIV. P. 26(f)(3)**

    **A.**     **Timing, form, or requirement for disclosures under Rule 26(a):** The Parties stipulate and have agreed, per Fed. R. Civ. P. 26(a)(1)(C), to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) by June 26, 2023.

B. **Subject and timing of discovery:**

- <u>United States Position</u>: The United States' motion to dismiss may dispose of all issues in this case, and except for initial disclosures, formal discovery should be stayed until the Court rules on the motion. In the event the motion is denied, in whole or in part, the United States maintains that 26 U.S.C. § 6103 prohibits it from disclosing the existence, status, or facts related to any investigation of third-parties who may be the source of ProPublica's articles about Mr. Griffin. To resolve this disagreement, the United States requests a hearing for the Court to establish the bounds of discovery.

- <u>Plaintiff's Position:</u>  Because the Parties have conferred as required by Rule 26(f), Mr. Griffin is currently authorized by the Federal Rules of Civil Procedure to obtain discovery from the United States and elsewhere regarding any nonprivileged matter that is relevant to his claims and the government's defenses which are proportional to the needs of this case, particularly relevant information regarding *his own* tax return information. *See* Fed. R. Civ. P. 26(b) and (d)(1).  As courts in this District repeatedly recognize, in the Eleventh Circuit "there is no general rule that discovery be stayed while a pending motion to dismiss is resolved,"[1] and in fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district."[2]  To the extent the United States objects to the timing and/or scope of any yet-to-be-served discovery, the United States should move for such relief with an appropriate motion once such discovery has been served.

- <u>Jointly:</u> The Parties propose the pretrial discovery schedule set forth below based on the *Standard Track Cases* set forth in Attachment B of this Court's December 16, 2022 Order (ECF No. 15), and the Parties do not foresee a need to conduct discovery in phases.

C. **Discovery of ESI:** Currently, the Parties do not anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored information.

D. **Claims of Privilege or Protection as Trial-Preparation Materials:** The Parties will confer regarding the designation of materials as privileged or otherwise

---

[1] *See Reilly v. Amy's Kitchen, Inc.,* 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) (*citing Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *3 (S.D.Fla. Nov.9, 2012) (Scola, J.)).

[2] *See Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (citing cases).

4

confidential as matters arise, and the Parties will endeavor to prepare a stipulation and confidentiality agreement to address such issues as necessary.

E. **Changes To Or Limitations On Discovery Under The Applicable Rules:** The Parties plan to conduct discovery as permitted by the applicable rules and currently do not foresee a need for any further changes or limitations thereto.

F. **Any Other Orders That The Court Should Issue Under Rule 26(c) Or Under Rule 16(b) And (c):** There are no other orders that this Court should issue under Rule 26(c) or under Rule 16(b) and (c) at this time.

III. **PROPOSED SCHEDULING ORDER**

| Date or Weeks After Entry of Scheduling Order | Event |
| --- | --- |
| 5 weeks | Deadline to join additional parties or to amend pleadings. |
| 14 weeks | Deadline to file joint interim status report. |
| 25 weeks | Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |
| 31 weeks | Deadline to complete all fact discovery.<br><br>Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition.<br><br>Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii). |
| 33 weeks | Deadline for the filing of all dispositive motions. |
| 35 weeks | Deadline to complete mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |
| 40 weeks | Deadline to complete all expert discovery. |

| | |
|---|---|
| 8 weeks BEFORE calendar call | Deadline for the filing of pretrial motions, including motions *in limine* and Daubert motions. |
| 4 weeks BEFORE the trial date | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). |
| 2 weeks BEFORE the trial date | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) pursuant to Local Rule 16.1(k). |
| 49 weeks (approximate) | Two-week trial period commences (calendar call will be scheduled on the Tuesday before the trial period). |

Date: May 30, 2023                    Respectfully Submitted,


*For Plaintiff*

By:  */s/ Jason D. Sternberg*
William A. Burck (admitted *pro hac vice*)
Derek L. Shaffer (admitted *pro hac vice*)
Alexander J. Merton (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
ajmerton@quinnemanuel.com

Christopher D. Kercher (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
christopherkercher@quinnemanuel.com

John F. Bash, III (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th St, Suite 2010
Austin, TX 78701
(737) 667-6100
johnbash@quinnemanuel.com

Jason D. Sternberg (Florida Bar No. 72887)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(786) 850 3607
jasonsternberg@quinnemanuel.com

*For Defendant*

DAVID A. HUBBERT
Deputy Assistant Attorney General

By:  */s/ Stephanie A. Sasarak*
 Elizabeth N. Duncan
ELIZABETH N. DUNCAN
Virginia Bar No. 90685
ZACHARY A. GRAY
California Bar No. 291376
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-514-6546 (v) | 202-514-4963 (f)
Elizabeth.N.Duncan@usdoj.gov
Zachary.A.Gray@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov

Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 30th day of May, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

By: */s/ Jason D. Sternberg*
Jason D. Sternberg
Fla. Bar No. 72887
jasonsternberg@quinnemanuel.com