IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| INTERNAL REVENUE SERVICE, *et al.,* | ) |
| Defendants. | ) |

## UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Kenneth C. Griffin filed this suit for damages under section 7431 of the Internal Revenue Code (26 U.S.C., referred to herein as "IRC") because he believes his tax return information was disclosed by the IRS to an online news publication (ProPublica) in violation of IRC § 6103. While his complaint and opposition brief are long on suspicion, both are short on allegations of fact necessary to raise his purported claim beyond speculation. Griffin's IRC § 7431 claim should be dismissed for that reason.

Nor can Griffin's Privacy Act claim proceed. In addition to his claim for damages under IRC § 7431, Griffin separately requests damages under the Privacy Act, claiming the IRS failed to safeguard his confidential information. To avoid dismissal, his opposition recharacterizes that cause of action as a "Systems Failure Claim." That recharacterization represents a distinction without a difference and does not change the fact that the underlying basis of his action is one rooted in—and preempted by—IRC

§ 7431. And, at all events, the Privacy Act does not support the recharacterized claim as an independent cause of action because Griffin fails to allege that he suffered any actual damages proximately caused by its purported violation.

## I. Griffin's Bare Allegations of Wrongful Disclosure are Insufficient

Griffin's opposition holds steadfast to a *theory* that unidentified IRS employees unlawfully obtained and then disclosed his return information (as defined under IRC § 6103(b)(2)) to ProPublica. But his belief—no matter how genuine—that the IRS *must be* the source of the leak falls short of the pleading standard set forth in Federal Rule of Civil Procedure 8. The fact remains that Griffin's allegations, pleaded on information and belief, are based solely on conjecture, speculation, and guesswork contained in correspondence from Congress to the Treasury Secretary. (*See* Compl. ¶ 12, n.20-22.)[1] Despite Griffin's emphatic rhetoric, there exists no connective tissue between his theory of the case and a justiciable—as opposed to hypothetical—claim for damages under IRC § 7431.

Instead of alleging specific facts to support his wrongful disclosure claim, Griffin posits that unnamed IRS employees exploited unspecified deficiencies in data security to unlawfully obtain and disclose his return information to ProPublica. In essence, Griffin is throwing speculative allegations at the wall to see what sticks. *See Speaker v. U.S. Dep't. of Health and Hum. Servs. Centers for Disease Control and Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010) (finding that a plaintiff's "allegations must proffer enough factual

---

[1] On their face, the correspondence to the Secretary reflects questions and opinions, not fact-based conclusions.

content to 'raise a right to relief above the speculative level.'"). But Federal Rule of Civil Procedure 8 requires more: Griffin must allege specific facts to demonstrate, or allow one to reasonably infer, that an employee of the United States knowingly or negligently disclosed his return information to ProPublica. as defined by IRC § 6103. Griffin's complaint contains none.

To lend substance to his speculative allegations, Griffin claims that "ProPublica has all but admitted that the information came from disgruntled IRS employees." (ECF No. 28, pdf p. 7.) This assertion flies in the face of statements made by ProPublica's own journalists. Those journalists (1) acknowledge that they do not know (or will not disclose) the source of the information they received; and (2) recognize that information they published may have come from someone other than an IRS employee, for instance, a foreign state actor. *See* Stephen Engelberg and Richard Tofel, Why We Are Publishing the Tax Secrets of the .001%, ProPublica, (June 8, 2021, 4:59 a.m. EDT). While we do not suggest that Griffin must eliminate all other possibilities to pursue a claim against the United States, he must allege sufficient *facts* to plausibly demonstrate that a federal officer or employee leaked his return information to ProPublica. *Ryan v. United States*, 74 F.3d 1161, 1163 (11th Cir. 1996) ("[T]he statutory definition of 'return information' confines it to information that passed through the IRS."). His complaint falls short in that regard.

Griffin's attempt to distinguish the instant case from those cited by the United States in its motion to dismiss is unpersuasive. In *Bancroft Global Dev., Inc. v. United States*, 330 F. Supp. 3d 82 (D.D.C. 2016), the district court dismissed a wrongful

disclosure claim by plaintiffs who were the subject of an IRS civil audit while being investigated by both the FBI and ICE. The court found key details lacking, such as "who disclosed the tax return information, to whom, and when." *Id.* at 103. The same is true here. Although Griffin alleges a date range (late June 2019 to mid-2021) and an "ultimate" recipient (ProPublica) of the disclosed information, the complaint fails to allege facts (as opposed to speculation) that connect ProPublica's receipt of his tax information on the one hand, to a violation of IRC § 6103 on the other.

Unlike *Bancroft,* Griffin does not describe any IRS examination, process or event pertaining to tax administration that would credibly explain how an IRS employee obtained his return information in the first place. Instead, he guesses that someone within the IRS stole and leaked it and reasons that the IRS must identify the leaker for him.

The case he cites, *Fattah v. United States*, offers no support for that contention. Quite the contrary, the complaint in that case provided a detailed roadmap to uncover the source of the wrongful disclosure. It alleged that on a specific date two IRS agents served him with a subpoena and identified by the name the IRS spokesperson who allegedly disclosed to a news outlet that the plaintiff was under investigation. 2014 WL 4249768 at *10-11 (E.D. Pa. Aug. 27, 2014). With the benefit of that information, the government was able to confirm the violation and admit that Fattah was entitled to statutory damages.[2]

---

[2] At trial, the United States prevailed on Fattah's claim for actual and punitive damages. *See Fattah v. United States*, 2017 WL 3638076, at *3 (E.D. Pa. July 27, 2017).

Griffin provides no such details and relies on "information and belief" as a substitute. While he correctly observes that a plaintiff can allege a wrongful disclosure based solely on "information and belief," such allegations "still must include at least who made the disclosure and when." *United States v. Zak*, 481 F. Supp. 3d 1305, 1312 (N.D. Ga. 2020) (collecting cases).

Griffin's reliance on *Strong v. United States*, 1998 WL 990581 at *2–3, (W.D. La. Dec. 10, 1998), is misplaced. In *Strong*, unlike here, the plaintiff directed the Government to the source of the alleged unlawful disclosure by pleading that his wife, an IRS employee, openly discussed her husband's return information amongst her colleagues at the IRS office where she worked. Here, Griffin's "information and belief" stands naked, unadorned by any underlying facts that would provide the Government with anything other than suspicion that the IRS *might be* a source of the ProPublica leak of his information.

To save his complaint, Griffin overstates the breadth of our argument as one that contends the "*only* case where the IRS can be sued is one where it need *never* be sued[.]" (ECF No. 28, pdf. p. 2). The United States makes no such claim, as evidenced by cases where we did not question the sufficiency of the allegations but the plaintiff's entitlement to the relief sought. *See, e.g.*, *Fattah v. United States*, 2017 WL 3638076 (E.D. Pa. July 27, 2017) (accepting the government's admission that a wrongful disclosure occurred in violation of IRC § 6103 but denying plaintiff's demand for damages because he failed to prove that the wrongful disclosure "actually and proximately" caused the plaintiff damages); *Minda v. United States*, 2015 WL 6673198 (E.D.N.Y. Oct. 9, 2015) (awarding

5

each plaintiff $1,000 following the United States' admission that a wrongful disclosure occurred), *aff'd*, 851 F.3d 231 (2d Cir. 2017); *Nat'l Org. for Marriage, Inc. v. United States*, 24 F. Supp. 3d 518 (2014) (dismissing NOM's wrongful disclosure claim on summary judgment because there was no evidence that the inspections "were anything but official tax administrative business."). Griffin's complaint stands on different footing because he pleads no particularized facts to reasonably infer that his return information was disclosed by the IRS in violation of IRC § 6103.

Tellingly, Griffin admits that a motivating factor for his suit is his desire to "*force* the government to investigate the circumstances of an unauthorized disclosure." (ECF No. 28, pdf. p. 14 (emphasis in original).) But IRC § 7431 cannot be read as a waiver of sovereign immunity that permits him to seek mandamus or injunctive relief. *See Henkell v. United States*, 1998 WL 41565, at *5 (E.D. Cal. Jan. 9, 1998) (stating that IRC § 7431 does not authorize injunctive relief). The statutory text of IRC § 7431 makes clear the limits of the waiver: "[A] taxpayer may bring a civil action for *damages*" for the knowing or negligent inspection or disclosure of return information) (emphasis added). IRC § 7431(a)(1).[3]

Sovereign immunity concerns aside, it makes little sense to allow Mr. Griffin to use IRC § 7431 as a tool to "force" an investigation of the events described in his

---

[3] Although not directly stated, Griffin request for equitable relief in the form a forced investigation could be construed as a claim under the Administrative Procedures Act, 5 U.S.C. § 702. But equitable relief is not available under the APA "if an adequate remedy at law exists." *Welborn v. IRS*, 218 F. Supp. 3d 64, 81 n.1 (D.D.C. 2016). In this case, there is an adequate remedy at law for an unauthorized disclosure of return information.

complaint. As explained in our opening brief, IRC § 6103—the statute that Griffin relies on here—prohibits the United States from disclosing any facts or details of any investigation of third parties related to the disclosure of taxpayer information. *See* IRC § 6103(b)(2)(A). Griffin cannot seek damages for a hypothetical violation of IRC § 6103 while, at the same time, complain that Government officials refuse to violate § 6103 by providing "any information on what is known and what has been done to address the IRS's [alleged] unlawful disclosures[.]" (Compl. ¶ 12.) While the government takes seriously any allegation that a taxpayer's return information was disclosed without authorization, this lawsuit is not an appropriate vehicle to obtain the explanation he seeks.

## II. Griffin's Privacy Act Claim Should Be Dismissed for Failure to State a Claim

As argued in the motion to dismiss, Griffin's Privacy Act claim suffers from two fundamental flaws: 1) It substantively represents a wrongful inspection and disclosure claim that is preempted by the relief afforded by IRC § 7431; and 2) The failure to describe the damages he suffered by the Privacy Act's violation. Griffin's arguments to the contrary are unpersuasive.

### A. The IRC Preempts the Privacy Act's Unauthorized Disclosure Claim

"[T]he Internal Revenue Code preempts the Privacy Act for remedies for disclosure of tax information." *Gardner v. United States*, 213 F.3d 735, 742 (D.C. Cir. 2000). For the first time, Griffin maintains that his Privacy Act claim "rests exclusively on the Privacy Act provision governing the failure to protect confidential information, 5 U.S.C. § 522a(e)(10)." (*See* ECF No. 28, pdf. p. 19.) According to Griffin, his Privacy Act claim

7

is not preempted by IRC § 7431 because he does not seek damages related to the unauthorized disclosure of his return information; rather he seeks "redress only for harm caused by the IRS's failure to protect and secure his confidential information." (*Id.*)

But Griffin's attempt to repackage his claim ignores the obvious: He alleges that "the IRS unlawfully disclosed . . . his confidential tax return information . . . in violation of [the Privacy Act]." (Compl. ¶ 56.) Griffin cannot bypass the issue of preemption by recharacterizing the type of relief he is seeking under the Privacy Act. Otherwise, Griffin could theoretically recover damages under different statutes for the same conduct. IRC § 7431 specifically redresses the wrongful disclosure of his return information and preempts the more general provisions of the Privacy Act.[4] *Hobbs v. United States*, 209 F.3d 410, 412 (5th Cir. 2000) ("[A] 'precisely drawn, detailed statute preempts more general remedies.'") (internal citations omitted).

### B. Griffin's Privacy Act Claim Must Be Dismissed Because He Does Not Allege Any Actual Damages

Even if Griffin's Privacy Act claim is not preempted by IRC § 7431, it must still be dismissed for failure to state a claim because Griffin does not plead actual damages. *See Welborn*, 218 F.Supp.3d at 81 (D.D.C. 2016) (stating that a plaintiff must allege "calculable damages" to survive a motion to dismiss). Griffin's conclusory statement that he "has and will continue to sustain damages directly traceable to the IRS's violations" fails to allege any actual damages, which is required to state a viable claim under the

---

[4] This is not to suggest that Griffin has asserted a justiciable IRC § 7431 claim. He has not. But as a legal matter, a litigant asserting a well-pleaded claim that his return information was wrongfully disclosed in violation of IRC § 6103 can only proceed under IRC § 7431.

8

Privacy Act. *See, e.g., Brown v. U.S. Dep't of Justice*, 169 F. App'x 537, 541 (11th Cir. 2006) (dismissing the plaintiff's Privacy Act claim because she did not show that she suffered actual damages and determining that any adverse consequences she experienced were merely "speculative.").

Griffin cites to the Eleventh Circuit's decision in *Young v. Grand Canyon Univ., Inc.* to support his argument that he sufficiently alleged actual damages. 57 F.4th 861, 867 (11th Cir. 2023). But *Young* does not concern the Privacy Act; the plaintiff in that case brought claims for breach of contract, unjust enrichment, intentional misrepresentation, and violation of Arizona's Consumer Fraud Act. To the extent it has any import here, *Young* stands for the unremarkable proposition that a court should make all reasonable inferences in favor of a plaintiff at the motion to dismiss stage. *Id.* In this instance, that does not help Griffin. The fact that a court must make all *reasonable* inferences in Griffin's favor does not absolve him from pleading *any* facts to support his claim for damages.

Griffin's assertion that he suffered damages constitutes a legal conclusion, which, standing alone, does not allow the Court to draw any inferences in his favor. *See, e.g., Welborn*, 218 F. Supp. 3d at 82 (declining to assume actual damages based on the plaintiffs' "conclusory statement" that they "have suffered or are at increased risk of suffering from" a list of potential harms). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); (courts need not accept as true legal conclusions); *Ashcrof v. Iqbal*, 556 U.S. 662, 663 (2009) (allowing courts to draw reasonable inferences in a plaintiff's favor so long as the claim contains sufficient "factual content"). Griffin's failure to allege the

required elements of a Privacy Act claim requires dismissal of the same. *See Corbett v. Trans. Sec. Admin.*, 568 F. App'x 690, 702 (11th Cir. 2014) ("We need not evaluate whether [the plaintiff] stated a Privacy Act violation because he alleged no pecuniary loss or actual damages as a result of the Privacy Act violation.").

## CONCLUSION

For the reasons above and in the United States' Motion to Dismiss, the United States respectfully requests that the Court dismiss Griffin's Complaint for failure to state a claim for which relief can be granted.

Dated: June 21, 2023

Respectfully Submitted

DAVID A. HUBBERT
Deputy Assistant Attorney General

**Elizabeth N. Duncan**
ELIZABETH N. DUNCAN
Virginia Bar No. 90685
ZACHARY A. GRAY
California Bar No. 291376
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-514-6546 (v) | 202-514-4963 (f)
Elizabeth.N.Duncan@usdoj.gov
Zachary.A.Gray@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov
Counsel for the United States

Of counsel:

MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

                        **Elizabeth N. Duncan**
                        ELIZABETH N. DUNCAN
                        Trial Attorney
                        U.S. Dept. of Justice, Tax Division