UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON
CASE NO. 1:22-cv-24023-SCOLA/GOODMAN

KENNETH C. GRIFFIN,

        Plaintiff,

v.

INTERNAL REVENUE SERVICE and U.S.
DEPARTMENT OF THE TREASURY,

        Defendants.

## JOINT STATUS REPORT

The parties in the above-captioned action (collectively, "Parties"), by and through their undersigned counsel and in accordance with this Court's October 4, 2023 Paperless Order (ECF No. 38) regarding *Plaintiff's Notice of Supplemental Authority / Potential Mootness* (ECF No. 37), hereby submit this Joint Status Report to inform the Court of the following:

1.     **Defendant's Position:** On September 29, 2023, the United States filed an Information in the United States District Court for the District of Columbia alleging that Charles Edward Littlejohn, a contractor for a company that contracts with the IRS, willfully disclosed without authorization return or return information as defined by 26 U.S.C. § 6103(b) to news organizations. *United States v. Littlejohn*, Dkt. No. 1:23-cr-000343-ACR (Sept. 29, 2023) (Dkt. No. 1). This development has no bearing on the Defendant's motion to dismiss the only operative pleading -- Plaintiff's complaint -- which does not allege a violation of IRC § 6103 with any specificity. While the Defendant will not oppose a request by Plaintiff to amend his complaint to include recently discovered facts relevant to his claim for damages, it cannot withdraw its motion

to dismiss until Plaintiff files a proper pleading that renders the motion moot.  We note in this regard that *Plaintiff's Notice of Supplemental Authority/Potential Mootness* is not a proper pleading that requires a response.  It cites no supplemental authority but, instead, includes recently discovered facts and Plaintiff's views on how this case should proceed. Because Plaintiff has yet to allege those facts in an amended complaint, the Court should not consider them in deciding the Defendant's pending motion.  And if it did, those bare facts do not support a claim for damages against the United States under IRC § 7431(a)(1) because the defendant named in the Information is not an employee or official of the government.  Instead, Plaintiff's claim must be brought against the contractor under IRC § 7431(a)(2).

2.      **Plaintiff's Position:** Plaintiff continues to believe that Defendants' pending motion to dismiss should be denied, particularly as the Criminal Information referenced in *Plaintiff's Notice of Supplemental Authority / Potential Mootness* confirms that, contrary to the primary thesis of Defendants' motion to dismiss, the willful and intentionally malicious conduct of IRS Personnel (including but not limited to Charles Littlejohn) were ultimately responsible for Defendants' failure to safeguard Plaintiff's confidential return information as well as its subsequent unlawful inspection and disclosures.  In light of Defendants' continued refusal to withdraw their Motion to Dismiss (as described above), however, Plaintiff will likely seek leave to amend his complaint in the coming days and, subject to this Court's authorization and approval, Plaintiff will be in a position to file an amended complaint no later than October 27, 2023. Finally, Defendants' note regarding *Plaintiff's Notice of Supplemental Authority / Potential Mootness* is of no moment as this Court may "take judicial notice of documents filed in other court cases." *See Hayden v. Vance*, 708 Fed. App'x 976, 979 (11th Cir. 2017).

Dated: October 6, 2023                    Respectfully submitted,

***For Plaintiff***

By: */s/ Jason D. Sternberg*
William A. Burck (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Alexander J. Merton (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
ajmerton@quinnemanuel.com

John F. Bash (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
300 West 6th St, Suite 2010
Austin, TX 78701
(737) 667-6100
johnbash@quinnemanuel.com

Jason D. Sternberg (Florida Bar No. 72887)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880
jasonsternberg@quinnemanuel.com

Christopher D. Kercher (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor,
New York, New York 10010
(212) 849-7000
christopherkercher@quinnemanuel.com

***For Defendant***

DAVID A. HUBBERT
Deputy Assistant Attorney General

By: */s/ Stephanie A. Sasarak*
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
Trial Attorneys, Tax Division

U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
214-880-9779 (v) | 214-880-9741 (f)
Mary.E.Smith@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov

Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 6th day of October, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

By: <u>*/s/ Jason D. Sternberg*</u>
Jason D. Sternberg
Fla. Bar. No. 72887
jasonsternberg@quinnemanuel.com