**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:22-cv-24023-SCOLA/GOODMAN**

KENNETH C. GRIFFIN,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY,

    Defendants.

## PLAINTIFF'S NOTICE OF AUTHORITIES

Pursuant to Magistrate Judge Goodman's Discovery Procedures Order (ECF No. 16 at 5), Plaintiff Kenneth C. Griffin hereby provides this Notice of Authorities listing the authorities relevant to the issues included in Plaintiff's Notice of Hearing to be heard in person on November 17, 2023 at 3:30 pm, with one-sentence, objective summaries of the relevant holdings of each authority.

**(a)**      **The parties' dispute regarding whether discovery should be stayed.**

- *Sunshine Children's Learning Ctr., LLC v. Waste Connections of Fla., Inc.*, **2022 WL 59677 (S.D. Fla. Jan. 6, 2022):**

    In denying defendant's motion to stay discovery, the court noted that "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." (internal citations and quotations omitted).

- *Pellegrino v. Wengert*, 2015 WL 7760991 (S.D. Fla. Dec. 1, 2015):

    "A court must stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interest of justice."

**(b)** **The parties' dispute regarding the applicability and scope of the law enforcement investigatory privilege.**

- *Chamberlain v. Kurtz*, 589 F.2d 827 (5th Cir. 1979):

    Explaining that "the burden of sustaining a decision to withhold information [lies with] the agency [there, the IRS]," which must demonstrate "that the release of the documents would result in serious impairment" of the investigation itself.

- *Guttenberg v. United States*, 2019 WL 13186902 (S.D. Fla. Dec. 11, 2019):

    In compelling discovery from the Federal Bureau of Investigation over an assertion of law enforcement investigatory privilege, the court reasoned that compulsion was appropriate, among other reasons, when "the ultimate outcome of this proceeding . . . may, at least in part, depend on what documents are made available by the Defendant to the Plaintiffs."

- *Navarro v. Applebee's Int'l, Inc.*, 2010 WL 3745905 (M.D. Ga. Sept. 20, 2010):

    In denying claim of law enforcement investigatory privilege, the court explained that for the privilege to apply, the party challenging the subpoena or request "must formally raise a claim of privilege" that is "accompanied by a detailed specification of the information for which the privilege is claimed and an explanation why it properly falls within the scope of the privilege."

- *Local Access, LLC v. Peerless Network, Inc.*, 2018 WL 2938393 (S.D. Fla. June. 12, 2018):

    In finding that a party's failure to produce a privilege log waived privilege objections, the court explained that "[i]n the absence of a privilege log, it is impossible to determine which

documents are being withheld and, thus, evaluation of the privilege on a document by document basis is foreclosed."

**(c)   The parties' dispute regarding the applicability and scope of 26 U.S.C. § 6103.**

- *Bellosa v. Univ. Tile Restoration, Inc.*, **2008 WL 2620735 (S.D. Fla. June 30, 2008):**

    "[T]he Eleventh Circuit does not require a showing of compelling need before tax information may be obtained by a party in discovery. Rather, a requesting party need only show that the information meets the definition of relevance set forth in Rule 26." (internal citations omitted).

- *LeMaine v. IRS*, **1991 WL 322616 (D. Mass. Dec. 10, 1991):**

    In ordering disclosure of plaintiff's own tax return information, the court explained that "[t]he IRS bears the burden of justifying non-disclosure" when invoking Section 6103. (internal citations omitted).

**(d)   The parties' dispute regarding the sufficiency of Defendants' responses to Plaintiff's Requests for Admissions that neither specifically admit nor deny the requests, nor state in detail the reason for Defendants' inability to answer.**

- **Magistrate Judge Goodman's Discovery Procedures Order (ECF No. 16):**

    In prohibiting formulaic objections, the Discovery Procedures Order requires that "counsel should specifically state <u>whether</u> the responding party is fully answering or responding to a request and, <u>if not, specifically identify the categories of information that have been withheld</u> on an objection-by-objection basis." (emphases in original).

- *Mazpule v. Xenios Corp.*, **2021 WL 2515685 (S.D. Fla. June 19, 2021):**

    "[G]eneralized objections asserting attorney-client privilege or work product doctrine do not comply with the Local Rules" because "Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted."

- *Stephenson v. I.R.S.*, 629 F.2d 1140 (5th Cir. 1980):

  In requiring the Internal Revenue Service to provide a more detailed justification, itemization, and indexing of documents withheld from disclosure, the court explained that there are "dangers inherent in reliance upon agency affidavit in an investigative context when alternative procedures such as sanitized indexing, random or representative sampling in camera with the record sealed for review, oral testimony or combinations thereof would more fully provide an accurate basis for decision."

**(e) The parties' dispute regarding the sufficiency of Defendants' responses to Plaintiff's Requests for Production that refuse to produce any documents or materials, instead relying on vague objections that indicate Defendants have not attempted to obtain any of the requested material.**

- **Federal Rule of Civil Procedure 34(b)(2)(C):**

  An objection to a request for documents "must state whether any responsive materials are being withheld on the basis of that objection."

- *Gian Biologics, LLC v. Cellmedix Holdings, LLC*, 2016 WL 6568014 (M.D. Fla. Nov. 4, 2016):

  In denying a request for attorney's fees associated with a motion to compel, the court explained that Federal Rule 26(g) "imposes a duty on an attorney to make a reasonable inquiry under the circumstances" in affixing their signature to discovery responses and objections.

**(f) The parties' dispute regarding the sufficiency of Defendants' responses to Plaintiff's Interrogatories that do not include responsive answers and rely exclusively on boilerplate general objections and relevance objections.**

- **Magistrate Judge Goodman's Discovery Procedures Order (ECF No. 16):**

  "Parties shall not make conclusory boilerplate objections. Such objections do not comply with Local Rule 26.1(e)(2)(A), which provides that, '[w]here an objection is made to any

4

interrogatory or sub-part thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds.'"

- ***Carter v. BPCL Mgmt., LLC*, 2021 WL 7502555 (S.D. Fla. Apr. 28, 2021):**

In compelling discovery, the court explained that "[r]elevancy is broadly construed under Rule 26(b) to encompass any information that may be germane, conceivably helpful to the plaintiff, or reasonably calculated to lead to admissible evidence."

Dated: October 16, 2023          Respectfully submitted,

By: *Jason D. Sternberg*
William A. Burck (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Alexander J. Merton (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
ajmerton@quinnemanuel.com

John F. Bash (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
300 West 6th St, Suite 2010
Austin, TX 78701
(737) 667-6100
johnbash@quinnemanuel.com

Jason D. Sternberg (Florida Bar No. 72887)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880
jasonsternberg@quinnemanuel.com

> Christopher D. Kercher (*pro hac vice*)
> Peter H. Fountain (*pro hac vice* forthcoming)
> **QUINN EMANUEL URQUHART & SULLIVAN LLP**
> 51 Madison Avenue, 22nd Floor,
> New York, New York 10010
> (212) 849-7000
> christopherkercher@quinnemanuel.com
> peterfountain@quinnemanuel.com
>
> *Counsel to Plaintiff Kenneth C. Griffin*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 16th day of October, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

By: *Jason D. Sternberg*
Jason D. Sternberg
Fla. Bar. No. 72887
jasonsternberg@quinnemanuel.com