IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| INTERNAL REVENUE SERVICE, *et al.,* | ) |
| Defendants. | ) |

**UNITED STATES' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Plaintiff Kenneth C. Griffin filed a Second Amended Complaint following the identification and prosecution of Charles Edward Littlejohn as the individual who disclosed his return information in violation of § 6103 of the Internal Revenue Code (26 U.S.C. § 6103). While the Second Amended Complaint no longer asserts a hypothetical claim for damages under 26 U.S.C. § 7431(a), it asserts the claim against the wrong defendant. Contrary to the allegations in the Second Amended Complaint, the filings in *United States v. Littlejohn* identify Littlejohn as a **contractor** authorized to receive return information under § 6103(n) when he downloaded and disclosed Mr. Griffin's return information. *See United States v. Littlejohn*, Case No. 1:23-cr-343 (D.D.C.), ECF Nos. 8, 9. Since Littlejohn was not an officer or employee of the IRS, Mr. Griffin's claim for damages in Count I lies not against the United States (as pleaded) under § 7431(a)(1), but rather against Littlejohn under § 7431(a)(2). Although we understand that Mr. Griffin

wishes to hold the Government accountable for its contractor's actions, § 7431(a)(1) does not afford him a cause of action against the United States for that violation.

Separately, the Court must dismiss Mr. Griffin's Privacy Act claim (Count II). Like his original complaint and his Amended Complaint, Mr. Griffin's Second Amended Complaint alleges no actual damages proximately caused by the IRS's purported failure to properly safeguard his confidential tax information. In lieu of a monetary award, Mr. Griffin asks the Court to "[o]rder the IRS to formulate, adopt, and implement a data security plan that satisfies the requirements of the Privacy Act[.]" 2d. Am. Compl. Dkt. No. 55, at 28. The Privacy Act does not authorize injunctive relief, however. So even if Mr. Griffin could demonstrate a Privacy Act violation, his Second Amended Complaint fails to state a redressable claim.

## STANDARD OF REVIEW

The United States moves to dismiss Count I of the Second Amended Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity under § 7431(a)(1) for unlawful disclosures by government contractors. Where the defendant makes a factual challenge to subject matter jurisdiction under Rule 12(b)(1), courts may disregard the pleadings and consider extrinsic evidence to determine its authority to hear the case. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). The criminal filings in *United States v. Charles Edward Littlejohn*, No. 1:23-cr-00343 (D.D.C.) ("the criminal case"), which Mr. Griffin invited the court to judicially notice, establish that this Court lacks subject matter jurisdiction over Count I. For the Court's convenience, the United States has attached

copies of the following relevant filings in the criminal case: Information (Dkt. No. 1), Plea Agreement (Dkt. No. 8), and Factual Basis for Plea Agreement (Dkt. No. 9). The criminal filings are central to Mr. Griffin's Second Amended Complaint and are undisputed.

The United States moves to dismiss Count II of the Second Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted because Mr. Griffin fails to allege that he sustained actual damages as required to maintain a cause of action under the Privacy Act. In deciding a motion to dismiss for failure to state a claim, a court must assume as true the well-pleaded factual allegations in the complaint and "then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## UNDISPUTED FACTS

In 2021 and 2022, ProPublica published a series of articles reporting on the tax returns of several of the wealthiest U.S. taxpayers, including Mr. Griffin's. On September 29, 2023, the United States filed an Information in the United States District Court for the District of Columbia charging Charles Edward Littlejohn, a government contractor employed by a consulting firm that contracts with the IRS, with unlawfully disclosing return information in violation of 26 U.S.C. § 7213(a)(1). The Information and ensuing filings in that court state that

- During the relevant time period, Littlejohn "served as a contractor to Company A, a consulting firm that services public and private clients," and he "worked on contracts Company A had obtained with [the IRS]." Ex. C ¶¶ 1-2; *see also* Ex. A ¶¶ 2-3.

- Littlejohn is "a person described in 26 U.S.C. § 6103(n)" who willfully and without authorization disclosed the return or return information of "thousands of other persons." Ex. A ¶ 5; *see also*, Ex. B ¶ 2; Ex. C ¶¶ 2, 10-13.

As a contractor to whom return information could be disclosed under § 6103(n), Littlejohn received regular training about protecting return information, and the potential criminal consequences of inspecting or disclosing without authorization return information. Ex. C ¶ 4. Despite being informed of the consequences, Littlejohn disclosed Mr. Griffin's return information to ProPublica. Ex. C. ¶¶ 10-13; 2d. Am. Compl. ¶ 4. Littlejohn then obstructed or tried to impede detection of his crime and abused his position of trust while employing highly specialized skills in furthering his criminal activity. Ex. C ¶¶ 14-15; *see also* 2d. Am. Compl. ¶¶ 36, 37 (detailing Littlejohn's misconduct). None of the criminal filings mentions or intimates the involvement of any other individual in these events.

Considering the recent criminal case against Littlejohn upended the landscape of this case, the Court granted Mr. Griffin leave to amend his complaint with the caveat that he "may only add allegations related to the recently revealed criminal proceedings." Dkt. No. 42 (Paperless Order). Mr. Griffin now alleges that Littlejohn was responsible for disclosing his tax returns. *See, e.g.*, 2d Am. Compl. at 4 ("Littlejohn … unlawfully disclosed [plaintiff's] information to ProPublica[.]"); 2d Am. Compl. at 7 ("To date, ProPublica has published nearly 50 articles using the tax returns and confidential tax return information Littlejohn provided to ProPublica."); 2d Am. Compl. at 13 ("Littlejohn

4

… repeatedly inspect[ed] and then misappropriate[d] the confidential tax return information of thousands of the nation's wealthiest taxpayers, including Mr. Griffin[.]").

But despite his earlier invitation for the Court to take judicial notice of the criminal case, Mr. Griffin largely disregards the central tenet of the Information, Statement of Facts, and Plea Agreement: Littlejohn was a contractor who used his own devices to violate § 6103 and cover his tracks. Instead, to shoehorn his wrongful disclosure claim into one against the United States, he baldly alleges that unnamed IRS personnel may have assisted Littlejohn, *see* 2d Am. Compl. at 3, or that Littlejohn was an IRS employee based on Internal Revenue Manual provisions. 2nd Am. Compl. ¶¶ 22-23. Those allegations do not—and cannot—change the fact that Littlejohn illegally disclosed Mr. Griffin's return information as a contractor and prosecuted as such. Mr. Griffin pleads no facts to support a claim that Littlejohn was ever an employee of the United States.

As for his Privacy Act claim, Mr. Griffin points to technological defects identified in the Treasury Inspector General for Tax Administration (TIGTA) Annual Assessment of the Internal Revenue Service's Information Technology Program for 2020 to show that the IRS failed to safeguard his return information. TIGTA is required by law to assess annually IRS information technology and provide a report to the IRS with its recommendations.[1] The court need not decide whether these allegations plausibly allege

---

[1] *TIGTA Annual Assessment of the Internal Revenue Service's Information Technology Program for Fiscal Year 2020* (Reference No. 2021-20-001) (Oct. 30, 2020) p. 3 citing the IRS Restructuring and Reform Act of 1998.

that the IRS violated the Privacy Act, however, because Mr. Griffin does not allege that the failure to safeguard his tax information caused any pecuniary or economic harm. The Second Amended Complaint contains only the bare allegation that Mr. Griffin "has and will continue to sustain damages directly traceable to the IRS' violations" under the Privacy Act. 2d. Am. Compl. ¶ 68.

## ARGUMENT

**I. The United States has not waived sovereign immunity under § 7431(a)(1) for unlawful disclosures by government contractors.**

The United States is immune from suit except where it has explicitly waived its immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Waiver of sovereign immunity is strictly construed. *Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1157 (11th Cir. 2020). Any ambiguities in the statutory langue are to be construed in favor of immunity. *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (citing *United States v. Williams*, 514, U.S. 527, 531 (1995)). "Where subject matter jurisdiction is challenged on the basis of sovereign immunity, the Plaintiff bears the burden of showing Congress's unequivocal waiver of sovereign immunity." *City of Pembroke Pines, Florida v. Fed. Emergency Mgmt. Agency*, 494 F. Supp. 3d 1272, 1282 (S.D. Fla. 2020) (cleaned up). In a cause of action for the wrongful disclosure of a return or return information protected by § 6103 of the Internal Revenue Code, § 7431 provides the taxpayer with the exclusive remedy to recover damages for the alleged unauthorized disclosure. *See* 26 U.S.C. § 7431(a); *Welborn v Internal Revenue Serv.*, 218 F. Supp. 3d 64, 81 (D.D.C. 2016).

Neither section 7431 nor section 6103 contains a waiver of sovereign immunity to Count I of the Second Amended Complaint and reading them together does not create one.

Section 6103 provides that return or return information shall be confidential unless authorized by statute. 26 U.S.C. § 6103(a). The statutory scheme and relevant regulations draw a sharp distinction between officers and employees of the United States and other persons such as contractors. Section 6103(a)(1) provides that "no officer or employee of the United States" shall disclose return information except as authorized by law. A different section addresses the same subject matter for other persons, including contractors. Section 6103(a)(3) provides that "no other person," including a contractor who has access to return information under § 6103(n), shall disclose return information except as authorized by law.

The authorizations of disclosure of return information maintain the same distinction. For example, there are several provisions in § 6103 that allow disclosure to officers or employees of the United States under prescribed circumstances.. *See, e.g.*, 26 U.S.C. § 6103(h)(1) (disclosure to Treasury employees for the purposes of tax administration); § 6103(h)(2) (disclosure of return information to Department of Justice in matters involving tax administration); 6103(i) (disclosure to Federal officers or employees for administration of Federal laws no related to tax administration). Section 6103(h)(1) provides the statutory authority that allows IRS employees to receive return or return information to perform their official tax administration duties. *See also*, *Gardner v. United States*, 213 F.3d 735, 738-39 (D.C. Cir. 2000) (disclosure of employee's returns and tax information within IRS was permissible under tax administration exception

7

contained in 6103(h)(1))). A different authorization, set forth in section 6103(n), permits disclosure of return information in certain circumstances "[p]ursuant to regulations" to "any person" including to a government contractor. *See* 26 U.S.C. § 6103(n).

Those regulations, like the statutory scheme, distinguish between officers and employees of the United States and other persons, such as contractors, to whom return information may be disclosed. *See* Treas. Reg. § 301.6103(n)-1. They expound on the statutory authority to disclose return information under section 6103(n) to permit certain officers and employees of the United States to disclose return information "to any person" in certain circumstances "to the extent necessary in connection with a written contract or agreement. . . ." Treas. Reg. § 301.6103(n)-1(a)(1). As such "person" receives return information in connection with a written contract, it is unsurprising that the regulations refer to such "person" in one place as a "contractor" *id.* § 301.6103(n)-1(b)(2), and in many places as potentially having a "subcontractor" *id.* § 301.6103(n)-1(a)(2)(ii), -1(a)(4), -1(c), -1(d), -1(e)(1), -1(e)(2), -1(e)(3), -1(e)(4).

Littlejohn was not an officer or employee of the United States authorized to inspect and receive return information under § 6103(h)(1). The filings in his criminal case uniformly state that he was a contractor authorized to receive return or return information under § 6103(n). *See* Ex. A (Information) ¶ 5 ("Charles Edward Littlejohn, a person described in 26 U.S.C. § 6103(n), did willfully disclose . . ."); Ex. C (Factual Basis) ¶¶ 1, 3 ("Charles Edward Littlejohn ("Defendant") severed as a contractor to company A . . .and was authorized, pursuant to 26 U.S.C. § 6103(n) . . ."); 2d. Am. Compl. ¶¶ 32, 56 n. 76 and 77. Littlejohn, therefore, falls into the "other person" category described in §

8

6103(a)(3) ("no other person who has access to return information under . . . subsection (n) . . . shall disclose any return or return information").

Consistent with § 6103(a) and its underlying regulations, § 7431(a) distinguishes between unauthorized disclosures by an "officer or employee of the United States" from wrongful disclosures by "any [other] person." Section 7431(a) provides reads:

> (1) If any **officer or employee of the United States** knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages **against the United States** in a district court of the United States.
>
> (2) If **any person who is not an officer or employee of the United States** knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, **such taxpayer may bring a civil action for damages against such person** in a district court of the United States.

26 U.S.C. § 7431(a) (emphasis added).

Section 7431(a)(1) waives sovereign immunity to bring suit for damages against the United States for wrongful disclosures by an "officer or employee of the United States." But if return information is wrongfully disclosed by "any person who is not an officer or employee of the United States" the taxpayer must bring action against that person under § 7431(a)(2). *See also* Treas. Reg. § 301.6103(n)-1(c) (Any person who receives returns or return information under § 6103(n) is subject to the civil and criminal penalty provisions of §§ 7431, 7213, and 7213A for the unauthorized inspection or disclosure of the returns or return information.). Plainly stated: if an officer or employee of the United States wrongfully discloses return information, the taxpayer must sue the United States. 26 U.S.C. §§ 6103(a)(1) and 7431(a)(1). If any other person wrongfully

9

discloses return information, the taxpayer must sue that person. 26 U.S.C. §§ 6103(a)(3) and 7431(a)(2).

Mr. Griffin's Second Amended Complaint must be dismissed against the United States because Littlejohn is not an "officer or employee of the United States." Any claim for unlawful inspection or disclosure of return information can proceed only against Littlejohn under § 7431(a)(2). In the Second Amended Complaint, Mr. Griffin recognizes that Littlejohn is a contractor, yet he tries to manufacture a wrongful disclosure claim against the United States by cherry-picking text from the Internal Revenue Manual ("IRM"). Far from plausibly alleging Littlejohn is a government employee, the IRM provisions Mr. Griffin cites as support for Count I simply make clear that the obligation to protect taxpayer information applies to both "employees" and contractors. *See* IRM 10.5.5 (Noting that the intended audience of this IRM provision includes "IRS employees and IRS contractors who have staff-like access including subcontractors, non-IRS-procured contractors, vendors, and outsourcing providers who have staff-like access."). And Mr. Griffin omits any reference to another IRM provision describing background investigative requirements for contractors which states "Staff-like Access is granted to an individual *who is not* an IRS employee (and includes but is not limited to the contractor employees described above). *See* IRM 10.23.2.1 (emphasis added). In any event. the IRM does not have the force of law, *see United States v. Rum*, 995 F.3d 882, 893 (11th Cir. 2021), and it cannot usurp § 7431(a)(1)'s unambiguous limited waiver of sovereign immunity enacted by Congress.

The United States is unaware of any case that has held that the United States can be sued for wrongful disclosures of return information for acts of disclosure by individuals who are not officers or employees of the United States. Mr. Griffin's remedy for the wrongful disclosure of his return information is bound by parameters Congress created in its limited waiver. Broadening § 7431(a)(1) to include government contractors as United States employees is contrary to the plain language contained in §§ 6103(a) and 7431(a) and would disrupt the harmonious framework of the two statutes. Such statutory interpretations must be rejected. *Bankston v. Then*, 615 F.3d 1364, 1367 (11th Cir. 2011) ("If the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case, and the statutory scheme is coherent and consistent, the inquiry is over.") (cleaned up).

This does not mean that Congress left Mr. Griffin without a remedy. Mr. Griffin is simply limited to suing Littlejohn under § 7431(a)(2). *See, e.g.*, *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962 (7th Cir. 1992) (United States is not a party to a case brought under § 7431(a)(2) for alleged wrongful disclosure of return information by a person who is not a United States employee); *Joint Tech., Inc. v. Weaver*, No. 11-846, 2013 WL 12091101 (W.D. Okla. 2013) (holding non-United States defendant liable for wrongful disclosure of return information under § 7431(a)(2)). But Mr. Griffin cannot proceed against the United States. *See, e.g.*, *Adelman v. Discovery Card Services, Inc.*, 915 F. Supp. 1163, 1165 (D. Utah 1996) (granting United States' motion to dismiss because disclosure was committed by a contractor working for a state agency, holding that "Section 7431(a)(1) is clear: it waives sovereign immunity for disclosures of returns

11

or return information only when an 'officer or employee of the United States' makes that disclosure."); *Payne v. United States*, No. 97-2255, 1998 WL 773625, at *2-3 (S.D. Tex. Feb. 10, 1998) (Strictly construing § 7431(a)(1) in favor of immunity, this Court finds that the United States may not be held liable in a civil action for unlawful disclosure of tax return information by a *former* officer or employee."). This may not be the remedy Mr. Griffin prefers. But it is the only remedy Congress provides.

### II. Mr. Griffin's Privacy Act claim fails to state a claim because he does not allege actual damages.

To state a claim under the Privacy Act, a plaintiff must plead facts showing, among other things, that he has suffered "actual damages" because of a particular Privacy Act violation. 5 U.S.C. § 552a(g)(4). The term "actual damages" is "limited to proven pecuniary or economic harm." *Cooper*, 566 U.S. at 299. Pecuniary or economic harm are a form of "special damages" that "must be specifically pleaded and proven." *Id*. at 295. The United States retains sovereign immunity for all non-economic harms, including "loss of reputation, shame, mortification, injury to the feelings and the like." *Id*. at 295-96, 304 (construing § 552a(g)(4)).

As the Supreme Court and the Eleventh Circuit have recognized, the failure to establish monetary damages is fatal to Privacy Act claims. *Id*. at 295 (explaining that "the Privacy Act's remedial provision authorizes plaintiffs to recover . . . but only if they prove at least some 'actual damages'") (quoting 5 U.S.C. 552a(g)(4)(A)); *Corbett v. Trans. Sec. Admin.*, 568 F. App'x. 690, 702 (11th Cir. 2014) ("We need not evaluate whether [the plaintiff] stated a Privacy Act violation because he alleged no pecuniary loss

12

or actual damages as a result of a Privacy Act violation."); *see also, Ramos v. U.S. Dep't of Agric.*, No. 22-20312, 2022 WL 2208915, at *7 (S.D. Fla. June 21, 2022) (Bloom, J.) (dismissing the plaintiff's Privacy Act claim, which failed to allege actual damages, for failure to state a claim); *Welborn,* 218 F. Supp. 3d at 82 (dismissing Privacy Act violation for failure to state a claim when the plaintiff did not allege actual damages).

      Mr. Griffin does not allege he suffered pecuniary or economic harm resulting from the alleged failure by the IRS to safeguard his information under the Privacy Act. The Second Amended Complaint simply states that Mr. Griffin "has and will continue to sustain damages directly traceable to the IRS' violations" under the Privacy Act (2d. Am. Compl. ¶ 68) without identifying or describing the nature of such damages. On the face of the Second Amended Complaint, it is impossible to identify whether the generic "damages" he alleges are actual damages that are economic or pecuniary (recoverable) versus non-pecuniary (non-recoverable) damages. And the allegation fails to show that Mr. Griffin sustained financial loss because of any alleged Privacy Act violation—the only type of compensable harm under the Privacy Act. *Cooper*, 566 U.S. at 299.

      Pleading actual damages is not a burdensome exercise. Nonetheless, Mr. Griffin's Privacy Act claim as pled in his Second Amended Complaint is devoid of any attempt to claim actual damages. If Mr. Griffin has truly sustained actual monetary loss resulting from the alleged Privacy Act violation, then pleading such facts should not be difficult. Mr. Griffin, after all, controls the information he needs regarding his own damages. *See, e.g., Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398, 2011 WL 2415167, at *3 (D. Colo. June 10, 2011) (explaining that to plead special damages, a plaintiff

should be able to plead facts within his own control). Congress has conditioned as part of its waiver of sovereign immunity under the Privacy Act actual damages to be pleaded with specificity. *Cooper*, 566 U.S. at 301. Mr. Griffin must plead those facts accordingly. Mr. Griffin's Second Amended Complaint, devoid of any allegation of actual damages, must be dismissed. *See Brown v. U.S. Dep't of Justice*, 169 F. App'x 537, 541 (11th Cir. 2006) (dismissal was proper because plaintiff's Privacy Act claim was "devoid of any allegations" of actual damages).

## CONCLUSION

To be sure, the wrongful disclosure of Mr. Griffin's return information by Littlejohn was egregious and the United States has taken it seriously by pursuing criminal penalties against Littlejohn. But Congress made two decisions that require the dismissal of Mr. Griffin's suit. First, the United States can be sued for wrongful disclosures in violation of § 6103 only if such disclosures are committed by officers or employees of the United States. Littlejohn is not an officer or employee of the United States. Second, only violations of the Privacy Act that result in actual, monetary losses can sustain a lawsuit against the agency. Mr. Griffin has not pleaded actual damages. The Court must therefore dismiss this Second Amended Complaint.

Dated: November 27, 2023                    Respectfully Submitted

                                                           DAVID A. HUBBERT
Deputy Assistant Attorney General

*<u>Stephanie A. Sasarak</u>*
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-2089 (v) | 202-514-4963 (f)
Mary.E.Smith@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov
Counsel for the United States

Of counsel:

MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*Stephanie A. Sasarak*
STEPHANIE A. SASARAK
Trial Attorney
U.S. Dept. of Justice, Tax Division