UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-cv-24023-SCOLA/GOODMAN

KENNETH C. GRIFFIN,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE and U.S.
DEPARTMENT OF THE TREASURY,

    Defendants.

_____/

## POST-DISCOVERY HEARING ADMINISTRATIVE ORDER

On November 28, 2023, the Undersigned held an in-person hearing on the parties' discovery disputes. [ECF Nos. 49; 61]. At the hearing, the Undersigned **ordered** as follows:

The Government (a/k/a the "Defendants") expressed its intent to move for a discovery stay while its motion to dismiss [ECF No. 58] is pending. This case was referred to the Undersigned for all *discovery* matters. [ECF No. 15]. A motion to stay discovery, if one were to be filed, falls outside the scope of a discovery referral.

Absent a specific referral order, the Undersigned does not have jurisdiction to rule on such a motion and, in any event, I would be issuing a Report and Recommendations (as opposed to an Order). But within the scope of the discovery referral, the Undersigned

does have jurisdiction to adjust the discovery timetables and require that certain discovery be made before other discovery.

The Undersigned has taken a preliminary peek at the Government's motion to dismiss [ECF No. 58] and cannot fairly characterize it as frivolous. Nor can the Second Amended Complaint [ECF No. 55] be labeled as such. The Undersigned acknowledges that this action was brought against government agencies and, unlike this matter, the typical lawsuit does not involve claims of sovereign immunity. At the same time, discovery must keep moving and the Court should avoid unnecessary delays. With these concerns in mind, I will permit *some* discovery to go forward and set certain deadlines while the parties litigate the to-be-filed motion for a stay and brief the law enforcement investigatory privilege which Defendants have asserted in their objections to some of the outstanding written discovery propounded to them.

If the Government intends to seek a stay, then it will file a motion to stay (not exceeding seven pages, double-spaced (excluding the signature block and the certificate of service)) by no later than **Friday, December 1, 2023**. If such a motion were to be filed, then Plaintiff will file a response with the same page limitations by no later than **Friday, December 8, 2023**. Defendants may file their optional reply (not exceeding three pages, double-spaced (excluding the signature block and the certificate of service)) by **Tuesday, December 12, 2023**.

If the Government intends to rely, in any part, on the law enforcement

investigatory privilege, then it will file a memorandum of law (not exceeding eight pages, double-spaced (excluding the signature block and the certificate of service)) by no later than **Tuesday, December 5, 2023**. In this filing, the Government will discuss why it believes the privilege exists, which particular documents or categories of documents it believes it covers, and whether a traditional privilege log is required for materials covered by the law enforcement investigatory privilege. Plaintiff will file a response (with the same page limitations) by no later than **Thursday, December 7, 2023**. The Government may file an optional reply (not exceeding four pages, double-spaced (excluding the signature block and the certificate of service)) by **Friday, December 15, 2023**.

The Undersigned will permit certain parts of discovery to proceed and other parts to be on a *de facto* hiatus until Judge Scola rules on the Government's motion to stay or until **Thursday, December 28, 2023**, whichever comes first. As to those portions of discovery which are subject to the *de facto* hiatus, if the motion to stay is denied or if there is no ruling by December 28th, then the Undersigned will hold a Zoom discovery hearing on **Friday, December 29, 2023** at **3:30 PM**.[1] As to the other discovery portions not subject to the hiatus, the parties will adhere to the following deadlines:

By **Friday, December 8, 2023**, Defendants will produce all contracts (including draft contracts) between the Internal Revenue Service ("I.R.S."), the U.S. Department of the Treasury ("Treasury Department"), or any other agency involved and the Booz Allen

---

[1] The Zoom link and instructions are available at ECF No. 62.

firm concerning the work Charles Edward Littlejohn ("Littlejohn") did for Booz Allen pursuant to its contracts with Defendants. Defendants will also provide discovery concerning Littlejohn's status as either an employee, a "constructive" employee, or a person employed by an independent contractor. This will include production of documents reflecting whether it was Booz Allen, the Government or another entity which directly paid Littlejohn's salary and benefits and who evaluated Littlejohn's performance in written assessments. This production will also include whether Defendants in any way approved Littlejohn's assignment under the contract(s) with Booz Allen and whether Littlejohn communicated directly with the Government (as opposed to communicating with Booz Allen) about his employment obligations and access to financial information of citizens.

By **Monday, December 11, 2023**, the Government will run search terms on its files with Littlejohn's name and produce non-privileged documents responsive to Plaintiff's document requests. If Defendants believe that any of the responsive documents are privileged, then Defendants will, by the **same** deadline, provide a privilege log, which complies with Local Rule 26.1(e).

The parties shall, as soon as possible, seek to obtain an agreement on what search terms the Government will be using if and when the *de facto* discovery hiatus ends. By **Friday, December 1, 2023**, Plaintiff's counsel will send to defense counsel a list of search terms. If the Government objects to some or all of those search terms, then it will make

those objections known to Plaintiff's counsel by no later than **Thursday, December 7, 2023**. Once the parties agree (in whole or in part), the Government will begin using those search terms on documents in its possession, custody, or control. If the parties do not reach a complete agreement, then the search will proceed on the agreed-to terms.

If the Government finds it impossible or exceedingly difficult to comply with the production deadlines, then it will confer with Plaintiff. If necessary, the Government may produce the documents on a rolling basis in order to avoid delays in discovery pending a ruling on the motion for a stay.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on November 29, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record