

Exhibit
B



FILED

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Number: 1:23-cr-343 |
| vs. ) | |
| ) | |
| CHARLES EDWARD LITTLEJOHN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the Public Integrity Section, Criminal Division, United States Department of Justice, and Charles Edward Littlejohn (hereinafter the "defendant") enter into the following Plea Agreement:

**Charges and Statutory Penalties**

1. The defendant agrees to plead guilty to Count One of the Information.

2. The defendant understands that Count One (26 U.S.C. § 7213(a)(1)) has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

   a. First, the defendant was authorized to access returns and return information for purposes of tax administration pursuant to 26 U.S.C. § 6103(n).

   b. Second, the defendant disclosed returns or return information to any person.

   c. Third, the disclosure by the defendant was not authorized.

   d. Fourth, the defendant's disclosure was willful.

3. The defendant understands that pursuant to 26 U.S.C. § 7213(a)(1), Count One carries a maximum sentence of five years of imprisonment, a fine of $5,000, a $100 special

1

assessment, and a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

4. If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this Plea Agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the attached factual basis or for any conduct of the defendant now known to the Public Integrity Section and to the law enforcement agents working with the Public Integrity Section on the present investigation. This agreement does not provide any limitation of liability arising out of any acts of violence.

**Factual Stipulations**

5. The defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty. The defendant knowingly, voluntarily, and truthfully admits the facts set forth in the Factual Basis for Plea.

**Sentencing**

6. The defendant is aware that the sentence will be imposed by the court after considering the United States Sentencing Guidelines and related Policy Statements (hereinafter "U.S.S.G." or "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation conducted by the court's probation office, which will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise that

2

advisory sentence up to and including the statutory maximum sentence, or lower that advisory sentence. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence, that the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and that such ultimate sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

7. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the court, except as expressly provided in this Plea Agreement.

**Sentencing Guidelines Stipulations**

9. The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines as set forth in the Guidelines Manual for 2021. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

    a.    Offense Level under the Guidelines

| SENTENCING GUIDELINES CALCULATIONS | |
|---|---|
| **Count 1: Unauthorized Disclosure of Tax Records (26 U.S.C. § 7213(a)(1)):** | |
| Base Offense Level (U.S.S.G. § 2H3.1(a)(1)) | 9 |
| Abuse of Trust Position or Use of Special Skill (U.S.S.G. § 3B1.3) | +2 |
| Obstruction of Justice (U.S.S.G. § 3C1.1) | +2 |
| Acceptance of Responsibility (U.S.S.G. § 3E1.1(a)) | -2 |
| **Total Offense Level** | **11[1]** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 8-14 | 10-16 | 12-18 | 18-24 | 24-30 | 27-33 |

    b.    Acceptance of Responsibility

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

---

[1] Amendment 821 to the Sentencing Guidelines goes into effect beginning November 1, 2023, if Congress does not act to reject the amendment by that time. The parties understand that Amendment 821 may result in a reduction of the defendant's total offense level.

    i.  fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

    ii.  challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

    iii.  denies involvement in the offense;

    iv.  gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

    v.  fails to give complete and accurate information about the defendant's financial status to the Probation Office;

    vi.  obstructs or attempts to obstruct justice, prior to sentencing;

    vii.  has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

    viii.  fails to appear in court as required;

    ix.  after signing this Plea Agreement, engages in additional criminal conduct; or

    x.  attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen (16) or greater, the United States agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b) of the Sentencing Guidelines, because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty,

5

thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines Offense Level is 11.

      c.      Criminal History Category

Based upon the information now available to the United States (including representations by the defense), the defendant's criminal history consists of zero points. In accordance with the above, therefore, the defendant's Criminal History Category is I.

      d.      Applicable Guideline Range

Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range is 8 to 14 months (the "Stipulated Guidelines Range"). In addition, the parties agree that should the Court impose a fine, at Guidelines level 11, the applicable fine range is $4,000 to $40,000. The parties agree that under the Sentencing Guidelines either party may seek a downward or upward departure from the Stipulated Guidelines Range set forth above. The government hereby provides notice that it expects to seek an upward departure pursuant to Application Note 5 of Section 2H3.1 of the Sentencing Guidelines.

**Agreement as to Sentencing Allocution**

10.    The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a variance—a sentence outside of the Stipulated Guidelines Range—and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

6

In support of any variance argument, the defendant agrees to provide to the United States reports, motions, and documentation of any kind on which the defendant intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, and documentation have not been provided to the United States at least twenty-one days before sentencing shall be deemed waived.

**Court Not Bound by the Plea Agreement**

11.     It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Trial Rights**

12.     The defendant understands and agrees that by pleading guilty in this case the defendant agrees to waive certain rights, including the following:

    a.     the right to plead not guilty and to persist in that plea;

    b.     the right to a jury trial;

    c.     the right to be represented by counsel—and if necessary to have the court appoint counsel—at trial and at every other stage of the proceeding;

    d.  the right at trial to confront and cross-examine adverse witnesses, and to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

    e.  the right to any further discovery or disclosures of information not already provided at the time of the entry of the guilty plea, other than information required to be disclosed under Federal Rule of Criminal Procedure 32(i)(2) and exculpatory or impeachment information casting doubt upon sentencing factors.

**Venue**

13.  The defendant waives any challenge to venue in this district.

**Appeal, FOIA, and Privacy Act Waiver**

14.  The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in exchange for the promises made by the government in entering this Plea Agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, including any claim that the statutes to which the defendant pled is unconstitutional and/or that the conduct admitted as part of the factual basis does not fall within the scope of the statutes, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any

8

department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

      a.    Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of the defendant's sentence.

      b.    If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

        i.    that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above;

        ii.    challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

        iii.    challenging a decision by the sentencing judge to impose an "upward variance," pursuant to 18 U.S.C. § 3553(a), above the final Sentencing Guidelines range determined by the Court; and

        iv.    that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

    15.    By signing this Plea Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in paragraph 14 of this Plea Agreement with the defendant's

9

attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

16. The defendant's waiver of rights in paragraph 14 shall not apply to appeals or challenges based on new legal principles in the United States Court of Appeals for the D.C. Circuit or the United States Supreme Court cases decided after the date of this Plea Agreement that are held by the United States Court of Appeals for the D.C. Circuit or the United States Supreme Court to have retroactive effect.

**Restitution**

17. In addition to the other penalties provided by law, the Court may, on Count One, obligate the defendant to make restitution pursuant to pursuant to 18 U.S.C. § 3663. The defendant understands that restitution may be ordered by the Court to all victims of the defendant's criminal conduct and not merely for those victims included in the count to which the defendant agrees to plead guilty.

**Release/Detention**

18. The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty. Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, the United States may move to change the defendant's conditions of release or move to revoke the defendant's release.

**Breach of Agreement**

19.    The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement.  In the event of such a breach: (a) the United States will be free from its obligations under the Plea Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

20.    The defendant understands that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  The defendant knowingly and voluntarily waives the rights arising under these rules.

21.    The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.  The defendant

11

further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

22. Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Plea Agreement or committed by the defendant after the execution of this Plea Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Agreement. In the event of such a breach, however, the defendant will not be permitted to withdraw this guilty plea.

**Waiver of Statute of Limitations**

23. It is the defendant's intent in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to the instant charge to which the defendant is pleading guilty. It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is the defendant's

12

intent in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

**Suspension or Debarment**

24. The defendant agrees not to challenge or contest any suspension or debarment proceedings initiated as a result of his guilty plea or any of the conduct referenced in the Factual Basis for Plea.

**Forfeiture**

25. The defendant agrees to abandon and forfeit all interests in any property which was used to commit, or to facilitate the commission of, the offense to which he is pleading guilty, pursuant to 26 U.S.C. § 7302. Such property includes, but is not limited to:

   a) Apple iPod Nano, serial number DCYG53XQDDVX (silver);

   b) Lenovo ThinkPad X1 Carbon Gen 8 laptop computer, serial number PF-2C4MK8;

   c) Lenovo ThinkPad X201 laptop computer, serial number R9-5KB1B;

   d) IBM ThinkPad, serial number L302F9X;

   e) Western Digital external hard drive, serial number WXE208808821;

   f) Silver USB flash drive located inside the lining of a wooden leather box containing an ornamental camel;

   g) Black and red USB flash drive, with serial number BM180826162B;

   h) Proton Mail account "        [@]protonmail.com";

   i) DigitalOcean account associated with organization ID 1736078;

   j) Apple iCloud account with Directory Services Identifier 113206212;

13

   k)  Twitter account "▬▬▬▬" and;

   l)  Dropbox account "▬▬▬▬[@]gmail.com."

The defendant warrants that the defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this Plea Agreement. The government agrees to undertake reasonable efforts to provide the defendant with copies of personal or financial material and files related to his businesses that are solely available on the Lenovo ThinkPad X1 Carbon Gen 8 laptop computer, the Apple iCloud account, and/or the Dropbox account described above.

  26. The defendant further agrees to waive all interest in any assets identified above as subject to forfeiture in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property, as well as any money judgment, and waives the requirements of Rule 32.2 of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

  27. The defendant agrees to fully and truthfully disclose all property used to commit, or to facilitate the commission of, the offense to which he is pleading guilty. The defendant also agrees to take all steps necessary to pass clear title to the forfeited assets to the United States,

including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

28. Except as to the circumstances described in Paragraph 14(b) of this Plea Agreement, the defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant acknowledges that all property covered by this Plea Agreement is subject to forfeiture as property facilitating illegal conduct or property involved in illegal conduct giving rise to forfeiture.

**Complete Agreement**

29. No agreements, promises, understandings, or representations have been made by the parties or their counsel—either orally, in writing, or by any other means—other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Public Integrity Section.

30. The defendant further understands that this Plea Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice. This Plea Agreement does not bind any other office or component of the United States Department of Justice, including the United States Attorneys' Offices, nor does it bind any state or local authorities. It

15

also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

31. By signing the Plea Agreement in the space indicated below and returning the original once it has also been signed by counsel for the defendant, the defendant acknowledges that the terms and conditions of this Plea Agreement are satisfactory.

                COREY R. AMUNDSON
                Chief, Public Integrity Section
                U.S. Department of Justice

By:   LAUREN CASTALDI
       Digitally signed by LAUREN CASTALDI
       Date: 2023.10.04 16:58:50 -04'00'
                Lauren Castaldi
                Trial Attorney
                Public Integrity Section
                U.S. Department of Justice
                1301 New York Ave. NW
                Washington, DC 20530
                (202) 514-1412

By:   JONATHAN JACOBSON
       Digitally signed by JONATHAN JACOBSON
       Date: 2023.10.04 16:56:31 -04'00'
                Jonathan E. Jacobson
                Trial Attorney
                Public Integrity Section
                U.S. Department of Justice
                1301 New York Ave. NW
                Washington, DC 20530
                (202) 514-1412

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalty for that offense and Sentencing Guideline penalties potentially applicable to that offense. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Date: 9/28/2023

*Charles Littlejohn*
Charles Edward Littlejohn
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: September 28, 2023

_____
Lisa Manning
For the Defendant