IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

## UNITED STATES' MOTION FOR A LIMITED STAY OF DISCOVERY

Pursuant to the Court's inherent authority and for good cause under Rule 26(c) of the Federal Rules of Civil Procedure, the United States moves for a stay of discovery directed to the government while the court considers its motion to dismiss. The grounds for this motion are as follows:

### BACKGROUND

1. In 2021 and 2022, ProPublica published a series of articles reporting on the tax returns of several of the wealthiest U.S. taxpayers, including Plaintiff Kenneth C. Griffin ("Plaintiff"). In its reporting, ProPublica states that it does not know the identity of the source of the information in its articles. *See* Stephen Engelberg and Richard Tofel, [Why We Are Publishing the Tax Secrets of the .001%](#), ProPublica (June 8, 2021, 4:59 a.m. EDT). Although the source of ProPublica's reporting was unknown, on December 13, 2022, Plaintiff filed a complaint against the United States alleging someone in the IRS wrongfully disclosed his return or return information, and that the IRS failed to

safeguard the same information in violation of the Privacy Act. Dkt. No. 1. The United States moved to dismiss the complaint on April 25, 2023. Dkt. No. 23.

2.   On July 28, 2023, the Plaintiff sent a first round of discovery requests to the United States. These requests consisted of forty-five (45) requests for admissions, forty-two (42) requests for production, and ten interrogatories, which consist of sixty-nine (69) interrogatories when each discrete subpart is counted separately.

3.   The United States timely responded to the discovery requests on September 11, 2023, raising various objections including that discovery should not proceed while a facial challenge to Plaintiff's claims is pending.

4.   Before the court ruled on the motion to dismiss Plaintiff's complaint, an Information was filed on October 29, 2023, by the United States against Charles E. Littlejohn, an employee of a company that contracts with the IRS, for the wrongful disclosure of return or return information. *See United States v. Littlejohn*, No. 1:23-cr-343, Dkt. No. 1 (D.D.C.). Soon thereafter, Mr. Littlejohn pleaded guilty to wrongfully disclosing taxpayer return information (including Plaintiff's) in violation of 26 U.S.C. § 7213—his sentencing hearing is scheduled for January 29, 2024. *Id.* at Dkt. Nos. 8, 9, and Oct. 12, 2023 (Minute Entry). Counsel representing the United States in this civil case was unaware that Mr. Littlejohn was the individual who disclosed Plaintiff's tax information to Pro Publica until the day the Department of Justice publicly announced the filing of the Information.

5. Considering this new information, on November 13, 2023, Plaintiff filed a Second Amended Complaint.[1] Dkt. No. 55. The Second Amended Complaint asserts two claims. First, Plaintiff claims that the United States is liable to him for statutory and punitive damages under 26 U.S.C. § 7431 for the wrongful disclosure of his return or return information by IRS contractor Charles E. Littlejohn.[2] Second, Plaintiff alleges that the IRS failed to safeguard his confidential return information in violation of the Privacy Act (5 U.S.C. § 552a).

6. The identification and prosecution of Mr. Littlejohn as the individual who wrongfully disclosed Plaintiff's return information completely changed the factual landscape of this case. For that reason, on November 21, 2023, the United States requested that Plaintiff withdraw his July discovery requests and issue new, targeted discovery requests that reflect the newly revealed facts that have been incorporated into his Second Amended Complaint.

7. Plaintiff has not withdrawn his initial discovery requests. Instead, he insists that the United States must supplement its responses. But in apparent recognition that the initial discovery requests have largely been superseded by subsequent events (and before the United States was required to respond to the Second Amended Complaint), Plaintiff issued a new round of written discovery. The new requests include eleven (11)

---

[1] Plaintiff's first Amended Complaint misidentified another individual as the person who transmitted his return information to ProPublica. He filed the Second Amended Complaint to correct that error.
[2] Plaintiff also alleges that he's entitled to recover litigation and attorneys' fees. Dkt. No. 55 ¶ 60. Due to his net worth, plaintiff cannot—under any circumstance—meet the definition of "prevailing party" in § 7430(c)(4)(A)(ii), made applicable here by § 7431(c)(3).

interrogatories (for a total of 80), sixty-four (64) requests for admissions (109 total), and thirty-three (33) requests for production (seventy-five total). Considering the discrete subparts to its interrogatories, Plaintiff has, to date, made over 200 discrete discovery requests directed at the United States or its agencies to support claims—we contend—the Court lacks jurisdiction to hear and/or fail on their face.

8.     The United States has also received notices of subpoenas from the Plaintiff directed at third parties, including ProPublica, Booz Allen Hamilton, and Charles Littlejohn.

9.     On November 27, 2023, the United States moved to dismiss on both counts. Dkt. No. 58. It argues that the Court lacks jurisdiction to adjudicate Count I because the United States has not waived its immunity from suit from claims of wrongful disclosure by government contractors. Separately, the motion argues that Count II fails to state a plausible claim for relief under the Privacy Act because plaintiff has not articulated any concrete or identifiable damages.

## LAW AND ANALYSIS

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami–Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017); *see also*, *Bettis v. Toys "R" Us-Delaware, Inc.*, 273 Fed. Appx. 814, 819 (11th Cir. 2008) (vested with inherent authority to manage docket, the district court did not abuse its discretion in entering a protective order preventing discovery from

proceeding); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (noting that discovery matters "are committed to the sound discretion of the district court" and finding no abuse of discretion in staying discovery).

"In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Lewis v. Mercedes-Benz USA, LLC*, No. 19-cv-81220, 2020 WL 4923640, at *2 (S.D. Fla. March 25, 2020) (Ruiz, J.) (internal quotation and citation omitted). The Eleventh Circuit has recognized that staying discovery generally is prudent when there is a pending "motion to dismiss based on failure to state a claim for relief" that presents a purely legal question that requires no discovery before the court may rule on it. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "Accordingly, courts in the Eleventh Circuit agree that a stay of discovery is appropriate if a pending motion to dismiss "'will dispose of the entire case.'" *Jumlist v. Prime Ins. Co.*, No. 21- 01416-SCJ, 2021 WL 6751892, at *1 (N.D. Ga. June 24, 2021) (citing cases); *see also Nankvil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) ("courts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action") (internal quotations and citations omitted).

A stay is particularly appropriate if a government entity has anchored its motion to dismiss on sovereign immunity grounds. "[S]overeign immunity presents a special concern that a party raising the defense should not be subjected to the burdens of litigation before the defense has been decided." *Cook v. Taylor*, No. 18-977, 2019 WL

5

1233853, at *1 (M.D. Ala. Mar. 15, 2019) (citing *Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996)). The Eleventh Circuit has explicitly held that the district court must resolve a claim of immunity before subjecting a party asserting it to discovery or Rule 26 obligations. *Id*. (citing *Howe v. City of Enterprise*, 861 F.3d 1300, 1302–03 (11th Cir. 2017)). Courts take a "preliminary peak at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994, 2021 WL 10428229, at *1 (S.D. Fla. Oct. 9, 2021) (Ruiz, J.) (internal quotation and citation omitted).

As Magistrate Judge Goodman observed in the Administrative Order he issued on November 29, a preliminary peak at the United States' motion to dismiss reveals that it has merit. Dkt. No. 63 at 2. First, the United States seeks dismissal of Plaintiff's wrongful disclosure count because the United States has not waived sovereign immunity for individuals who, like Littlejohn, are contractors that disclose return information in violation of § 6103. On those facts, the taxpayer must bring the suit directly against the individual who allegedly wrongfully disclosed the information. *Compare* 26 U.S.C. § 7431(a)(1) (allowing suits against the United States for wrongful disclosures by officers or employees of the United States) *with* § 7431(a)(2) (allowing suits directly against any other person who wrongfully discloses return information). Second, the United States seeks to dismiss Plaintiff's Privacy Act claim because he failed to allege any violation caused him to suffer economic damage. As the Supreme Court has made clear, a plaintiff must specifically plead actual damages because the United States retains sovereign

immunity for all non-economic harms, including "loss of reputation, shame, mortification, injury to the feelings and the like." *FAA v. Cooper*, 566 U.S. 284, 295-96, 304 (2012) (construing 5 U.S.C. § 552a(g)(4)).

If the motion is granted even in part, it could significantly alter the scope of discovery. *See In re Mednax Servs.*, 2021 WL 10428229, at *1 (granting stay because even a partial dismissal "would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery." (citation omitted). Thus, good cause exists to stay discovery while the court considers a motion that challenges the United States' immunity from Plaintiff's wrongful disclosure claim and questions the facial adequacy of the independent claim he asserts under the Privacy Act.[3]

| | |
|---|---|
| Dated: December 1, 2023 | Respectfully Submitted |
| | DAVID A. HUBBERT<br>Deputy Assistant Attorney General |
| | *Stephanie A. Sasarak*<br>STEPHANIE A. SASARAK<br>Maryland Bar No. 1012160096<br>MARY ELIZABETH SMITH<br>Maryland Bar No. 0712110235<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br>P.O. Box 14198<br>Washington, D.C.  20044<br>202-307-2089 (v) | 202-514-4963 (f)<br>Mary.E.Smith@usdoj.gov<br>Stephanie.A.Sasarak@usdoj.gov<br>Counsel for the United States |

---

[3] We do not object to Plaintiff's continued efforts to seek discovery from third-parties while the court considers our motion to dismiss.

Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*Stephanie A. Sasarak*
STEPHANIE A. SASARAK
Trial Attorney
U.S. Dept. of Justice, Tax Division