IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

KENNETH C. GRIFFIN,                          )
                                             )
            Plaintiff,                        )
                                             )
      v.                                      )
                                             )
INTERNAL REVENUE SERVICE, *et al.*,          )
                                             )
            Defendants.                       )
                                             )
_____            )

**DEFENDANTS' MEMORANDUM OF LAW**
**REGARDING LAW ENFORCEMENT INVESTIGATORY PRIVILEGE**

The United States submits this memorandum of law in accordance with the

Court's Post-Discovery Hearing Administrative Order (ECF. No. 63) and represents that

it does not intend to assert the investigatory privilege at this time. But the information

gathered by the Treasury Inspector General for Tax Administration ("TIGTA") in its

investigation of Charles Edward Littlejohn for the unauthorized disclosure of tax return

information of Plaintiff and others is Mr. Littlejohn's return information. 26 U.S.C.

§ 6103(b)(2); *Berkun v. Comm'r of Internal Rev.*, T.C. Memo 2023-127, 2023 WL

6973206, at *6 (Oct. 23, 2023). Thus, TIGTA's investigative file may not be disclosed to

Plaintiff in discovery, unless the disclosure is authorized by § 6103. 26 U.S.C. § 6103(a).

While undersigned counsel was unaware of an investigation of Mr. Littlejohn until

it was publicly announced in an Information on September 29, 2023, the United States

alerted Plaintiff at the outset of this case that the existence and substance of any

investigation of the ProPublica leak constituted third-party return information that was prohibited from disclosure by § 6103.[1] (ECF No. 29 ¶¶ I.K, II.B). We maintained this position in our discovery responses and asserted—as a protective measure to avoid any argument of waiver—that certain materials in the (yet unknown) investigative file may be protected by common law privileges, including the law enforcement investigatory privilege. The United States did not provide a privilege log because the attorneys assigned to this matter lacked access to TIGTA's file and, in any event, Plaintiff expressly stated that they did not seek the investigative file. For these reasons, the investigative file was not in the possession, custody, or control of the United States as defined in Plaintiff's discovery requests, nor was the investigative file responsive to his requests.

Although Plaintiff makes no attempt to argue that the investigative file may be disclosed to him under § 6103, Plaintiff questions the applicability of the United States' protective claim to the investigative privilege. Thus, as directed by the Court, the United States submits this brief to address whether the privilege exists, the particular documents or categories of documents the privilege covers, and whether a traditional privilege log is required for materials covered by the privilege.

---

[1] We also invited Plaintiff to join our request for an initial discovery conference with the Court to address this issue before discovery commenced. Plaintiff declined. *See* ECF 29 at 4 (comparing the United States' and Plaintiff's positions on the subject and timing of discovery).

**ARGUMENT**

**I.      Courts Recognize the Law Enforcement Investigatory Privilege**

Courts throughout the country all agree. A qualified law enforcement investigatory privilege exists to protect "disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference with an investigation." *Dinler v. City of New York*, 607 F.3d 923, 940-41 (2d Cir. 2010) (citation and quotation omitted); *see also United States v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986). Indeed, this Court recognized the privilege in *Federal Election Commisson v. Rivera*, 335 F.R.D. 541, 547 (S.D. Fla. 2020) (Goodman, M.J.).

Just as the privilege applied to the FEC as an investigatory agency in *Rivera*, the privilege applies to TIGTA, which is an investigative office within the Department of Treasury, and any other offices within the Treasury Department and IRS that conduct civil and criminal investigation. *Id.* Thus, TIGTA's investigative file of Mr. Littlejohn is protected from disclosure by this privilege unless Plaintiff shows that, on balance, his need for the information outweighs the Government's interest in protecting the files from disclosure. *Id.* at 547-48 (listing ten factors that courts consider to determine whether the privilege applies). That is, however, an academic question because TIGTA's investigative file is Mr. Littlejohn's return information, and Plaintiff can cite no authorization in § 6103 that permits its disclosure in response to his discovery requests.

II.     **The Law Enforcement Investigatory Privilege Applies to at Least Three Categories of Documents within TIGTA's File**

As noted in the introduction, counsel for the United States did not have access to TIGTA's file when it responded to Plaintiff's first requests for production. After the November 28th hearing, undersigned counsel received permission to speak with TIGTA agents about the investigation of Mr. Littlejohn to determine where potentially responsive information to Plaintiff's discovery requests may be found from sources outside of TIGTA.

Based on conversations with TIGTA personnel, we contend that the privilege applies to at least three categories of documents within TIGTA's files. The first category of privileged documents concerns techniques, methods, and processes used to analyze potential unauthorized access at the IRS. The second category of privileged documents concerns details of IRS security audit, logging, and monitoring systems that, if publicly known, might enable circumvention of portions of these systems. And the third category of privileged documents concerns techniques for circumventing IRS information system security measures.

Plaintiff has no need for any materials that fall within these three categories of documents. Documents that reveal TIGTA's investigative techniques are not relevant to either of his claims. And, in any event, the source of the disclosure of his return information is now known. If Plaintiff's second amended complaint survives the United States' motion to dismiss, discovery should be limited to discrete factual issues that remain unresolved.

### III.    A Privilege Log Is Not Required for Non-Responsive Documents

Local Rule 26(e)(2)(B) requires a privilege log for documents withheld under a claim of privilege. However, a party withholds a document for privilege only if the document is responsive. Here, Plaintiff has repeatedly stated that he does not seek TIGTA's investigative file. Indeed, Plaintiffs recently advised Government counsel that "the information sought in Plaintiff's set of discovery requests exists independently of any investigative file, and Plaintiff's pending requests do not seek any investigative materials at this time—*e.g.*, interview memoranda, law enforcement documents, etc." Exhibit A, Letter from Plaintiff's counsel dated Nov. 24, 2023. Plaintiff maintained this position at the November 28th hearing, informing the Court that he does not seek the Government's investigative file and instead seeks responsive documents that exist independent of the investigative file.

As Plaintiff unambiguously states, the TIGTA file that would otherwise implicate the investigatory privilege is not responsive to any pending discovery request. As non-responsive information, the United States has no obligation to  provide a privilege log of its contents. If Plaintiff issues a specific discovery request for TIGTA's file, the United States will assert the privilege as necessary and provide a log in accordance with the Local Rules.

Dated: December 5, 2023

Respectfully Submitted

DAVID A. HUBBERT
Deputy Assistant Attorney General

**Mary Elizabeth Smith**
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-307-2089 (v) | 202-514-4963 (f)
Mary.E.Smith@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov

Counsel for the United States

Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

<u>**Mary Elizbeth Smith**</u>
MARY ELIZABETH SMITH
Trial Attorney
U.S. Dept. of Justice, Tax Division
