**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8226**

WRITER'S EMAIL ADDRESS
ajmerton@quinnemanuel.com

November 24, 2023

<u>VIA E-MAIL</u>

| | |
|---|---|
| Mary Elizabeth Smith | Markenzy Lapointe |
| Stephanie A. Sasarak | United States Attorney's Office |
| Tom Vanaskie | Southern District of Florida |
| United States Department of Justice | 99 N.E. 4th Street |
| P.O. Box 14198 | Miami, FL 33132 |
| Washington, DC 20044 | |

Re:   *Kenneth C. Griffin v. Internal Revenue Service et al.*
          <u>No. 1:22-cv-24023 (S.D. Fla.)</u>

Dear Counsel:

      We write in response to Defendants' November 21, 2023 letter, which purports to be a response to Plaintiff's letter dated October 25, 2023. While we appreciate the information contained within Defendants' letter and remain ready and willing to continue to confer about these matters, it's clear that the parties fundamentally disagree about Defendants' discovery obligations and that guidance from the Court is necessary as the parties continue to litigate this case.

      As an initial matter, the information sought in Plaintiff's first set of discovery requests exists independently of any investigative file, and Plaintiff's pending requests do not seek any investigative materials at this time—*e.g.*, interview memoranda, law enforcement documents, etc. Defendants' assertion that they do not have access to investigative files is thus immaterial; Defendants have an obligation to search for responsive information *outside of the investigative file* even if a copy of the same is also within any such investigative file. The cases cited in Defendants' letter support Plaintiff's position, as they involved requests for discovery that was solely part of the investigative file. *See Southern Poverty Law Center v. Internal Rev. Serv.*, 589 F. Supp. 3d 79, 85 (D.D.C. 2002) (plaintiff sought "interview memoranda, law enforcement documents, communications between law enforcement agencies, and investigation photographs and videos," and defendants still produced some of those investigative materials); *Berkun v. Comm'r of Internal Revenue*, T.C.M. (RIA) 2023-127 (T.C. 2023) (plaintiff sought "grand jury materials," and defendant produced a privilege log of the documents it was withholding).

**Exhibit A**

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Relatedly, Defendants' argument that "the IRS has virtually no information or documents responsive to Mr. Griffin's discovery requests because TIGTA conducted the inquiry into the Pro Publica leaks that resulted in the prosecution of Mr. Littlejohn" is also of no moment. It simply does not follow that the IRS would not have information that Plaintiff requests, for example information about the IRS's own data security safeguards. Moreover, even assuming arguendo that the information existed solely in investigative files, Defendants would be required to obtain access to those files—which they can do under Section 6103(h)—and to the extent they withhold information, provide a privilege log.

Finally, Defendants' statement that IRS Chief Counsel was "cleared on October 31, 2023 to inquire further into Mr. Littlejohn's activities" and thereafter "requested copies of the contracts between the IRS and [Booz Allen]" and "is attempting to locate [certain] information responsive to Mr. Griffin's discovery requests," implicates two separate issues: (i) it demonstrates that the information Plaintiff seeks exists outside of the investigative file and (ii) it raises questions about what Defendants have done to timely satisfy their discovery obligations, particularly in light of Defendants' concession that TIGTA has not determined that it will assert any investigative privilege. We ask that Defendants please promptly let us know: (a) what steps they took prior to October 31, 2023 to obtain responsive information, (b) who cleared the IRS Chief Counsel to inquire into discoverable information, (c) from whom the IRS Chief Counsel obtained the discoverable information listed in Defendants' letter; and (d) when did the IRS Chief Counsel make the request for the information.

In light of pending discovery disputes that remain and will continue to remain even after Mr. Littlejohn is sentenced, we cannot agree to Defendants' request for a continuance of the November 28 discovery hearing.

All rights are reserved.

Sincerely,

Alexander J. Merton