**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

|  |  |
|---|---|
| KENNETH C. GRIFFIN, | |
|           Plaintiff, | |
|    v. | Case No. 1:22-cv-24023-Scola/Goodman |
| INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY, | |
|           Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW**
**<u>REGARDING LAW ENFORCEMENT INVESTIGATORY PRIVILEGE</u>**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................2

ARGUMENT .........................................................................................................................3

I.      THE   GOVERNMENT   IS   REQUIRED   TO   PRODUCE   RESPONSIVE
        DOCUMENTS REGARDLESS OF WHETHER THEY RESIDE IN THE
        INVESTIGATIVE FILE.................................................................................................3

        A.      The Investigatory Privilege Is Qualified, Limited, And Fact-Specific, And
                The Government Fails To Carry Its Burden To Establish The Privilege
                Here. ...............................................................................................................3

        B.      The Parties Agree That A Log Is Required For Documents Withheld
                Under Any Claim Of Privilege. ...........................................................................5

II.     THE GOVERNMENT CANNOT RELY ON SECTION 6103 TO ABDICATE
        ITS RESPONSIBILITY TO REVIEW THE INVESTIGATIVE FILE............................6

CONCLUSION.......................................................................................................................7

Plaintiff Kenneth C. Griffin ("Mr. Griffin") respectfully submits this response to the memorandum of law ("MOL," ECF 70) filed by Defendants Internal Revenue Service ("IRS") and the U.S. Department of the Treasury (collectively, the "Government").

## INTRODUCTION

The instant dispute arises from discovery requests Mr. Griffin served five months ago. In response to those requests, the Government refused to produce either documents or a privilege log (much less both), relying on the boilerplate objection that, "if and to the extent there is an ongoing investigation . . . the information sought is protected from disclosure by the law enforcement investigatory privilege." After a discovery hearing on November 28, this Court ordered the Government to begin producing documents and instructed that, "[i]f the Government intends to rely, in any part, on the law enforcement investigatory privilege," it must submit a memorandum discussing (1) "why it believes the privilege exists," (2) "which particular documents or categories of documents it believes it covers," and (3) "whether a traditional privilege log is required for materials covered by the law enforcement investigatory privilege." ECF 63 at 2–3.

In its memorandum, the Government fails to address why it believes the privilege may apply in this case, instead stating "that it does not intend to assert the investigatory privilege *at this time*" because Mr. Griffin "stated that [he] did not seek the investigative file." MOL at 1–2 (emphasis added). This is sleight of hand. Mr. Griffin has not sought materials that are solely investigative in nature—*e.g.*, interview memoranda or other work product—and yet has been stymied by the Government's invocation of the *possibility* of the law enforcement privilege, which the Government seems to misapprehend, as that privilege is not implicated merely because the Government happens to place in an investigatory file material that is responsive to conventional discovery. In any event, the Government has now waived any claim as to the law

enforcement privilege by refusing to identify specific categories of documents it believes are covered by the privilege, as required by the relevant authorities and this Court's on-point order. And even if the law enforcement privilege had been properly invoked, the Government admits that any documents it withholds, on any basis, must be logged.

Without meaningfully addressing the privilege, the Government invokes Section 6103, arguing that the "investigative file may not be disclosed to [Mr. Griffin] in discovery, unless the disclosure is authorized by § 6103," and that the file was not even "in [its] possession, custody, or control" because it constitutes Mr. Littlejohn's confidential "return information" under the statute. *Id.* Yet the Government did not raise this objection at the November 28 hearing, and any half-hearted attempt to do so now is a red herring. To the extent the investigative file constitutes confidential return information, it cannot be shielded from *Mr. Griffin* as *Mr. Griffin* seeks redress, with Congress's express authorization, for *an acknowledged violation of Section 6103* that occurred at *Mr. Griffin's expense*. As such, the Government cannot preserve any objection to discovery based on Section 6103 with a straight face.

## BACKGROUND

Mr. Griffin served his first set of discovery requests on the Government five months ago, on July 28, 2023. Those requests sought information related to the inspection and disclosure of Mr. Griffin's confidential return information, as well as the IRS's failure to establish appropriate safeguards to protect that information. The Government responded with boilerplate and conclusory objections (notwithstanding this Court's rules prohibiting such practices), asserting *more than 50 times* that, hypothetically, "if and to the extent there is an ongoing investigation," "the information sought is protected from disclosure by the law enforcement investigatory privilege."

Mr. Griffin's requests never specifically sought investigatory materials—*e.g.*, interview

memoranda and other work product—and it was unclear, at best, how the Government could refuse to produce documents based on a hypothetical investigation.  Accordingly, Mr. Griffin explained that the Government need only look to the investigatory file if that is the sole repository for the routine discovery material he seeks—which would seem highly unlikely. Despite this explanation, the Government appears to have stood on the law enforcement privilege (among other objections) to not produce anything; to date, it has produced a total of six documents, all of which are publicly available.

It came as a surprise, therefore, when the Government on November 21, 2023, revealed that it had just recently, and apparently for the first time, "asked [Treasury Inspector General for Tax Administration ('TIGTA')]'s counsel to advise whether TIGTA's Office of Investigations intends to assert the investigative privilege over the investigative file."  As of the date of this submission, the Government *still* has not revealed whether it has, in fact, reviewed the materials in TIGTA's investigative file for potentially responsive information and documents, much less invoked the privilege over any responsive documents therein.

## ARGUMENT

I.  **THE GOVERNMENT IS REQUIRED TO PRODUCE RESPONSIVE DOCUMENTS REGARDLESS OF WHETHER THEY RESIDE IN THE INVESTIGATIVE FILE**

A.  **The Investigatory Privilege Is Qualified, Limited, And Fact-Specific, And The Government Fails To Carry Its Burden To Establish The Privilege Here.**

The Government errs in two ways: (i) applying an erroneous standard for the application of the investigative privilege, and (ii) purporting to assert the privilege over vague categories of information to which the privilege is inapplicable.  The Government suggests that the privilege attaches categorically to any agency that "conduct[s] civil and criminal investigation[s]."  MOL at 3.  To the contrary, the determination of whether the privilege applies requires a fact- and

circumstance-specific analysis "with an eye towards disclosure." *Tuite v. Henry*, 181 F.R.D. 175, 177 (D.D.C. 1998), *aff'd*, 203 F.3d 53 (D.C. Cir. 1999); *see also J. H. Rutter Rex Mfg. Co. v. N.L.R.B.*, 473 F.2d 223, 234 (5th Cir. 1973) ("[T]he qualified privilege we here recognize is not a blanket privilege."). Notably, the "proponent of the law-enforcement privilege bears the ultimate burden of demonstrating its applicability." *F.T.C. v. Timeshare Mega Media & Mktg. Grp., Inc.*, 2011 WL 6102676, at *4 (S.D. Fla. Dec. 7, 2011).

The Court ordered that the Government identify "which particular documents or categories of documents it believes [the investigatory privilege] covers." ECF 63 at 3. In response, the Government identified instead three vague and hypothetical categories of information: (i) documents "concern[ing] techniques, methods, and processes used to analyze potential authorized access at the IRS," (ii) documents "concern[ing] details of IRS security audit, logging, and monitoring systems," and (iii) documents "concern[ing] techniques for circumventing IRS information system security measures." MOL at 4. This is insufficient.

As an initial matter, these categories of documents are not sufficiently specific to enable intelligent testing of any assertion by the Government (were one made) that the law enforcement privilege applies. Because the privilege is limited and qualified, courts tailor its protections to the particular facts of an investigation and the risks associated with disclosure of that investigation's materials. *See, e.g.*, *Est. of Whitfield v. City of Indianapolis*, 2023 WL 7128593, at *3–5 (S.D. Ind. Oct. 30, 2023) (considering ten factors and reviewing documents before declining to uphold the privilege). Given the qualified and limited nature of the privilege, the need for specificity is particularly acute where—as here—the party seeking the documents alleges he is a victim of government misconduct and is not the subject under investigation. *See MacNamara v. City of N.Y.*, 249 F.R.D. 70, 78–79 (S.D.N.Y. 2008) (in asserting investigative

privilege, one "must do more than alert the court to the relevant privilege or the generalized policies which support it," it must "make a substantial threshold showing that there are specific harms likely to accrue from disclosure of specific materials") (cleaned up).  But the Government does not even purport to make any such showing.

Moreover, Mr. Littlejohn has already pled guilty, and the Government has not argued that any investigation is ongoing, which typically lessens the sensitivity of the information and any putative law enforcement interest in protecting the information.  *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 571 (5th Cir. 2006) ("[T]he privilege lapses either at the close of an investigation or at a reasonable time thereafter based on a particularized assessment of the document."); *cf. Timeshare Mega*, 2011 WL 6102676, at *4 (privilege applied because, among other reasons, agent's testimony "would interfere with ongoing law enforcement investigations and proceedings").  Nor has the Government articulated any risk that the disclosure would chill any governmental program or "thwart" any processes.  *See Fed. Election Comm'n v. Rivera,* 335 F.R.D. 541, 547 (S.D. Fla. 2020).

At bottom, the Government's vague and conclusory statements deny Mr. Griffin any meaningful opportunity to ascertain whether the Government has even looked at the materials in the investigative files, let alone which documents are supposedly privileged.  The Government has not come close to carrying its burden of establishing the investigative privilege applies here.[1]

### B.    The Parties Agree That A Log Is Required For Documents Withheld Under Any Claim Of Privilege.

Mr. Griffin agrees with the Government's unqualified statement that "Local Rule 26(e)(2)(B) requires a privilege log for documents withheld under a claim of privilege."

---

[1] It is no wonder that the categories are vague and overbroad, since the Government appears to acknowledge it has *not even seen* the information in question.  *See* MOL at 4.

MOL at 5.  The law compels this acknowledgement—for documents withheld on the basis of the investigatory privilege, Section 6103 (discussed further below), or otherwise.  *See, e.g.*, *Ford Motor Co. v. United States*, 2009 WL 2176657, at \*2 (E.D. Mich. July 21, 2009) ("Therefore, in accord with Fed. R. Civ. P. 26(b)(5)(A)(ii), the Government must produce for Ford an adequately detailed privilege log for the responsive documents that it withholds from production.  This log must include responsive documents withheld on the basis that section 6103 prohibits disclosure."); *United States v. 2,640 Cases of Imported Bottled Alcohol*, 2020 WL 6150917, at \*10 (C.D. Cal. Aug. 5, 2020) ("If the Government withholds any documents on the basis of . . . the investigatory privilege, . . . it shall provide a sufficiently detailed privilege log to enable defendants to evaluate the applicability of the privilege or other protection asserted.").

## II.   THE GOVERNMENT CANNOT RELY ON SECTION 6103 TO ABDICATE ITS RESPONSIBILITY TO REVIEW THE INVESTIGATIVE FILE

The Government also passingly asserts that "TIGTA's investigative file may not be disclosed to [Mr. Griffin] in discovery, unless that disclosure is authorized by § 6103."  MOL at 1.  Whether Section 6103—which protects against public access to "return information" in certain circumstances and was not raised at the November 28 hearing—says anything about disclosure to Mr. Griffin of materials exclusively in the investigative file is irrelevant to the sole subject of the Government's instant memorandum, which is application of the law enforcement privilege.  Nor would any (unraised) objection under Section 6103 afford any plausible basis for the Government to abdicate its own responsibility to review the investigative files for potentially responsive materials and produce a privilege log of materials that it seeks to withhold.

In any event, because Mr. Griffin here is complaining of unlawful disclosure by Mr. Littlejohn in violation of Section 6103, any disclosure of material arguably constituting "return information" would be "directly related to the resolution of an issue in this proceeding."

*See* 26 U.S.C. § 6103(h)(4)(B).   Any contrary suggestion flies in the face of Congress's authorization for aggrieved taxpayers like Mr. Griffin to sue for violations of Section 6103—Mr. Griffin would be denied smoking-gun evidence of the violation he is suing for *merely because* the evidence was turned up and filed away when the Government was investigating the precise violation alleged.  *See* 26 U.S.C. § 7431.  Needless to say, that would not be a fair understanding of Congress's intent in authorizing Mr. Griffin to proceed against the United States for a Section 6103 violation, nor is it compatible with how civil discovery properly works.

*          *          *

In sum, the Government has not come close to carrying its burden to assert and substantiate any investigative privilege attaching to the requested information.  Even assuming arguendo that certain protections may attach to information contained in an "investigative file," that would at most underscore the need for particularized assertions of protection, which the Government has yet to offer.  *See Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1343 (D.C. Cir. 1984) ("That the qualified privilege is not claimed as to the entire file[] only adds to the necessity that the process of adjudication of the privilege begin with a deliberate and reasonably specific delineation of the claim by [the agency].").   By no means can the Government flip the established burden on its head, as it is attempting to do, by asserting that anything and everything potentially in an investigative file is necessarily off limits (in the Government's words, "non-responsive") and refusing even to look there as discovery proceeds.

**CONCLUSION**

The Court should enter an order that (i) the Government has not met its burden with respect to the investigative privilege as to the three categories of information identified in the Government's memorandum of law; and (ii) the Government must provide a privilege log for any documents withheld on the basis of any claimed privilege or protection.

7

Dated: December 7, 2023                    Respectfully submitted,

                                           By: */s/ Jason D. Sternberg*
                                           William A. Burck (*pro hac vice*)
                                           Derek L. Shaffer (*pro hac vice*)
                                           Alexander J. Merton (*pro hac vice*)
                                           **QUINN EMANUEL URQUHART & SULLIVAN LLP**
                                           1300 I Street, N.W., Suite 900
                                           Washington, DC 20005
                                           (202) 538-8334
                                           williamburck@quinnemanuel.com
                                           derekshaffer@quinnemanuel.com
                                           ajmerton@quinnemanuel.com

                                           John F. Bash (*pro hac vice*)
                                           **QUINN EMANUEL URQUHART & SULLIVAN LLP**
                                           300 West 6th St, Suite 2010
                                           Austin, TX 78701
                                           (737) 667-6100
                                           johnbash@quinnemanuel.com

                                           Jason D. Sternberg (Florida Bar No. 72887)
                                           **QUINN EMANUEL URQUHART & SULLIVAN LLP**
                                           2601 South Bayshore Dr, Suite 1550
                                           Miami, FL 33133
                                           (305) 402-4880
                                           jasonsternberg@quinnemanuel.com

                                           Christopher D. Kercher (*pro hac vice*)
                                           Peter H. Fountain (*pro hac vice*)
                                           **QUINN EMANUEL URQUHART & SULLIVAN LLP**
                                           51 Madison Avenue, 22nd Floor,
                                           New York, New York 10010
                                           (212) 849-7000
                                           christopherkercher@quinnemanuel.com
                                           peterfountain@quinnemanuel.com

                                           *Counsel to Plaintiff Kenneth C. Griffin*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on this 7th day of December, 2023, I caused a copy of the foregoing document to be filed with the Clerk of Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

By: _/s/ Jason D. Sternberg_
Jason D. Sternberg
Fla. Bar No. 72887
jasonsternberg@quinnemanuel.com

9