UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| KENNETH C. GRIFFIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY,<br><br>　　　　Defendants. | Case No. 1:22-cv-24023-Scola/Goodman |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' LIMITED MOTION TO STAY DISCOVERY**

Plaintiff Kenneth C. Griffin ("Mr. Griffin") respectfully submits this opposition to the limited motion to stay discovery ("Mot.," ECF 68), filed by Defendants Internal Revenue Service ("IRS") and the U.S. Department of the Treasury (collectively, the "Government").

In this District, motions to stay discovery are "generally denied," and the Government's motion is no exception. As an initial matter, a "preliminary peek" at the Government's motion to dismiss reveals that it is not the sort of clearly meritorious, case dispositive motion that warrants a rare and disfavored stay. Nor has the Government even attempted to establish the required specific showing of prejudice or burden required to obtain a stay, other than to self-servingly quantify the number of requests served by Mr. Griffin. But unspecified and hypothetical "burdens" do not offset the prejudice to Mr. Griffin and disruption to the orderly management of the Court's docket that delaying discovery would entail.

Unable to meet the exacting stay standard, the Government resorts to mischaracterizing Judge Goodman's prior order, writing that "[a]s Magistrate Judge Goodman observed in the Administrative Order he issued on November 29, a preliminary peak [*sic*] at the United States' motion to dismiss reveals that it has merit." Mot. at 6. Not so. Judge Goodman *actually* wrote, "[t]he Undersigned has taken a preliminary peek at the Government's motion to dismiss [ECF 58] and cannot fairly characterize it as frivolous. ***Nor can the Second Amended Complaint [ECF No. 55] be labeled as such***." ECF 63 at 2 (emphasis added). That the Complaint is not frivolous is alone a sufficient basis to deny the motion to stay.

The Government also fails to show good cause because its motion is untimely—it arises from discovery requests Mr. Griffin served five months ago, in July 2023. Since that time, the Government has consistently flouted its discovery obligations, unilaterally imposing its own de facto stay of discovery in violation of the discovery rules. In fact, prior to today, the Government

had produced only six documents—all of which are publicly available—and has responded to Mr. Griffin's written discovery with nothing more than boilerplate objections and non-substantive answers. Now, only after Mr. Griffin expended significant resources to litigate the uncontroversial position that the Government is required to comply with its discovery obligations the same as any other litigant before this Court, and only after Magistrate Judge Goodman ordered the Government to begin to produce documents, has the Government finally moved for a stay—relief that is not warranted here based on the facts or the law. The Government's belated request for this disfavored relief should be summarily denied.

## BACKGROUND

On July 28, 2023, Mr. Griffin served his first set of discovery requests on the Government. After requesting and receiving an extension of time, the Government responded on September 11, 2023, but provided only boilerplate objections and non-answers. The Government refused to produce documents on the purported basis that "discovery is reserved only for claims that survive a motion to dismiss," asserting that "discovery in this case should not go forward while a dispositive motion is pending."

Following correspondence and meet and confers in which the Government refused to provide discovery, Mr. Griffin initiated the discovery dispute process before Magistrate Judge Goodman, with a hearing scheduled for November 28, 2023. At that hearing, Judge Goodman ordered the Government to produce documents regarding Mr. Littlejohn and Booz Allen Hamilton's contractual relationship with the IRS no later than December 8, 2023, and to produce other documents no later than December 11, 2023. *See* ECF 63 at 3–4. Notably, Judge Goodman also said: "Let's start off with the critical issue of why haven't you filed a motion for a stay if you're not producing discovery based on that theory"—a question that Defendants have not

2

answered to this date. ECF 67 at 7:3–5. Judge Goodman ordered that, if the Government intended to move for a stay, it must do so no later than December 1, 2023. ECF 63 at 2.

## ARGUMENT

**I.     DISCOVERY STAY MOTIONS ARE DISFAVORED AND GENERALLY DENIED**

"[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021) (citation omitted) (denying motion to stay discovery). "[T]he proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (denying motion to stay discovery). "In evaluating whether the moving party has met its burden, a court must balance the harm produced by a delay in discovery against the possibility that the dispositive motion will be granted and entirely eliminate the need for such discovery." *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (quotation omitted) (denying motion to stay discovery). "This entails taking a preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* (citation omitted).[1]

**II.    THE GOVERNMENT FAILS TO MEET ITS HEAVY BURDEN FOR A STAY OF DISCOVERY**

   **A.     The Government's Motion To Dismiss Is Not "Clearly Meritorious"**

A "preliminary peek" at the Government's motion to dismiss reveals that it lacks merit, and that it is by no means strong enough to permit the Court to "say that this case is surely destined

---

[1] The Government cites *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) as supposedly supporting the proposition that "staying discovery generally is prudent when there is a pending 'motion to dismiss' . . . that presents a purely legal questions." Mot. at 5. That is wrong: *Chudasama* "confronted a very specific situation" involving "exceptional circumstances" and "does not state a general rule that discovery be stayed pending resolution of a motion to dismiss." *Cuhaci*, 540 F. Supp. 3d at 1187.

3

for dismissal," as would be required to justify a stay. *Ray*, 2012 WL 5471793 at *2. To the contrary, the misconceived motion to dismiss should be denied for several reasons.

*First*, the motion to dismiss concedes two of Mr. Griffin's three theories of liability, each of which is independently sufficient to state a claim under Section 7431(a)(1). Mr. Griffin's Second Amended Complaint ("SAC") alleges facts establishing that (i) Mr. Littlejohn was an "employee of the United States" for purposes of Section 7431(a)(1), *see* SAC ¶¶ 23–24: (ii) IRS employees at least negligently disclosed tax return information *to* Mr. Littlejohn, *see id.* ¶¶ 12, 32, 34, 56; and (iii) other IRS employees' failure to conform with data security measures led to the disclosure of Mr. Griffin's confidential return information, *see id.* ¶¶ 25–34, 35–36, 51–52. Yet the Government's motion to dismiss fails entirely to addresses the second two theories. It follows that the SAC is destined to proceed on at least two alternative theories of liability.

*Second*, as to the single theory it does challenge, the motion to dismiss erroneously invokes the Rule 12(b)(1) factual attack standard. Critically, however, "[a] district court only may apply Rule 12(b)(1)'s factual attack standard where the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *See Cohan v. Tex. Roadhouse Holdings*, 635 F. Supp. 3d 1341, 1346 (S.D. Fla. 2022) (citation omitted). Here, Section 7431(a)(1)—which contains the "officer or employee of the United States" element—"provides the basis for both the subject matter jurisdiction of the federal court and [Mr. Griffin's] substantive claim for relief." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1262 (11th Cir. 1997) (citation omitted). In this circumstance, the motion undertakes a "facial attack," which requires only that this Court "look and see if [Mr. Griffin] has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *See id.* at 1261 (citation omitted).

4

***Third***, in addition to applying an erroneous legal standard, the motion to dismiss fails to address the applicable test to determine whether Mr. Littlejohn qualifies as an "employee of the United States" for purposes of Section 7413(a)(1). The Government points to the term "contractor" in its own made-for-litigation criminal filings that were *drafted by the United States*, which are self-serving, inadmissible hearsay. But the Government does not speak specifically to whether an individual is an "employee of the United States" for Section 7431(a)(1) purposes, which requires consideration of the "control test." This test inquires whether an individual (including a "contractor") is an employee of the United States by examining "the power of the Federal Government to control the detailed physical performance of the contractor," *see, e.g., Adelman v. Discover Card Servs., Inc.*, 915 F. Supp. 1163, 1165 (D. Utah 1996), and involves a factual inquiry. Notably, the Government makes *no argument* that the control test is not satisfied.

Nor can the Government rely here upon any prospect of partial success, as it attempts to do. By the Government's account, if its motion to dismiss "is granted even in part, it could significantly alter the scope of discovery." Mot. at 7. Yet a "motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Cuhaci*, 540 F. Supp. 3d at 1187 (denying a stay when the court could not conclude whether a dismissal "would be of the Complaint in its entirety"). At bottom, even if it were a close call as to whether the SAC would survive the motion to dismiss (and it is not), then this Court should deny the Government's motion. *See Ray*, 2012 WL 5471793, at *2 (denying motion to stay where "Spirit advances several detailed arguments for dismissal, but Plaintiff also offers several detailed arguments in response").

The Government also erroneously contends that a stay is "particularly appropriate" because the motion to dismiss raised a sovereign-immunity defense. *See* Mot. at 5. But the sovereign-immunity defense raised here simply restates the fact-intensive merits question of whether

5

Mr. Littlejohn is an "employee of the United States," and invocation of sovereign immunity does not alter the general rule that "[d]iscovery ordinarily should not be stayed *when [discovery] is necessary to defend against the motion.*" *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) (emphasis added). The single authority cited by the Government confirms as much; there, unlike here, the motion to dismiss "present[ed] purely legal issues that d[id] not require factual investigation." *Cook v. Taylor*, 2019 WL 1233853, at *1 (M.D. Ala. Mar. 15, 2019). In any event, courts in the Eleventh Circuit regularly deny motions to stay even when movants invoke sovereign-immunity defenses. *See, e.g.*, *LaFleur v. State Univ. Sys. of Fla.*, 2020 WL 7137993, at *1 (M.D. Fla. Dec. 7, 2020) (denying motion to stay even though defendants' motion "raise[d] potentially case-dispositive threshold legal issues, including sovereign immunity"); *McMahon v. Presidential Airways, Inc.*, 2009 WL 10705558, at *15 (M.D. Fla. Jan. 8, 2009) (denying stay despite defendants' motion to dismiss on sovereign immunity grounds).

### B. The Government Fails to Show Prejudice Or Undue Burden

Even if the motion to dismiss were strong (and it is weak), the Court should still deny the motion to stay because the Government has failed to even attempt to make the required "specific showing of prejudice or burdensomeness." *Cuhaci*, 540 F. Supp. 3d at 1187 (citation omitted). Courts routinely deny motions to stay, like this one, that fail to make a showing of burden or undue prejudice. *See, e.g.*, *Reilly v. Amy's Kitchen, Inc.*, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) (denying motion to stay where defendant "failed to make the requisite showing of prejudice or burdensomeness for the Court to issue a stay of discovery"); *Ray*, 2012 WL 5471793, at *3 (denying stay when movant "has not identified in any specific and tangible way the unreasonable discovery burdens it will face absent a stay"); *Flecha*, 944 F. Supp. 2d at 1203 (denying motion to stay when "Defendant has not asserted that the propounded discovery is unusually burdensome").

6

## III. A STAY WILL IMPROPERLY REWARD THE GOVERNMENT'S STALL TACTICS AND CAUSE CASE MANAGEMENT PROBLEMS

Courts have a duty to "construe the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Thompson v. Ryder Sys., Inc.*, 2022 WL 18776115, at *2 (S.D. Fla. Sept. 7, 2022) (quoting Fed. R. Civ. P. 1). It bears emphasizing that Mr. Griffin propounded the discovery requests *five months ago*. Rather than seek a stay at that point, the Government exhausted all other strategies for delaying compliance with its discovery obligations, ultimately leaving Mr. Griffin with no choice but to seek relief from Judge Goodman. Only after Mr. Griffin expended significant costs to litigate the uncontroversial position that the Government is required to comply with its discovery obligations, and only after Judge Goodman ordered the Government to produce discovery, did the Government first seek a stay. The Court should not condone or reward this approach.

The Government's requested stay will prejudice Mr. Griffin—it will delay the orderly progression of this case and require him to expend even more costs to obtain the discovery to which he is entitled. *Pataro v. Castellon*, 2023 WL 4014740, at *2 (S.D. Fla. May 11, 2023) ("If the Defendants' Motion to Dismiss the SAC is not successful, reopening discovery at that point would result in further delaying the resolution of the case."). Mr. Griffin has already filed an unopposed motion for extension of the discovery deadlines in the scheduling order, and a stay will entail further extensions and delay, creating practical problems that "militate against a discovery stay." *Montoya v. PNC Bank*, 2014 WL 2807617, at *3 (S.D. Fla. June 20, 2014) ("It is therefore difficult to imagine how the parties could ever complete all discovery by either deadline if a discovery stay were to remain in effect for two or three months."). No stay is warranted.

## CONCLUSION

For the foregoing reasons, the Government's motion should be denied.

7

Dated: December 8, 2023

Respectfully submitted,

By: /s/ *Jason D. Sternberg*
William A. Burck (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Alexander J. Merton (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
ajmerton@quinnemanuel.com

John F. Bash (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
300 West 6th St, Suite 2010
Austin, TX 78701
(737) 667-6100
johnbash@quinnemanuel.com

Jason D. Sternberg (Florida Bar No. 72887)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880
jasonsternberg@quinnemanuel.com

Christopher D. Kercher (*pro hac vice*)
Peter H. Fountain (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor,
New York, New York 10010
(212) 849-7000
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com

*Counsel to Plaintiff Kenneth C. Griffin*

8

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that, on this 8th day of December, 2023, I caused a copy of the foregoing document to be filed with the Clerk of Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

                                              By: *Jason D. Sternberg*
                                                 Jason D. Sternberg
                                                 Fla. Bar No. 72887
                                                 jasonsternberg@quinnemanuel.com