IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPLY IN SUPPORT OF THE UNITED STATES' MOTION FOR A LIMITED STAY OF DISCOVERY**

Plaintiff's opposition to the United States' motion to stay ignores the reality of this case. On September 29, 2023, everything changed. Prior to that date, the parties did not know that a contractor—Charles Edward Littlejohn—wrongfully disclosed Plaintiff's return information to ProPublica. This revelation largely mooted Plaintiff's first set of discovery which sought to ascertain *who* disclosed Plaintiff's return information. It also required Plaintiff to amend his complaint.

Plaintiff filed his two-count second amended complaint on November 13, 2023—less than 30 days ago. Although Plaintiff continues to assert a modest claim against the United States under 26 U.S.C. § 7431(a)(1) for the wrongful disclosure of his return information, the United States has a new defense to that claim because we now know that the source of the disclosure was a contractor. Section 7431(a)(1) does not waive the Government's sovereign immunity for wrongful disclosures made by contractors like Littlejohn who were authorized to receive taxpayer return information under 26 U.S.C. § 6103(n).

Plaintiff does not seriously dispute that Littlejohn was a contractor who received Plaintiff's return information under § 6103(n). Instead, he attacks that fact as a self-serving characterization and argues that Littlejohn could be considered an "employee" if the Court adopts a "control" test applied in the federal tort context. The case he cites for that proposition only mentions the "control test" in dicta, however, and it applied a strict construction of "employee of the United States" to find that § 7431(a)(1) did not waive sovereign immunity for the actions of an employee working for a state agency administering a federal program. *Adelman v. Discover Card Servs. Inc.*, 915 F. Supp. 1163, 1165-1166 (D. Utah 1996). We submit that is the proper analysis to apply here and simply ask the Court to stay discovery directed to the United States until it has had a fair opportunity to address the central question whether

Littlejohn's conduct is actionable under § 7431(a)(1) or § 7431(a)(2).[1] *See* ECF No. 68 at 5-6 (discussing the appropriateness of a stay when the United States raises sovereign immunity as a defense).

Contrary to Plaintiff's argument, discovery is not needed to resolve the sovereign immunity issue. The Court can decide this issue based on a plain reading of § 7431(a) and from documents in the public record that undermine any factual basis to the Second Amended Complaint. Plaintiff may not like that the individual responsible for the disclosure of his return information was a contractor. But that doesn't make it any less true.

Additionally, a stay of discovery will not unduly prejudice Plaintiff. He filed what amounts to a new lawsuit less than a month ago. Despite a modest request for damages, litigation costs, and attorneys' fees (which Plaintiff cannot recover under any circumstances), Plaintiff has taken a scorched earth approach to discovery that is disconnected from the central issues before this Court. He presents a false narrative that the United States has put up roadblocks and failed to cooperate throughout discovery. The United States responded fully to Plaintiff's first discovery requests based on the information available. And, as Plaintiff's complaints and theories of the case have evolved, the United States has actively worked to gather responsive information. For example, the IRS—before the parties' November 28, 2023 discovery hearing—conducted a search to locate the government contracts that Mr. Littlejohn worked on, and we have turned those over to Plaintiff. Thus, it was unnecessary for the Government to seek a stay earlier. But

---

[1] Plaintiff contends the Littlejohn disclosure to ProPublica only represents one of three claims he brings under § 7431(a)(1), but he does not plead his "alternative" theories of relief with the required specificity.  He alleges no facts to support his conclusory allegation that the IRS negligently disclosed return information to Littlejohn.  Indeed, he cannot do so because Littlejohn was authorized to access that information under § 6103(n). ECF No. 64-3 ¶ 3. Similarly, his failure to safeguard theory finds no support in § 7431, which provides a remedy for the wrongful inspection and/or disclosure of return information.

now that we know the source of the disclosure was a contractor and that Plaintiff continues to seek discovery, a limited stay is proper for the Court to determine if Plaintiff's claim falls within § 7431(a)(1)'s limited waiver of sovereign immunity. Indeed, responding to more than 200 discovery requests before the Court addresses whether sovereign immunity bars Plaintiffs' claim imposes an undue burden on the United States, which can be sued only with its express consent. By contrast, any prejudice that Plaintiff may suffer is mitigated by his ability to obtain third-party discovery and the Government's production of the contracts under which Littlejohn worked during the period at issue.

Even if the motion to dismiss does not resolve this case in its entirety (though it should), a limited stay is still appropriate because a ruling on the motion will guide whether (and how) discovery should proceed. For example, if the Court accepts Plaintiff's argument that Littlejohn, despite being a contractor, may be considered an employee for § 7431(a)(1), limited discovery on Littlejohn's status as an "employee" under § 7431(a)(1) likely will be necessary. This is significantly narrower discovery than propounded by Plaintiff to date. Thus, until the parties know that this case will proceed, in whole or in part, discovery should be stayed.

Dated: December 12, 2023

Respectfully Submitted

DAVID A. HUBBERT
Deputy Assistant Attorney General

 *Stephanie A. Sasarak*
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-307-2089 (v) | 202-514-4963 (f)
Mary.E.Smith@usdoj.gov

3

Stephanie.A.Sasarak@usdoj.gov
Counsel for the United States

Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*Stephanie A. Sasarak*
STEPHANIE A. SASARAK
Trial Attorney
U.S. Dept. of Justice, Tax Division