IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| INTERNAL REVENUE SERVICE, *et al.*, | ) ) |
| Defendants. | ) ) ) |

## **REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS**

There is no disagreement that Charles Littlejohn, a government contractor authorized to receive return or return information under 26 U.S.C. § 6103(n), disclosed without authorization Plaintiff's return information to ProPublica. Yet Plaintiff seeks to hold the United States responsible for the contractor's actions. The case should be dismissed because Congress has not waived the United States' sovereign immunity for unauthorized disclosures by contractors.

Plaintiff argues this Court should ignore the Internal Revenue Code and adopt the "control test" applied by courts in cases brought under the Federal Torts Claims Act ("FTCA") to determine whether contractors are independent of the government. The Court should reject Plaintiff's attempt to circumvent the Government's sovereign immunity and strictly construe 26 U.S.C. § 7431(a)(1), which expressly limits the United States' sovereign immunity waiver to suits for the unauthorized inspection and/or disclosure of return information by officers or employees of the Government. For unauthorized inspection/disclosures by any other person, the remedy is a suit against that person.

Plaintiff's "alternative claims" do not save his § 7431 claim from dismissal because they lack factual support and seek redress for conduct (failure to safeguard) that is not actionable under § 7431. And finally, Plaintiff's Privacy Act claim fails to plead actual damages, which the Supreme Court has held is necessary to state a claim that waives the United States' sovereign immunity under that Act.

**I.  Count I of Plaintiff's second amended complaint falls outside 26 U.S.C. § 7431(a)(1).**

Plaintiff's contention that Littlejohn, a government contractor, may be considered an IRS employee under the "control test" created by FTCA jurisprudence is incorrect. Plaintiff brought his claim under § 7431(a) of the Internal Revenue Code. Unlike the FTCA, § 7431 unambiguously provides separate causes of action for taxpayers injured by the unauthorized disclosures by government employees, as opposed to contractors like Littlejohn. Applying the FTCA's control test here is, thus, unnecessary and would impermissibly enlarge § 7431(a)(1)'s waiver of sovereign immunity beyond what the statute plainly states.

Plaintiff's alternative theories for a cause of action under § 7431 fail as well. He alleges no specific facts to plausibly claim that the IRS—as an institution—unlawfully disclosed return information to Littlejohn, who was authorized by law to receive return information. And his claim that the IRS's failure to safeguard Plaintiff's return or return information led to the disclosure Plaintiff's return information seeks to create a new cause of action that does not exist under § 7431.

**A.  Section 7431(a)(1) unambiguously waives sovereign immunity for unauthorized disclosures by government employees, not contractors.**

When Plaintiff sought permission to file an amended complaint, he acknowledged that the United States charged an "IRS contractor, Charles Edward Littlejohn," with unlawfully disclosing return information of thousands of people, including Plaintiff's return information.

ECF No. 41 ¶ 3. In an abrupt about face, and in direct conflict with his motion and the filings in the criminal case, Plaintiff alleges in his second amended complaint that Littlejohn was an IRS employee based on the level of control the IRS allegedly exercised over him. He alleges no specific facts to support that legal conclusion, which Plaintiff gleans from application of the proposed "control test" in FTCA jurisprudence. Legal conclusions are not entitled to be considered true when weighing dismissal of a claim. *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1197 (11th Cir. 2018) (citations omitted). More importantly, Plaintiff's attempt to characterize the central issue as one of control over Littlejohn's activities is an affront to basic statutory interpretation.

  Courts developed the "control test" to determine the limits of the FTCA's waiver of sovereign immunity. The FTCA's waiver of sovereign immunity is limited in scope and permits the United States to be sued only for the negligent acts or omissions of its employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b)(1); *see also United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA defines "employee of the government" to include "employees of any federal agency," but the definition of "federal agency" explicitly excludes "any contractor with the United States." 28 U.S.C. § 2671. Based on this language, courts must give "due regard" to the independent contractor exception to FTCA's waiver of sovereign immunity. *See Orleans*, 425 U.S. at 814-15. Thus, when a person sues the United States under the FTCA for the negligence of a contractor, courts "evaluate the level of control that the United States exercises over the contractor." *Verizon Wash., D.C., v. United States.*, 254 F. Supp. 3d 208, 2016 (D.D.C. 2017) (citations omitted). Liability under the FTCA attaches only "if the contractor's day-to-day operations are supervised by the Federal Government." *Orleans*, 425 U.S. at 815.

The FTCA's control test has no application to § 7431(a)(1)'s sovereign immunity waiver. Indeed, the statutory language that gives rise to the control test applies only to the FTCA. *See* 28 U.S.C. § 2671 (definitions of federal agency and employee of the government apply only "in this chapter and section 1346(b) and 2401(b) of" Title 28). The bounds of § 7431(a)(1)'s waiver of sovereign immunity must be determined from the plain language of the Internal Revenue Code.

Section 7431(a)(1) permits suits against the United States for the unauthorized inspection or disclosure of return information by an "officer or employee of the United States." This text is unambiguous: the waiver applies only for unauthorized inspections or disclosures by persons directly *employed* by the federal government. Plainly, this language does not permit suits against the United States for wrongful disclosures by contractors. Section 7431(a)(2) only reinforces the narrow reading of § 7431(a)(1) because § 7431(a)(2) expressly limits a taxpayer's remedy for unauthorized inspections or disclosures by persons other than government employees, such as contractors, to suits against "such person," not the United States. 26 U.S.C. § 7431(a)(2).

This plain reading of § 7431(a)(1) is harmonious with the text of § 6103. Section 6103(a)(1) provides that "no officer or employee of the United States" shall inspect or disclose return information unless authorized by statute. And § 6103(a)(3) makes clear that the prohibition on unauthorized inspections or disclosures of return information applies to other persons who, like Littlejohn, have lawful access to return information under § 6103(n). Just as § 6103 identifies classes of persons to which its prohibitions on disclosure apply, § 7431(a) provides taxpayers with different causes of action depending on which class of person commits the violation of § 6103. *See Crismar Corp. v. United States*, No. 88-5205, 1989 WL 98843, at *1-2 (E.D. La. Aug. 22, 1989) (explaining that § 6103(a)(1)-(3) prohibits categories of people from disclosing return information and that people who receive return information under §

4

6103(n) (contractors) fall into the § 6103(a)(3) class of people who are prohibited from disclosure and thus liable under § 7431(a)(2) for any unauthorized disclosure). In other words, the Internal Revenue Code creates a bright line between federal employees and contractors under § 6103(a)(1) and (a)(3) and the cause of action available to a taxpayer flows directly from that bright light to § 7431(a)(1) and (a)(2). A control test would impermissibly mute this bright line and create a cause of action against the Government that Congress did not intend.

The criminal provisions in the Code for unauthorized disclosure also recognize the distinction between disclosures by "officers and employees" and "other people," including those authorized to receive return information under § 6103(n). For example, § 7213(a)(1) of the Code provides that "[i]t shall be unlawful for any officer or employee of the United States or any person described in section 6103(n)" to willfully disclosure return or return information. Likewise, § 7213A(a)(1)(A) makes it unlawful for any office or employee of the United States to willfully inspect return information, while § 7213A(a)(1)(B) makes it unlawful for any person described in § 6103(n) to willfully inspect return information.

Plaintiff's reliance on a single District Court case from Utah that addressed the control test in the context of a suit brought under § 7431(a) does not alter the conclusion mandated by the plain text of the Code. Although the court in *Adelman v. Discover Card Servs. Inc.*, 915 F. Supp. 1163 (D. Utah 1996), applied the control test *in dicta*, it first held that "a strict construction of [§ 7431(a)(1)] would exclude employees of state agencies working as independent contractors [because] Congress made distinctions in the tax code between 'employees of the United States' and employees of state agencies administering federal programs." *See id*. at 1165. And, at all events, *Adelman* is distinguishable. The question there was whether a state agency charged with administering a federal program should be treated as a

5

federal agency (thus transforming a state's employees who receive return information under § 6103(a)(2) into officers and employees of the United States). Even though the court in *Adelman* refused to do so, Plaintiff asks this Court to make that leap here and treat an individual working for a *private entity* as a federal employee. It should decline that invitation to stretch the limits of the government's sovereign immunity, and strictly construe § 7431(a)(1) based on its plain language. *Cf. Long v. United States*, 972 F.2d 1174, 1177 & n.4 (7th Cir. 1992) (holding that § 7431(a)(2) fails to confer a right of action against a state agency based on the plain language of § 7431 and § 7701 definition of "person" under the code excluding a state agency); *Marsoun v. United States*, 525 F. Supp. 2d 206, 212-13 (D.D.C. 2007) (same).

Plaintiff's cherry-picked reliance on a provision of the Internal Revenue Manual ("IRM") that corrals contractors and employees cannot save the day. The IRM does not define who is an employee of the IRS. The provision cited by Plaintiff merely defines employee for that section of the IRM to include "contractors who have staff-like access" as shorthand to make clear that the provisions in that section apply equally to employees and contractors. Indeed, the intended audience of that IRM provision include *both* IRS employees *and* IRS contractors because the law requires both to keep returns and return information confidential. 26 U.S.C. § 6103(a)(1), (a)(3). In context, this IRM section does not collapse the two groups required to keep safe return information into one class—nor does it have the power to do so interpret the contours of § 7431(a)(1). *See Eaglehawk Carbon, Inc. v. U.S.*, 122 Fed. Cl. 209, 221-222 (2015) (explaining how courts may use the IRM in deciding cases but holding that the IRM has no value for statutory interpretation) (citations omitted).

### B. Plaintiff's alternative theories are unsupported by fact or law.

Plaintiff contends Littlejohn's disclosures to ProPublica represent only one of three claims he brings under § 7431(a)(1), but he does not plead his "alternative" theories of relief with the required specificity. He alleges no facts to support his legal conclusion that the IRS negligently disclosed return information to Littlejohn. Indeed, he cannot do so because Littlejohn was authorized to access that information under § 6103(n). ECF No. 64-3 ¶ 3. Similarly, his failure to safeguard theory finds no support in § 7431.

Section 6103(n) provides that, pursuant to regulations, returns and return information may be disclosed to any person to the extent necessary in connection with the processing, storage, transmission, and reproduction of such returns and return information, the programming, maintenance, repair, testing, and procurement of equipment, and the providing of other services, for purposes of tax administration. Plaintiff's second theory of liability under § 7431 is based on his claim that the IRS violated § 6103(n) by giving Littlejohn more information than was necessary for Littlejohn to perform his work. Paragraphs 45-46, 52, 56 and n.77 of the second amended complaint are legal conclusions couched as factual allegations. In any event, Plaintiffs' claim is not one of wrongful disclosure by the IRS to Littlejohn, but rather, wrongful inspection of his return information by Littlejohn to accomplish his covert purpose. Plaintiff cannot circumvent § 7431(a)(1)'s limited sovereign immunity waiver by casting Littlejohn's wrongful inspection as the IRS's wrongful disclosure.

Plaintiff's third alternative theory under § 7431 is based on his claim that the IRS's failure to safeguard his return information led to the unauthorized disclosure to ProPublica. This claim is baseless. Section 7431 creates a cause of action for the unauthorized inspection and/or disclosure of return information 26 U.S.C. § 7431(a)(1), (2). The term disclosure means "to

make known" and the terms inspect means "any examination." 26 U.S.C. §§ 6103(b)(7) & (8). The Government's failure *to prevent* a wrongful inspection or disclosure is not an act described in § 7431, and Plaintiff cites no law to even remotely suggest this is a viable theory. He, again, relies on a FTCA case holding that the United States can be held responsible for its employee's torts if the United States contributed to the alleged tort. But this is not a FTCA claim, and the FTCA is not a mechanism for enforcing federal statutory duties. *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001).

II. **Plaintiff concedes that he failed to allege damages with specificity for his Privacy Act claim.**

Plaintiff alleges that his bare statement that he "has and will continue to sustain damages directly traceable to the IRS's violations" states a claim under the Privacy Act because it satisfies Rule 8 of the Federal Rules of Civil Procedure. Plaintiff, now on his third complaint, continues to defy the Supreme Court mandate that actual damages be specifically pleaded. *FAA v. Cooper*, 566 U.S. 284, 295 & 299 (2012) (The term "actual damages" is "limited to proven pecuniary or economic harm," which fall within "special damages" that "must be specifically pleaded and proven."). Special damages are governed by Rule 9 of the Federal Rules of Civil Procedure, which requires that the damages be specifically plead. Just last month, this Court dismissed a case for failure to state a claim under the Privacy Act, noting that pleading actual damages is the most import factor to state a claim under the Privacy Act. *Williams v. U.S. Citizenship and Immigr. Servs.*, No. 23-cv-61124, 2023 WL 8079947, at *6 (S.D. Fla. Nov. 21, 2023) (Altman, J.) (dismissing Privacy Act claim on several grounds but "most importantly" because Plaintiff failed to plead fact that he suffered any actual pecuniary damages). Actual damages are the most important factor because the government's partial waiver of sovereign immunity is conditioned on pleading actual damages. *Id*. (citations omitted).

Rather than pleading actual damages with specificity, Plaintiff argues that "it is reasonable to infer" that the second amended complaint meant actual damages. It is not a reasonable inference and more importantly it is not legally sufficient. "Bald assertions" do not overcome a motion to dismiss because a court only makes "reasonable inferences in Plaintiff's favor, but [it is not] to draw Plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). A more reasonable inference is that, after *three* complaints, Plaintiff does not have actual damages to plead. Plaintiff asks us to take him at his word that he has actual damages. We would have to take him at his word if he pleaded it with specificity. He has not. This Court has no option but to dismiss Plaintiff's Privacy Act claim. *Corbett v. Trans. Sec. Admin.*, 568 F. App'x. 690, 702 (11th Cir. 2014) ("We need not evaluate whether [the plaintiff] stated a Privacy Act violation because he alleged no pecuniary loss or actual damages as a result of a Privacy Act violation.").

**III.    Plaintiff's factual vs. facial discussion is irrelevant.**

Plaintiff's discussion of factual versus facial challenges misses the mark. This Court can—and should—consider the criminal filings in Littlejohn's criminal case that Plaintiff expressly incorporates by reference into his pleading. ECF No. 55 ¶ 40 (referencing the criminal charges brought for disclosure of Plaintiff's return information to ProPublica), ¶ 10 (noting Littlejohn was criminally charged), ¶ 10 (same), n.25 (same), & n.58 (citing ¶ 4 of the Factual Basis for the plea to note that Littlejohn received regular data security training). Materials attached to a motion to dismiss that are referenced in a complaint may be considered when they are central to Plaintiff's claim and their authenticity is not in question. *Hi-Tech Pharms., Inc.*, 910 F.3d at 1189. The criminal filings referenced in complaint speak directly to who Plaintiff may sue for the alleged disclosure of his return information. And, despite Plaintiff's protest that

the filings are self-serving Government documents, he makes no challenge to their authenticity. Instead, he argues that the documents are not signed affidavits. True, the Information and Plea are not signed by a witness under oath. But they are signed by attorneys who have an ethical obligation of candor to the Court, and the factual statement in support of the plea is signed by Littlejohn under the penalty of perjury. *See* ECF No. 64-3.

Plaintiff is incorrect that the Court must read his complaint with blinders on and ignore public records that show his allegations are false. Taken to the extreme, Plaintiff would ask the Court to accept as true an allegation that the sky is green. That is absurd. The Court need not ignore reality when deciding a motion to dismiss. *Wiest v. Lynch*, 15 F. Supp. 3d 543, 557 (E.D. Pa. 2014) (Viewing facts in the light most favorable to a plaintiff "does not demand that the Court ignore or discount reality.").

Plaintiff is understandably upset that Littlejohn wrongfully disclosed his return information to ProPublica. But the fallout of Littlejohn's criminal conduct is playing out just as Congress intended. The United States has criminally charged Littlejohn in his capacity as a § 6013(n) contractor for his intentional acts of disclosing return information, including the Plaintiffs. ECF No. 64, Ex. A-1. Any civil claim that Plaintiff has related to Littlejohn's conduct is limited by Congress to a suit against Littlejohn. Plaintiff's attempt to sue the United States is the proverbial hammering of a square peg into a round hole. It doesn't fit within § 7431(a)(1) and must be rejected.

*(Signatures on next page)*

Dated: December 18, 2023          Respectfully Submitted

DAVID A. HUBBERT
Deputy Assistant Attorney General

**_Stephanie A. Sasarak_**
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-307-2089 (v) | 202-514-4963 (f)
Mary.E.Smith@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov
Counsel for the United States

Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*<u>Stephanie A. Sasarak</u>*
STEPHANIE A. SASARAK
Trial Attorney
U.S. Dept. of Justice, Tax Division