United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kenneth C. Griffin, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-24023-Civ-Scola |
| Internal Revenue Service and U.S. | ) |
| Department of the Treasury, | ) |
| Defendants. | ) |

### **Order Denying Stay**

    The Government, the Defendant in this case, asks the Court for a limited stay of discovery pending the Court's resolution of its motion to dismiss. (Def.'s Mot., ECF No. 68.) The Plaintiff, Kenneth C. Griffin, opposes the stay, arguing the Government has not shown either (1) that its motion to dismiss is so clearly meritorious or entirely case dispositive such that a stay would be warranted; or (2) a sufficient undue prejudice or burden associated with discovery in this case. (Pl.'s Resp., ECF No. 73.) The Government has, in turn, replied to Griffin's opposition. (Def.'s Reply, ECF No. 76.) For the reasons that follow, the Court **denies** the Government's motion for a stay of discovery (**ECF No. 68**).

    District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, preliminary motions which may likely dispose of an entire suit should be resolved as soon as practicable to obviate avoidable discovery costs. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). However, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

    To evaluate whether there is a strong likelihood "the motion [to dismiss] will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at its merits. *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (cleaned up). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *Id.* at 652 (cleaned up). Both concerns are important—while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and protraction of discovery can also create case management and

scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53. Ultimately, the proponent of the stay, here the Government, bears the burden of demonstrating its necessity, appropriateness, and reasonableness. *McCabe*, 233 F.R.D. at 685.

The Court has taken a preliminary peek at the merits of the Government's motion to dismiss and "cannot say that this case," at least as to count one, "is surely destined for dismissal." *Ray v. Spirit Airlines, Inc.*, 12-61528-CIV, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (Scola, J.). While the Government's argument that it is immune from suit may certainly have some merit, its motion does not appear, upon the Court's "admittedly incomplete and preliminary review," to be the kind of "slam-dunk," resulting in the dismissal of an especially dubious claim, that ordinarily warrants a stay. *Montoya v. PNC Bank, N.A.*, 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) (Goodman, Mag. J.). At the same time, the Court acknowledges that the Government's motion as to count two does appear likely to succeed: Griffin's vague allegations as to damages, upon the Court's preliminary review, appear insufficiently pleaded.[1]

Accordingly, there does not "appear[] to be an immediate and clear possibility" that the Government's motion will end this litigation altogether. *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). Nor has the Government made a sufficient showing that "the likely costs and burdens of proceeding with discovery" outweigh "the harm produced by a delay in discovery." *Feldman*, 176 F.R.D. at 652. In short, the Government has not convinced the Court of the stay's "necessity, appropriateness, and

---

[1] The Court notes that, on the last page of his twenty-four-page response, Griffin requests leave to amend his complaint, again, should the Court dismiss any of his claims. (Pl.'s Resp. at 24.) But requesting leave to amend in this manner, as an afterthought and without any support, is both procedurally and substantively defective. *See Newton v. Duke Energy Florida, LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") (noting also that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (cleaned up). This is especially so where the deadline to amend has passed, rendering such a request also untimely. Accordingly, Griffin is forewarned that, should the Court grant the Government's motion, or any part of it, any dismissal (or partial dismissal) will be *without* leave to amend.

reasonableness." The Court thus **denies** the motion (**ECF No. 68**.)

**Done and ordered**, at Miami, Florida, on December 22, 2023.

_____
Robert N. Scola, Jr.
United States District Judge