UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:22-cv-24023-SCOLA/GOODMAN

KENNETH C. GRIFFIN,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY,

    Defendants.

## PLAINTIFF'S NOTICE OF AUTHORITIES

Pursuant to Magistrate Judge Goodman's Discovery Procedures Order (ECF No. 16 at 5), Plaintiff Kenneth C. Griffin hereby provides this Notice of Authorities listing authorities relevant to issue No. 3 (relating to 26 U.S.C. § 6103) included in the Parties' Joint Notice of Hearing to be heard via Zoom on December 29, 2023 at 3:30 pm.  This Notice of Authorities includes one-sentence, objective summaries of the relevant holdings of each authority.

**(3)**     **Whether 26 U.S.C. §§ 6103(h)(2) and (h)(4) permit the disclosure of the United States' investigative files concerning Charles Littlejohn's potential liability, including liability under the Internal Revenue Code, to Defendants' counsel and Plaintiff in this case?**

- **26 U.S.C. 6103(h)(2) Department of Justice:**

"In a matter involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) personally and directly engaged in, and solely for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or

1

investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, but only if--

 (A) the taxpayer is or may be a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;

 (B) the treatment of an item reflected on such return is or may be related to the resolution of an issue in the proceeding or investigation; or

 (C) such return or return information relates or may relate to a transactional relationship between a person who is or may be a party to the proceeding and the taxpayer which affects, or may affect, the resolution of an issue in such proceeding or investigation."

- **26 U.S.C. 6103(h)(4) Disclosure in Judicial and Administrative Tax Proceedings:**

"A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only—

 (A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title;

 (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;

 (C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the

> > taxpayer which directly affects the resolution of an issue in the proceeding; or
>
> > (D)  to the extent required by order of a court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.
>
> However, such return or return information shall not be disclosed as provided in subparagraph (A), (B), or (C) if the Secretary determines that such disclosure would identify a confidential informant or seriously impair a civil or criminal tax investigation."

- ***Plotkin v. United States*, 465 F. App'x 828, 833-34 (11th Cir. 2012):**

  Finding that the United States' disclosure of Martin Plotkin's (an individual) tax returns to Mr. Plotkin's probation officer in a proceeding related to Plotkin's criminal prosecution "was authorized under § 6103(h)(4)(A)," and explaining that "disclosure [of a taxpayer's return information] in a judicial proceeding is allowed where 'the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability.' 26 U.S.C. § 6103(h)(4)(A)."

- ***United States v. Barshov*, 733 F.2d 842, 847 (11th Cir. 1984):**

  Acknowledging that the magistrate judge "ordered the government to disclose to the appellants [defendants in the trial court] the relevant portions of [a third party witness'] individual tax returns for the tax years in issue" pursuant to 26 U.S.C. § 6103(h)(4).

- ***First W. Gov't Sec., Inc. v. United States***, 796 F.2d 356, 360 (10th Cir. 1986):

  "[S]ection 6103(h)(4) speaks in terms of disclosure in judicial and administrative tax proceedings. There is no indication within the legislative history that section 6103(h)(4)(C) was to be limited only to disclosure to certain federal employees. Rather, it appears the intent of section 6103(h)(4)(C) was to allow disclosure in judicial or administrative tax proceedings in general, provided that the requirements of the various subsections are met."

- ***Whistleblower 972-17W v. Comm'r of Internal Revenue***, 2022 WL 2718766, at *8-9 (T.C. July 13, 2022) (internal citations omitted):

  For purposes of 26 U.S.C. § 6103(h)(4)(A), "the term 'connection' was defined broadly (and in relevant part) to mean any link, association, or relationship, *see*, *e.g.*, Connection, *The American Heritage Dictionary of the English Language, New College Edition* (1976) ('2. Anything that joins, relates, or connects; a bond; a link. 3. An association, alliance, or relation....') […] This definition is consistent with interpretations of the phrase 'in connection with' by various courts over time, including ours," and also that it excludes "proceedings that have only a 'remote relation to' the determination of a taxpayer's liability."

- ***Lebaron v. United States***, 794 F. Supp. 947, 951 (C.D. Cal. 1992):

  "[T]he government was authorized under subsection (B) of section 6103(h)(4) to disclose Plaintiff's tax information [to the Magistrate Judge] because it directly related to the discovery issue before the Magistrate Judge."

Dated: December 27, 2023 Respectfully submitted,

By: /s/ *Jason D. Sternberg*
William A. Burck (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Alexander J. Merton (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
ajmerton@quinnemanuel.com

John F. Bash (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
300 West 6th St, Suite 2010
Austin, TX 78701
(737) 667-6100
johnbash@quinnemanuel.com

Jason D. Sternberg (Florida Bar No. 72887)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880
jasonsternberg@quinnemanuel.com

Christopher D. Kercher (*pro hac vice*)
Peter H. Fountain (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor,
New York, New York 10010
(212) 849-7000
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com

*Counsel to Plaintiff Kenneth C. Griffin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 27th day of December, 2023, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

By: */s/ Jason D. Sternberg*
Jason D. Sternberg
Fla. Bar. No. 72887
jasonsternberg@quinnemanuel.com