**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| INTERNAL REVENUE SERVICE, *et al.*, | ) ) |
| Defendants. | ) ) ) |

**[Proposed] STIPULATED PROTECTIVE ORDER**

Upon consideration of the parties' Joint Motion for Entry of a Stipulated Protective Order, the Court finds that good cause exists to grant the requested relief pursuant to Fed. R. Civ. P. 26(c). Accordingly, the motion is GRANTED. The terms of the Parties' Stipulated Protective Order are set forth as follows:

I.  This Protective Order shall apply to any agents, attorneys, experts, consultants, employees, parent companies, subsidiaries, officers, directors, and employees of the parties, including but not limited to employees of the attorneys' firms and personnel of an office, board, division, or bureau of the Department of Justice ("Department"), clerical personnel and supervisory personnel of the Department, officers and employees of the Internal Revenue Service, and officers and employees of another federal agency working under the direction and control of the Department of Justice.

II.  The restrictions and limitations contained in this Protective Order shall apply to documents produced, including all copies, excerpts, and summaries thereof, and deposition testimony provided, by the parties or third-parties in response to discovery served in accordance

with the Federal Rules of Civil Procedure or in connection with the third-party subpoenas served or to be served on any third-party or its current or past employees, agents, or affiliates, in connection with the above referenced suit (collectively "Discovery Material").

   III. A party or third party may designate Discovery Material as confidential only when the party or third party determines in good faith that the material falls within the protections of Rule 26(c) of the Federal Rules of Civil Procedure, contains information that is personally identifying or financial in nature, contains proprietary business information, or is otherwise required to be kept confidential pursuant to a court order (collectively, "Confidential Information"). Confidential Information includes procurement documents that are source selection sensitive or contains information submitted to the Government by a vendor which the vendor might reasonably consider proprietary or confidential. Confidential Information may consist of all or part of a document produced. Any dispute regarding the confidential nature of particular material shall not serve as the basis for refusing to produce that particular material. Nothing in this Protective Order requires any party to produce documents or information which is privileged or otherwise prohibited by law from being produced.

   IV. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as Confidential Information under this Order, or any portion thereof, must be affixed with the words: "CONFIDENTIAL: Subject to Protective Order in *Kenneth C. Griffin v. Internal Revenue Service*, Case No. 1:22-cv-24023-SCOLA/GOODMAN (S.D. Fla.)".

   V. Electronically Stored Information ("ESI") may be designated as Confidential Information. Any physically produced storage device containing confidential ESI must be affixed with the words: "CONFIDENTIAL: Subject to Protective Order in *Kenneth C. Griffin v.*

*Internal Revenue Service*, Case No. 1:22-cv-24023-SCOLA/GOODMAN (S.D. Fla.)". A party or third party may also designate ESI as Confidential Information by appending "CONFIDENTIAL" to the file name.

    VI.    If Confidential Information is introduced during a deposition, the portion of the deposition regarding the information may be designated confidential, if such designation is made on the record at the time of the deposition or, if the party claiming confidentiality is not present at the deposition, by written notice within fourteen days thereafter. The portions of the transcript designated as Confidential Information shall be affixed with the words: "CONFIDENTIAL: Subject to Protective Order in *Kenneth C. Griffin v. Internal Revenue Service*, Case No. 1:22-cv-24023-SCOLA/GOODMAN (S.D. Fla.)".

    VII.    Except as otherwise provided in this Protective Order, information or documents designated as Confidential Information by a party or third-party under this Protective Order shall not be used or disclosed by the remaining parties or their counsel or any persons identified in Paragraph VIII of this Protective Order for any purposes whatsoever other than preparing for and conducting the litigation in this lawsuit (including any appeals).

    VIII.    The parties and counsel for the parties shall not disclose or permit the disclosure of any Discovery Material designated as Confidential Information under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

    a.    Disclosures may be made to the Court and its employees.

    b.    Disclosure may be made to court reporters engaged for depositions or court proceedings and those persons, if any, specifically engaged for the limited purpose of processing, storing, transmitting, or reproducing the documents or information designated as confidential in this case.

    c.    Disclosure may be made to:

        i.    any independent outside experts or consultants retained by the parties or their counsel for purposes of this litigation;

        ii.        employees and subcontractors of the independent outside experts or consultants retained by the parties or by their counsel for purposes of this litigation in paraprofessional, clerical, stenographic and ministerial positions;

        iii.        mediators or settlement officers, and their supporting personnel;

        iv.        any other person as to whom the designating party has consented to disclosure in advance.

    d.    Disclosures may be made to any fact witnesses or potential fact witnesses when a good faith determination is made that the documents would be relevant to their testimony or potential testimony. Such witnesses shall be informed of this Protective Order, that it applies to them, and be given a copy of the Order if requested.

IX.    Except as provided otherwise in this Protective Order, counsel for the parties shall keep all documents designated as Confidential Information which are received under this Protective Order secure within their exclusive possession.

X.    No Discovery Material designated as Confidential Information shall be disclosed to any person described in subparagraph (d) of paragraph VIII above until such time as such persons execute a copy of the Confidentiality Agreement in the form annexed hereto as Exhibit 1 agreeing to be bound by the terms of this Protective Order. The parties shall retain all copies of the Confidentiality Agreements executed by such persons until this action is resolved, at which time, upon request, the parties or their attorneys will exchange all the Confidentiality Agreements executed in this action.

XI.    Nothing in this Protective Order limits the right of any party to seek any protection it deems necessary for any documents or information, in accordance with Rule 26 of the Federal Rules of Civil Procedure.

XII.    Any party may serve a written objection to any designation of confidentiality made by the designating party. This objection shall specifically identify the material or information (or, where more practical, the category of material or category of information) for

which the objecting party wishes to have the designation removed. Within fourteen (14) days of receipt of such objection or such other time as the parties may agree, the designating party shall: (i) review the material to which the objection applies, (ii) notify the objecting party in writing whether the designating party will agree to remove the designation as requested, and (iii) if the designating party will not agree to remove the designation, state with specificity its reasons for not agreeing. If an agreement cannot be reached, the designating party may move for a ruling from the Court designating the material as Confidential Information or for other similar protection, within fourteen (14) days of the expiration of the fourteen (14) day period referenced above. The material at issue will be treated as Confidential Information until the Court decides the motion. If the parties disagree about whether the information is properly designated as Confidential Information, and the designating party does not timely move the Court, then the material is deemed to be not confidential.

XIII. Nothing in this Protective Order shall prevent disclosure of any Confidential Information if the designating party consents in writing to the disclosure.

XIV. Notwithstanding any provision of this Protective Order, the parties may disclose Confidential Information if necessary to comply with a subpoena or court order, whether or not originating with the Court in this captioned Protective Order. As soon as practical but no later than within seven days of when it is recognized that disclosure of Confidential Information is required to comply with a subpoena or court order, the disclosing party shall give written notice to the designating party of the impending disclosure, unless otherwise prohibited by law.

XV. After the conclusion of this litigation (including any appeals) all material designated Confidential Information pursuant to paragraph III above shall either be destroyed or returned to the Designating Party, within sixty (60) days after the conclusion of the litigation,

except with respect to (a) material that becomes part of the Court record in this matter, (b) work product of counsel, (c) transcripts, exhibits, and other documents required to be maintained by the written record retention policy of either party or its counsel, provided that all material designated confidential pursuant to paragraph III in such retained material is maintained in accordance with the provisions hereof.  Upon the destruction or return of such Confidential Information, the party that destroys or returns such Information shall provide to the designating party a certificate of destruction.  Notwithstanding this provision, the parties' attorneys are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.

XVI.   Nothing in this Protective Order shall be grounds for limiting or restricting the use of materials filed with the Court or during a public hearing or trial.

XVII.   Nothing in this Protective Order shall limit or restrict the ability of a party to use its own Discovery Material.

XVIII. The parties agree that, notwithstanding the provisions of this Stipulated Protective Order, they must affirmatively seek permission with the Court to file materials under seal.  The parties agree that only material that meets the requirements of Rule 26(c) of the Federal Rules of Civil Procedure shall be entitled to be filed under seal.  The parties agree to meet and confer at least five (5) days prior to the deadline for filing summary judgment motions regarding what (if any) material the producing party intends to argue should be filed under seal, in order to enable the filing of a motion for protective order with the Court concerning the material (if any).

XIX.  This Protective Order may be modified or amended only by an order of this Court or by written agreement between the Parties.

SO ORDERED on the _____ day of _____, 2024

_____
JUDGE

## EXHIBIT 1

## CONFIDENTIALITY AGREEMENT

I have received and read all the terms of the Protective Order in *Kenneth C. Griffin v. Internal Revenue Service*, Case No. 1:22-cv-24023-SCOLA/GOODMAN (S.D. Fla.), and understand and hereby agree to be bound by all the terms thereof with respect to the use and disclosure of information and materials designated as confidential under the Protective Order. I further expressly agree that I will not in any way use, disclose, discuss, summarize, reveal or refer to any information or material designated confidential for any purpose whatsoever other than as permitted in the terms of the Protective Order, unless the Court hereafter alters the Protective Order or its applicability to me.

**Date:**

_____
**Signature**

_____
**Print Name, Address, and Phone Number**