**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| KENNETH C. GRIFFIN,<br><br>       Plaintiff,<br><br>  v.<br><br>INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY,<br><br>       Defendants. | Case No. 1:22-cv-24023-Scola/Goodman |

**PLAINTIFF'S MEMORANDUM OF LAW, PURSUANT TO THE COURT'S
POST-DISCOVERY HEARING ADMINISTRATIVE ORDER (ECF 84),
<u>REGARDING APPLICATION OF 26 U.S.C. § 6103</u>**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 3

I.       SECTION 6103 DOES NOT APPLY TO THE INVESTIGATIVE FILES ........................ 3

II.     SECTION 6103(h) PERMITS DISCOVERY OF THE INVESTIGATIVE FILES ........... 4

CONCLUSION .......................................................................................................................... 7

**INTRODUCTION**

Defendants Internal Revenue Service ("IRS") and Department of the Treasury (together, the "Government") have taken the position that they are prohibited from reviewing and producing any document in any investigative files concerning the unlawful disclosures at issue in this case. The Government asserts that those investigative files, in their entirety, are the "return information" of Charles Edward Littlejohn, the confessed criminal who leaked thousands of taxpayers' confidential and protected information. Thus, according to the Government, pursuant to Section 6103, neither the Public Integrity Section of the Department of Justice's ("PIN") nor the Treasury Inspector General for Tax Administration's ("TIGTA") investigative files (together, the "Investigative Files") can be disclosed to the Government's counsel at the Department of Justice, Tax Division ("DOJ Tax") or to Plaintiff Kenneth C. Griffin, the aggrieved taxpayer in this action and the type of party for whom Section 6103 was enacted to protect.[1]

The Government's position is wrong: the Investigative Files are not "return information" under the plain language of the statute. Further, even if the Investigative Files constitute "return information" (and they do not), the Government cannot continue to stonewall discovery in this case by conjuring up a special exemption to the normal rules of civil procedure by invoking Section 6103; the Investigative Files may be disclosed because they fall squarely within the exceptions provided by Section 6103(h), which authorizes disclosure of purported "return information" to DOJ Tax *and* in judicial proceedings that have any connection with determining the liability of, or an offense under Title 26 by, the taxpayer whose "return information" is at issue (who, here, the Government claims is Mr. Littlejohn).

---

[1] *See, e.g.*, ECF 70 at 3 ("TIGTA's investigative file is Mr. Littlejohn's return information, and Plaintiff can cite no authorization in § 6103 that permits its disclosure.").

Notably, the operative version of Section 6103 "was enacted to protect taxpayers from the IRS, not the IRS from taxpayers."[2] Prior to the Tax Reform Act of 1976, Section 6103 provided that a taxpayer's return was a "public record . . . open to inspection . . . upon order of the President" or rules prescribed by the Secretary and approved by the President.[3] In the wake of the Watergate investigation that led to allegations that the President used taxpayer return information for unauthorized political purposes, however, Congress amended Section 6103 generally to prohibit the inspection and disclosure of taxpayers' return information apart from certain statutory exceptions, such as Section 6103(h)(4)(A), which allows for disclosure of a taxpayer's return information in a judicial proceeding that "arose out of, or in connection with, determining the taxpayer's civil or criminal liability" under the Internal Revenue Code.

Here, the civil remedy created for taxpayers in Section 7431 for violations of Section 6103, coupled with the disclosure exceptions under Section 6103(h)(4), harmoniously serve this legislative purpose: a taxpayer victimized by the IRS is able to seek redress for the Government's violations of Section 6103 by bringing a civil claim against the Government under Section 7431— as Mr. Griffin has done in this case—at which point the normal rules of civil discovery apply, and government lawyers must access responsive information in order to discharge their obligations. Lest there be any doubt, the disclosure exceptions under Section 6103(h) ensure that evidence regarding the Government's potential violations of Section 6103 will be available to hold the Government accountable for its misconduct. Here, the Government attempts to turn Section 6103 upside down and convert it into a vehicle for withholding evidence that would be directly responsive to a taxpayer's claim under Section 7431; far from contravening Section 6103, the

---

[2] *See In re U.S. v. NorCal Tea Party Patriots*, 817 F.3d 953, 965 (6th Cir. 2016).

[3] 26 U.S.C. 6103(a) (1970).

information sought would vindicate Section 6103 and rectify the wrongful disclosure at issue by revealing how, when, where, and to what extent IRS personnel unlawfully disclosed Mr. Griffin's confidential return information to ProPublica. By no stretch of the law or the imagination can the Government rightly block discovery into a claim under Section 7431(a)(1)—which Congress enacted to expressly enable taxpayers to sue the Government for violations of Section 6103—by invoking Section 6103 to keep the Government's wrongful disclosures cloaked in darkness.

## ARGUMENT

### I. SECTION 6103 DOES NOT APPLY TO THE INVESTIGATIVE FILES

To begin, the Investigative Files are not "return information" and thus are not protected by Section 6103. This is because "return information" is limited, in relevant part, to "data[] received by, recorded by, prepared by, furnished to, or collected by the Secretary [of the Treasury or their delegate] with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense." 26 U.S.C. § 6103(b)(2)(A); *see* 26 U.S.C. § 7701(11)(b) (defining "Secretary" as "the Secretary of the Treasury or his delegate"). Materials that were collected, seized, and/or created in connection with the criminal investigation into Mr. Littlejohn—having nothing to do with Mr. Littlejohn's status as a taxpayer or his taxes and collected as part of an investigation led by PIN with the assistance of TIGTA—clearly fall outside any common-sense (much less reasonable) reading of 26 U.S.C. § 6103(b)(2)(A).

Indeed, as the Eleventh Circuit has explained, "information collected by the United States Attorney's Office, even with the assistance of an IRS Special Agent, is not information belonging to the Secretary of the Treasury—it is within the custody of the Attorney General or the Department of Justice," because Section 6103 "protects only information filed with and disclosed by the IRS, not all information relating to any tax matter." *Ryan v. United States,* 74 F.3d 1161,

3

1163 (11th Cir. 1996) (affirming finding that DOJ investigative material that involved tax information was not "return information"); *see Baskin v. United States*, 135 F.3d 338, 342-43 (5th Cir. 1998) (material that IRS Special Agent obtained in course of investigation was not "return information"). Nor does having an IRS employee later receive the data convert it into "return information." *See Rice v. United States*, 166 F.3d 1088, 1091 (10th Cir. 1999) (classification of "return information" "turns on the *immediate source* of the information"). Likewise here: so long as a civil claim is pending under Section 7431, the plaintiff is entitled to discovery into that claim. It suffices to note, therefore, that the materials sought are directly responsive to Mr. Griffin's claim that his return information was disclosed in violation of Section 6103.

## II. SECTION 6103(h) PERMITS DISCOVERY OF THE INVESTIGATIVE FILES

Although the Investigative Files are neither "return information" nor exempt from normal discovery, Mr. Griffin addresses in this section how—if they were "return information" as the Government contends—the exceptions written into the statute itself would apply and render the Investigative Files subject to disclosure in this litigation. Specifically, Section 6103(h)(2)(A) permits disclosure to the DOJ personnel litigating a "matter involving tax administration" if "the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability" under Title 26. Section 6103(h)(4)(A) similarly permits disclosure "in a Federal or State judicial or administrative proceeding pertaining to tax administration" if that nexus requirement is met. Accordingly, consistent with the Government's theory, because this litigation—brought under an internal revenue law and based on violations of the internal revenue laws—is a quintessential "matter involving tax administration"[4] and because it "arose out of, or in connection

---

[4] The term "tax administration," used in both subsections, is defined "broadly to include almost any activity before the IRS," *Mallas v. United States*, 993 F.2d 1111, 1122 (4th Cir. 1993), such as the "application of the internal revenue laws," "includ[ing] . . . enforcement [and] litigation . . . under such laws," 26 U.S.C. § 6103(b)(4)(B).

4

with, determining [Mr. Littlejohn's] civil or criminal liability,"[5] under Title 26, "return information" can plainly be disclosed in the proceeding.

*Whistleblower 972-17W* is instructive. There, the court found that Section 6103(h)(4)(A) permitted disclosure of tax offenders' return information to a third-party whistleblower because the right to the award was "inextricably linked with determining the target taxpayer's . . . liability," which was "more than enough" to satisfy Section 6103(h)(4)(A)'s "quite broad" standard. 2022 WL 2718766, at *10. The court remarked that "it [wa]s hard to see how one can resist the conclusion that [the] judicial proceeding arose in connection with (and [wa]s quite closely related to) determining the target taxpayers' liabilities." *Id.* Here, like in *Whistleblower* (and giving credence to the Government's position), Mr. Griffin's claims are "quite closely" related to PIN's and TIGTA's inquiry into and determination of the purported "taxpayer's" (Mr. Littlejohn's) criminal liability for violating the same statute, Section 6103—which the Government itself has acknowledged in its filings. *See, e.g.*, ECF 68 at 3.

Simply put, a litigant can obtain another taxpayer's "return information" under Section 6103(h)(4)'s exceptions in a judicial proceeding, including at the discovery stage. For example, in *Conf. Informant 92-95-932X v. United States*, the court held that the IRS could not rely upon Section 6103 to evade discovery when a plaintiff who provided information that led to the collection of a third party's unpaid taxes sued the IRS to recover reward money and propounded discovery requests for that third party's return information. 45 Fed. Cl. 556, 558-59 (Fed. Cl.

---

[5] Sections 6103(h)(2)(A) and (h)(4)(A) both employ identical "arose out of" and "in connection with" language, which are broad phrases that mean "any link, association, or relationship" with the determination of the taxpayer's criminal liability under Title 26. *Whistleblower 972-17W v. Comm'r of I.R.S.*, 2022 WL 2718766, at *8 (T.C. July 13, 2022). Section 6103(h) thus provides a relation "standard that is quite broad" and excludes only those "proceedings that have only a remote relation to the determination of a taxpayer's liability." *Berkun v. Comm'r of IRS*, 2023 WL 6973206, at *4 (T.C. Oct. 23, 2023) (cleaned up).

5

2000) (explaining that "the confidentiality of taxpayer information is not absolute," particularly where—as here—"parts of the return will provide the information needed by the party requesting discovery"); s*ee also D.O. Creasman Elecs., Inc. v. United States*, 2011 WL 1791232, at *3 (W.D.N.C. May 10, 2011) (granting motion to compel and recognizing that Section 6103(h)(4)(B) authorized discovery of employees' returns in action regarding tax treatment of labor expenses); *Plotkin v. United States*, 465 F. App'x 828, 833 (11th Cir. 2012) (Section 6103(h)(4)(A) authorized disclosure of a probationer's return information to a probation officer who moved for probation revocation, in part because the proceeding arose out of the probationer's criminal liability under tax laws). Accordingly, following the Government's logic, because this proceeding "arose out of, or in connection with, determining" Mr. Littlejohn's liability, the investigative files are discoverable here. 26 U.S.C. § 6103(h)(4)(A).

*Chamberlain v. Kurtz* is in accord. 589 F.2d 827 (5th Cir. 1979). Although *Chamberlain* held that a taxpayer could not invoke the Section 6103(h)(4)(A) exception to obtain public disclosure under FOIA, it made clear that the exception permits the government to disclose return information in response to civil discovery. *Id.* at 838. The Fifth Circuit explained that the exception exists to "describe[] the circumstances in which [federal] officials may ***disclose*** confidential information in a judicial or administrative proceeding." *Id.* (emphasis added). For example, the exception permits federal officials to "use the information as evidence in such proceedings." *Id.* The exception thus permits the DOJ attorneys litigating this case to obtain Mr. Littlejohn's return information and disclose it to Mr. Griffin in response to his discovery requests. Otherwise, the Government could withhold tax return information from Mr. Griffin during discovery but then use it as evidence at trial. That could not possibly be what Congress intended.

Confirming that disclosure is authorized here, the legislative history of Section 6103 makes

6

clear that Congress did not intend to deny an aggrieved taxpayer suing the government the evidence necessary to identify and rectify violations of Section 6103. Section 6103 was amended in 1976 in response to concerns that the IRS had become a "lending library" that shared taxpayer information with other government actors, sometimes for political or improper aims. *See Stokwitz v. United States*, 831 F.2d 893, 894 (9th Cir. 1987). Section 6103 in its current form was intended to enhance protections of a taxpayer's privacy, thus promoting compliance with tax laws, *while at the same time* permitting disclosure to authorities and parties who have legitimate need for the information. *See Whistleblower*, 2022 WL 2718766, at *12. Section 6103(h)'s exceptions serve the interests of tax enforcement and compliance by ensuring that information regarding violations of the tax laws can be made available to taxpayers; it is not plausible or even coherent to posit that Congress simultaneously intended to enable the Government to conceal smoking-gun evidence of its violations of Section 6103 from taxpayers who sue under Section 7431 to complain that their rights have been violated under that very statute. Indeed, Section 6103 "does not entitle the IRS to keep secret (in the name of 'taxpayer privacy,' no less) every internal IRS document that reveals IRS mistreatment of a taxpayer . . . in this case or future ones." *See NorCal*, 817 F.3d at 965.

## CONCLUSION

The Court should (i) find that the Investigative Files are not "return information," and (ii) direct the Government to produce all responsive information from within the investigative files.

Dated: January 8, 2024                     Respectfully submitted,

By: */s/ Jason D. Sternberg*
William A. Burck (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Alexander J. Merton (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
ajmerton@quinnemanuel.com

John F. Bash (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
300 West 6th St, Suite 2010
Austin, TX 78701
(737) 667-6100
johnbash@quinnemanuel.com

Jason D. Sternberg (Florida Bar No. 72887)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880
jasonsternberg@quinnemanuel.com

Christopher D. Kercher (*pro hac vice*)
Peter H. Fountain (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com

*Counsel to Plaintiff Kenneth C. Griffin*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 8th day of January, 2024, I caused a copy of the foregoing document to be filed with the Clerk of Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

By: */s/ Jason D. Sternberg*
Jason D. Sternberg
Fla. Bar No. 72887
jasonsternberg@quinnemanuel.com