IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**UNITED STATES' MEMORANDUM OF LAW REGARDING 26 U.S.C. § 6103**

## **INTRODUCTION**

Charles Littlejohn (Littlejohn), a contractor employed by Booz Allen Hamilton (BAH) and whom BAH staffed on contracts with the IRS, wrongfully disclosed Plaintiff's and others' tax return information to ProPublica. The Treasury Inspector General for Tax Administration (TIGTA) investigated the disclosure and made a referral to the Department of Justice's Criminal Division, Public Integrity Section (PIN) for prosecution.

Plaintiff seeks information from the investigative file (TIGTA's file) and the prosecutors' file (PIN file). TIGTA's file and any materials in PIN's file that TIGTA gathered during its investigation on behalf of the Secretary of Treasury are Littlejohn's return information under 26 U.S.C. § 6103(b)(2). As such, they can only be disclosed to the extent authorized by Title 26. Contrary to Plaintiff's argument, there is no provision in § 6103 that permits the disclosure of the TIGTA file, or the information TIGTA transmitted to PIN, to Plaintiff.

Plaintiff's Memorandum (ECF No. 88) begins by conflating the TIGTA file and the PIN file into a single "Investigative File." Those files are distinct, however, and the § 6103 analysis must be applied separately to each. To avoid this separate analysis, Plaintiff asserts out of whole cloth that the material TIGTA transmitted to PIN is not information "received by, recorded by, prepared by, furnished to, or collected by the [Treasury] Secretary," 26 U.S.C. § 6103(b)(2)(A) because PIN directed the Littlejohn investigation from the start. Plaintiff's narrative is false. TIGTA commenced and led the investigation under the authority of the Treasury Department to determine whether a law was violated and if so, who violated it. Once TIGTA identified Littlejohn as the individual who leaked confidential taxpayer information to ProPublica and referred the matter to the Justice Department, PIN handled the prosecution of Littlejohn under the authority of the Attorney General. Thus, TIGTA's file is Littlejohn's return information as

the taxpayer being investigated for a criminal offense under Title 26. Because it passed through Treasury to PIN, the materials in PIN's file collected by TIGTA also represent third-party return information (of Littlejohn) that is protected from disclosure by § 6103.[1]

## ARGUMENT

**I. TIGTA's File to Determine Littlejohn's Criminal Liability under the Internal Revenue Code Is Littlejohn's Return Information.**

Section 6103(a) of the Internal Revenue Code provides returns and return information shall be confidential unless disclosure is authorized by the Title 26. The Code defines "return information" as "a taxpayer's identity . . . or any other data received by, recorded by, prepared by, furnish to, or collected by the Secretary [of Treasury or his delegate][2] with respect to the determination of the existence, or possible existence, of liability . . . of any person under this title for . . . any offense." 26 U.S.C. § 6103(b)(2)(A). Courts agree that this definition is broad. *See, e.g., Ryan v. United States*, 74 F.3d 1161, 1163 (11th Cir. 1996); *Landmark Legal Found., v. IRS,* 267 F.3d 1132, 1135, 1138 (D.C. Cir. 2001). Indeed, "return information" encompasses "information that has passed through the [Secretary]." *Ryan*, 74 F.3d at 1163.

TIGTA is an agency organized under the Treasury Department and thus is a delegate of the Secretary for purpose of §6103(b)(2)(A). It was created to promote the economic, efficient, and effective administration of the nation's tax laws, and to detect and deter fraud and abuse in the Service's programs and operations. *See* Internal Revenue Service Restructuring and Reform

---

[1] When this briefing was ordered, Plaintiff had not yet requested PIN's file. They subsequently issued a Third Set of Requests for Production, attached as Exhibit 1, directly seeking Littlejohn's return information from TIGTA and PIN's files, as well as information within PIN's file that is protected by attorney work product. The United States will serve its responses, including any objections, to the Third Set of Requests for Production on January 16, 2024.

[2] *See* 26 U.S.C. § 7701(a)(11)(B) (The term "Secretary" means the Secretary of the Treasury or his delegate.

Act of 1998, Pub. L. 105-206, Title I, Subtitle B, § 1103. Its purview includes investigating alleged unlawful inspection or disclosure of return information.

Without question, information "received by, recorded by, prepared by, furnished to, or collected by" TIGTA during an investigation of a potential violation of § 6103 is protected return information of the individual(s) being investigated. 26 U.S.C. § 6103(b)(2)(A). *See, e.g.*, *Goldstein v. TIGTA*, 278 F. Supp. 3d 131, 144 n. 3 (D.D.C. 2017) (court held that TIGTA investigative files of third-party IRS employees cannot be disclosed under § 6103.); *Scott v. TIGTA*, Case No. 18-80366, 2018 WL 7082718, *7 (S.D. Fla. Dec. 27, 2018) (TIGTA investigative files related to alleged misconduct by IRS employee is protected by § 6103); *Pritchett v. United States*, Case No. 01-73161, 2003 WL 1874771, at *1-2 (E.D. Mich. March 6, 2003) (same); *Conn v. United States*, 1991 WL 333707, at *1 (N.D. Cal. Dec. 10, 1991) (Report to determine possible violation of § 6103 is return information of target of investigation).

Plaintiff's attempt to exclude TIGTA's file from the definition of return information fails. This argument hinges on Plaintiff's false narrative that PIN commenced and directed the Littlejohn investigation with TIGTA's assistance. As set out in the Wood Declaration, TIGTA under the authority of the Secretary of Treasury independently determined the course of its investigation of the ProPublica unlawful disclosure to determine any possible criminal liability under the Code. The information that TIGTA received, prepared, and shared with PIN when it referred the Littlejohn matter "passed through" the Secretary of Treasury and is therefore Littlejohn's return information. *See Ryan*, 74 F.3d at 1163.

This chain of events is in direct contrast to *Ryan*. There, the IRS Special Agent gathered information at the prosecution's direction for a violation of non-tax laws. *Id.* The information in *Ryan* never passed through the Secretary; it was collected by the United States Attorney's Office.

3

*Id.* But here, TIGTA's file consists of information gathered and prepared under the authority of the Secretary of Treasury to investigate a possible violation of the Internal Revenue Code. Thus, under *Ryan*, TIGTA's file represents information collected by the Secretary in furtherance of its investigation of Littlejohn for a crime under Title 26 and, as such, is Littlejohn's protected return information. The other cases cited by Plaintiff (*Baskin* and *Rice*) address information that was not collected by the Secretary and are inapposite.[3]

## II. Section 6103(h)(4)(A) Does Not Authorize Disclosure of the TIGTA File to Plaintiff.

Because the TIGTA file is Littlejohn's return information, the United States may not disclose the file to Plaintiff unless authorized by Title 26. Plaintiff incorrectly argues that § 6103(h)(4) permits disclosure of the TIGTA file to him in this action. Section 6103(h)(4) authorizes the disclosure of returns or returns information in a judicial proceeding pertaining to tax administration if one of four tests is met.[4] Plaintiff concedes that the only test that may apply is in § 6103(h)(4)(A), otherwise known as "the Party Test."

The Party Test allows return or return information to be disclosed in a judicial proceeding pertaining to tax administration but only if (1) the taxpayer is a party of the proceeding, or (2) the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such liability, in respect of any tax imposed under this title. For purposes of this section, the "taxpayer" is the person whose return information is being sought.

---

[3] We acknowledge that information possessed by PIN that did not flow through Treasury may not be covered by § 6103. Because the Court directed the parties to brief only the § 6103 issue, we do not address any other bases to object to Plaintiff's request for production of documents from a file related to an on-going prosecution.

[4] Section 6103(h)(4) does not, as Plaintiff suggests, allow the United States to withhold information in discovery and then use it at trial. (ECF No. 88 at 6.) Nor has the United States taken that position here. If disclosure is authorized under subsection (h)(4), return information may be disclosed in discovery in a matter pertaining to tax administration and offered at trial (subject to relevance or other evidentiary objections). If, however, § 6103 prohibits the disclosure of return information to a party in discovery, that same prohibition bars its use at trial.

*Berkun v. Comm'r*, T.C. Memo. 2023-127, 2023 WL 6973206, *5 n.3 (Tax Ct., Oct. 23, 2023). As explained above, Littlejohn is the taxpayer whose return information is sought by Plaintiff. While the Party Test authorized the use of his return information in the criminal proceeding against him, he is not a party here, so the first clause of the Party Test does not apply to authorize the disclosure of his information to Plaintiff.

Consequently, the Party Test only authorizes the disclosure of Littlejohn's return information to Plaintiff if this "proceeding arose out of, or in connection with, *determining* the taxpayer's civil or *criminal liability*, or the collection of such civil liability, in respect of any tax imposed under this title." 26 U.S.C. § 6103(h)(4)(A) (emphasis added). Congress added this clause several years after enacting § 6103 to eliminate uncertainty about whether the item and transaction tests of section 6103(h)(4)(B) and (C) were broad enough to cover disclosures in which the taxpayer was not a party such as in summons enforcement proceedings and nominee or transferee liability cases. *See* H.R. REP. NO. 95- 1800, at 293 (1978), 1978-3 C.B. (Vol. 1) 627. Under this clause, disclosure is authorized when there is a necessary nexus between the proceeding at issue, and the determination (summons enforcement) or collection (nominee cases) of a third-party's tax liability. Here, there is no necessary nexus between Plaintiff's wrongful disclosure claim and the *determination* of Littlejohn's *criminal liability*; these separate actions merely arose from a common event.

A recent decision by the Tax Court is illustrative. The petitioner in that matter, Berkun, was the subject of a tax fraud investigation that stemmed from the IRS's investigation of two other parties. *Berkun*, 2023 WL 6973206, at *1. His case was referred to the U.S. Attorney's Office for the Southern District of Florida which led to a grand jury investigation. *Id*. Berkun was eventually charged with filing a false tax return. *Id*. In the ensuing Tax Court proceeding he

5

initiated to challenge his civil liability for the same year, Berkun sought the complete file of his grand jury investigation which included the return information of two other targets. *Id*. at *5. He was given access to his own return information that was part of the grand jury proceeding but was denied access to grand jury materials that were return information of third parties, including the two other targets of the investigation. *Id*. Berkun argued that § 6103(h)(4)(A) permitted the disclosure in the Tax Court proceeding because it arose out of and in connection with his grand jury proceeding and the proceedings of two other targets to determine their liability. *Id.* Similarly, Plaintiff suggests that this suit to determine the *United States*' civil liability to him under § 7431(a)(1)—if that waiver of sovereign immunity applies— arose in connection with the determination of Littlejohn's criminal liability. Not so.

As the Tax Court put it, Plaintiff "stretches the text of section 6103(h)(4)(A) past its breaking point." *Id*. at *6. First, this "extremely expansive view" would render the narrower item test and transactional relationship test contained in 6103(h)(4)(B) and (C) "wholly superfluous." *Id*. Second, the connection between this suit and the Littlejohn prosecution, as they relate to the determination of Littlejohn's criminal liability, is "tenuous at best." *Id*. Indeed, Plaintiff filed this suit nine months before the Littlejohn prosecution, and his claim against the United States (if he has one) does not depend one iota on its outcome. Simply put, this action exists independently of the proceeding to determine Littlejohn's criminal liability.

Plaintiff cannot find support in the Whistleblower cases he cites either. Under § 7623 of the Code, a whistleblower may collect up to 30% of the proceeds collected by the IRS if the information supplied by the whistleblower contributed to such collection of tax of a third party. If the award is denied, the Tax Court has jurisdiction to review the denial. Unlike this case, a whistleblower proceeding arises directly from the determination and collection of a tax owed by

the third-party taxpayer. Whistleblower cases fit snuggly within the exception carved out by 6103(h)(4)(A) because whistleblower proceedings could not proceed but for the determination or collection in the third-party liability. That is not the case here.

## **CONCLUSION**

The United States is not "stonewalling" Plaintiff. To the contrary, we have provided—and continue to provide—all relevant information that is not protected by § 6103 or privilege. But relevance is not the standard that permits disclosure of a third party's return information in a judicial proceeding under § 6103. Indeed, § 6103(h)(4) has no relevance test. And the tests in § 6103(h)(4) do not permit the disclosure of Littlejohn's return information from either TIGTA's file or PIN's file in this proceeding. *See Pritchett,* 2003 WL 1874771, at *1-2 (denying plaintiff's motion to compel the production of a TIGTA file relating to the investigation of an IRS employee for possible violations of the Internal Revenue Code because TIGTA's file is the return information under § 6103(b) of the IRS employee under investigation).

As discussed at the December 29th hearing, Plaintiff seeks these investigative files to explore his theory that Littlejohn was aided in his conduct by IRS employees. He refuses to accept that Littlejohn acted alone. Instead, he is wasting the resources of the parties and the Court to set up his own Warren Commission to search for the second shooter. Plaintiff's theory may make for compelling fiction. But it does not permit him to investigate the investigators by obtaining TIGTA's and PIN's files that are protected from disclosure under § 6103.


Dated: January 12, 2024   Respectfully Submitted

DAVID A. HUBBERT
Deputy Assistant Attorney General

*Stephanie A. Sasarak*
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-307-2089 (v) | 202-514-4963 (f)
Mary.E.Smith@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov
Counsel for the United States

Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*<u>Stephanie A. Sasarak</u>*
STEPHANIE A. SASARAK
Trial Attorney
U.S. Dept. of Justice, Tax Division