IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| INTERNAL REVENUE SERVICE, *et al.,* | ) ) |
| Defendants. | ) ) ) |

### UNITED STATES' NOTICE OF AUTHORITIES

The United States provides this Notice of Authorities relevant to the discovery hearing scheduled for March 8, 2024 at 1:30pm.

### Discovery Proportionality

- Fed. R. Civ. P. 26(b)(1): "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy**, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues**, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (emphasis added).

- Fed. R. Civ. P. 26(b)(1) Committee Notes on Rules – 2015 Amendment: "The present amendment restores the proportionality factors to their original place in defining the scope of discovery . . . The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."

- 26 U.S.C. § 7431(c) Damages. -- In any action brought under subsection (a) [unlawful disclosure or inspection of return or return information], upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the sum of--

  (1) the greater of--

  (A) **$1,000** for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, **or**

  (B) the sum of--

  (i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus

  (ii) in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus

  (2) the costs of the action, plus

  (3) reasonable attorney fees to the extent allowed under 26 U.S.C. § 7430.

- *Minda v. United States*, 851 F.3d 231, 236 (2d Cir. 2017) ("The district court concluded that Minda was entitled to statutory damages only for the act of disclosing the Report and not separately for disclosure of each item of information contained in the Report. We agree. . . . We find no ambiguity in the statute, and hold that the statute clearly provides an aggrieved taxpayer $1,000 in statutory damages for "each act" of unauthorized disclosure, not for each item of information disclosed.")

- *Miller v. United States*, 66 F.3d 220, 223-24 (9th Cir. 1995) (Holding that because "the statute punishes 'disclosure,' not subsequent disseminations . . . we are confident that

Congress did not intend the bizarre remedy sought in this case [and] the district court correctly limited the IRS's damages for unauthorized disclosure to $1,000 for Davega's single statement to the Los Angeles Times, Valley Edition.").

- *Snider v. United States*, 468 F.3d 500, 508-509 (8th Cir. 2006) (Holding that $1,000 statutory damages limited to number of actual disclosures, not subsequent dissemination.

- *Garber v. Nationwide Mut. Ins. Co.*, No. 5:21-cv-546, 2022 WL 1420916, at *11 (N.D. Ga. Mar. 24, 2022) ("Though the financial stakes do not alone control the proportionality inquiry, the court should nonetheless consider the relationship between the costs of discovery and the plaintiff's potential recovery.").

- *Searock v. Stripling*, 736 F.2d 650, 654 (11th Cir. 1984) (Discovery sanctions are inappropriate when a party has made a good faith effort to comply with request for documents.).

**Privilege Logs and 26 U.S.C. § 6103**

- 26 U.S.C. § 6103(b)(2)(A) (defining "return information" to include "any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to . . . the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense").

- *Wiener v. F.B.I.*, 943 F.2d 972, 982–83 (9th Cir. 1991) (noting that "if the withholding agency were to reveal the precise nature of the tax return information, the confidentiality guaranteed by section 6103 would be compromised").

- *Grant, Konvalinka & Harrison v. United States*, No. 07-cv-88, 2008 WL 4865571, at *10 (E.D. Tenn. June 27, 2008), *aff'd sub nom. Grant, Konvalinka & Harrison, P.C. v. United*

3

*States*, No. 07-cv-88, 2008 WL 4865566 (E.D. Tenn. Nov. 10, 2008) ("[G]iven the extremely broad definition of tax return information under Section 6103, producing a privilege log would violate the non-disclosure requirement of Section 6103(a).").

**Testimony Authorization**

- Treas. Reg. § 301.9000-3(a) ("no IRS . . . contractor shall testify or disclose IRS records or information to any court . . . without a testimony authorization.").

- Treas. Reg. § 301.9000-4(i) ("Nothing in §§ 301.9000–1 through 301.9000–3, this section, and §§ 301.9000–5 and 301.9000–6, creates, is intended to create, or may be relied upon to create, any right or benefit, substantive or procedural, enforceable at law by a party against the United States. Nothing in these regulations creates a separate privilege or basis to withhold IRS records or information.")

- *Lanier v. City of Miami*, Dkt. No. 23-cv-22510, 2023 WL 8527177, at *15 (Dec. 8, 2023, S.D. Fla.) (Goodman, Mag. J.) (holding that courts do not issue advisory or hypothetical opinions about discovery disputes before a party has objected to an opposing party's plan to seek the deposition testimony of a fact witness).

(*Signatures on next page*)

Dated: March 4, 2024                              Respectfully Submitted

                                                  DAVID A. HUBBERT
                                                  Deputy Assistant Attorney General

                                                  *Stephanie A. Sasarak*
                                                  STEPHANIE A. SASARAK
                                                  Maryland Bar No. 1012160096
                                                  MARY ELIZABETH SMITH
                                                  Maryland Bar No. 0712110235
                                                  BEATRIZ T. SAIZ
                                                  New Jersey Bar No. 024761995
                                                  Trial Attorneys, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 14198
                                                  Washington, D.C.  20044
                                                  202-307-2089 (v) | 202-514-4963 (f)
                                                  Stephanie.A.Sasarak@usdoj.gov
                                                  Mary.E.Smith@usdoj.gov
                                                  Beatriz.T.Saiz@usdoj.gov
                                                  Counsel for the United States

                                                  Of counsel:
                                                  MARKENZY LAPOINTE
                                                  United States Attorney
                                                  Southern District of Florida

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*Stephanie A. Sasarak*
STEPHANIE A. SASARAK
Trial Attorney
U.S. Dept. of Justice, Tax Division