United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kenneth C. Griffin, Plaintiff,<br><br>v.<br><br>Internal Revenue Service and U.S. Department of the Treasury,<br>Defendants. | )<br>)<br>)<br>) Civil Action No. 22-24023-Civ-Scola<br>)<br>)<br>) |

### **Order Denying in Part and Granting in Part Motion to Dismiss**

Plaintiff Kenneth C. Griffin contends that the Internal Revenue Service and the United States Department of the Treasury (together, the "Government") are responsible for the public disclosure of his confidential tax return information to various media outlets. (2nd Am. Compl., ECF No. 55, 2.) His complaint sets forth two claims: count one, for violating 26 U.S.C. § 6103 based on the Government's allegedly unlawful inspections and disclosures of Griffin's confidential taxpayer information; and count two, for violating the Privacy Act (5 U.S.C. § 552a(e)(10)) based on the Government's alleged failure to properly safeguard his information. (*Id.*) In response, the Government has filed a motion to dismiss, arguing that (1) an IRS contractor was responsible for the improper disclosure, not the Government, and so Griffin has sued the wrong party, leaving the Court without subject-matter jurisdiction over count one; and (2) Griffin has failed to allege facts supporting his claim for damages under the Privacy Act, in count two. (Defs.' Mot., ECF No. 58.) In opposition, Griffin argues he has alleged facts sufficient to both (1) support his position that the Government itself is liable for the disclosures under § 6103 and (2) establish that the Government's violations of the Privacy Act resulted in actual damages. (Pl.'s Resp., ECF No. 74.) The Government has replied (Defs.' Resp., ECF No. 78) and the motion is now ripe for review. After careful consideration, the Court **grants** the Government's motion, **in part, and denies it, in part** (**ECF No. 58**), for the reasons set forth below.

1. **Background**[1]

Charles Edward Littlejohn worked at the IRS during various intervals, spanning from 2008 to 2010, from 2012 to 2013, and from 2017 to 2021. (2nd

---

[1] This background is based on the allegations in the complaint. For purposes of evaluating the Government's motion to dismiss for a failure to state a claim, the Court accepts the complaint's factual allegations as true and construes the allegations in the light most favorable to Griffin per Federal Rule of Civil Procedure 12(b)(6).

Am. Compl. ¶ 22.) Through this employment, Littlejohn was afforded access to "IRS data associated with thousands of the nation's wealthiest people." (*Id.* at 1–2; ¶ 23 (describing Littlejohn as having "staff-like access to returns and confidential tax return information").) According to Griffin, this "staff-like access" rendered Littlejohn an IRS "employee" as defined in the IRS's Internal Revenue Manual. (*Id.* ¶ 23 n. 28.) In conjunction with his employment, the Government "exercised extensive, detailed, day-to-day supervision of Mr. Littlejohn's work," including "managing the scope and purpose of [his] daily tasks and projects; ensuring that [he] completed required training, monitoring [his] technical performance; ensuring [he] was aware of data safeguards and appropriately protecting taxpayer information; and exercising control over the parameters of [his] access to IRS data and confidential tax return information." (*Id.* ¶ 24.) During his employment, the IRS also had the authority to both reprimand and terminate Littlejohn. (*Id.*)

In September 2020, Littlejohn contacted ProPublica, a news organization, to discuss the possibility of disclosing a copy of Griffin's (and thousands of others') confidential tax return information. (*Id.* ¶¶ 4, 37.) Over the next few months, Littlejohn then followed through, disclosing such information—information that ProPublica described as "not just tax returns, but also included information that is sent to the IRS about financial activities such as income and taxes, investments, stock trades, gambling winnings and even the results of audits." (*Id.* ¶¶ 4 (cleaned up), 38.) In April and July 2022, ProPublica published Griffin's confidential tax return information, including his purported average annual income, purported percent of income deducted, and purported average effective federal income tax rates during 2013 through 2018. (*Id.* ¶¶ 6, 39.)

Every year from 2010 through 2020, the Treasury Inspector General for Tax Administration ("TIGTA") has warned the IRS about security deficiencies related to the protection taxpayers' confidential tax return information. (*Id.* at 1; ¶¶ 8–9, 26, 28–31, 64.) Many of these deficiencies went uncorrected and, according to Griffin, allowed Littlejohn to misappropriate the information, upload it to a private website, and then disclose it to ProPublica. (*Id.* ¶¶ 13, 26, 32–33, 35–36, 66.) The IRS also disclosed Griffin's confidential tax return information to Littlejohn regardless of whether Littlejohn completed or was up to date with all his purportedly required privacy and data-security training. (*Id.* ¶ 56.) Further, says Griffin, the IRS did not need to disclose all of Griffin's information to Littlejohn for him to be able to reasonably perform his work for the IRS. (*Id.*) In other words, opines Griffin, Littlejohn's work would not have been seriously impaired if only limited parts of Griffin's information were disclosed or if information identifying Griffin had first been deleted. (*Id.*)

In October 2023, a few weeks after being criminally charged for the disclosures, Littlejohn pleaded guilty to a violation of 26 U.S.C. § 7213(a) for the unlawful disclosure of confidential tax return information. (*Id.* at 1, ¶ 15.)

Griffin now seeks to hold the Government liable for the disclosure of his confidential information under 26 U.S.C. § 6103 and 5 U.S.C. § 522a(e)(1), the Privacy Act.

### 2. Legal Standard
### A. Dismissal Based on a Lack of Subject-Matter Jurisdiction

The Federal Rules of Civil Procedure require the dismissal of a claim if a court lacks subject matter jurisdiction over it. Fed. R. Civ. P. 12(b)(1), (h)(3). The party bringing the underlying claim bears the burden of establishing federal subject matter jurisdiction. *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005); *Wallace v. Secretary, U.S. Dept. of Homeland Sec.*, 616 F. App'x 958, 959 (11th Cir. 2015). Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "A plaintiff defending against a facial attack on jurisdiction enjoys safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 n. 8 (11th Cir. 2010) (cleaned up). And the district court "*must* consider the well-pleaded allegations in the plaintiff's complaint as true." *Id.* (cleaned up) (emphasis in original).

Factual attacks, on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and a court will consider "matters outside the pleadings, such as testimony and affidavits." *Lawrence*, 919 F.2d at 1529 (internal quotation marks omitted). "[A] court's power," however, "to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997). That is, if the merits are implicated, "[t]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* (cleaned up).

### B. Dismissal Based on a Failure to State a Claim

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Discussion

As to count one, the Government maintains the Court lacks subject-matter jurisdiction because, in essence, Griffin has sued the wrong defendant (the Government instead of Littlejohn himself). In response, Griffin maintains his allegations are sufficient to establish subject matter jurisdiction, not only based on Littlejohn's status as an IRS employee, but on two other grounds as well: the IRS should not have disclosed Griffin's confidential information to Littlejohn because he was not authorized to receive it; and IRS employees failed to employ appropriate data-security measures. After careful review, the Court is not persuaded by the Government's arguments that Griffin has failed, at this stage of the litigation, to establish the Court's jurisdiction over count one based on Littlejohn's purported status as an IRS employee. On the other hand, as further explained below, the Court has concerns about its jurisdiction over Griffin's alternate theories of relief.

As to count two, the Government argues Griffin's damages allegations under the Privacy Act are deficient. Griffin, in opposition, insists his allegations, when construed in the light most favorable to him, establish that he suffered actual damages as a result of the Government's violations. As set forth below, the Court agrees with the Government: Griffin fails to state a claim under the Privacy Act because his damages allegations are deficient.

### A. Griffin's claim that Littlejohn was an IRS employee withstands the Government's subject-matter jurisdiction challenge.

As the Government explains, the United States has waived its sovereign immunity for lawsuits brought by taxpayers aggrieved by the wrongful disclosure of confidential information by an officer or employee of the United States. (Mot. at 9 (citing 26 U.S.C. § 7431(a)(1)).) Conversely, however, for disclosures made by someone who is *not* an officer or employee of the United States, the United States has not waived its sovereign immunity. (Mot. at 9–10 (citing 26 U.S.C. § 7431(a)(2)).) Instead, such claimants are limited to suing the individual who made the disclosure. (Mot. at 10 (citing 26 U.S.C. § 7431(a)(2)).) According to the Government, the Court lacks subject matter jurisdiction over count one because Griffin's remedy lies against Littlejohn himself—and not the Government—because Littlejohn is not an officer or employee of the United States. Ultimately, then, the Government's jurisdictional challenge hinges on its position that Littlejohn is not an officer or employee of the United States. The Court finds the Government's challenge falls short.

As explained above, "[a]ttacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia*, 104 F.3d at 1260. The Government appears to lodge a factual attack, indicating the Court should "disregard the pleadings and consider extrinsic evidence to determine its authority to hear the case." (Mot. at 2 (citing *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021)).) On the other hand, the Government also obliquely references arguments that could be construed as a facial attack. For example, the Government posits that "Mr. Griffin *pleads* no facts to support a claim that Littlejohn was ever an employee or the United States." (Mot. at 5 (emphasis added).) Further muddying the waters is the Government's position that whether the Court evaluates the Government's attack as a factual versus facial challenge is irrelevant, so long as the Court considers the criminal filings against Littlejohn as establishing that he was not an officer or employee of the United States. (Reply at 9–10.) Because of the lack of clarity, the Court will consider the Government's jurisdictional challenge as if presented, alternatively, as both a facial as well as a factual attack.

"A facial attack challenges whether a plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Kennedy*, 998 F.3d at 1230 (cleaned up). To the extent the Government raises its jurisdictional challenge as a facial attack, its general position is that the complaint fails to supply factual allegations supporting Griffin's claim that Littlejohn was an employee or officer of the United States. (Mot. at 5.) But, other than superficially insisting that Griffin has supplied "no facts" to support subject-matter jurisdiction, the Government's argument falls short.

Notably, the Government fails to even acknowledge, never mind address, several factual allegations that could be read as supporting Griffin's claim that Littlejohn was arguably an employee of the United States. For example, the complaint describes Littlejohn as having "staff-like access to returns and confidential tax return information" and describes in some detail the IRS's supervision and control of Littlejohn's work. (Am. Compl. ¶¶ 23–24.) As the complaint expounds, the IRS directly managed the scope and purpose of Littlejohn's daily tasks and projects, making sure he completed his training, monitoring his technical performance, controlling his access to IRS data and confidential information, and ultimately retaining the authority to reprimand or terminate him. (*Id.* ¶ 24.) Taken together, assumed to be true, read in the light most favorable to Griffin, and without any argument from the Government to the contrary, these allegations combine to create at least a plausible inference that Littlejohn was an employee of the United States. Accordingly, the Court finds Griffin's complaint survives what the Court construes as the Government's facial attack on the Court's subject-matter jurisdiction.[2]

To the extent the Government's challenge is instead directed as a factual attack, as the Government says it is, the Court finds the challenge misplaced. In contrast to a facial attack, a factual attack "challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence

---

[2] As to the Government's contention that the Court should consider the filings in Littlejohn's criminal case to be incorporated by reference into Griffin's complaint, the Court is not persuaded and declines to exercise its discretion to do so. Although Griffin mentions those criminal filings in his complaint, referencing, among other things, the criminal charges against Littlejohn, the Government fails to show how those criminal filings themselves are "central" to Griffin's claims. While some of the information in those filings pertains to Griffin's claims, those filings are by no means "a necessary part of [his] effort to make out a claim." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Further, although the authenticity or existence of those filings are certainly not disputed, some of their contents clearly are. That is, even if the Court were to take judicial notice of the criminal filings, the Government fails to supply authority that would require the Court to deem any of the statements in those filings true, as the Government urges. While the Government may view those filings as central to its argument for dismissal, it fails to convince that those documents are central to Griffin's claims.

may be considered." *Kennedy*, 998 F.3d at 1230. "On a factual attack of subject matter jurisdiction," however, "a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action." *Garcia*, 104 F.3d at 1261. And "[w]hen the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." *Lawrence*, 919 F.2d at 1530.

     As a starting point, there appears to be no dispute that the bases for both subject-matter jurisdiction and as well as the substance of Griffin's claim premised on Littlejohn's wrongful disclosures depend on whether Littlejohn was an employee of the United States. Accordingly, since the jurisdictional basis for the claim is intertwined with its merits, the Court would look to the Rule 56 summary judgment standard to resolve the Government's factual challenge to subject-matter jurisdiction.

     But here, the only purported evidence the Government presents in support of what it says is a factual attack on the Court's jurisdiction are the filings in Littlejohn's criminal case: the information, his plea agreement, and the factual basis for his plea agreement. The Government insists, without identifying any legal authority, that these filings indisputably "establish that the Court lacks subject matter jurisdiction over Count I." (Mot. at 2–3.) The Court is not persuaded. First, the "facts" that the Government seeks to rely on, as set forth the filings, are nothing more than labels and conclusions, designating Littlejohn as a contractor. Second, the Government, without any explanation, impermissibly conflates taking notice of the existence of the filings versus establishing the truth of the matters asserted therein. *C.f. Losch v. Nationstar Mortgage LLC*, 22-12421, 2024 WL 1282459, at *2 (11th Cir. Mar. 26, 2024) ("We have held, for example, that when a court takes judicial notice of a judicial order, it does not do so for the purpose of accepting what is stated in the order as true."). Accordingly, the Court disagrees with the Government's fundamental premise that the criminal filings incontrovertibly "show [Griffin's] allegations are false." (Mot. at 10.) As such, the Court finds the Government's factual attack against jurisdiction, at least as presented in its motion, fails to make it out of the gate as well.

     Whether the evidence ultimately supports the complaint's allegations that Littlejohn was an IRS employee remains to be seen. But, at least for now, the Court finds the Government's challenge to subject-matter jurisdiction falls short.

### B. The Court is in doubt as to its subject-matter jurisdiction over Griffin's alternate theories of relief under count one.

In addition to his claim that the Government is liable for Littlejohn's disclosures based on Littlejohn's status as an IRS employee, Griffin also identifies two other theories of relief: the IRS should not have disclosed Griffin's confidential information to Littlejohn because he was not authorized to receive it; and IRS employees failed to employ appropriate data-security measures. These claims, however, appear to lack facial support.

As the Government points out in reply, Griffin's allegations that Littlejohn was not authorized to receive Griffin's return information are all wholly conclusory, unsupported by any concrete facts. Indeed, all the allegations that Griffin relies on, to support this theory, simply amount to either formulaic recitations of the statutory language at issue or generalized allegations of wrongdoing—neither of which is sufficient to establish that the Government's waiver of sovereign immunity under § 7431 is implicated. *Georgia Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1118 (11th Cir. 2022) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice to satisfy a plaintiff's burden to support the elements of his claim.") (cleaned up); *see also Welch v. Pen Air Fed. Credit Union*, CV 18-00220-B, 2019 WL 4684453, at *5 (S.D. Ala. Sept. 25, 2019) ("Merely mentioning a constitutional provision or a federal statute, without providing factual detail that is comprehensible, is not sufficient to establish federal question jurisdiction.").

The Court finds Griffin's second alternative theory, that the Government is liable for, essentially, failing to prevent Littlejohn from making the disclosures to ProPublica, similarly unavailing. This theory appears to be simply an end-run around the requirement that a United States employee herself must effect the wrongful inspection or disclosure of confidential return information for government liability to attach. Other than facts describing the IRS's allegedly known security failures, however, Griffin supplies no factual allegations or statutory authority that would support Griffin's theory that the IRS's collective failure to safeguard Griffin's information would implicate liability under § 7431.

Because of these concerns, and because the Government raises these issues for the first time in its reply, the Court orders Griffin to show cause why the Court should not dismiss these theories of relief based on a lack of subject-matter jurisdiction.

### C. Griffin has failed to sufficiently allege the damages element of his Privacy Act claim.

Finally, the Government submits Griffin's claim under the Privacy Act must be dismissed because he has failed to allege that the IRS's failure to safeguard his tax information caused him any pecuniary or economic harm. (Mot. at 12–14.) In response, Griffin maintains that he has satisfied the pleading standard by "directly and simply alleg[ing] that [he] 'has and will continue to sustain damages directly traceable to the IRS's violations.'" (Resp. at 24 (quoting 2nd Am. Compl. ¶ 68).) Additionally, says Griffin, "the Government cites no controlling authority holding that a complaint must be dismissed if fails to specify the nature of the actual damages." (Resp. at 24.) Finally, Griffin continues, when drawing all reasonable inferences in his favor, as the Court must on a motion to dismiss, Griffin's allegations of damages should be read to encompass pecuniary or economic harm since he explicitly references the very statute that requires such damages. (*Id.*) After careful review, the Court agrees with the Government.

The parties do not dispute that among the elements a plaintiff must allege to state a valid claim under the Privacy Act is that he suffered "actual damages" because of a Privacy Act violation. (Mot. at 12; *see also* 5 U.S.C. § 552a(g)(4) (providing that the United States will be liable for "actual damages sustained by the individual as a result of the [statutory violation]"); *Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010) (identifying "suffer[ing] actual damages" as an element of a Privacy Act claim). Where the parties' analyses diverge, though, is whether Griffin's allegations are sufficient to satisfy this element under federal pleading standards.

The entire extent of Griffin's damages allegations under his Privacy Act claim are as follows: "Mr. Griffin has and will continue to sustain damages directly traceable to the IRS's violations set forth above. Mr. Griffin is therefore entitled to damages under 5 U.S.C. §§ 552a(g)(1)(D) and (g)(4)." (2nd Am. Compl. ¶ 68.) Section 552a(g)(1)(D), in turn, sets forth that civil remedies are available "[w]henever any agency . . . fails to comply" with the Act's various provisions "in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a(g)(1)(D). And § 552a(g)(4) recites the United States' liability for such violations includes "actual damages sustained by the individual as a result of the [statutory violation]." 5 U.S.C. § 552a(g)(4). Neither party references, nor could the Court itself locate, any other part of the complaint where Privacy Act damages are more specifically addressed.

While Griffin's allegations are enough to raise the possibility of actual damages, the Court finds them insufficient to state a claim for such damages.

Griffin has done nothing "more than recite these statutory elements in conclusory fashion." *Speaker*, 623 F.3d at 1381. Between not specifying what his actual damages are and failing to supply any facts connecting those damages, whatever they might be, to the IRS's alleged Privacy Act violations, Griffin fails to set forth a plausible claim for relief.

In insisting that his allegations suffice, Griffin points out that, in evaluating a motion to dismiss, the Court must make all reasonable inferences in his favor. (Resp. at 24 (citing *Kumar v. KRS Glob. Biotechnology, Inc.*, 21-80151-CIV, 2021 WL 4427456, at *2 (S.D. Fla. Sept. 27, 2021) (Matthewman, Mag. J.)).) While that is certainly true, allegations—like Griffin's—that "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Accordingly, the Court disagrees with Griffin's argument that the Court can readily infer, without a single factual allegation, that Griffin has suffered actual damages as a result of the IRS's violations. *See id.* ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). *Williams v. U.S. Citizenship & Immigration Services ("USCIS")*, 23-CV-61124, 2023 WL 8079947, at *6 (S.D. Fla. Nov. 21, 2023) (Altman, J.) ("Since the Plaintiff has advanced only bare, conclusory allegations under the Privacy Act, his Amended Complaint fails to state a claim."), *appeal dismissed sub nom. Williams v. United States Citizenship & Immigration Services*, 23-14154, 2024 WL 808684 (11th Cir. Feb. 27, 2024).

So, while the Court agrees with Griffin that his complaint alludes to actual damages, the Court agrees with the Government that the mere mention of such damages, without more, is insufficient to support a claim under the Privacy Act.

### 4. Conclusion

Based on the foregoing, the Court denies the Government's motion to dismiss count one based on a lack of subject-matter jurisdiction. To the extent discovery reveals there is no dispute as to any material facts relating to Littlejohn's employment status, this issue can be resolved through summary judgment. Conversely, if questions of fact remain, the employment issue, and therefore the Court's subject-matter jurisdiction, will require resolution by a factfinder through trial. *See Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008) ("Jurisdiction becomes intertwined with the merits of a cause of action when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.") (cleaned up).

On the other hand, the Court orders Griffin to show cause, on or before **May 3, 2024**, why the Court should not dismiss his § 6103 claim—based on a

lack of subject-matter jurisdiction—to the extent he relies on the alternate theories of relief he describes in his response.

Finally, the Court grants the Government's motion to dismiss count two, under the Privacy Act. This dismissal, on the merits, is without leave to amend. The Court denies Griffin's cursory request to amend, inserted as an afterthought, at the end of his response to the Government's motion to dismiss. (Resp. at 24.) As the Court previously advised Griffin, "requesting leave to amend in this manner, as an afterthought and without any support, is both procedurally and substantively defective." (Order at 2 n. 1, ECF No. 79 (citing *Newton v. Duke Energy Florida, LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") and *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") (noting also that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (cleaned up)).) Additionally, the deadline to amend has long since passed, rendering Griffin's request untimely as well. Lastly, Griffin has already amended his complaint twice, each time failing to supply facts supporting his claim for damages under the Privacy Act.

In sum, then, the Court **denies** the motion **in part and grants it in part** (**ECF No. 58**), thus **dismissing count two** and ordering Griffin to **show cause** on or before **May 3, 2024**, as to the alternate theories he says support count one.

The Court orders the Government to answer count one of Griffin's complaint on or before **April 29, 2024**. To the extent some allegations pertain only to Griffin's alternate theories of relief as to count one, the Government should assume, for now, the viability of those theories in its answer.

**Done and ordered**, in Miami, Florida, on April 22, 2024

_____
Robert N. Scola, Jr.
United States District Judge