IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REVISED NOTICE OF HEARING (VIA ZOOM)**

PLEASE TAKE NOTICE that a hearing on discovery matters will be held before Magistrate Judge Jonathan Goodman on May 3, 2024 at 3:30 PM EST via Zoom. The discovery matters to be heard include:

- Whether Plaintiff is required to respond to Interrogatory Nos. 5 through 13 by identifying the facts, documents, and persons with knowledge that support contentions in Plaintiff's second amended complaint?

Copies of the relevant source documents were previously emailed to Chambers consistent with the procedures set forth in Magistrate Judge Goodman's Discovery Procedures Order. *See* ECF No. 16 at 4.

On April 22, 2024, the Court entered an order granting in part, and denying in part the United States' motion to dismiss. ECF No. 108. The order dismissed Plaintiff's Privacy Act claim and allowed his wrongful disclosure claim under I.R.C. § 7431(a)(1) to move forward. *Id.* That same day, the Court entered a paperless order requiring the Government to confer with Plaintiff's counsel in an effort to agree on whether the discovery hearing is still necessary in light

of the Court's order regarding the United States' motion to dismiss. ECF No. 109. Defense counsel conferred with Plaintiff's counsel by phone on April 25, 2024 regarding this issue. The parties were unable to resolve their discovery dispute or reach an agreement about the discovery hearing. Plaintiff's counsel advised that they believe the hearing should be postponed in light of the Court's order. Defense counsel maintains that the discovery hearing is still necessary because the discovery dispute concerns Plaintiff's claim that survived the motion to dismiss, specifically Plaintiff's allegations that Charles Littlejohn, a contractor, may be considered an "employee" under I.R.C. § 7431(a)(1) and his alternative theories for relief on his wrongful disclosure claim.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Undersigned counsel conferred with Plaintiff's counsel by phone on April 25, 2024, in a good-faith effort to resolve by agreement the issue raised herein but were unable to reach any resolution of the issue.

Dated: April 26, 2024                                  Respectfully Submitted

DAVID A. HUBBERT
Deputy Assistant Attorney General

***Mary Elizabeth Smith***
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
BEATRIZ T. SAIZ
New Jersey Bar No. 024761995
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-307-2089 (v) | 202-514-4963 (f)
Mary.E.Smith@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov
Beatriz.T.Saiz@usdoj.gov
*Counsel for the United States*


Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Trial Attorney
U.S. Dept. of Justice, Tax Division