IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ANSWER TO SECOND AMENDED COMPLAINT**

Pursuant to the Court's Order Denying in Part and Granting in Part the United States' Motion to dismiss (ECF No. 108), the United States answers count one of Griffin's Second Amended Complaint (ECF No. 55) as follows:

**FIRST DEFENSE**

The United States has not waived sovereign immunity under 26 U.S.C. § 7431 for unlawful disclosure of return or return protected by 26 U.S.C. § 6103 if the individual who made the disclosure is not an officer or employee of the United States.

**SECOND DEFENSE**

THE UNITED STATES FURTHER ANSWERS[1] AND RESPONDS to the corresponding numbered paragraphs of the complaint as follows:

[1] Parties are required to provide allegations in pleadings in numbered paragraphs. Fed. R. Civ. P. 10. The United States' Answer responds only to those allegations that comply with Rule 10 and does not include a response the unnumbered allegations contained on pages one and two of the complaint. To the extent a response is required, the United States admits that Charles Littlejohn ("Littlejohn") disclosed Mr. Griffin's return or return information but denies the remaining allegations including that Littlejohn was an IRS employee.

1. The United States admits that footnote two of paragraph one includes a hyperlink to an article written by ProPublica that purports Mr. Griffin is a top wage earner. The United States lacks sufficient information or knowledge to admit or deny the remaining allegations contained in the paragraph.

2. The United States lack sufficient information or knowledge to admit or deny the first sentence of paragraph two. Denies the remaining allegations contained in the paragraph.

3. The United States admits that Littlejohn violated 26 U.S.C. § 6103 by unlawfully disclosing confidential return or return information to ProPublica but denies the remaining allegations contained in the paragraph, including the characterization that Littlejohn is included as IRS personnel.

4. The United States admits that in or around September 2020 Charles Littlejohn was in contact with ProPublica and disclosed to ProPublica return or return information protected by 26 U.S.C. § 6103. It also admits that the quoted language contained in paragraph four appears in the ProPublica article hyperlinked to footnote three of the paragraph. The United States denies the remaining allegations contained in the paragraph.

5. The United States denies that the IRS or IRS personnel unlawfully disclosed return or return information protected by 26 U.S.C. § 6103 or that it violated the Privacy Act. The United States lack sufficient information or knowledge to admit or deny the remaining allegations contained in the paragraph.

6. The United States admits the first sentence and admits that the language quoted in the second sentence appears in the ProPublica article that is hyperlinked in footnote five of paragraph six. The United States denies the remaining allegations contained in the paragraph.

7. The United States lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence of paragraph seven. The United States denies the remaining allegations contained in the paragraph.

8. The United States admits the first sentence of paragraph eight. The United States further admits that TIGTA conducts an annual assessment and report on the adequacy and security of IRS information technology as required by the IRS Restructuring and Reform Act of 1998. Admits the quoted language contained in the paragraph appears in the TIGTA annual report cited in footnote six of the paragraph. Denies the remaining allegations contained in the paragraph.

9. The United States admits that TIGTA conducts annual assessment and produces reports with recommendations regarding the adequacy and security of IRS information technology as required by the IRS Restructuring and Reform Act of 1998. It also admits the quoting language contained in the paragraph appear in the TIGTA report cited in the paragraph's footnotes. The United States denies the remaining allegations contained in the paragraph.

10. The United States admits that footnote thirteen in paragraph ten contains a hyperlink to a letter from Congressman Kevin Brady and Senator Mike Crapo to the Honorable Janet Yellen. Admits that language quoted in the paragraph appears in the letter. The United States denies the remaining allegations contained in the paragraph.

11. The United States denies the first sentence of paragraph eleven. It denies the language contained in the brackets in the second sentence of the paragraph appears or reflects the TIGTA report cited in footnote fourteen of the complaint, but the United States admits the remaining language quoted in in the second sentence appears in the citied TIGTA report. The United States admits the quoted language contained in sentence three of the paragraph appears in

the TIGTA report cited in footnote fifteen. It also admits that the quoted language contained in sentences four, five, and six of the paragraph appear in the TIGTA reported cited in footnotes sixteen through nineteen. The United States denies the remaining allegations contained in the paragraph.

12. The United States denies the language contained in the brackets but admits the remaining quote language contained in paragraph 12 appears in the GAO report cited in footnotes twenty through twenty-two. The United States denies the remaining allegations contained in the paragraph.

13. Denies.

14. The United States denies that ProPublica received information from the IRS as the disclosures were made by Littlejohn, not the IRS. The United States lacks sufficient information or knowledge to admit or deny the remainder of the first clause of the first sentence in paragraph fourteen. The United States admits the remaining allegations contained in the paragraph.

15. The United States denies the first and third sentences of paragraph fifteen; admits the second sentence except the United States denies the characterization that ProPublica received confidential return information from the IRS; and denies the remaining allegations contained in the paragraph.

16. Admits the 26 U.S.C. § 6103 requires taxpayer information be kept confidential and that § 7431 provides civil remedies against the United States if an officer or employee of the United States unlawfully discloses or inspects taxpayer return information, and civil remedies against any person who is not an employee of the United States who unlawfully discloses or inspects return information. The United States denies that 26 U.S.C. § 7431 allows suit against the IRS as an agency. It admits that Griffin seeks the Court to provide damages and injunctive

relief but denies he is entitled to such relief. The United States denies the remaining allegations contained in the paragraph.

## JURISDICTION AND VENUE

17. Denies.

18. Admits.

## THE PARTIES[26]

Response to unnumbered allegations in footnote 26: Denies that the United States has waived sovereign immunity under 26 U.S.C. § 7431(a)(1) and that the United States is the proper defendant in the now-dismissed Privacy Act claim.

19. Admits.

20. The United States admits that the U.S. Department of the Treasury is an Executive Department of the United States and oversees the IRS and TIGTA. It denies that the Treasury Department is a proper defendant in a suit brought under 26 U.S.C. § 7431.

21. The United States admits that the Internal Revenue Service is a bureau of the U.S. Department of the Treasury and is responsible for the administration and enforcement of the Internal Revenue Code. It denies that the Internal Revenue Service is a proper defendant in a suit brought under 26 U.S.C. § 7431.

22. The United States admits that Charles Edward Littlejohn is an "IRS contractor" (i.e. a person who works for a company who contracts with the IRS). It further admits that Littlejohn was an IRS contractor during the timeframes contained in paragraph twenty-two. The United States denies Littlejohn worked directly for the IRS.

23. Denies.

24. The United States denies the first two sentences of paragraph twenty-four. It admits the quoted language contained in paragraph 24 appears in the IRM provisions cited in footnotes 30 and 31. It also admits the final sentence of the paragraph for employees and avers that for contractors, the willful unauthorized access or inspection of taxpayer records can result in removal from the contract. The United States denies the remaining allegations.

**FACTUAL ALLEGATIONS**

25. Admits.

26. The United States admits that the quoted language contained in paragraph twenty-six appears in the TIGTA report cited in footnote thirty-two. Denies the remaining allegations contained in the paragraph.

27. The United States admits the IRS used Microsoft Active Directory (Microsoft AD) services for its data security systems for the time periods covered in the TIGTA reports. The United States further admits that the TIGTA report cited states that Microsoft AD is used to enforce the Internal Revenue Manual and operational standards for all Windows laptops, desktops, servers, user accounts, and service accounts. The United States denies the remaining allegations in paragraph 27, including any allegation that IRS officers or employees and IRS systems failed to protect Mr. Griffin's confidential taxpayer information.

28. The United States admits that the quoted language in the first, second and third sentences of paragraph twenty-eight appear in the TIGTA report cited in footnotes thirty-six through thirty-eight but denies the remaining allegation contained in those sentences. The United States admits the remaining allegations contained in the paragraph.

29. The United States admits the first two sentences in paragraph 29. The United States admits that TIGTA concluded that as a result of improperly secured computer rooms, the

IRS cannot ensure that sensitive taxpayer information is being adequately protected. The United States denies the remaining allegations in paragraph 29.

30. The United States denies the first sentence of paragraph thirty and admits the second sentence. As to the first bullet point, the United States admits that two out of five Cybersecurity Framework function areas that TIGTA examined in its report were deemed "not effective" but denies the remaining allegations contained in the bullet point. As to the second bullet point, the United States admits that in fiscal year 2020 TIGTA performed site visits at six IRS locations to evaluate the physical security controls protecting the computer rooms housing Integrated Submission and Remittance Processing domain controllers; admits the quoted language is contained in the reports; denies the remaining allegations contained in the second bullet point. The United States admits as to the third and fourth bullet point.

31. The United States denies the first sentence of paragraph thirty-one; admits the second sentence; and denies the third sentence. The United States admits that a September 14, 2022 TIGTA reports states that the IRS's "current processes do not ensure that recommended minimum security countermeasures are tracked and considered" and admits the same report states "The IRS's process for documenting the tracking and monitoring of recommended countermeasures was not effective because the IRS does not consistently use a centralized system to track physical security countermeasure recommendations, approvals, implementation actions, and associated costs." The United States denies the remaining allegations contained in the paragraph.

32. The United States denies the first sentence of paragraph thirty-two. It admits sentence two except denies that Mr. Littlejohn was an employee of the IRS. The United States admits that the IRS monitors and removes access to confidential tax return information if

employees or contractors do not keep up to date with the required annual training but denies the remaining allegations in sentence three. The United State admits that the quoted language contained in sentence four appears in the GAO report cited in footnote fifty-four, but denies the remaining allegations contained in sentence four. The United States denies the remaining allegations contained in the paragraph.

33. The United States admits that the quoted language appears in the cited reports but denies the descriptions Mr. Griffin adds to the quoted material and denies the implications that arise from choosing selective quotations while omitting key material. Specifically, the United States denies that the IRS is "obligated" to develop Plans of Action and Milestones described in sentence one. The United States admits the allegations in sentence two. The United States admits that the language quoted in sentences three and four appear in the TIGTA report but denies the remaining allegations contained in the paragraph.

34. Denies.

35. The United States admits that Littlejohn willfully and unlawfully accessed and disclosed tax return information, including Mr. Griffin's return information, to ProPublica. The United States denies the remaining allegations contained in the paragraph.

36. Denies.

37. The United States admits the first sentence of paragraph thirty-seven and that Littlejohn, unlawfully disclosed Mr. Griffin's and thousands of others' confidential return information to ProPublica on a personally owned storage device between September 2020 and November 2020. The United States denies the remaining allegations contained in the paragraph.

38. The United States admits the first sentence of paragraph thirty-nine. The United States admits the quoted language contained in paragraph thirty-eight appears in the ProPublica

article cited in footnotes sixty-six and sixty-seven. The United States lacks sufficient information or knowledge to admit or deny the remaining allegations contained in the paragraph.

39. The United States admits that the quoted language contained in paragraph thirty-nine appears in the letter cited in footnote sixty-eight. The United States lacks sufficient information or knowledge to admit or deny the remaining allegations contained in the paragraph.

40. The United States admits that the quoted language contained in paragraph forty appears in the letter citing in footnote seventy-one. The United States also admits that the criminal information charging Littlejohn for unlawful disclosure of return or return information was filed more than two years after ProPublica first published articles with information it claimed contained taxpayer return or return information. The United States denies the remaining allegations contained in the paragraph.

**COUNT I**

**<u>Violations of 26 U.S.C. § 6103 – Willful or Grossly Negligent Unauthorized Disclosure</u>**

41. The United States incorporates by reference each of the proceeding answers.

42. Paragraph forty-two is a statement of law to which no response is required. To the extent a response is required, admits.

43. The United States admits that the IRM defines the term "employee" to include "all contractors who have staff-like access" for purposes of IRM section 10.5.5 but denies the term applies to 26 U.S.C. § 7431(a)(1) and avers that the IRM is neither mandatory nor binding on the IRS or taxpayers.

44. The United States admits that the IRM defines the term "staff-like access" for purposes of IRM section 10.5.5 to mean "when a contracted individual is granted access to IRS facilities or IRS systems, or has opportunity to be exposed to IRS information" but denies the

term applies to 26 U.S.C. § 7431(a)(1) and avers that the IRM is neither mandatory nor binding on the IRS or taxpayers.

45. Paragraph forty-five is a statement of law to which no response is required. To the extent a response is required, admits.

46. Paragraph forty-six is a statement of law to which no response is required. To the extent a response is required, denies.

47. Paragraph forty-seven is a statement of law to which no response is required. To the extent a response is required, the United States admits that 26 U.S.C. § 7431(a)(1) provides taxpayer a private right of action against the United States if any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information in violation of any provision of 26 U.S.C. § 6103 and that 26 U.S.C. § 7431(a)(2) provides that if any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of 26 U.S.C. § 6103, such taxpayer may bring a civil action for damages against such person in a district court of the United States.

48. Paragraph forty-eight is a statement of law to which no response is required. To the extent a response is required, admits.

49. Paragraph forty-nine is a statement of law to which no response is required. To the extent a response is required, admits.

50. Paragraph fifty is a statement of law to which no response is required. To the extent a response is required, admits.

51. The United States admits that Littlejohn violated 26 U.S.C. § 6103 by unlawfully disclosing return or return information, including Mr. Griffin's information, to ProPublica in the

time frame identified in the paragraph. Denies that Littlejohn was an IRS employee and denies the IRS or IRS officers or employees violated 26 U.S.C. § 6103.

52. Denies.

53. Denies.

54. Denies.

55. Denies.

56. Denies.

57. Denies.

58. Denies.

59. Denies.

60. Denies.

WHEREFORE, the United States prays that Mr. Griffin take nothing on his second amended complaint; that the Court dismiss his second amended complaint for lack of jurisdiction; and that the Court grant such other relief as it deems appropriate.

(*Signatures on next page*)

Dated: April 29, 2024

Respectfully Submitted

DAVID A. HUBBERT
Deputy Assistant Attorney General

***Stephanie A. Sasarak***
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
BEATRIZ T. SAIZ
New Jersey Bar No. 024761995
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-2089 (v) | 202-514-4963 (f)
Mary.E.Smith@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov
Beatriz.T.Saiz@usdoj.gov
*Counsel for the United States*

Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

***Stephanie A. Sasarak***
STEPHANIE A. SASARAK
Trial Attorney
U.S. Dept. of Justice, Tax Division