**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:22-cv-24023-SCOLA/GOODMAN**

KENNETH C. GRIFFIN,

      Plaintiff,

         v.

INTERNAL REVENUE SERVICE and U.S.
DEPARTMENT OF THE TREASURY,

      Defendants.

**<u>PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [ECF 108]</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ...................................................................................................................... 4

LEGAL STANDARD .............................................................................................................. 5

ARGUMENT ........................................................................................................................... 6

I.      This Court Has Subject Matter Jurisdiction Over Mr. Griffin's Alternative
Theories Of Relief. ...................................................................................................... 6

       A.    Mr. Griffin has adequately alleged that IRS employees unlawfully
disclosed Mr. Griffin's return information to Mr. Littlejohn in violation of
Section 6103(n). ................................................................................................. 6

       B.    Mr. Griffin has adequately alleged that IRS employees unlawfully
disclosed Mr. Griffin's return information by willfully failing to employ
appropriate data-security measures. ................................................................. 9

II.     This Court Has Subject Matter Jurisdiction To Adjudicate Mr. Griffin's Section
7431(a)(1) Unlawful Disclosure Claim, And Therefore Should Not Dismiss
Alternative Theories Of Relief Under That Same Claim. ..................................... 11

III.    Discovery Has Already Begun To Confirm Mr. Griffin's Alternative Theories Of
Liability. ..................................................................................................................... 12

       A.    Discovery has provided information previously solely in the possession of
the Government supporting Mr. Griffin's alternative theories. ....................... 13

       B.    The Government continues to withhold discovery, which may yield
information relevant to Mr. Griffin's alternative theories. ............................. 14

CONCLUSION ...................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### <u>Cases</u>

*Adinolfe v. United Techs. Corp.*,
    768 F.3d 1161 (11th Cir. 2014) ...................................................................................... 12

*Allstate Ins. Co. v. James*,
    779 F.2d 1536 (11th Cir. 1986) ..................................................................................... 11

*BBL, Inc. v. City of Angola*,
    809 F.3d 317 (7th Cir. 2015) ......................................................................................... 11

*Bancroft Glob. Dev. v. United States*,
    330 F. Supp. 3d 82 (D.D.C. 2018) ................................................................................. 7

*Brownback v. King*,
    592 U.S. 209 (2021) .................................................................................................... 2, 5

*Campbell v. District of Columbia*,
    972 F. Supp. 2d 38 (D.D.C. 2013) ............................................................................... 12

*Fostvedt v. U.S., I.R.S.*,
    824 F. Supp. 978 (D. Colo. 1993) .................................................................................. 8

*Kothmann v. Rosario*,
    558 F. App'x 907 (11th Cir. 2014) ............................................................................... 12

*Morrison v. Amway Corp.*,
    323 F.3d 920 (11th Cir. 2003) ....................................................................................... 8

*Strong v. United States*,
    No. 98-1452, 1998 WL 990581 (W.D. La. Dec. 10, 1988) ........................................... 7

*United States v. Orlando Reg'l Healthcare Sys., Inc.*,
    524 F.3d 1229 (11th Cir. 2008) .................................................................................. 5, 6

*United States v. Zak*,
    481 F. Supp. 3d 1305 (N.D. Ga. 2020) ................................................................ 7, 8, 11

*Winstead v. Lafayette Cty. Bd. Of Cty. Comm'rs*,
    197 F. Supp. 3d 1334 (N.D. Fla. 2016) .............................................................. 2, 11, 12

## **Statutes & Rules**

5 U.S.C. § 552a ....................................................................................................3, 5, 9

26 U.S.C. § 6103 ....................................................................................................... *passim*

26 U.S.C. § 7431(a)(1) ............................................................................................. *passim*

Federal Rule of Civil Procedure 8 ................................................................................ 11

Federal Rule of Civil Procedure 12 ...........................................................................5, 11

## **Other Authorities**

26 C.F.R. § 301.6103(n)-1 ...........................................................................................1, 4

Plaintiff Kenneth C. Griffin ("Mr. Griffin"), in accordance with this Court's April 22, 2024 order to show cause ("Order," ECF 108 at 10-11), respectfully submits that this Court has subject matter jurisdiction to adjudicate Mr. Griffin's alternative theories of relief pursuant to the United States' waiver of sovereign immunity under 26 U.S.C. § 7431(a)(1), and thus this Court should refrain from dismissing these alternative theories of relief.

## PRELIMINARY STATEMENT

In his Second Amended Complaint (ECF 55, "SAC"), Mr. Griffin alleged a single count of unlawful disclosure by an "officer or employee of the United States" in violation of 26 U.S.C. § 6103 ("Count One"), supported by three separate theories of liability. *See* SAC ¶¶ 41-60. In its order denying Defendants Internal Revenue Service ("IRS") and the Department of the Treasury's (collectively with the IRS, the "Government") motion to dismiss Mr. Griffin's unlawful disclosure claim, this Court properly concluded that it has subject matter jurisdiction over Count One. At the same time, the Court raised questions regarding Mr. Griffin's two alternative theories of relief under that same Count: *first*, that IRS employees violated the statutory requirements of Section 6103(n)[1] when they disclosed Mr. Griffin's confidential tax return information to Charles Edward Littlejohn ("Mr. Littlejohn"), and *second*, that IRS employees violated Section 6103 by facilitating the disclosure of Mr. Griffin's confidential tax return information to ProPublica through their systematic and intentional failure to establish data security safeguards intended to protect against precisely this manner of unlawful disclosure.

Under both alternative theories of relief, it is the conduct of an "officer or employee of the United States" other than Mr. Littlejohn that gives rise to Mr. Griffin's unlawful disclosure claim

---

[1] *See also* 26 C.F.R. § 301.6103(n)-1(b)(2), as cited in paragraph 46 and fn. 77 of the SAC.

under Section 7431(a)(1).  Accordingly, this Court has subject matter jurisdiction to adjudicate Mr. Griffin's alternative theories of relief because, "[a]s the Government explains, the United States has waived its sovereign immunity for lawsuits brought by taxpayers aggrieved by the wrongful disclosure of confidential information by an officer or employee of the United States" through Section 7431(a)(1).[2]  To the extent the Government wishes to parse the underlying theories for Mr. Griffin's Section 7431(a)(1) claim and have one or the other dismissed for lack of supporting evidence, any such determination by this Court should await development of the record and be taken up on summary judgment.

In addition to the Government's own admissions that it waived sovereign immunity for unlawful disclosure claims against officers and employees of the United States under Section 7431(a)(1), there are three additional and independent bases on which the Court should refrain from dismissing Mr. Griffin's alternative theories of relief for his Section 7431(a)(1) claim.

As an initial mater, this Court already determined that Mr. Griffin's pleading suffices to confer subject matter jurisdiction over the Section 7431(a)(1) claim, and thus the Court need not adjudicate alternative theories of liability for that same claim.  Under the Federal Rules of Civil Procedure, while *claims* may be dismissed at the pleadings stage, *theories* that support already-viable claims should not be.  *See, e.g.*, *Winstead v. Lafayette Cty. Bd. of Cty. Comm'rs*, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016) ("[D]ismissal of theories (as opposed to claims) is inappropriate at the motion to dismiss stage.").

Moreover, "[d]ismissal for lack of subject-matter jurisdiction is proper only when the claim is so completely devoid of merit as not to involve a federal controversy."  *Brownback v. King*, 592 U.S. 209, 217 (2021) (internal quotations omitted).  As to the first alternative theory, the allegations

---

[2]  *See* ECF 108 at 5 (internal citation omitted).

in the SAC detail how IRS employees unlawfully disclosed Mr. Griffin's return information to Mr. Littlejohn when they failed to comply with the requirements of Section 6103(n) by providing Mr. Littlejohn with greater access than necessary to "reasonably, properly, and economically perform[] his work," SAC ¶ 56 & n.77, including access to "the confidential tax return information of thousands of the nation's wealthiest people, covering more than 15 years," *id.* ¶¶ 3-4, 38. These facts, as alleged and taken as true—and indeed, discovery thus far has shown that the allegations as written squarely align with undisputed events as they occurred—state a claim for relief.

As to the second alternative theory, Mr. Griffin has plausibly alleged—again, in ways that align with undisputed facts and longstanding criticism of the IRS's laxness—that the IRS willfully failed to employ appropriate data security measures, such as encryption mechanisms, that would have impeded Mr. Littlejohn's ability to misappropriate Mr. Griffin's return information, and thus unlawfully disclosed return information. Indeed, the Treasury Inspector General for Tax Administration ("TIGTA") has repeatedly warned the IRS that "Security of Taxpayer Data and Protection of IRS Resources" was the agency's "number one major management and performance challenge area." SAC ¶ 26; *see also id.* ¶¶ 8-12, 27-33. Yet over more than a decade, the IRS willfully failed to remedy these critical security vulnerabilities. With respect to this theory, the Government itself has made clear it is sufficiently grounded in the statute by arguing that Mr. Griffin's Privacy Act claim—arising from the same facts—was preempted and that Section 7431(a)(1) was the only available means for relief. *See* ECF 23 at 5-8. It cannot be the case that the same claim simultaneously falls *within* Section 7431(a)(1) for purposes of triggering preemption but *outside* the statute for purposes of being dismissed.

*Finally*, it would be inequitable to dismiss Mr. Griffin's theories of relief because the limited discovery provided by the Government to date has already done much to confirm them.

For example, Mr. Littlejohn testified that he had unlimited access to taxpayer information despite needing only a subset of information to perform his job.  Mr. Littlejohn's access patently exceeded the scope of permissible disclosure under 26 C.F.R. § 301.6103(n)-1 because it was not "necessary to reasonably, properly, or economically perform the contract."  Importantly, the Government has refused and continues to refuse to cooperate in discovery, and has—18 months into this litigation—produced only 4,165 documents while concealing and withholding key evidence.

Accordingly, this Court should deny, in full, the Government's motion to dismiss Count One—Mr. Griffin's Section 7431(a)(1) unlawful disclosure claim—because this Court undoubtedly has subject matter jurisdiction to adjudicate this claim under each of the alternative theories of liability alleged by Mr. Griffin, and because the Court has already determined it has subject matter jurisdiction over that Count in its Order.

## BACKGROUND

In addition to the theory that Mr. Littlejohn was himself an "employee of the United States" within the meaning of Section 7431(a)(1)—which the Court already sustained—Mr. Griffin alleges two alternative theories of liability under Section 7431(a)(1).  First, IRS employees unlawfully disclosed Mr. Griffin's confidential tax return information to Mr. Littlejohn in violation of Section 7431(a)(1) by failing to observe statutory requirements for disclosing return information to IRS contractors under Section 6103(n).  *See* SAC ¶¶ 45-46, 56 & n.77, 57.  Second, IRS employees failed to comply with data-security requirements, leading to the unlawful disclosure of Mr. Griffin's confidential return information to ProPublica.  *See id.* ¶¶ 25-36, 51-52.

The Government moved to dismiss Count One, Mr. Griffin's unlawful disclosure claim, on the sole basis that the Court lacked subject matter jurisdiction.  *See* ECF 74.  The Court has already rejected this argument and properly determined it has subject matter jurisdiction over Mr. Griffin's unlawful disclosure claim.  *See* ECF 108 at 5-7.  Unlike the Government's motion to

dismiss Mr. Griffin's Privacy Act claim, the Government did not move to dismiss Mr. Griffin's unlawful disclosure claim under Federal Rule of Civil Procedure 12(b)(6).  And, in its motion to dismiss Mr. Griffin's unlawful disclosure claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Government failed to raise, let alone challenge, either of these alternative theories of relief.

## LEGAL STANDARD

This Court has subject matter jurisdiction to adjudicate Mr. Griffin's alternative theories of relief under his Section 7431(a)(1) unlawful disclosure claim because the factual allegations in the SAC, taken as true, sufficiently allege a basis for this Court's subject matter jurisdiction—*i.e.*, that conduct of the officers or employees of the United States was ultimately responsible for the unlawful disclosure of Mr. Griffin's confidential return information both to Mr. Littlejohn and to ProPublica.  *See United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) (per curiam) (internal citation and quotations omitted) (in determining whether a plaintiff has made out a facial pleading of subject matter jurisdiction, the Court "is required merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true").  Indeed, dismissal for lack of subject matter jurisdiction is proper "only when the claim is so completely devoid of merit as not to involve a federal controversy."  *Brownback*, 592 U.S. at 217 (alterations adopted) (internal quotations omitted).

## ARGUMENT

**I.      THIS COURT HAS SUBJECT MATTER JURISDICTION OVER MR. GRIFFIN'S ALTERNATIVE THEORIES OF RELIEF.**

Mr. Griffin "sufficiently alleged a basis of subject matter jurisdiction" over his alternative theories for relief under Count One.  *See Orlando Regional Healthcare Sys., Inc.*, 524 F.3d at 1232.

Indeed, Section 7431(a)(1) provides an express waiver of sovereign immunity where "any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103." 26 U.S.C. § 7431(a)(l). Section 6103, in turn, provides that "[r]eturns and return information shall be confidential, . . . except as authorized by this title." 26 U.S.C. § 6103(a). For each of Mr. Griffin's alternative theories of liability, the SAC adequately alleges that officers or employees of the United States unlawfully disclosed Mr. Griffin's return information in violation of Section 6103. Accepting those allegations as true, the facts alleged in Mr. Griffin's SAC state a claim for relief under Section 7431(a)(1) under each theory.

### A. Mr. Griffin adequately alleged that IRS employees unlawfully disclosed Mr. Griffin's return information to Mr. Littlejohn in violation of Section 6103(n).

The SAC adequately alleges that IRS employees unlawfully disclosed Mr. Griffin's return information *to Mr. Littlejohn* in violation of Section 6103(n) such that this Court has subject matter jurisdiction to adjudicate Mr. Griffin's claim pursuant to the Government's waiver of sovereign immunity under Section 7431(a)(1). Specifically, the SAC alleges that IRS employees provided Mr. Littlejohn with access to "the confidential tax return information of thousands of the nation's wealthiest people, covering more than 15 years." SAC ¶¶ 3-4, 38. As alleged in the SAC, this expansive disclosure violated Section 6103(n) because "Mr. Littlejohn could have reasonably, properly, and economically performed his work for the IRS with only parts or portions of Mr. Griffin's confidential return information" and "Mr. Littlejohn's work for the IRS would not have been seriously impaired if Mr. Griffin's taxpayer identity information were deleted from his returns prior to their disclosures to Mr. Littlejohn." *Id*. ¶ 56 & n.77; *see also id*. ¶¶ 45-46, 52, 57.

Courts analyzing Section 7431(a)(1) claims have consistently determined that this level of detail is adequate to state a claim. For example, in *Bancroft Glob. Dev. v. United States*, plaintiffs

alleged, "on information and belief" "that the IRS and FBI must have disclosed . . . confidential tax return information" to a particular individual, as evidenced by that individual's knowledge of the return information.  330 F. Supp. 3d 82, 101-02 (D.D.C. 2018).  Although the complaint failed to "specifically allege[] who made the disclosure, or when," the court denied the Government's motion to dismiss, finding that these allegations were sufficient to permit defendants to "formulate a defense and gather evidence to rebut this claim," and noted that "the dates on which such disclosures took place [were] peculiarly within the Government's control."  *Id*.; *see also United States v. Zak*, 481 F. Supp. 3d 1305, 1311 (N.D. Ga. 2020) (explaining that a plaintiff may allege an unlawful disclosure claim "on information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible" (internal quotations omitted)).

Like the plaintiff in *Bancroft*, Mr. Griffin has thus adequately alleged "to whom [the disclosures] were made, the nature of the disclosures, [and] the circumstances surrounding them." *See Zak*, 481 F. Supp. 3d at 1311.  Although Mr. Griffin did not name individual IRS employees responsible, he specifically alleged that the disclosures were made to Mr. Littlejohn, that the nature of the disclosures was providing unfettered access to tax return information for a specific subset of individuals (including Mr. Griffin's tax return information), and that such sweeping and unabated access was not "necessary" and thus violated Section 6103(n).  *See Strong v. United States*, No. 98-1452, 1998 WL 990581, at *2-3 (W.D. La. Dec. 10, 1988) (concluding that complaint alleging plaintiff's return information was the subject of "gossip[]" among IRS employees provided "sufficient facts from which the Government c[ould] infer and [be] put on notice" despite failure to "specify who made the alleged improper disclosures to whom, what information was disclosed, and when disclosures were made"); *see also Zak*, 481 F. Supp. at 1311

(explaining that allegations should "allow the Government to analyze the alleged disclosure and determine whether it fell into one of the exceptions provided for in the statute").

The allegations in the SAC amply enable the Government to "formulate a defense and gather evidence to rebut" Mr. Griffin's theory that the IRS disclosed information to Mr. Littlejohn beyond what was authorized by Section 6103(n).  Indeed, the Government has *already* asserted its argument that these disclosures were permissible under 6103(n).  *See* ECF 78 at 7 (arguing that Mr. Littlejohn was authorized to access Mr. Griffin's return information for purposes of tax administration); *see also Fostvedt v. United States*, 824 F. Supp. 978, 986 (D. Colo. 1993) (dismissing unlawful disclosure claim where allegations left the government "unable to formulate a defense" or determine "what discovery it should produce" and rendered the Court "unable to establish whether the government ha[d] waived its immunity to suit").  The Government did not even challenge this theory until its reply, arguing that Mr. Griffin's allegations fall outside the scope of § 7431(a)(1) because Mr. Littlejohn was properly authorized to access such IRS information under Section 6103(n).  ECF 78 at 7.  Yet, like the Government's argument that Mr. Littlejohn was not an "employee of the United States," this argument presents a "factual attack against jurisdiction," *see* ECF 108 at 7, and therefore is properly reserved for the finder of fact. *Morrison v. Amway Corp.*, 323 F.3d  920, 929-30 (11th Cir. 2003).

## B.   Mr. Griffin has adequately alleged that IRS employees unlawfully disclosed Mr. Griffin's return information by willfully failing to employ appropriate data-security measures.

Separately, the SAC also adequately alleges that IRS employees disclosed Mr. Griffin's return information in violation of Section 6103 through the IRS's willful failure to employ adequate data-security measures.  *See* SAC ¶¶ 25-36, 51-52.  The SAC describes in detail numerous TIGTA and GAO reports that "put the IRS on notice for a decade" that its data-security systems were deficient, *see id.* ¶¶ 8-12, 26-33, and alleges that the IRS's willful "failure to establish

8

appropriate administrative, technical, and physical safeguards over its systems of records" directly led to the disclosure of Mr. Griffin's return information to ProPublica, *id.* ¶¶ 34, 52. As alleged in the SAC, "Mr. Littlejohn exploited these willful failures to repeatedly inspect and misappropriate Mr. Griffin's confidential tax return information and unlawfully disclose that information to ProPublica." *Id.* ¶ 34.

The Government itself has represented to the Court that Section 7431(a)(1) provides the "exclusive remedy for the wrongful disclosure of return information" and preempts the Privacy Act's "more general prohibition on disclosure of 'records.'" *See* ECF 23 at 5, 7. The Government cannot have it both ways. According to the Government, the IRS's abject security failures cannot give rise to a Privacy Act claim because such claims "must be brought under [Section] 7431, not the Privacy Act," *id.* at 8, even while, again according to the Government, Section 7431 provides no avenue for relief. By the Government's *own admission*, however, "[t]he IRS knows and has known that without effective security controls, the IRS's systems of records are vulnerable to, among other things, malicious efforts by IRS employees or contractors to illicitly obtain and misappropriate confidential taxpayer information." SAC ¶ 25; *see also* ECF 121 ¶ 25 (admitting allegation). Despite this acknowledgement, the Government would leave Mr. Griffin and other similarly situated taxpayers without any statutory means of holding the IRS accountable for its egregious security failures—even if the IRS completely eliminated all security measures. This upside-down result cannot be what Congress intended when it provided an explicit waiver of sovereign immunity for unlawful disclosures by officers or employees of the United States. Consistent with the Government's own account of what happened and the obvious intent of the statute, the SAC plausibly alleges that IRS employees violated Section 7431(a)(1) by unlawfully

disclosing Mr. Griffin's return information through the IRS's willful failure to employ appropriate data-security measures. *See* SAC ¶¶ 25-36, 51-52.

For example, the SAC specifically alleges that the IRS "failed to establish and implement cryptographic mechanisms to secure data in IRS systems that process taxpayer data" and "failed to enforce the use of encryption algorithms as required by the Federal Information Processing Standards," *id.* ¶ 30. This "failure to use adequate encryption algorithms that convert data into a format that is unreadable for unauthorized users . . . allowed Mr. Littlejohn to store and transmit Mr. Griffin's" confidential return information to ProPublica in a "readable format." *Id.* ¶ 36. The SAC alleges that Mr. Littlejohn also took advantage of the "IRS's failure to adequately establish the organizational understanding to manage cybersecurity risks, which allowed Mr. Littlejohn to repeatedly access, inspect, and misappropriate Mr. Griffin's and thousands of other taxpayers' confidential return information without detection by uploading the data to a private website." *Id.* ¶ 36. Additionally, the SAC alleges that IRS employees granted Mr. Littlejohn unfettered access to taxpayer information and failed to monitor or restrict that access in violation of the IRS's own internal policies. *Id.* ¶ 32.

As alleged, this collective failure by the IRS constitutes an unlawful disclosure under Section 6103 and falls within the United States' limited waiver of sovereign immunity as enumerated in Section 7431(a)(1). "Disclosure" within the meaning of Section 6103 is not confined to a single method; rather, "Section 6103(b)(8) defines 'disclosure' broadly to include directly or indirectly 'making known to any person in any manner whatever.'" *Zak*, 481 F. Supp. 3d at 1308 (quoting 26 U.S.C. § 6103(b)(8)). Here, the collective security failures of the IRS—carried out by officers and employees of the United States—effectively "ma[de] known . . . in any

manner whatever" Mr. Griffin's confidential return information.  Such collective failure constitutes "disclosure" under Section 6103's broad definition.

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION TO ADJUDICATE MR. GRIFFIN'S SECTION 7431(A)(1) UNLAWFUL DISCLOSURE CLAIM, AND THEREFORE SHOULD NOT DISMISS ALTERNATIVE THEORIES OF RELIEF UNDER THAT SAME CLAIM.

Even setting aside the well-pled allegations supporting Mr. Griffin's alternative theories, this Court already rightfully determined that it has subject matter jurisdiction over Mr. Griffin's Section 7431(a)(1) claim.  *See* ECF 108.  Therefore, this Court need go no further to examine its subject matter jurisdiction regarding alternative theories of relief under that same claim because "dismissal of theories (as opposed to claims) is inappropriate at the motion to dismiss stage."  *See, e.g.*, *Winstead*, 197 F. Supp. 3d at 1341 (citation omitted); *see also BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief.").  Indeed, Federal Rule of Civil Procedure 8(d)(2) provides that, "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  Fed. R. Civ. P. 8(d)(2).  Likewise, as the Eleventh Circuit has explained, "[l]itigants in federal court may pursue alternative theories of recovery, regardless of their consistency."  *Allstate Ins. Co. v. James*, 779 F.2d 1536, 1540 (11th Cir. 1986).

Accordingly, because this Court has subject matter jurisdiction to adjudicate one of Mr. Griffin's theories of liability against the Government under Section 7431(a)(1)—*i.e.*, that Mr. Littlejohn, as an "employee of the United States," violated Section 6103 by unlawfully inspecting and disclosing Mr. Griffin's tax return information to ProPublica—this Court retains subject matter jurisdiction over Mr. Griffin's alternative theories of liability under Section 7431(a)(1).  *See, e.g.*, *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1175 (11th Cir. 2014) (internal citation and quotations omitted) ("It is a well-settled rule of federal procedure that plaintiffs may assert

alternative and contradictory theories of liability . . . . In this case, moreover, the theories of causation that the plaintiffs allege . . . are not necessarily mutually exclusive, . . . [and l]isting several possible causal factors does not amount to conclusory 'catch all' allegations.").[3]

Put simply, this Court "need not address [Mr. Griffin's] alternative theories" of liability at the motion to dismiss stage, as such determinations are properly left for summary judgment when discovery is complete and it is "apparent to the parties which legal theories are viable, so a court should be allowed to narrow the available theories for trial." *See Winstead*, 197 F. Supp. 3d at 1341; *see also Kothmann v. Rosario*, 558 F. App'x 907, 912 n.5 (11th Cir. 2014) (per curiam) (affirming district court's denial of motion to dismiss where just one of plaintiff's theories stated a facially plausible claim).

### III. DISCOVERY HAS ALREADY BEGUN TO CONFIRM MR. GRIFFIN'S ALTERNATIVE THEORIES OF LIABILITY.

Finally, it would be inequitable to dismiss Mr. Griffin's alternative theories of relief at the motion to dismiss stage because the limited discovery provided by the Government to date has already done much to confirm them. As set forth in Mr. Griffin's pending motion to compel discovery, ECF 111, the Government has largely stonewalled and delayed discovery, withholding its "investigative files" concerning critical information regarding the unlawful disclosures of Mr. Griffin's return information. Yet even the limited discovery provided by the Government has supported Mr. Griffin's alternative theories of relief under Section 7431(a)(1). Accordingly, Mr. Griffin respectfully requests, in the event this Court is inclined to dismiss Mr. Griffin's

---

[3] *See also, e.g., Campbell v. District of Columbia*, 972 F. Supp. 2d 38, 46 n.5 (D.D.C. 2013) ("[B]ecause Ms. Campbell's claim survives the motion to dismiss stage on at least a 'stigma or disability' theory, the Court need not address at this stage whether the complaint alleges that Defendants made a defamatory statement to support a 'reputation-plus' theory as well. . . . [S]he may take discovery under both theories.").

alternative theories of liability, that the Court grant him leave to amend his Second Amended Complaint.  If granted leave to amend, Mr. Griffin would incorporate the information detailed below, which further supports his alternative theories of liability.

> **A.    Discovery has provided information previously solely in the possession of the Government supporting Mr. Griffin's alternative theories.**

*First*, during his deposition, Mr. Littlejohn testified that he "was able to access tax returns at will," *see* ECF 119-1 at 92:22-93:3, thereby confirming that IRS employees unlawfully disclosed Mr. Griffin's return information to Mr. Littlejohn by allowing him greater access than necessary to "reasonably, properly, or economically" carry out his duties, in violation of Section 6103(n).  As Mr. Littlejohn testified, his work "wasn't about tax returns, typically," and even if disclosure of certain tax return information had been necessary for his work, Mr. Littlejohn also testified that the IRS had the ability to tailor Mr. Littlejohn's access by filtering necessary information through a separate database.  ECF 119-1 at 96:18-98:14.

*Second*, the IRS's willful failure to implement adequate security measures facilitated the disclosure of Mr. Griffin's return information, in violation of Section 6103.  As alleged in the SAC, over a decade of GAO and TIGTA assessments of the IRS's security protocols identified vulnerabilities in its systems.  *See* SAC ¶¶ 25-36, 51-52.  Mr. Littlejohn's testimony confirms that these security deficiencies allowed Mr. Littlejohn's disclosures: he testified that ███████████████ ██████████████████████████████████████████████████████, ECF 118 at 128:11-129:4, that the IRS system allowed Mr. Littlejohn to upload the return information to a private website he created, ECF 119-1 at 142:3-9, and to later share that ████████████████ ██████████████████, ECF 118 at 175:3-7.

**B.      The Government continues to withhold discovery, which may yield information relevant to Mr. Griffin's alternative theories.**

As detailed in Mr. Griffin's Motion to Compel Discovery, ECF 111, the Government has repeatedly failed to comply with its discovery obligations and actively hampered Mr. Griffin's attempts to learn the details of events surrounding his stolen return information.[4]  The Government began investigating Mr. Littlejohn as early as November 2021.  *See* ECF 119-1 at 237:12-15.  Yet over a year later, the Government represented to this Court that it was "[w]ithout any clue as to which employee(s) allegedly misappropriated Griffin's confidential information and gave that information to ProPublica."  *See* ECF 23 at 16.  Throughout discovery, the Government has continued to hide the ball, asserting in its initial discovery responses—served almost two years after the Government began investigating Mr. Littlejohn—that "*if and to the extent* that there is an ongoing investigation . . .  the information sought is protected from disclosure by the law enforcement investigatory privilege."  *See* ECF 111-3, USA Responses to Plaintiff's First Set of Interrogatories, at 6 (objection to Interrogatory No. 2) (emphasis added).

Even today, the Government continues to stonewall by withholding materials containing information critical to Mr. Griffin's Section 7431 claim, including information supporting both of Mr. Griffin's alternative theories of liability.  Specifically, the Government has refused to produce investigative files regarding its now-concluded investigation into Mr. Littlejohn's criminal conduct.  These investigative files include materials, such as memoranda and documents from Mr. Littlejohn's proffers, showing whether IRS employees violated Section 7431 by providing Mr.

---

[4]  Mr. Griffin incorporates by reference his prior submissions to this Court regarding the Government's intransigence, *see* ECF 71 (memorandum of law on law enforcement investigatory privilege); ECF 88 (memorandum of law on Section 6103); ECF 111 (motion to compel discovery), and the Court's favorable rulings ordering the Government to fulfill its discovery obligations, *see* ECF 63 (ordering the Government to begin producing documents); ECF 84 (setting a deadline for the Government to respond to all other outstanding discovery requests).

Littlejohn unnecessary access to tax returns and by failing to employ appropriate data-security measures, consistent with Mr. Griffin's allegations.  The Government also continues to withhold communications between Mr. Littlejohn and certain IRS employees, which are likely to have information relevant to each of Mr. Griffin's theories of liability under Section 7431.

### CONCLUSION

For the foregoing reasons, the Court should not dismiss Mr. Griffin's alternative theories of liability supporting his Section 7431(a)(1) claim.  Alternatively, Mr. Griffin respectfully requests that this Court grant him leave to amend his Second Amended Complaint to include the substance set forth above.

Dated: May 3, 2024                           Respectfully submitted,


By: */s/ Jason D. Sternberg*
William A. Burck (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Alexander J. Merton (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
ajmerton@quinnemanuel.com

John F. Bash (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
300 West 6th St, Suite 2010
Austin, TX 78701
(737) 667-6100
johnbash@quinnemanuel.com

Jason D. Sternberg (Florida Bar No. 72887)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880
jasonsternberg@quinnemanuel.com

Christopher D. Kercher (*pro hac vice*)
Peter H. Fountain (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor,
New York, New York 10010
(212) 849-7000
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com

*Counsel to Plaintiff Kenneth C. Griffin*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 3rd day of May, 2024, I caused a copy of the foregoing

document to be filed with the Clerk of Court using the CM/ECF electronic filing system, which

will send notification to all counsel of record.

By:  /s/ *Jason D. Sternberg*
Jason D. Sternberg
Fla. Bar No. 72887
jasonsternberg@quinnemanuel.com