IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, et al., )<br>)<br>Defendants. )<br>) | **Defendant Exhibit** C |

**DECLARATION OF ANDREW A. DE MELLO**

I, Andrew A. De Mello, pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1. I am Chief of Branch 8 within the Office of Associate Chief Counsel for Procedure and Administration ("P&A"), a national office practice group within the Internal Revenue Service's Office of Chief Counsel ("Counsel"). My responsibilities as Branch Chief include supervising the process of managing requests for and producing Electronically Stored Information ("ESI") subject to litigation discovery. ESI includes but is not limited to e-mail, e-mail attachments, word processing documents, spreadsheets, graphics, presentation documents, images, text files, database content entries, and other information stored on computers.

2. The process of delivering ESI in a usable format outside the agency is a multistep process. It includes identification of custodians and collecting the responsive material from the appropriate source, mainly custodians' computers and from servers where data is stored. This function is performed at my office's direction by the Internal Revenue Service's ("Service") IT

E-Discovery Program Office ("IT Office"). After the IT Office has completed its work collecting data, generally, the data must be decrypted, sent to our contractor for processing, and after it has been uploaded onto a review platform, reviewed by legal staff. This subsequent legal review (usually in an electronic review platform) is performed at the direction of the attorney responsible for the underlying matter. This usually encompasses a review of each individual document for privilege, material subject to protection pursuant to Section 6103 of the Internal Revenue Code, and non-responsiveness. After the attorney responsible for the matter indicates the specified documents are ready for dissemination to the authorized recipient, staff will begin the process of transmitting the data.

3. The Service's ESI is not stored in a single location, but rather may be stored in numerous locations, including on different platforms, each with separate processes to gain access and to extract the necessary information. The collection process involves extensive coordination amongst a multitude of separate divisions by and between Counsel and the Service. Depending on the nature of the matter, it may involve dozens of employees and multiple weeks to locate, obtain, and decrypt the requested data.

4. Generally, ESI, including email messages, has been stored in encrypted form. As noted above, one of the steps in retrieving and producing ESI includes decryption of the encrypted data. This process can be time-intensive. Generally, during the times relevant to this case, due to the systems at issue, the time to decrypt files is not a linear function. Instead, larger decryptions take significantly longer to decrypt.

5. Once the data has been collected and decrypted, staff in Branch 8 transmit the data to our contractor for processing. Sizable transmissions are usually sent on special external encrypted hard drives and, again, the time to move data from the Service's infrastructure to the

external hard drives (and from the hard drives to the contractor's systems) is significantly longer with larger sizes. The contractor uploads the information onto a review platform after completing the processing.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 6th day of May, 2024

*/s/Andrew A. De Mello*
Andrew A. De Mello
Branch Chief, Branch 8
Internal Revenue Service
Office of Chief Counsel, Procedure & Administration