IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| INTERNAL REVENUE SERVICE, *et al.*, | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER

On December 12, 2023, the Court granted Plaintiff's unopposed motion to amend the scheduling order and set a new fact discovery deadline of June 10, 2024. (ECF No. 75). The Court noted that "the extensions requested are substantial" but granted it because "importantly, the parties are in agreement." The Court "forewarned that **any further extensions are unlikely to be granted absent particularly extenuating circumstances.**" (*Id*. (emphasis in the original)). Plaintiff has now moved again seeking another *90 days* to take fact discovery "for good cause shown." Plaintiff's motion fails to establish good cause, let alone demonstrate "particularly extenuating circumstances" for a 90-day extension. And, importantly, the parties are not in agreement that an extension is necessary. Indeed, the United States opposes a further extension of discovery, which, if granted, rewards Plaintiff's lack of diligence in taking discovery within the time the Court afforded him to demonstrate that his wrongful disclosure claim falls within the waiver of sovereign immunity under section 7431(a)(1) of the Internal Revenue Code.

## INTRODUCTION

Discovery in this case has been contentious. The United States wishes to move past these disputes and the exaggerated rhetoric and advance this case toward resolution. But it takes two to tango, and Plaintiff refuses to dance, choosing to shout "stonewalling" rather than move to the music of cooperation.

The discovery produced to date paints a different picture than stonewalling. Since Plaintiff filed his Second Amended Complaint in November 2023, the United States has responded to 93 requests for production, 109 requests for admission, and 21 interrogatories and produced thousands of documents, over 44,000 pages, all of which identify persons who may have knowledge relevant to Plaintiff's claim. The United States also ensured that Charles Littlejohn, the contractor who disclosed Plaintiff's return information to ProPublica, received a testimonial authorization and release of non-disclosure agreements from the IRS so that he could testify freely at his deposition.

Plaintiff has done nothing with the troves of information provided by the United States to advance his case until May 15, 2024. On that date, with less than 30 days remaining in discovery and without coordinating on the availability of Government counsel or any witnesses, Plaintiff noticed the depositions of 8 individuals (7 current and former IRS employees and a reporter from ProPublica who are located throughout the country) for the last two weeks of discovery. Two days later, Plaintiff served a single, improper Rule 30(b)(6) notice of deposition seeking testimony from two separate government agencies and has yet to confer on his proposed 67 topics. All told, with less than 30 days in discovery, Plaintiff notified the United States of his intent to take 9 depositions during the last two weeks of discovery, including on weekends. As of

the filing of this response, only 4 of the IRS deponents have been served with a subpoena commanding their attendance.

The United States understands Plaintiff's desire to take depositions he believes are necessary and offered to facilitate the scheduling difficulties caused by his late notice. But the United States does not understand why Plaintiff failed to take any action to depose the known individuals earlier. Perhaps Plaintiff believes he needed additional documents to take these depositions. If so, it made little sense for Plaintiff to wait more than 7 weeks after Littlejohn's deposition to file his motion to compel additional discovery. And it is particularly egregious for Plaintiff to claim he needs an additional three months to investigate his claims when the court (1) made clear that any motion to compel must be limited to discovery of leads Littlejohn's testimony provided; and (2) set a deadline of May 29, 2024 for the government to provide additional discovery in response to that motion. The United States' production on that date will leave Plaintiff with ample time to conduct the depositions that it noticed.

When the hyperbole and aspersions are trimmed from Plaintiff's argument, it is apparent that Plaintiff's purported need for an extension is a problem of his own making. And it is a problem that he compounded when he rejected the United States' proposal of an 18-day extension of discovery for the limited purpose of taking depositions on dates and at locations that are agreeable to the parties and witnesses. Plaintiff's lack of diligence and cooperation should not be rewarded with another extension of discovery that upends the waiver of sovereign immunity found in section 7431(a).

**ARGUMENT**

Following the identification and prosecution of Charles Edward Littlejohn, an IRS contractor employed by Booz Allen Hamilton (BAH), as the individual who disclosed his return

information in violation of § 6103 of the Internal Revenue Code (26 U.S.C.), Plaintiff filed a two-claim amended complaint for damages against the United States under 26 U.S.C. 7431(a)(1), and the Privacy Act. (ECF No. 55). The Privacy Act claim has been dismissed. (ECF No. 108). What remains is a single claim under § 7431(a)(1) seeking to hold the United States liable for Littlejohn's unlawful disclosure of Plaintiff's return information under § 7431(a)(1).[1]

The parties have engaged in extensive written discovery on Plaintiff's contention that Littlejohn should be considered a government employee under § 7431. In an effort to shoehorn his claim into § 7431(a)(1) (rather than § 7431(a)(2)), Plaintiff deposed the Littlejohn for approximately 6 hours on March 19, noticed depositions of 7 IRS personnel with whom Littlejohn interacted for May 31 – June 7, and served a notice to take a Rule 30(b)(6) notice of the IRS on June 10, which is the last day permitted for discovery under the current schedule. A 90-day extension for further discovery on the § 7431 claim is neither necessary nor justified by particularly extenuating circumstances.

**I. Extending fact discovery for 90 days is unnecessary.**

Discovery has been open for over a year and already extended once. From the beginning of this case, the United States has asserted that it has not waived sovereign immunity and thus the Court lacks jurisdiction to grant the relief Plaintiff seeks. Plaintiff's primary claim is that a non-employee contractor should be treated as a de facto employee of the United States for purposes of § 7431(a)(1)'s waiver of sovereign immunity. That claim is unsupported by the plain language of the statute. Similarly, Plaintiff's "alternative theories" fall outside § 7431(a)(1)'s

---

[1] Recognizing that Littlejohn was employed by Booz Allen Hamilton, another taxpayer whose return information Littlejohn disclosed to ProPublica recently filed a complaint against BAH under § 7431(a)(2) as the contracting entity responsible for his violation of § 6103. *See Kelcy L. Warren v. Booz Allen Hamilton, Inc.*, Dkt. No. 8:24-cv-01252-LKG (D. Md.).

sovereign immunity waiver. We are not asking the Court to adjudicate these issues on this procedural motion but raise them to illustrate the lack of good cause to grant the extension Plaintiff seeks. Discovery is nearly complete, with depositions the only remaining task. Additionally, an extension will force the United States to continue to devote limited resources responding to Plaintiff's discovery that goes far beyond any limited fact-finding to determine if his claim fits within § 7431(a)(1)'s waiver of sovereign immunity.

### A. Discovery on Plaintiff's theory and alternative theories is largely complete.

Section 7431(a)(1) waives sovereign immunity for a taxpayer to seek damages against the United States if (1) an officer or employee of the United States; (2) knowingly or negligently; (3) inspects or discloses; (4) return or return information; (5) in violation of 26 U.S.C. § 6103. The facts necessary to determine if § 7431(a)(1)'s waiver of sovereign immunity applies are known and undisputed. Littlejohn, who was not and has never been an officer or employee of the United States, knowingly disclosed Plaintiff's return or return information in violation of § 6103. (ECF No. 119-1 (Littlejohn Depo. Tr.) at 308:7 – 308:14). And yet, Plaintiff argues that Littlejohn was "effectively an employee" based on factors Plaintiff alleges he uncovered in Littlejohn's testimony. (ECF No. 138 at 8).

We disagree with Plaintiff's description of Littlejohn's testimony and his interpretation of § 7431(a)(1) as a waiver of sovereign immunity with pliable boundaries. That interpretation flies in the fact of black letter law that waivers of sovereign immunity must be narrowly and strictly construed. *Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1157 (11th Cir. 2020). That is, of course, a pure question of law for the Court to resolve at the appropriate time. What is truly remarkable in the present context, is Plaintiff's claim that he needs an additional 90 days of discovery even though he has twice represented to this Court that he believes the facts already

5

show Littlejohn was a "*de facto*" or "effectively" and employee of the IRS. (*See id.*, and ECF No. 111 at 10 ("Mr. Littlejohn's deposition testimony also provided critical evidence that he functioned as a de facto employee . . .")). Plaintiff's statement that he possesses facts to prove his theory undercuts his need for additional discovery beyond what he already scheduled.

When, as here, the parties do not dispute the facts, just the legal consequences of those facts, the matter is ripe for summary judgment. Indeed, based on all the materials Plaintiff has submitted with his various discovery motions, the Court has all the facts necessary to determine if Littlejohn an "employee of the United States" so that Plaintiff may bring his claim against the United States under § 7431(a)(1).

Just as Plaintiff's primary claim does not warrant an extension of discovery, neither do his "alternative theories." The Court has already expressed doubt regarding the viability of his claims that the United States is liable to him under § 7431(a)(1) because the IRS provided too much access to Littlejohn and because the IRS failed to prevent Littlejohn's criminal conduct by not "safeguarding" return or return information. (ECF No. 108 at 8.) Plaintiff's response (ECF No. 133 ) to the Court's order to show cause simply affirms the Court's skepticism. If, as Plaintiff contends, the IRS violated § 6103 by granting Littlejohn more access than he needed to perform his duties or failing install safeguards, there would have been no reason for Congress to expand § 7431 to include claims for wrongful inspection when it enacted the Taxpayer Browsing Protection Act in 1997. Pub. L. 105–35, 111 Stat. 104. Whether one has access to return information under § 6103(h)(1) (which permits IRS employees to inspect return information in connection with their official duties) or § 6103(n) (which authorized Littlejohn to obtain return information), § 6103(a) requires both to maintain the confidentiality of that information. And § 7431(a)(1) and (a)(2) provide civil remedies when they don't. Here, Littlejohn violated

6

§ 6103(a) by disclosing return information to ProPublica. There is nothing in § 7431 that creates a cause of action— or extends liability—for failing to prevent Littlejohn from abusing his position to advance his illicit purpose. *Welborn v Internal Revenue Serv.,* 218 F. Supp. 3d 64, 81 (D.D.C. 2016) (United States had sovereign immunity from taxpayer's claim that the IRS negligently disclosed return information by failing to safeguard such information; taxpayers conflate a failure to safeguard claim under the Privacy Act with a disclosure claim under the Internal Revenue Code and extend the Code to a cause of action for which sovereign immunity had not been waived).

Even assuming there are additional facts that Plaintiff may yet uncover, the only discovery that remains to be complete are depositions. The United States has produced thousands of documents, responded to 109 requests for admission, answered 21 interrogatories that included dozens of compound parts, and will make a final production on May 29, 2024. And BAH produced thousands of documents in response to Plaintiff's subpoena. Given that written discovery will soon be complete, Plaintiff has not shown good cause, let alone "particularly extenuating circumstances" to extend the deadlines by 90 days.

**B. Additional discovery runs counter to the doctrine of sovereign immunity.**

The doctrine of sovereign immunity is a fundamental tenet of our legal system. The United States cannot be sued without its express consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). As discussed above, the United States' waiver of sovereign immunity under § 7431(a)(1) is limited to unauthorized disclosures of return information by officers of employees of the United States. This statute does not define what an officer or employee of the United States is. But it does not have to because Congress expressly provided a remedy for when a

person other than officer or employee of the United States discloses return information in violation of § 6103. The taxpayer's remedy is to sue that person under 26 U.S.C. § 7431(a)(2).

The United States understands that the Court found it needed some additional factual development to answer the question of whether Littlejohn can be considered an employee of the United States. Although it disputes that any discovery was needed, the United States has gone to great lengths as detailed in this response to respond to Plaintiff's discovery. Indeed, the United States' efforts have gone far beyond the limited factual development needed to resolve the sovereign immunity question. Additional time on discovery on this matter will force the United States to expend significant resources on a suit that this Court may not even have jurisdiction to entertain. That is precisely why sovereign immunity exists—to preserve the resources of the Government (taxpayer funds) from being spent on claims that Congress did not allow. *Cook v. Taylor*, No. 18-977, 2019 WL 1233853, at *1 (M.D. Ala. Mar. 15, 2019) ("[S]overeign immunity presents a special concern that a party raising the defense should not be subjected to the burdens of litigation before the defense has been decided.") (citing *Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996)).

To be clear, the discovery to date is more than enough to determine if Littlejohn is an "employee of the United States" within the meaning of § 7431. If he is, Mr. Griffin is entitled to the statutory damages his Amended Complaint requests and this case is over. Otherwise, his remaining claim should be dismissed. There is no need for a 90 day extension of all case deadlines to reach either point.

## II. Plaintiff lacked diligence pursuing its claim.

A scheduling order will not be disturbed for good cause if a party cannot demonstrate it was diligent in pursuing its claims. *Sosa v. Airprint Sys., Inc.* 133 F.3d 1417, 1418 (11th Cir.

1998). While the United States has gone to tremendous efforts to respond to extensive discovery requests over a short period, Plaintiff has not demonstrated diligence in timely pursuing discovery. The Court should deny Plaintiff's request to extend discovery by 90 days for a lack of good cause.

### A. The United States has not "stonewalled" discovery.

Plaintiff's recent filings echo the refrain that the United States has "stonewalled" his discovery efforts. (ECF Nos. 111 at 7, 22, 138 at 5-7, 11-12.). Not so. The United States understands that Plaintiff is a victim of Littlejohn's disclosure of his confidential return information to ProPublica and that he seeks to vindicate his rights. But the United States has vindicated Plaintiff's rights (and the rights of all other victims of Littlejohn's conduct) when it asked that Littlejohn be sentenced to a five-year prison term—the maximum punishment allowed by law. Plaintiff's accusations that the United States has somehow stonewalled discovery in this civil action does not align with reality. The United States has responded to hundreds of discovery requests and produced over 44,000 pages of documents, with additional pages to be produced May 29. From these responses and Littlejohn's deposition, Plaintiff has all the information he needs. To the extent he requires 90 days to take additional depositions, he lacked diligence in noticing those depositions with less than 30 days in discovery, despite knowing the identities of his deponents for months.

Plaintiff asserts that through December 2023, "one year into this litigation, ***the Government had produced a total of six (6) documents, all publicly available.***" ECF No. 138 at 2 (emphasis in original). This sentence is misleading. In December 2023 alone, the United States made three productions once the information became available. (ECF No. 137-5 (Jeffress Decl.) ¶ 3). These productions total 388 documents consisting of 2,510 pages, and none of those

documents were public. *Id*. The United States contends that this is not a case that will require heavy reliance on any documentary evidence. But even if any records are important here, the records produced in December 2023 are the most important documents. They consist of the contracts between BAH and the IRS that Littlejohn worked on, Littlejohn's training (including § 6103 training) transcripts, and contract personnel records self-collected by the IRS Contracting Officer Representatives assigned to the contracts Littlejohn worked under. And although as a technical matter December 2023 is "one year into the litigation," it is misleading to suggest that these records could have or should have been produced sooner when the Second Amended Complaint first identifying Littlejohn had been filed only on November 13, 2023. The Second Amended Complaint changed the entire course of litigation, and rendered Plaintiff's first set of discovery requests largely irrelevant to the issue of whether Littlejohn is "an employee of the United States."

Since the Second Amended Complaint, the United States has timely complied with all discovery requests, often on an expedited basis. (*See, e.g.*, ECF No. 84 allowing Plaintiff to seek DOJ files with a new request but requiring the United States to respond to the request in 14 days instead of 30 days allowed by the Federal Rules). This case involves just a single cause of action where the facts to make a prima facie case under the statute are known (i.e., BAH employee Littlejohn disclosed Plaintiff's return or return information to ProPublica in violation of § 6103). Still, Plaintiff issued 93 requests to produce documents,109 requests for admissions, and 21 interrogatories, all of which were compound resulting in interrogatives far exceeding the number permitted under the Federal Rules of Civil Procedure. The United States responded to *all* Plaintiff's written discovery requests by January 30, 2024—two and a half months after the second amended complaint was filed. To put that in perspective, typically the United States gets

60 days just to answer a newly filed complaint. Fed. R. Civ. P. R. 12(a)(2). In this case, in just over 60 days, the United States responded to over 200 discovery requests.

Plaintiff complains that the United States did not comply with the Court's Post-Discovery Hearing Administrative Order (ECF No. 84) to review and produce electronically stored information (ESI) documents by January 30, 2024. (ECF No. 138 at 2). But the Post-Discovery Hearing Administrative Order did not set a production deadline. It required only the United States to respond or provide amended responses to outstanding discovery requests by the end of January. As Judge Goodman explained at the hearing: "I imagine this discovery is going to be produced on a rolling basis." Dec. 29, 2023 Hr'g. Tr. 50:24-25 (Goodman, M. J.). And later, when Plaintiff raised this issue at another discovery hearing, Judge Goodman rejected Plaintiff's claim that the United States violated the order. In its order following this later hearing, the Court noted the "magnitude of the effort being made by the Government's attorneys" and required the United States to continue to produce ESI until March 19, 2024, the day which Littlejohn was schedule to be deposed. (ECF No. 99 at 2). By the date of the Littlejohn deposition, the United States produced 27,329 pages of documents—none of which Plaintiff's counsel used with the witness. (ECF No. 137-05 at ¶ 11). To date, the United States has produced 45,972 pages of documents and its final production is due next week.

Much of Plaintiff's claim of government "stonewalling" stems from the parties' dispute over the applicability of § 6103 to information TIGTA gathered in connection with its investigation of the ProPublica leak. At the court's direction, the parties submitted briefs on that issue in January 2024, and Plaintiff again raised it in his motion to compel. On May 15, Magistrate Judge Goodman issued an order finding that the TIGTA material the United States

11

withheld constitutes the protected return information of Littlejohn. (ECF No. 141.) So, to the extent, Plaintiff argues we stonewalled discovery by properly asserting § 6103, he is mistaken.

When discovery is viewed from the Second Amended Complaint (as it should be), the United States has exemplified cooperation, timeliness, and completeness. Thus, the Court should reject Plaintiff's claim of "stonewalling" and deny his request for a 90-day extension of scheduling order.

### B.  Plaintiff fails to show cause because he lacked diligence in pursuing his claim.

In the more than four-month period from when the United States provided written responses to *all* outstanding discovery on January 30, 2024, and to when the instant motion to modify seeking to extend discovery on May 8, 2024, Plaintiff's discovery efforts were lethargic. Plaintiff's efforts during those four months include the single deposition of Littlejohn on March 19, 2024, and third-party subpoenas duces tecum on Littlejohn's partner and her employer that have nothing to do with whether Littlejohn is "an employee of the United States." Plaintiff glosses over his lack of discovery since receiving the United States' responses in late January. But to demonstrate good cause, he must show that despite his best efforts he cannot complete discovery by the deadline.

Plaintiff has not used his allotted time for discovery wisely, choosing to prioritize disputes over documents over taking depositions. (ECF No. 138 at 10.) But none of Plaintiff's discovery disputes resulted in a stay of discovery. And he offers no reason why he could not pursue his disputes *and* take depositions. In litigation, one must often walk and chew gum at the same time to advance his case. That Plaintiff chose not to shows an absence of diligence and good cause. Indeed, his lack of diligence is demonstrated by the nearly two-week delay in filing this motion after conferring with undersigned counsel and the more than seven-week delay in

filing his motion to compel based on information discovered during Littlejohn's deposition. And his motion to compel challenged for the first time the United States' January 30, 2024, response to Plaintiff's discovery request for the PIN file.[2] These extended delays show lack of diligence. *See Sosa*, 133 F.3d at 1419 (denying for lack of diligence in pursuing claim when counsel took no oral deposition for nearly three months after deadline for amending a complaint passed); *E.E.O.C. v. Excel Inc.*, 259 F.R.D. 652, 655 (N.D. Ga. 2008) (over two-month delay between the time a deposition was taken and the motion to amend was filed does show good cause).

### C. Plaintiff rejected the United States' reasonable accommodation of a limited extension of discovery to allow time for depositions.

Since receiving 8 notices of deposition on May 15, 2024, the United States has made reasonable efforts to accommodate Plaintiff's request and assist in scheduling the depositions. Plaintiff has rebuffed these efforts. First, the United States advised Plaintiff that subpoenas were necessary for the 7 current and former IRS employees because they are not parties and that the depositions must take place where those individuals are located, not in Miami as originally noticed. The United States also offered to confirm witnesses' availability and request permission to accept service of the subpoenas to ensure their attendance. Then, on May 17, 2024, Plaintiff issued, but did not serve, subpoenas irrespective of the witnesses' availability, including setting depositions for non-business days. Realizing that the parties may need some additional time to schedule these depositions across the country to accommodate the schedules of witnesses and

---

[2] Plaintiff acknowledged that the PIN file was protected from disclosure under the Privacy Act. In fact, his motion to compel was seeking a court order under a statutory exception to allow the United States to produce such Privacy Act protected records. The Court ultimately granted this request, ordering any PIN records produced under a protective order. Before this order was entered, the United States was prohibited by law from disclosing this information. The United States was not stonewalling – it was complying with Federal law. Failure to seek it quicker than over four months after Plaintiff was notified the Privacy Act prevented disclosure is an unwarranted delay.

attorneys, the United States, during a phone call on May 20, 2024, proposed a limited extension of the discovery deadline from June 10, 2024, to June 28, 2024, to allow only for depositions. Plaintiff's counsel advised that they would need to take the request to Plaintiff. Rather than respond to the United States' offer, Plaintiff began to personally serve the IRS deponents. The witnesses served as the filing of this response and counsel for the United States are prepared to move forward with the depositions on the subpoenaed dates. And so, an extension is no longer necessary as the parties both seem prepared to complete depositions before the close of discovery on June 10, 2024. We note, however, that if Plaintiff is unable to serve any witnesses within the time set in Local Rule 26.1(h), the witness need not appear. *See* Local Rule 26.1(h) ("Failure to comply with this Rule obviates the need for a protective order.").

## CONCLUSION

For the above stated reasons, the Court should deny Plaintiff's second motion to modify the Scheduling Order. The United States does not object to entry of an order consistent with the proposed order filed with this Response.

*(Signatures on next page)*

| | |
|---|---|
| Dated: May 22, 2024 | Respectfully Submitted |
| | |
| | DAVID A. HUBBERT |
| | Deputy Assistant Attorney General |
| | |
| | /s/ *Stephanie Sasarak* |
| | STEPHANIE A. SASARAK |
| | Maryland Bar No. 1012160096 |
| | MARY ELIZABETH SMITH |
| | Maryland Bar No. 0712110235 |
| | BEATRIZ T. SAIZ |
| | New Jersey Bar No. 024761995 |
| | Trial Attorneys, Tax Division |
| | U.S. Department of Justice |
| | P.O. Box 14198 |
| | Washington, D.C.  20044 |
| | 202-307-2089 (v) | 202-514-4963 (f) |
| | Stephanie.A.Sasarak@usdoj.gov |
| | Mary.E.Smith@usdoj.gov |
| | Beatriz.T.Saiz@usdoj.gov |
| | Counsel for the United States |
| | |
| | Of counsel: |
| | MARKENZY LAPOINTE |
| | United States Attorney |
| | Southern District of Florida |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2024, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*/s/Stephanie Sasarak*
STEPHANIE SASARAK
Trial Attorney
U.S. Dept. of Justice, Tax Division