IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| INTERNAL REVENUE SERVICE, *et al.*, | ) |
| Defendants. | ) |

**UNITED STATES' LIMITED OBJECTION TO THE MAGISTRATE JUDGE'S OMNIBUS ORDER ON PLAINTIFF'S MOTION TO COMPEL**

The United States, pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. §636(b)(1)(C), and Local Magistrate Judge Rule 4(a)(1), objects to the Magistrate Judge's Order granting in part and denying in part Plaintiff's motion to compel. (ECF No. 141.) Specifically, the Government objects to the Magistrate Judge's ruling to the extent it requires the Public Integrity Section of the Department of Justice ("PIN") to produce attorney-client communications and/or attorney work-product generated after the commencement of this action. (ECF No. 1.)

**BACKGROUND**

On December 13, 2022, Plaintiff filed this suit against the United States seeking unspecified damages for 1) the unauthorized disclosure of his return information to ProPublica in violation of section 6103 of the Internal Revenue Code; and 2) failure to safeguard his tax information in violation of the Privacy Act.  Plaintiff filed an amended complaint after learning that an IRS contractor, Charles Edward Littlejohn, was the person responsible for the disclosure. The Government moved to dismiss both claims asserted in the amended complaint.  The court granted the motion in part - only the wrongful disclosure claim remains.

While the motion to dismiss was pending, indeed before Mr. Littlejohn's identity was known, Plaintiff served voluminous discovery purportedly aimed at identifying the source of the disclosure to ProPublica. During discovery, the United States responded to Plaintiff's ninety-three requests for production of documents and produced, via thirteen productions, 45,709 pages of responsive, non-privileged documents. (ECF No. 137 at 2.)

Most, if not all, of Plaintiffs' discovery requests prior to December 2023, were directed to either the IRS or TIGTA. In December 2023, Plaintiff expanded its request for discovery to include information from PIN related to the identification and prosecution of Mr. Littlejohn. On December 30, 2023, the Court entered a Post-Discovery Hearing Administrative Order (ECF No. 84) providing that "[i]f Plaintiff is expecting Defendants to search the DOJ file(s), then Plaintiff will propound a new discovery request. Defendants will have fourteen (14) days from receipt of that request to respond." *Id.* at 1. In its timely response to the ensuing requests, the United States informed Plaintiff that it intended to withhold attorney-client communications and work product of Justice Department (Tax Division and PIN) attorneys created after Plaintiff filed his complaint in this case and that under Local Rule 26.1(e)(2)(C), such items were not required to be listed on a privilege log. *See* ECF No. 111-1 Ex. 11(U.S. Supp. Resp. to Pl.'s Third Request for Production).

On April 25, 2024, over three months after we objected to the production of attorney work-product and privileged communications involving DOJ attorneys, Plaintiff filed a motion to compel seeking, in part, production of PIN's *entire* prosecutorial file. (ECF No. 111.) In its opening brief, Plaintiff did not challenge the withholding of attorney-client communications or work product of DOJ attorneys created after the complaint was filed, nor did it request a privilege log of those specific items. Instead, Plaintiff argued that PINs file is discoverable

2

because it's relevant, the privilege logs PIN provided for pre-suit material related to its work were facially insufficient, neither section 6103 nor the Privacy Act prohibit the disclosure of the file, and the law enforcement investigatory privilege does not apply. (ECF No. 111.) The United States argued otherwise, but it did not address the attorney-client privilege or work product doctrine in its opposition since Plaintiff did not raise those issues in the opening brief.  Indeed, it does not appear that Plaintiff seeks to compel the production of attorney-client communications or DOJ work product.

While those protections were not a point of dispute among the parties, the Magistrate Judge's order suggests that the United States waived the attorney-client privilege and work product protection over internal communications that occurred after the commencement of this action.  (ECF No. 141 at n. 6,10.) Further, the Court ordered the Government to produce portions of PIN's prosecutorial file that were not obtained *exclusively* from TIGTA.  This would seem to include PIN's discrete work-product, internal deliberations, and confidential communications by PIN attorneys. We submit that the United States did not waive discovery protections that Plaintiff never challenged, and it objects to the production of work product and privileged communications of PIN prosecutors.  That information is neither discoverable, nor relevant to the central – and only -- question this case presents: Whether Charles Littlejohn can be considered an IRS employee.

**ARGUMENT**

"When a party objects to a magistrate judge's non-dispositive order, the district court must consider those objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Traylor v. Howard*, No 10-12514, 2011 WL 2672572 *1(11th Cir. July 11, 2011). The clearly erroneous standard evaluates whether the magistrate judge erred in its

factual findings. *See Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002). "The facts found by a district court are 'clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. (quoting *Univ. of Georgia Athletic Ass'n v. Laite*, 756 F.2d 1535, 1543 (11th Cir. 1985). The contrary to law standard evaluates whether the magistrate judge's legal conclusions are correct. *PayRange, Inc. v. KioSoft Technologies, LLC*, Civ. Action No. 20-24342, 2023 WL 5628616 *2 (S.D. Fla. Aug. 30, 2023) (the standard requires an evaluation of whether the magistrate judge failed to apply or misapplied "'the relevant statutes, case law or rules of procedure.'") (citations omitted).   District court's review *de novo* whether a magistrate judge's order is contrary to law.  *See Johnson & Johnson Vision Care*, 299 F.3d at 1246.

Respectfully, the magistrate judge's legal conclusion regarding the Government's assertion of the attorney client privilege and work-product doctrine to PIN's files is contrary to law.  In granting Plaintiff's motion to compel production of the PIN file that is not protected from disclosure by section 6103 or Fed. R. Crim. P. 6(e), the magistrate judge wrote: "The Government also raises (but does not substantively address) the attorney client privilege and the work product doctrine. Because the Government fails to support these arguments, the Undersigned will not consider either ground as a basis for withholding the materials sought by Plaintiff." (ECF No. 141 n.6.)

The United States objects to that part of the order.  It overlooks the fact that the Plaintiff never challenged those protections in either its opening brief in support of the motion to compel or subsequent reply.  Since they were never raised by Plaintiff, those privileges were not properly before the Court.  *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, n.6 (11th Cir.

4

2019) (noting that arguments raised for the first time in a reply brief are not properly before the court as they deny opposing party an opportunity to respond).  Consequently, they could not be waived, and the United States is entitled to withhold attorney work-product and privileged communications from the production the magistrate judge ordered.  This will not deprive Plaintiff of any discoverable information that might tend to prove, or disprove, that Littlejohn was an IRS employee as he contends.

The supplemental discovery we are providing to Plaintiff includes information that PIN secured from Mr. Littlejohn that is not protected from disclosure by section 6103 or Fed. R. Crim. P. 6(e). Although we asserted a Privacy Act objection as a basis to withhold that information, the magistrate judge rejected that claim, noting 1) "the Government proffers only speculative harm, citing Littlejohn's pending appeal and the possibility that he may be subject to civil liability; " and 2) "Littlejohn himself has not raised any of these concerns or sought to intervene in these proceedings to keep his information from disclosure." (ECF No. 141 at 38.) Through letter dated May 28, 2024, Mr. Littlejohn has now objected to the ordered disclosure, citing the Privacy Act. (Ex. 1) To comply with the magistrate judge's order, the United States is nonetheless producing Mr. Littlejohn's information to Plaintiff but designating it as confidential under the parties' Protective Order. However, we are redacting as non-responsive any personal identifiable information (for example, names, addresses, contact information, usernames, websites, and health information) of family members and friends of Mr. Littlejohn from the Government's May 29, 2024 production.

Dated: May 29, 2024                                  Respectfully Submitted,

                                                     DAVID A. HUBBERT
                                                     Deputy Assistant Attorney General

                                                     *Beatriz T. Saiz*
                                                     MARY ELIZABETH SMITH
                                                     Maryland Bar No. 0712110235
                                                     STEPHANIE A. SASARAK
                                                     Maryland Bar No. 1012160096
                                                     BEATRIZ T. SAIZ
                                                     New Jersey Bar No. 024761995
                                                     Trial Attorneys, Tax Division
                                                     U.S. Department of Justice
                                                     P.O. Box 14198
                                                     Washington, D.C. 20044
                                                     202-307-2089 (v) | 202-514-4963 (f)
                                                     Mary.E.Smith@usdoj.gov
                                                     Stephanie.A.Sasarak@usdoj.gov
                                                     Counsel for the United States

                                                     Of counsel:
                                                     MARKENZY LAPOINTE
                                                     United States Attorney
                                                     Southern District of Florida

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2024, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*<u>Beatriz T. Saiz</u>*
BEATRIZ T. SAIZ
Trial Attorney
U.S. Dept. of Justice, Tax Division