United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kenneth C. Griffin, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-24023-Civ-Scola |
| Internal Revenue Service and U.S. Department of the Treasury, Defendantd. | ) ) ) |

## Second Amended Scheduling Order

Plaintiff Kenneth C. Griffin seeks a 90-day extension of the remaining deadlines in this case. (Pl.'s Mot., ECF No. 138.) Griffin previously sought (on an unopposed basis), and was granted, a five-month extension of the deadlines in this case. (Am. Sched. Order, ECF No. 75.) In support of his second request, which the Government opposes (Def.'s Resp., ECF No. 142), Griffin recounts some of the history of the discovery in this case, a substantial portion of which predated Griffin's first request for an extension. The main thrust of Griffin's argument, though, is that the Court only recently ordered the Government to produce voluminous discovery, that discovery was due for production on May 29 (less two weeks before the close of discovery), and Griffin will need to review that discovery—which Griffin describes as spanning thousands of documents—in order to adequately prepare for several recently, or soon-to-be, scheduled depositions. (Mot. at 5, 10 ("Absent a scheduling adjustment at this point . . . Griffin will be forced to take depositions without critical evidence . . . .").) Griffin complains that his current time predicament is solely the result of the Government's "fail[ure] to comply with its discovery obligations" (Sternberg Aff. ¶ 3, ECF No. 138-1), which he repeatedly describes as "stonewalling" Griffin's discovery efforts (Pl.'s Mot. at 5, 6, 7, 11, 12), requiring him, on several occasions, to seek intervention from the Court (*e.g.* Pl.'s Mot. at 3 (identifying multiple discovery hearings and an April 24, 2024, motion to compel)). At the same time, Griffin maintains he has diligently and steadily sought this discovery from the Government. (Sternberg Aff. ¶ 4; Mot. at 1, 5–7, 10, 11.) While the Court recognizes some obstacles to the timely completion of discovery in this case—even the Government recognizes that "[d]iscovery in this case has been contentious"—the Court does not find a 90-day extension of the remaining deadlines and settings in this case justified.

First, without any explanation or factual support, Griffin says that, absent the extra 90 days,[1] he will be unable to review the Government's compelled production in order to adequately prepare for several upcoming depositions. Second, nowhere does Griffin describe seeking Court intervention with any urgency—for example, it doesn't appear that Griffin ever informed the Court that he required an expedited ruling in order to be able to depose all his witnesses by the discovery deadline. Indeed, even the instant motion did not seek expedited relief or even briefing, despite the looming June 10-discovery deadline. These shortcomings are especially noteworthy in light of the Court's admonishment, in ruling on Griffin's previous request, that "**any further extensions are unlikely to be granted absent particularly extenuating circumstances**." (Am. Sched. Order at 1 (emphasis in original).)

That said, while Griffin may not have been as diligent as he could have been, the Court nonetheless recognizes that Griffin's predicament has indeed been occasioned by difficulties encountered by the Government's refusal to supply discovery that the Court has ultimately determined should have been produced. Accordingly, and in recognition that it appears the Government is amenable to a shorter delay (Def.'s Resp. at 3 (noting that the Government had proposed an eighteen-day extension for the purpose of scheduling depositions)), the Court **grants** Griffin's motion in small part (**ECF No. 138**). The Court extends the discovery deadline by an additional three weeks for the limited purpose of allowing extra time for Griffin to review the Government's recently compelled production in preparation for the upcoming depositions and to reschedule those depositions, if necessary. Going forward, the parties are forewarned, **absent circumstances amounting to a bona fide emergency, the Court will not consider further extensions**.[2]

This action is thus **reset** for trial during the two-week trial period beginning on **November 18, 2024**. Calendar call will, accordingly, be held at 9:00 a.m. on the **preceding Tuesday, November 12, 2024**, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Courtroom 12-3, Miami, Florida. A pretrial conference will be held immediately following calendar call only if requested by the parties in advance.

1. The parties must comply with the following amended schedule:

---

[1] In reply, Griffin concedes a 60-day extension would suffice, "if necessary." (Pl.'s Reply at 5.)

[2] Because moving the deadline for fact discovery necessarily impacts the dispositive-motion deadline, which, in turn, impacts the trial date, those related settings have been adjusted accordingly. On the other hand, Griffin does not indicate that either the expert-discovery deadlines or the deadline to mediate or consent to jurisdiction before the magistrate judge require enlargement and so those deadlines remain unchanged.

| | |
|---|---|
| passed | Deadline to join additional parties or to amend pleadings. |
| completed | Deadline to file joint interim status report. |
| completed | Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation (which immediately follows the initial scheduling order). |
| June 10, 2024 (unchanged) | Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition.<br><br>Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii).<br><br>(When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report. By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required. *See*, *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-CIV, 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013).) |
| July 1, 2024 | Deadline to complete all fact discovery. |
| July 8, 2024 (unchanged) | Deadline to complete mediation, consistent with the Order of Referral to Mediation (which immediately follows the initial scheduling order). |
| July 15, 2024, 2024 | Deadline for the filing of all dispositive motions. |
| August 12, 2024 (unchanged) | Deadline to complete all expert discovery. |
| September 17, 2024 | Deadline for the filing of pretrial motions, including motions in limine and *Daubert* motions. |
| October 21, 2024 | Deadline to file joint pretrial stipulation under Local Rule 16.1(e) and pretrial disclosures as required by Federal Rule of Civil Procedure 26(a)(3). |
| November 4, 2024 | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of |

|  | law (if the matter is set for a bench trial) consistent with Local Rule 16.1(k). |
|---|---|

2. <u>References to documents in summary-judgment motions</u>. When a party files a motion for summary judgment, the party must include the ECF number of any exhibits or other documents referred to in the motion or the accompanying statement of material facts (required by Local Rule 56.1). This means that if a document is not already on the record, a party will need to submit a *Notice of Filing* **before** he or she files the summary-judgment motion and the statement of material facts.

3. <u>Limit on motions in limine & *Daubert* motions</u>. Each party is limited to filing one motion in limine and one *Daubert* motion. If a party cannot address his or her evidentiary issues or expert challenges in a 20-page motion, leave to exceed the page limitation will be granted upon a showing of good cause. The parties are reminded that motions in limine and *Daubert* motions must contain the Local Rule 7.1(a)(3) pre-filing conference and certification.

4. <u>Jury Instructions</u>. The parties must submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Where both parties agree on a proposed instruction, that instruction must be set out in regular typeface. Instructions proposed only by a plaintiff must be underlined. Instructions proposed only by a defendant must be bold-faced. Every instruction must be supported by a citation of authority. The parties should use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel, or the applicable state pattern jury instructions. The parties must jointly file their proposed jury instructions via CM/ECF, and must also submit their proposed jury instructions to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

5. <u>Trial Exhibits</u>. All trial exhibits must be pre-marked. Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix. Defendant's exhibits must be marked alphabetically with the letter "D" as a prefix. A list setting out all exhibits must be submitted at the time of trial. This list must indicate the pre-marked identification label (*e.g.,* P-1, or D-A) and must also include a brief description of the exhibit.

6. <u>Deposition Designations</u>. Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing. The designations must be served on opposing counsel and filed with the Court 14 days before the deadline to file the joint pretrial stipulation. The adverse party must serve and file any objections and any

cross-designations within seven days. The initial party then has seven days to serve and file objections to the cross-designations.

   7. Voir Dire Questions. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation, and must also be submitted to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

   8. Notification of juror misconduct. Every party has an affirmative duty to notify the Court **immediately** of any possible juror misconduct or any information that might possibly reflect on a juror's ability to serve. Immediate notification is required to allow the Court the opportunity to address the issue, including questioning the juror and, if necessary, discharging the juror and seating an alternate juror. In any trial lasting more than five days, the Court imposes an affirmative duty on both sides to conduct all reasonable investigations of juror misconduct, including statements provided during voir dire, and to advise the Court immediately of any discovered misconduct. Any party who fails to conduct a reasonable investigation in this situation and later discovers an incidence of juror misconduct has waived his, her, or its right to rely on that misconduct in a motion before this Court.

   9. Settlement Conference Before Magistrate Judge. The parties may, at any time, file a motion requesting a settlement conference before United States Magistrate Judge Jonathan Goodman. The Court encourages the parties to consider a confidential settlement conference with Judge Goodman, especially if the parties believe there is a meaningful chance of reaching an early, amicable resolution of their dispute.

   10.   Settlement Notification. If this matter is settled, counsel are directed to inform the Court promptly via telephone (305-523-5140) and/or e-mail (scola@flsd.uscourts.gov).

   **Done and ordered** at Miami, Florida on May 30, 2024.

_____
Robert N. Scola, Jr.
United States District Judge