UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:22-cv-24023-SCOLA/GOODMAN

KENNETH C. GRIFFIN,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE and U.S. DEPARTMENT OF THE TREASURY,

    Defendants.

**PLAINTIFF'S *TIME SENSITIVE* RESPONSE TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Kenneth C. Griffin ("Mr. Griffin") respectfully submits this response to the Government's Objections ("Objections"), ECF 145, to this Court's Omnibus Order on Mr. Griffin's Motion to Compel ("Omnibus Order"), ECF 141.

## BACKGROUND

As this Court explained, this litigation has been "occasioned by difficulties encountered by the Government's refusal to supply discovery that the Court has ultimately determined should have been produced." ECF 146 at 2. The Government's refusal to comply with Judge Goodman's Omnibus Order is the latest glaring example of what seems to be its primary strategy throughout the course of this litigation—frustrating Mr. Griffin's ability to pursue his claims by improperly delaying discovery while telling him to sue someone else. In the past few weeks alone:

- **May 15, 2024:** The Court entered its Omnibus Order directing the Government to produce, by May 29, 2024, "the PIN prosecutorial investigative file (but not those portions of the file which were obtained *exclusively* from the TIGTA investigation or any grand jury materials)" as well as emails between Mr. Littlejohn and an identified set of IRS employees. ECF 141 at 38-39 (emphasis in original).

- **May 16, 2024:** Mr. Griffin asked the Government whether it would continue to object to his request for an extension of the discovery deadline in light of the Court's Omnibus Order. The Government responded that it would continue to object to Mr. Griffin's request and that the Government intended to comply fully with the Omnibus Order.

- **May 22, 2024:** Mr. Griffin sought to meet and confer with the Government regarding its forthcoming PIN production, but the Government flatly refused, writing:

  "*We are not available for a call regarding PIN's file. TIGTA and PIN are reviewing Judge Goodman's order and we will respond by the May 29 deadline. If you have questions regarding the response, we can schedule a call at that time.*"

- **May 29, 2024:** The Government failed to comply with the Omnibus Order, and produced from the PIN file only two proffer memoranda as well as emails between PIN and counsel for Mr. Littlejohn. At the same time—without warning and after refusing to confer with Mr. Griffin on the scope of potential production under the Omnibus Order—the Government filed its objections to the Court's Omnibus Order claiming it is entitled to withhold certain documents, while at the same time continuing

- to object to Mr. Griffin's request for an extension to the discovery deadline that would permit time to resolve the Government's latest discovery dispute.

- **May 30, 2024:** This Court entered an Amended Scheduling Order, warning the parties that fact discovery will close on July 1, 2024 "absent circumstances amounting to a bona fide emergency" (ECF 146 at 2).  Mr. Griffin requested that the Government provide a privilege log identifying what specific materials are the subject of its objection to the Omnibus Order and are being withheld, but the Government has refused to provide a log.

The Government cannot—and should not—be rewarded for its gamesmanship.  In his Omnibus Order, Judge Goodman ordered the Government to produce, by May 29, 2024, "the PIN prosecutorial investigative file (but not those portions of the file which were obtained *exclusively* from the TIGTA investigation or any grand jury materials)." ECF 141 at 38-39.  The Government, however, did not do so.

Instead, on the May 29 deadline, the Government wrote to Mr. Griffin that "PIN obtained the evidentiary materials for its prosecution of Charles Edward Littlejohn exclusively from TIGTA," and produced just two proffer memoranda and emails between PIN and counsel for Mr. Littlejohn.  But this is not what the Court directed.  Only materials obtained exclusively from the *TIGTA investigation* and grand jury materials were exempt—and thus those obtained in connection with any investigation involving DOJ must be produced.  And while the Government has admitted that "TIGTA coordinated with the Department of Justice, Criminal Division, Public Integrity Section (PIN) *during the entire investigation*," it nonetheless refuses to produce the materials collected.

Not only did the Government fail to comply with the Court's order, it did so while opposing Mr. Griffin's motion to extend the fact discovery deadline, knowing that fact discovery was set to imminently close.  Moreover, in a clear effort to prevent Mr. Griffin from promptly seeking court relief, the Government refused Mr. Griffin's request to meet and confer regarding the parties' understandings of the scope of the Omnibus Order.

2

At the same time it defied Judge Goodman's Order, the Government "object[ed] to the Magistrate Judge's ruling to the extent it requires the Public Integrity Section of the Department of Justice ('PIN') to produce attorney-client communications and/or attorney work-product generated after the commencement of this action." ECF 145 at 1.  These purportedly privileged communications, however, were *never identified—much less logged by the Government*.  Indeed, while the Government has admitted that PIN's investigative file contains "thousands" of documents, the PIN privilege log contained just seven entries.  *See* ECF 137 at 11 n.3.  Mr. Griffin's motion to compel explained that because the Government's privilege logs were "facially insufficient" under the applicable rules, the Government had "not met its burden as to *any* applicable privileges." ECF 111 at 12 (emphasis added).  In his Omnibus Order, Judge Goodman noted that the Government only raised but "d[id] not substantively address" the attorney-client privilege and the work-product doctrine, and thus Judge Goodman did not consider either ground as a basis for withholding information because "the Government fail[ed] to support these arguments." ECF 141 at 5 n.6.

At bottom, the Government continues to play a game of "gotcha" as it works to run out the new discovery clock.  The Government has filed objections to the Court's Omnibus Order and claims that it is entitled to withhold certain documents, but at the same time has never identified nor provided a privilege log of the documents it is withholding, refusing to do so again as recently as May 30.  Enough is enough.  Mr. Griffin respectfully submits that this Court should promptly overrule the Government's objections, which fall woefully short of establishing Judge Goodman committed "clear error," so that Mr. Griffin may obtain the documents the Government is improperly withholding and use them to take depositions in the limited discovery period that remains.

**LEGAL STANDARD**

"The Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless 'it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Tolz v. Geico Gen. Ins. Co.*, 2010 WL 384745, at *2 (S.D. Fla. January 27, 2010) (quoting 28 U.S.C. § 636(b)(1)(A)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure," and is "'clearly erroneous' only when the district court is left with the definite and firm conviction that a mistake has been committed." *Batista v. Nissan N. Am., Inc.*, 2015 WL 10550409, at *1 (S.D. Fla. Dec. 8, 2015) (Scola, J.) (citations and quotations omitted). "Clear error is a highly deferential standard of review" that is "described as 'a very difficult one to meet.'" *Id.* (quoting *Thornton v. Mercantile Stores Co.*, 180 F.R.D. 437, 439 (M.D. Ala. 1998)). "The district court may not undo the magistrate judge's determination simply because it is convinced that it would have decided the case differently." *Id.* (citations and quotation marks omitted).

**ARGUMENT**

The Government's argument is, in full, that "the Plaintiff never challenged [the attorney-client and work-product] protections in either its opening brief in support of the motion to compel or subsequent reply" and that "[s]ince they were never raised by Plaintiff, those privileges were not properly before the Court." ECF 145 at 4. The Government is wrong, and fails to establish that Judge Goodman's Omnibus Order was "clearly erroneous or contrary to law."

*First*, the only question this Court need address is whether Mr. Griffin challenged any assertion of the attorney-client and work-product protections in his opening brief, and Mr. Griffin did. Mr. Griffin's motion challenged *all* of the Government's privilege assertions as facially insufficient, which plainly includes the attorney-client privilege and work-product protections, particularly because the Government failed to properly identify and log materials that the

4

Government is asserting any particular privilege over. *See* Motion to Compel, ECF 111 at 12-13 ("Because the Government has not met its burden *as to any applicable privileges*, it should be ordered to produce the material." (emphasis added)).

*Second*, even if Mr. Griffin had not challenged the attorney-client and work-product protections (and he did), the Government still fails to establish Judge Goodman committed clear error in his Omnibus Order. This is because Judge Goodman found that the Government did not address those privileges (*see* ECF 141 at 5 n.6) and "[t]he burden of establishing the privilege rests on the party claiming it." *See Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1233 (S.D. Fla. 2018); *see also Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 689 (S.D. Fla. 2011) ("The proponent of the privilege has the burden of proving its applicability.") (Goodman, M.J.); *Fedderman v. Palm Beach Cnty. Sch. Bd.*, 2023 WL 7124166, at *5 (S.D. Fla. Oct. 30, 2023) (finding that the "attorney-client privilege argument has been waived . . . as Defendants failed to raise such argument in the Amended Motion itself"). The Government does not challenge that it "ha[d] the burden of proving that an attorney-client relationship existed and that the particular communications were confidential," *see Regions Bank v. NBV Loan Acquisition Member LLC*, 2022 WL 4366577, at *2 (S.D. Fla. Sep. 21, 2022) (Goodman, M.J.) (quoting *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991)), nor does it argue now that it met that standard. In any event, because "magistrate judges enjoy extremely broad discretion in controlling discovery," *Zamber v. Am. Airlines, Inc.*, 2017 WL 5202748, at *5 (S.D. Fla. Feb. 17, 2017), Judge Goodman did not commit "clear error" in determining that the Government failed to meet its burden.

*Third*, even after May 29, 2024—the deadline to comply with Judge Goodman's order—the Government has *still* failed to provide a privilege log for the documents it is withholding from

5

the PIN file, and thus continues to waive any privilege that could potentially attach. *See Apotex, Inc. v. Mylan Pharms., Inc.*, 2013 WL 12120516, at *2 (S.D. Fla. Jan. 3, 2013) ("If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived."); *see also White v. Osa*, 2012 WL 202822, at *5 (S.D. Fla. Jan. 23, 2012) ("Plaintiff is cautioned that if he withholds any documents on this basis [of attorney-client privilege] but does not file a privilege log, then the Court will determine he voluntarily waived the attorney-client privilege.") (Goodman, M.J.).[1]

*Finally*, the Government also asserts that "under Local Rule 26.1(e)(2)(C)," any "attorney-client communications and work product of Justice Department (Tax Division and PIN) attorneys created after Plaintiff filed his complaint in this case . . . were not required to be listed on a privilege log." *See* ECF 145 at 2. While the Government does not appear to object to Judge Goodman's Order on this basis, the Government is incorrect here too. Local Rule 26.1(e)(2)(C) states that while "[t]his rule requires preparation of a privilege log," it does not apply to communications "between a party and its counsel after commencement of the action and work product material created after commencement of the action." But PIN is not the IRS's counsel in this case, as would be required to fall within this Local Rule, which involves purportedly privileged communications by or among attorneys *in the same case*, not an outside matter. *See, e.g.*, *Procaps S.A. v. Patheon*

---

[1] Despite the Government's waiver of privilege, Mr. Griffin neither desires nor expects the Government to produce *truly* privileged information and communications, such as confidential communications exclusively between PIN prosecutors discussing potential charging decisions for Mr. Littlejohn. However, without any knowledge of what precisely the Government is withholding on the basis of privilege, Mr. Griffin is unable to determine whether the Government's privilege assertion is proper—which is precisely the purpose of a privilege log. *Kleiman v. Wright*, 2020 WL 1139067, at *5 (S.D. Fla. Mar. 9, 2020) ("When the legal objection is that the request calls for privileged material, the objecting party also must provide a privilege log which contains sufficient information for the requesting party to challenge the privilege claim"). As such, the Government must, at a minimum, log anything it is withholding on the basis of privilege.

6

*Inc.*, 2017 WL 11558276, at *2 (S.D. Fla. Oct. 2, 2017) (attorneys for plaintiff need not log privileged communications with client that post-date complaint filing) (Goodman, M.J.); *Fondo de Proteccion Soc. de los Depositos Bancarios for Banco Canarias de Venezuela, C.A. v. Diaz, Reus, & Targ, LLP*, 2017 WL 7792605, at *4 (S.D. Fla. June 15, 2017) (counsel for defendants need not log privileged communications with client that post-date complaint filing); *Bautech USA, Inc. v. Resolve Equip., Inc.*, 2024 WL 1929486, at *2 (S.D. Fla. May 2, 2024) (counsel for third-party defendant need not log privileged communications with client that post-date complaint filing).

Moreover, the DOJ's investigation had been ongoing since at least December 2021. *See* ECF 119-1 at 238:19-239:9. Even accepting the Government's meritless argument that Local Rule 26.1(e)(2)(C) would not require a privilege log for PIN attorneys' materials, there are almost undoubtedly items in PIN's investigative file that predate the filing of Mr. Griffin's complaint, which occurred more than a year after the investigation began. These must be logged on the Government's privilege log as well. *See* Fed. R. Civ. P. 26(b)(5) ("When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed . . . .").

## CONCLUSION

For the foregoing reasons, this Court should overrule the Government's objections to the Omnibus Order.

Dated: May 31, 2024

Respectfully submitted,

By: /s/ *Jason D. Sternberg*

William A. Burck (*pro hac vice*)
Derek L. Shaffer (*pro hac vice*)
Alexander J. Merton (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
(202) 538-8334
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
ajmerton@quinnemanuel.com

John F. Bash (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
300 West 6th St, Suite 2010
Austin, TX 78701
(737) 667-6100
johnbash@quinnemanuel.com

Jason D. Sternberg (Florida Bar No. 72887)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880
jasonsternberg@quinnemanuel.com

Christopher D. Kercher (*pro hac vice*)
Peter H. Fountain (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor,
New York, New York 10010
(212) 849-7000
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com

*Counsel to Plaintiff Kenneth C. Griffin*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 31st day of May, 2024, I caused a copy of the foregoing document to be filed with the Clerk of Court using the CM/ECF electronic filing system, which will send notification to all counsel of record.

By: /s/ *Jason D. Sternberg*
Jason D. Sternberg
Fla. Bar No. 72887
jasonsternberg@quinnemanuel.com