# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DECLARATION OF JONATHAN E. JACOBSON,**
**TRIAL ATTORNEY, U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION,**
**PUBLIC INTEGRITY SECTION**

I, Jonathan E. Jacobson, declare under penalty of perjury:

1.      I am a trial attorney in the Public Integrity Section (PIN) of the Department of Justice, Criminal Division. I joined the Department of Justice through the Honors Program in 2016. I initially served as a trial attorney in the Civil Division. I then served as an Assistant United States Attorney in the District of Puerto Rico. I later joined PIN as a trial attorney in 2020.

2.      I am one of the attorneys who prosecuted Charles Edward Littlejohn in the criminal case *United States v. Charles Edward Littlejohn*, No. 1:23-cr-00343 (D.D.C.). The case against Littlejohn was instituted by a Criminal Information on September 29, 2023, charging a violation of 26 U.S.C. § 7213(a)(1). In October 2023, Littlejohn pled guilty to the Information. In January 2024, the Court sentenced Littlejohn to a term of imprisonment of five years, the statutory maximum.

3.      I have been asked to prepare this declaration to address a recent order in *Kenneth C. Griffin v. Internal Revenue Service et al.*, No. 1:22-cv-24023 (S.D. Fl.), requiring the production

of the "PIN prosecutorial investigative file (but not those portions of the file which were obtained *exclusively* from the TIGTA [Treasury Inspector General for Tax Administration] investigation or any grand jury materials)." In this litigation, Plaintiff Kenneth C. Griffin has indicated that, in his view, this would include "Littlejohn's electronic journal, proffer memoranda, investigative notes, reports, and interview memoranda prepared after the case was referred to DOJ, as well as communications between Littlejohn and ProPublica." ECF No. 143 at 2 n.4.

4.      As to Littlejohn's electronic journal, TIGTA investigators independently took physical possession of media on which the journal was stored. Subsequently, TIGTA investigators provided an electronic copy of the journal to PIN.

5.      As to communications between Littlejohn and ProPublica, TIGTA investigators independently took physical possession of media on which these communications were stored. Subsequently, TIGTA investigators provided a copy of the communications to PIN.

6.      As to investigative notes, reports, and interview memoranda, each of these was prepared independently by TIGTA investigators. Subsequently, TIGTA investigators provided copies of certain notes, reports, and interview memoranda to PIN.

7.      PIN's internal notes and communications regarding documents and information received from TIGTA are protected as attorney-work product and attorney-client communications and information in the internal notes and communications that came from TIGTA is protected under 26 U.S.C. § 6103.

8.      PIN will produce proffer memoranda from proffer interviews with Littlejohn, which were attended by PIN attorneys, as well as communications between PIN and Littlejohn's counsel that are not protected by Federal Rule of Criminal Procedure 6(e).

9.      While TIGTA coordinated with PIN during the investigation and after referral,

TIGTA independently determined the course of its investigation.

JONATHAN
JACOBSON

Digitally signed by
JONATHAN JACOBSON
Date: 2024.05.29 14:48:17
-04'00'

Jonathan E. Jacobson
Trial Attorney, Public Integrity Section
Criminal Division
Department of Justice