# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| INTERNAL REVENUE SERVICE, *et al.*, | ) |
| Defendants. | ) |

## DECLARATION OF SCOTT H. MOFFIT, SPECIAL AGENT IN CHARGE, TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION

I, Scott H. Moffit, pursuant to 28 U.S.C. § 1746, do hereby declare as follows:

1. I am the Special Agent in Charge of the Cybercrime Investigations Division for the Treasury Inspector General for Tax Administration (TIGTA). I have held this position since 2023. Before that, I was an Assistant Special Agent in Charge in the Cybercrime Investigations Division, a position I held from 2018 to 2023. In 2022, I intermittently served as Acting Special Agent in Charge of the Cybercrime Investigations Division.

2. TIGTA is a Department of the Treasury office of inspector general that oversees the Internal Revenue Service (IRS). TIGTA is separate and apart from the IRS and operates wholly independent of the IRS. In accordance with § 3(a) of the Inspector General Act (IG Act), 5 U.S.C. § 403(a), TIGTA reports to, and is under the general supervision of, the Secretary of the Treasury.

3. TIGTA evaluates allegations to determine if unauthorized disclosure or inspection of return information has occurred. This authority is granted to TIGTA under Sections

8D(k)(1)(A) and 9 of the IG Act, 5 U.S.C. §§ 412(k)(1)(A) and 422(a)(1)(L)(ii). Under the IG Act, TIGTA has the duty and responsibility to conduct investigations relating to the programs and operations of the IRS. The IG Act also gives TIGTA the authority to enforce the criminal provisions of the internal revenue laws and other criminal provisions of law relating to internal revenue for the enforcement of which the Secretary is responsible, and to seize property subject to forfeiture under the internal revenue laws. These provisions of the IG Act are restated and verified by the Secretary of the Treasury in Treasury Order 115-01. Pursuant to these governing authorities, TIGTA has the responsibility to investigate allegations of unlawful disclosure or inspection of return information and seize property used in or intended for use in such activities. *See* TIGTA Operations Manual, 400-290.2.

4. As part of my duties as an Assistant Special Agent in Charge, I was assigned to supervise the investigation of the alleged unauthorized disclosure of return information to ProPublica, a potential violation of 26 U.S.C. §§ 7213 and 7213A. TIGTA's investigation of the alleged disclosure to ProPublica ultimately determined that Charles Littlejohn was the source of such disclosure.

5. TIGTA coordinated with the Department of Justice, Criminal Division, Public Integrity Section (PIN) during the entire investigation, *i.e.*, from its initiation to Littlejohn's prosecution, but TIGTA independently determined the course of the investigation. Coordination with PIN generally consisted of TIGTA updating PIN on the status of the investigation and new developments during the investigation and requesting assistance from PIN in obtaining court orders and search warrants to acquire evidence. Due to the highly technical nature of the investigation, TIGTA had the unique skills and knowledge to determine the information that needed to be collected to conduct the investigation.

6. During its Title 26 investigation, TIGTA collected information and evidence and shared this information and evidence with PIN. This primarily included verbal updates on relevant information identified, drafts of legal process with summaries of facts acquired from TIGTA's investigation – *e.g.*, search warrants, court orders pursuant to 18 U.S.C. § 2703(d), and applications for such warrants and orders – and a limited set of memoranda or other documents regarding interviews and other investigative activity. Pursuant to 28 C.F.R. § 60.1, TIGTA generally must obtain concurrence from a U.S. Attorney's Office prior to applying for a search warrant.[1]

7. TIGTA was present with PIN at two proffer meetings with Littlejohn on September 13 and December 11, 2023. Littlejohn, his counsel, PIN attorneys, and TIGTA agents were present for such meetings. TIGTA agents took notes during the proffer meetings, reduced the notes to memoranda of interview and provided the memoranda to PIN on October 26 and December 13, 2023, respectively.

8. Prior to the September 13, 2023 proffer meeting, Littlejohn's counsel advised TIGTA and PIN that Littlejohn maintained information related to his unauthorized disclosure to ProPublica and the New York Times on multiple flash drives. Littlejohn subsequently provided TIGTA with consent to search the drives and abandoned them to the United States. TIGTA began pursuing forfeiture of these flash drives pursuant to 26 U.S.C. § 7302.

9. One of these flash drives was described in the forfeiture orders in *United States v. Charles Edward Littlejohn*, 1:23-cr-00343-ACR ECF 17, 18, and 35 (D.D.C.), as the "[s]ilver USB flash drive located inside the lining of a wooden leather box containing an ornamental camel." TIGTA agents collected the drive and transported it to a TIGTA office. TIGTA personnel

---

[1] 28 C.F.R. § 60.3 identifies TIGTA by its predecessor agency's name, the Internal Security Division of the Internal Revenue Service's Inspection Service. The Internal Revenue Service Restructuring and Reform Act of 1998 (PL 105-206) created TIGTA and transferred the functions discussed here to TIGTA. *See* 5 U.S.C. § 422(a)(1)(L)(ii).

examined the drive and its contents. After analysis and extraction, TIGTA provided the extracts of portions of data on the flash drive to PIN that included:

    a. Mr. Littlejohn's electronic journal concerning the inspection and disclosure of confidential return information,

    b. metadata that Mr. Littlejohn provided to ProPublica identifying the categories of confidential return information disclosed;

    c. records of information and communications Mr. Littlejohn prepared, sent, or received about and including the confidential return information he inspected and disclosed;

    d. communications between Mr. Littlejohn and ProPublica.

10. TIGTA shared its investigative findings with PIN, which was the basis of the information, subsequent plea agreement, and forfeiture under 26 U.S.C. § 7302.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2024.

*Scott H. Moffit*
Digitally signed by Scott H. Moffit
Date: 2024.05.29 09:39:30 -04'00'

SCOTT H. MOFFIT
Special Agent in Charge
Treasury Inspector General for Tax Administration