# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 4:09-cv-00062-JAJ-CFB |
| | ) | |
| HOWARD MUSIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' OPPOSITION TO
COUNTERCLAIM PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Counterclaim Plaintiffs Howard Musin and Jill Schwartz-Musin ("the Musins")

originally alleged one claim of unauthorized disclosure of their return information

under 26 U.S.C. § 7431.  Although the Musins previously amended their counterclaim,

neither of the two causes of action added at that time stated a claim under section 7431,

and the Musins voluntarily dismissed them rather than respond to the United States'

motion to dismiss.  The Musins now seek the Court's leave to again amend their

counterclaim to bring in two new causes of action under section 7431.  (Proposed

Counterclaim, Docket No. 259-1.)

Proposed Count II alleges that Internal Revenue Service ("Service") employees

made unspecified disclosures to each other during the process of auditing the returns of

the Musins' customers.  (Proposed Counterclaim ¶¶ 14-16.)  Proposed Count III alleges

that, during an interview of two of the Musins' customers, a Department of Justice

("DOJ") attorney and/or Service employee disclosed unidentified information to those

customers that revealed that the Musins were being investigated.  (*Id.* ¶¶ 17-20.)

The Court should deny the motion for leave to amend for three independent

reasons.  First, the Court lacks jurisdiction over the claims because the waiver of

sovereign immunity under section 7431 is subject to a two-year statute of limitations

that the Musins have failed to satisfy.  Second, both proposed causes of action fail to

plead basic facts necessary to establish a plausible unauthorized disclosure claim.

Third, the causes of action fail to allege any unauthorized disclosure of the Musins' tax

return information.

**ARGUMENT**

**The Court Should Deny the Musins'**
**Motion for Leave to Amend as Futile.**

While leave to amend a complaint should be freely given "when justice so

requires," a court should deny a motion for leave to amend if the proposed amendment

is futile.  *United States ex rel. Lee v. Fairview Health System,* 413 F.3d 748, 749-50 (8th Cir.

2005)(citations omitted).  In assessing whether a proposed amendment is futile, a court

should apply the same standard of legal sufficiency that it applies in deciding a motion

to dismiss under Fed. R. Civ. P. 12(b).  *Zutz v. Nelson*, 601 F.3d 842, 850-52 (8th Cir. 2010)

(citing *Cornelia I. Crowell GST Trust v. Possiss Med., Inc.,* 519 F.3d 778, 782 (8th Cir. 2008))

(denying motion for leave to amend because proposed pleading did not meet

plausibility standard described in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007)).

2

I.    **The Musins Have Failed to Establish That This Court Has Jurisdiction Over Either Proposed Cause of Action.**

    A.    **The Musins Claim Jurisdiction Under Section 7431, Which Has A Two Year Limitations Period**

As a basis for jurisdiction, the Musins cite 26 U.S.C. § 7431.  (Proposed Counterclaim ¶ 1.)  Section 7431 provides that any claim must be brought "within <u>2 years</u> after the date of discovery by the plaintiff of the unauthorized inspection or disclosure."  26 U.S.C. § 7431(d)(3)(emphasis added); *Aloe Vera of America, Inc. v. United States*, 580 F.3d 867, 872 (9th Cir. 2009)(reversing district court's finding that the two year period was satisfied because the period begins with knowledge of the disclosure itself, "not the date when the plaintiff realizes that a disclosure was unauthorized"), remanded to *Aloe Vera of America, Inc. v. United States*, No. 99-1794, 2010 WL 3034527 (D. Ariz. Aug. 3, 2010) *10 (holding that the two-year period begins to run when plaintiff ***should have known*** that a disclosure had been made).  Failure to bring suit within the two-year period deprives the Court of subject-matter jurisdiction.  *Aloe Vera*, 580 F.3d at 872; *Gandy v. U.S.*, 234 F.3d 281, 283 (5th Cir.  2000).

Because the two-year statute of limitations in section 7431 is a limited waiver of sovereign immunity, strict compliance is required.  *Aloe Vera*, 580 F.3d at 871-72 (citing *John R. Sand & Gravel Co. v. United States*, 128 S.Ct. 750, 753 (2008); *United States v. Dalm*, 494 U.S. 596, 608 (1990)).  Moreover, a plaintiff must allege compliance with it to state a claim and bears the burden of establishing the two-year period is satisfied.  *See, e.g.,*

*Huntington Steel Corp. v. United States*, 153 F. Supp. 920, 922 (S.D.N.Y. 1957)(citations

omitted)(for suits against the United States governed by jurisdictional statutes of

limitation, "the complaint must allege facts sufficient to show this jurisdiction"); 5A

Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1309 (3d ed.

2010)(if "the plaintiff's claim has been created by a statute that extinguishes the right of

action as well as the remedy if the suit is not brought within a certain period . . . a party

must specifically allege the time when the claim for relief arose"); *Gandy v. United States*,

234 F.3d 281, 283 (5th Cir. 2000) (affirming dismissal of plaintiff's complaint for lack of

jurisdiction where complaint was brought more than two years after the alleged

disclosure).  In *Gandy*, for example, there was a factual issue as to when the plaintiff

learned of the alleged unauthorized disclosure and the Fifth Circuit upheld the district

court's determination that the plaintiff's claim of lack of knowledge of the disclosure

was not credible.  *Gandy,* 234 F.2d at 283-84.

### B.   The Musins Have Failed to Establish Jurisdiction.

The Musins have not met their burden of establishing jurisdiction.  Proposed

Count II alleges:

> During the course of the audit of taxpayer returns prepared by Musin
> and/or Schwartz-Musin made in connection with the investigation of
> Musin and Schwartz-Musin, ...

(Proposed Counterclaim ¶ 14.)  The Musins thus fail to provide <u>any</u> time frame, let

alone a date of disclosure.  (*Id.*)  Their allegation that a disclosure occurred during the

course of an audit does little to narrow the time frame because the Musins do not bother

4

to identify which taxpayers' audits – or how many audits, for that matter – are at issue. (*Id.*)

Because the Musins allege that Revenue Agent Kathleen Roberts sent "various report transmittals" during course of the vaguely alleged "audit," the United States is led to believe that the alleged disclosures would have occurred when Roberts conducted her work more than five years ago during 2006 and early 2007. (Roberts Decl., Docket No. 11-1.) Thus, not only does the Proposed Counterclaim fail to allege, let alone plead facts that establish, that it meets section 7431's jurisdictional requirements; the inference to be drawn from the pleaded facts is that Count II is in fact time-barred.

The same is true for Count III, which alleges that an oral disclosure took place:

Sometime prior to November 25, 2008, ...

(Proposed Counterclaim ¶ 17.) No further specifications are pleaded. It follows that if the alleged disclosure occurred prior to November 25, 2008, and the Musins did not seek to file this counterclaim until February 21, 2011, the claim is time-barred. Count III facially fails to establish that the jurisdictional requirements of section 7431's waiver of sovereign immunity have been met. The Court thus lacks jurisdiction over Count III.

### C. <u>The Proposed Second and Third Causes of Action Do Not Relate Back.</u>

The only possible argument to save Counts II and III is that the new claims relate back to the counterclaim's original filing date, March 18, 2009. A new cause of action relates back to the date of the original pleading if it arose out of the same "conduct,

transaction, or occurrence set out – or attempted to be set out – in the original

pleading." Fed. R. Civ. 15(c)(1)(B). To meet this test, the new claim "must be 'tied to a

common core of operative facts.'" *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir.

2010)(quoting *Mayle v. Felix*, 545 U.S. 644, 664 (2005)); *see also Maegdlin v. International*

*Assoc. of Machinists and Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1053 (8th Cir.

2002)(the focus for relation back is "the facts well pleaded, not the theory of recovery or

legal conclusions"). Thus, the factual allegations in the new claim must be of the same

"time and type" as those in the original claim. *Dodd*, 614 F.3d at 515 (citations and

internal quotations omitted). Reliance on the same legal theory or a related, but

unpleaded, set of facts is insufficient.

Courts have made clear that just because a newly proposed cause of action has a

related — or even the same — legal theory as a pre-existing cause of action does not

mean the newly proposed cause of action relates back. *See, e.g., Oja v. U.S. Army Corps*

*of Engineers*, 440 F.3d 1122, 1134-35 (9th Cir. 2006)(citing Charles Alan Wright, Arthur R.

Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1497 (2d ed. 1990)(new Privacy

Act claim did not relate back to date of original Privacy Act claim; even though both

claims involved the same agency disclosing identical information via the Internet, the

disclosures occurred approximately one month apart on different websites); *Hernandez*,

436 F.3d at 858 (citing *Mayle v. Felix*, 125 S. Ct. 2562, 2572 (2005))(rejecting argument that

new claim of ineffective assistance of counsel related back to date of original claim of

ineffective assistance of counsel; fact that both claims arose from attorney's conduct at

trial did not satisfy Rule 15(c)(1)(B)'s requirement that the claims arise from the same "conduct, transaction, or occurrence"); *Burt v. CBS, Inc.*, 769 F. Supp. 1012, 1014-16 (S.D. Ohio 1990)(citing *Rickman v. Cone Mills Corp.*, 129 F.R.D. 181 (D. Kan. 1989))(additional citations omitted)(new defamation claim did not relate back to date of original defamation claim; even though both claims involved CBS broadcasting the identical television program, the two broadcasts occurred on different dates).

The Musins have not alleged that either of their proposed causes of action relates back to the original claim.  And neither does.  The original counterclaim contained a single cause of action alleging a single oral disclosure to two specific people (Arindam Chatterjee and his representative) during a specific meeting.  (Answer and Counterclaim ¶ 10 (Docket No. 79).)  Specifically, the alleged disclosure was that the Musins were under investigation and "had inappropriately claimed fraudulent and/or overstated deductions on their clients' federal income tax returns."  (Id. ¶ 12 .)  Only this single instance was pleaded, despite the fact that Chatterjee was only one of twenty customers identified in a declaration supporting the United States' request for a preliminary injunction.[1]

Proposed Count II – dealing with alleged disclosures within the Service through

---

[1]To the extent the Musins will argue that their voluntarily dismissed prior amended counterclaim is a basis for relation back, they would be incorrect.  *Harbor Ins. Co. v. Essman*, 918 F.2d 734 (8th Cir. 1990)("the relation-back doctrine of Rule15(c) is inapplicable to the filing of a new complaint after an earlier action has been voluntarily dismissed.  The voluntary dismissal of an action places the parties in a position as if the suit had never been filed. *Huelsman v. Civic Center Corp.*, 873 F.2d 1171, 1176 (8th Cir.1989); *Dade County v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir.1987).").

report transmittals, appeals case memoranda, and unspecified "other written or oral statements" "[d]uring the course of the audit of taxpayer returns" – is wholly unrelated and, thus, does not relate back.  (*See* Proposed Counterclaim ¶¶ 14-15); *Morell v. United States*, 91 F.Supp.2d 451, 456-58 (D.P.R. 2000)(rejecting plaintiff's argument that proposed section 7431 claim and original section 7431 claim were part of a continuing course of conduct; proposed claim did not relate back to original claim, the facts of which were "in no way related").  And proposed Count III deals with an alleged disclosure that one of the Musins was under investigation to two different people (Steven and Jeanne Toovell) at a different meeting.  (*Id.*, ¶¶ 17-18.)  The Musins only pleaded that this meeting occurred "[s]ometime prior to November 25, 2008."  (*Id.*, ¶ 17.)

The only common thread between the three causes of action is the boilerplate claim – that Schwartz-Musin was "the subject of an investigation with respect to possible action under Section 6694, 6695, 6700, 6701, 7402, 7407, and 7408 of the Internal Revenue Code" – regurgitated in each cause of action.  (*Id.*, ¶¶ 11, 14, 18.)  Notably, no actual disclosure of the Musins' return information is pleaded in proposed causes of action I and III.  (*Id.*, ¶¶ 14-20.)  The original counterclaim did not put the United States on notice that either of the proposed causes of action – a different disclosure to different people in a previously unidentified form, or a different disclosure to different people at a different meeting – would be at issue.  The causes of action the Musins now try to allege grow out of entirely separate sets of facts from the original counterclaim.  Thus,

they does not relate back.  *See Oja*, 440 F.3d at 1134-35 (citation omitted); *Hernandez*, 436

F.3d at 858 (citation omitted); *Burt v. CBS, Inc.*, 769 F.Supp. 1012, 1014-16 (S.D. Ohio

1990)(citations omitted).

Because neither proposed cause of action pleads compliance with the statute of

limitations, the Court should deny the Musins' motion as futile.

## II.     The Musins Have Failed to Plead Sufficient Information to Satisfy Rule 8 for Either Proposed Cause of Action.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a well-pleaded

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint cannot merely

tender "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1951.  Fed.

R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Id.*

Section 7431 provides a civil damages remedy for taxpayers whose return

information has been negligently or willfully disclosed in violation of section 6103.  26

U.S.C. § 7431.  Under Fed. R. Civ. P. 12(b)(6) and *Iqbal* and *Twombly*, a plaintiff must

allege that a disclosure of his or her return information was made by a United States

employee that was (1) not authorized, (2) made knowingly or by reason of negligence,

and (3) in violation of 26 U.S.C. § 6103.  *Flippo v. United States*, 670 F. Supp. 638, 640 (4th

Cir. 1988); *see also Kenny v. United States*, No. 08-3921, 2009 U.S. Dist. LEXIS 8322, at * 22

(D.N.J. Feb. 5, 2009); *WeWee v. United States*, No. Civ. 01-626-TUC-WDB, 2003 WL

1874756, * 2 (D. Ariz. Mar. 10, 2003), *aff'd*, 72 Fed. Appx. 731 (9th Cir. 2003); *Wilkerson v.

United States*, 67 F.3d.112, 115 (5th Cir. 1995); *Fostvedt v. United States*, 824 F. Supp. 978,

983 (D. Colo.), *aff'd*, 16 F. 3d 416 (10th Cir. 1993).  Moreover, a section 7431 claim must

contain specific allegations regarding an alleged disclosure, *i.e.*, the circumstances

surrounding the disclosure, the items of return information disclosed, the date of the

disclosure, who made the disclosure, to whom it was made, and other information

sufficient to alert the defendant to the information that was allegedly disclosed.[2] *See*

*Dean v. United States*, No. 09-3095, 2010 WL 1257792, at *4 (D.N.J. Mar. 29, 2010)

(plaintiff must specifically identify who made the disclosures, to whom they were

made, the nature of the disclosures, and the dates they were made).  Counts II and III of

---

[2]*See, e.g., Flippo v. United States*, Nos. 87-3586(L) and 87-3622, 1998 WL 60765, 849
F.2d 604, at *1 (4th Cir. 1988)(affirming dismissal of of 26 U.S.C. § 7431 claims for failure
to allege specific instances of wrongdoing); *Kenny v. United States*, No. 08-3921, 2009 U.S.
Dist. LEXIS 8322, at * 22 (D.N.J. Feb. 5, 2009)(dismissing plaintiff's disclosure claim for
failure to plead disclosure with particularity, including failure to state which provision
of 26 U.S.C. § 6103 had allegedly been violated); *Cryer v. United States*, 554 F.Supp.2d
642, 645 (W.D.La. 2008)(dismissing unauthorized disclosure claim because the plaintiff's
allegations were "devoid of detail"), *aff'd* 309 Fed.Appx. 813 (5th Cir. 2009); *Fostvedt v.
United States*, 824 F.Supp. at 985-86 (citing *Stephens v. United States*, slip op., No. 85218
(N.D.Tex. Dec. 6, 1985), *aff'd by unpublished opinion*, No. 86-1063 (5th Cir. Feb. 26, 1987);
*Young v. Boyle*, slip op., No. 82-72653 (E.D.Mich. 1983))(mere allegations of disclosure
insufficient to support cause of action); *May v. United States*, No. 91-0650, 1992 U.S. Dist.
LEXIS 16055 at *6-7 (W.D.Mo. April 17, 1992)(plaintiff must specifically allege who
made the disclosures, to whom they were made, their nature, the circumstances
surrounding them, the dates on which they were made, and the specific return
information disclosed); *Colton v. Internal Revenue Serv.*, No. 85-635, 1989 U.S. Dist. LEXIS
12021, at *17 (D.Nev. April 4, 1989)(dismissing wrongful disclosure claim because
plaintiff failed to specify what information was wrongfully revealed, to whom, and
under what circumstances).

the Proposed Counterclaim are futile because they do not allege sufficient facts to state a claim.

A.    **Proposed Count II Does Not Allege Sufficient Detail.**

The Musins' proposed second cause of action does not allege any dates. (Proposed Counterclaim ¶¶ 14-16.)  It alleges the identity of one Service employee – Kathleen Roberts – who supposedly made a disclosure(s), but then asserts that there may have been other disclosures by unnamed "IRS Appeals Officers" and "perhaps other IRS agents." (*Id.* ¶¶ 14-15.)  It does not identify the names of anyone to whom the disclosure(s) was/were supposedly made. (*Id.*)  It does not identify the specific language in the "various report transmittals" or "Appeals Case Memorandums" that supposedly constitutes a disclosure of the Musins' return information. (*Id.*)  It does not identify – or even estimate – the number of such report transmittals or appeals case memoranda. (*Id.*)  It does not identify – or even estimate – the number of total disclosures. (*Id.*)  It juxtaposes the allegations of disclosures in report transmittals and appeals case memoranda with unspecified "other written or oral statements." (*Id.*)  And it fails to even allege that any violation of section 6103 occurred as a result of negligence or willfulness. (*Id.*, ¶¶ 14-16.)

The Musins are trying to bootstrap naked assertions without ***any*** further factual enhancement onto insufficiently defined allegations, opening the United States up to wide-ranging discovery on an amorphous, ill-defined claim.  This is precisely the situation that the Supreme Court's ruling in *Ashcroft v. Iqbal* was designed to avoid.  *See*

11

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953-54 (2009)("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *see also Dean v. United States*, 2010 WL 1257792, at *5 (citing *Fostvedt v. United States*, 824 F. Supp. at 985)(plaintiff was not entitled to take discovery to try to cure insufficiently pleaded section 7431 claim); *Moldenhauer v. United States*, 958 F. Supp. 394, 396 (C.D. Ill. 1996)(rejecting "Plaintiff's request for further discovery to uncover various unknown disclosures. Such discovery would merely consist of a fishing expedition... .").

Accordingly, the Musins' proposed second cause of action is insufficient as a matter of law.

**B.    The Proposed Third Cause of Action Does Not Allege Sufficient Detail.**

The Musins' proposed third cause of action does allege not when the supposed disclosure occurred, other than to say that it happened "[s]ometime prior to November 25, 2008." (Proposed Counterclaim ¶ 17.) It fails to identify what was actually said that supposedly constitutes an unauthorized disclosure. (*Id*.) And it fails to even allege that any violation of section 6103 occurred as a result of negligence or willfulness. (*Id*. ¶¶ 17-20.) Accordingly, it is insufficient as a matter of law. *See Dean v. United States*, 2010 WL 1257792, at *4.

**III.    The Musins Have Failed to Plead an Unauthorized Disclosure of Their Return Information for Either Proposed Cause of Action.**

As noted in Sections I and II, above, the Musins have failed to plead sufficient detail to state a claim. But even if their bare-bones allegations could be construed as

sufficient, the allegations themselves demonstrate that the Musins' return information

was not disclosed, and, with respect to the proposed second cause of action, that any

disclosure of return information was authorized.

A.    **Proposed Count II Does Not Allege An Unauthorized Disclosure of the
      Musins' Return Information**.

The Musins allege that "various report transmittals" and "Appeals Case

Memorandums" disclosed that they "were the subject of an investigation." (Proposed

Counterclaim ¶¶ 14-15.)  The Musins have not identified the particular language in

these documents that supposedly constitutes an unauthorized disclosure, nor have they

attached the documents to show how they could violate section 6103.  It appears that

the Musins are complaining that there is a notation to their customer-taxpayer's audit

file that should not have been passed along to the appeals officer handling the appeal of

their customer-taxpayer's audit, because the note was actually the tax preparer's tax

return information.  This is insufficient to state a claim under section 7431 because (1)

such a notation would not be their tax return information and (2) even if such a notation

could be construed as their tax return information, such a disclosure is expressly

authorized by statute.

1.    **The Note on the Transmittal Form Was Not Counterclaim
      Plaintiff's Return Information**

It is difficult to see how the Musins construe a note on their customers' file to be

their tax return information, not the customers'.  The information is part of the

*customers'* tax files.  (Proposed Counterclaim ¶¶ 14-15.)  The tax files were forwarded

to Appeals Officers to adjudicate the *customers'* tax liability in appeals filed by the

*customers.* The Musins cannot seriously contend that the Service violated section 6103

by reviewing the customers' return information during an adjudication of the

customers' liability in appeals filed by the customers.

**2.** **Even If It Was the Musins' Tax Return Information, the Disclosure Was Authorized**

The general prohibition against disclosure in section 6103(a) is subject to a series

of interrelated exceptions to the general rule prohibiting disclosures, somewhat like the

evidentiary rule against hearsay. 26 U.S.C. §§ 6103 (c) - (q). Section 6103 expressly

authorizes the disclosure of return information in certain contexts. For example,

subsection 6103(h)(1) authorizes disclosures between Service employees:

> (1) **Department of the Treasury**.--Returns and return information shall,
> without written request, be open to inspection by or disclosure to officers
> and employees of the Department of the Treasury whose official duties
> require such inspection or disclosure for tax administration purposes.

26 U.S.C. § 6103(h)(1); *see also Gardner v. United States*, 213 F.3d 735, 739-40 (D.C. Cir.

2000). The phrase "tax administration purposes" refers to "the administration,

management, conduct, direction, and supervision of the execution and application of

internal revenue laws . . . [and] includes assessment, collection, enforcement, [and]

litigation." 26 U.S.C. § 6103(b)(4).

Disclosures of return information from one Service employee to another for the

purpose of conducting their various responsibilities in administering the tax laws are

*expressly* authorized by section 6103(h)(1). *Jones v. United States*, 869 F. Supp. 747, 758

(D. Neb. 1994)(Service employees' disclosures of return information to one another in the performance of their duties were authorized by section 6103(h)(1)); *Kenny*, 2009 WL 276511, *7-8 (same). Such communications are a necessary part of tax administration. *Gardner v. United States*, 213 F.3d at 739-40 (dismissing claim for unauthorized disclosure based on Service employees' communications with each other, which the court described as "integral" to administering the tax laws). Indeed, it is hard to contemplate how the Service could function at all if its employees were not allowed to communicate return information to each other – or if every such communication resulted in a district court action against the United States.

The guidelines for report transmittal forms (Forms 4665) indicate that they should be used as a cover document to provide confidential information in addition to the information in the administrative file that may be useful to Appeals. The Internal Revenue Manual explains that:

> (2) Circumstances requiring use of Form 4665 include, but are not limited to:
>     (a.) Partially agreed and unagreed cases (optional for office audit)
>     (b.) Joint investigation cases (see IRM 25.1.4.3.9)
>
> \*                    \*                    \*
>     (e.) Presentation of inconsistent "whipsaw" issues (see IRM 4.10.7.4.9)

*Internal Revenue Manual* 4.10.8.15, 2007 WL 2633151. The guidelines further state that the form:

> is used to summarize unagreed issues and present information of a confidential nature for Appeals. The information should supplement, not duplicate or replace, information in the case file. . . .
>
> (2) Confidential information included on the report transmittal form

includes:

> (a) Statement and facts involving allegations of fraud;
> (b) Remarks regarding the integrity, motives, or abilities of the taxpayer;
>
> \*                           \*                           \*
> (e) Procrastination by the taxpayer or representative; and
> (f) Other confidential information which should not be made available to the taxpayer.

*Internal Revenue Manual* 4.10.8.11.5(2), 2007 WL 2633111.

Thus, the form is used specifically to transmit confidential information in unagreed audits – such as the audits involved here – and is required to be used to identify the more complicated issues involved in audits that may not be apparent from the audit file itself. Here, as the forms show, they were used to provide confidential information regarding, among other things, the fact that the audits were within the context of a larger project – namely the investigation of the Musins as tax preparers who may have systemically created or exaggerated expenses. The information conveys the conflict of interest inherent when tax preparers represent a taxpayer in an audit or appeal of the returns the preparers prepared and notifies the appeals officer that the outcome of the appeal may have effects beyond the instant audit and for persons other than the taxpayer. Thus, the report transmittal forms here were used exactly as intended, and there was no violation of section 6103.

It appears that what the Musins are really trying to allege is a claim for improper *ex parte* communication. But even assuming *arguendo* that the report transmittal forms

constituted an improper *ex parte* communication, the Eight Circuit has held that a

violation of the *ex parte* communication rule does not afford the taxpayer under audit a

remedy absent exceptional circumstances. *Roberts v. United States*, 364 F.3d 988, 997 (8th

Cir. 2004)(enforcing summons despite violation of the *ex parte* rule because Congress

did not provide a remedy for a violation). The Musins have no claim under section

7431.

**B.      Proposed Count III Does Not Allege Disclosure of Return Information.**

Tax return information is "data, received by, recorded by, prepared by, furnished

to, or collected <u>by the Secretary [of the Treasury]</u> with respect to a return or with respect

to the determination of the existence, or possible existence, of liability . . . " 26 U.S.C. §

6103(b)(2)(emphasis added). This definition does not include information gathered by

or provided to the DOJ. Courts have consistently held that section 6103 "'is restricted to

data . . . received by, recorded by, prepared by, furnished to, or collected by the

Secretary [of the Treasury].'" *Ryan v. United States,* 74 F.3d 1161, 1163 (11th Cir.

1996)(quoting 26 U.S.C. § 6103(b)(2)(A)). Consequently, "information collected by the

United States Attorney's Office, even with the assistance of an IRS Special Agent, is not

information belonging to the Secretary of the Treasury – it is within the custody of the

Attorney General or the Department of Justice." *Ryan,* 74 F.3d at 1163; *see also Baskin v.*

*United States,* 135 F.3d 338, 343 (5th Cir. 1998)("As in *Ryan,* information collected by [the

Department of Justice], even with the assistance of an IRS Special Agent, is not

information belonging to the Secretary of the Treasury"); *Jade Trading, LLC v. United*

*States*, 65 Fed. Cl. 188, 193 (Fed. Cl. 2005)(information that has not passed through the
Service is not subject to section 6103(a)).

In proposed Count III, the Musins allege that a DOJ attorney and a Service
revenue agent met with Steven and Jeanne Toovell and disclosed that Jill Schwartz-
Musin was the subject of an investigation. (Proposed Counterclaim ¶¶ 17-18.) They
then cite a laundry list of Internal Revenue Code sections and plead the legal conclusion
that such a communication constitutes a disclosure of return information under section
6103. (*Id.*, ¶ 19.) The Musins do not plead whose investigation it was, let alone the
actual information supposedly disclosed. (*Id.*, ¶¶ 17-18.) An investigation being
conducted by the DOJ does not fall within the scope of section 6103(b)(2), even if it is
conducted with the Service's assistance. *Ryan*, 74 F.3d at 1163; *Baskin v. United States*,
135 F.3d at 343. Here, proposed Count III deals with the ***DOJ*** investigation that
culminated in the instant district court proceeding under the Internal Revenue Code.
(*See* Proposed Counterclaim, ¶ 17 (alleging that the Toovells met with a DOJ attorney
and Service revenue agent)); *see also, e.g.*, 28 C.F.R. § 0.70 (authorizing DOJ to investigate
and prosecute tax suits in district court); 26 U.S.C. § 7602(d) (sharply curtailing Service's
investigative authority once it has referred a matter to DOJ). Based on the facts they
have pleaded, the Musins cannot state a claim under section 7431 because they have
failed to allege any disclosure of their return information.

**CONCLUSION**

Based on the foregoing, the Court should deny as futile the Musins' motion for

leave to amend.

DATE: March 10, 2011                          Respectfully submitted,

                                                          NICHOLAS A. KLINEFELDT
                                                           United States Attorney

                                                 /s/ Geoffrey J. Klimas
                                             GEOFFREY J. KLIMAS
                                             DANIEL J. HEALY
                                             U.S. Department of Justice, Tax Division
                                             Post Office Box 227
                                             Washington, DC 20044
                                             GJK: (202) 307-6346/ DJH: (202)305-3402
                                             Email: Geoffrey.J.Klimas@usdoj.gov
                                             Email: Daniel.J.Healy@usdoj.gov

19

**Certificate of Service**

      I hereby certify that on March 10, 2011, I filed a true and accurate copy of the foregoing using the Court's ECF system, which will provide notice electronically to Ronald L. Mountsier, Esq., Attorney for the Counterclaim-Plaintiffs.


      /s/ Geoffrey J. Klimas
      GEOFFREY J. KLIMAS

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil No. 4:09-cv-00062-JAJ-CFB |
| | ) |
| HOWARD MUSIN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

ORDER DENYING THE
COUNTERCLAIM PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Before the Court is the Counterclaim Plaintiffs' motion for leave to file an
amended counterclaim. Upon consideration of the motion, the resistence thereto, and
the Court being sufficiently advised, it is hereby

ORDERED that the Counterclaim Plaintiffs' motion for leave to file an amended
counterclaim is DENIED.


DATE: _____

 

                               _____
                               UNITED STATES DISTRICT JUDGE

cc:    Jan Mohrfeld Kramer
       Ronald L. Mountsier
       Daniel J. Healy

**END OF ORDER**

4623816.1