United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kenneth C. Griffin, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-24023-Civ-Scola |
| Internal Revenue Service and U.S. | ) |
| Department of the Treasury, | ) |
| Defendants. | ) |

### Order Discharging Order to Show Cause

     Previously, in denying the Internal Revenue Service and the United States Department of the Treasury's (together, the "Government") motion to dismiss count one of Plaintiff Kenneth C. Griffin's complaint, the Court found it had subject-matter jurisdiction over Griffin's claim to the extent it was based on Charles Edward Littlejohn's alleged status as an IRS employee. (Order, ECF No. 108, 4–7.) On the other hand, the Court expressed concerns about its jurisdiction over two alternative theories that Griffin maintains also support that same count. (*Id.* at 4, 8.) But, because the Government had raised those issues for the first time in its reply, the Court ordered Griffin to show cause why the Court should not dismiss those theories of relief for a lack of subject-matter jurisdiction. (*Id.* at 8, 10–11.) Griffin has timely responded to that order (Pl.'s Resp., ECF No. 133). After review, the Court **discharges** its order to show cause (**ECF No. 108**).

     Griffin submits that it would be improper for the Court to dismiss alternative theories supporting a claim, based on a lack of subject-matter jurisdiction, after the Court has already determined that it has jurisdiction over that claim based on another theory. (Pl.'s Resp. at 6, 15, 16.) The Court agrees, finding no legal support for the idea that the Court, at the motion-to-dismiss stage, should dispense, in piecemeal fashion, with alternative theories supporting an otherwise viable claim. Indeed, the Court concurs with other courts that have indicated that doing so would be improper. *C.f. BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief.") (emphasis in original); *Hydro-Exc., Inc. v. VCNA Prairie LLC*, No. 20 C 00994, 2022 WL 2715856, at *2 (N.D. Ill. July 13, 2022) ("That the plaintiff identified multiple legal theories to support a claim and set them forth as 'counts' does not authorize courts to dismiss claims on a count-by-count basis."); *Winstead v. Lafayette Cnty. Bd. of*

*Cnty. Commissioners*, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016) ("[T]he challenged *theory* can't be dismissed, either, because dismissal of theories (as opposed to claims) is inappropriate at the motion to dismiss stage.") ("But at this early stage, a defendant shouldn't be able to force a plaintiff to 'pick a theory' before all the facts are in by moving for partial dismissal of a claim.").

Accordingly, to the extent the Government sought dismissal of those alternative theories, its motion is denied on that basis as well.

**Done and ordered**, in Miami, Florida, on May 30, 2024

_____
Robert N. Scola, Jr.
United States District Judge