**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN**

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL**

This Court ordered that "TIGTA's investigative file (and those portions of the PIN file obtained *exclusively* from TIGTA) are protected from disclosure under section 6103." ECF No. 141, Omnibus Order, at 27. Thus, as recognized by this Court, the Department of Justice, Public Integrity Section (PIN) is prohibited from producing documents in its possession that were obtained exclusively from TIGTA's investigation. In compliance with this Court's Omnibus Order, PIN produced proffer memoranda that were jointly obtained by TIGTA and PIN as well as PIN's communications with Charles Littlejohn's counsel, but not information exclusively obtained from TIGTA as part of TIGTA's Title 26 investigation. The United States also provided Plaintiff with sworn declarations from representatives of both PIN and TIGTA demonstrating that the remaining documents requested by Plaintiff cannot be produced as they were obtained exclusively from TIGTA as part of its investigation. *See* ECF Nos. 153-3, 153-4. As explained in the declarations, even though TIGTA coordinated with PIN during TIGTA's investigation, TIGTA—not PIN—directed the investigation. *Id.* Indeed, TIGTA, not PIN, has the statutory authority to investigate allegations of unlawful disclosure or inspection of return information in violation of § 6103. *See* ECF No. 153-4 ¶ 3.

Yet Plaintiff continues to demand production of documents obtained exclusively from TIGTA's investigation despite the plain language of § 6103 and this Court's Omnibus Order. Contrary to the sworn declarations from TIGTA and PIN, Plaintiff alleges that PIN—not TIGTA—conducted the investigation and that TIGTA gathered documents in furtherance of PIN's alleged investigation. ECF No. 153 at 4. It is undisputed that PIN did not investigate Mr. Littlejohn; instead, PIN handled the criminal prosecution. TIGTA is the entity authorized by Congress to investigate allegations of unlawful disclosure or inspection of return information, and TIGTA is the one that gathered the documents at issue as part of its investigation. TIGTA

1

determined which documents and information to provide to PIN under 26 U.S.C. § 6103(h)(2), for PIN's prosecution of Mr. Littlejohn. PIN never directed or controlled TIGTA.

Thus, to grant Plaintiff the relief that he seeks in his motion to compel, this Court would need to either find that PIN—not TIGTA—directed TIGTA's investigation (which goes against the sworn declarations from both TIGTA and PIN) or vacate its Omnibus Order and determine that documents gathered by TIGTA as part of it Title 26 investigation are not protected under § 6103. Because the only documents Plaintiff seeks through his motion are those that PIN obtained exclusively from TIGTA's investigation, the Court should deny Plaintiff's motion.

## ARGUMENT

### I. Plaintiff's narrative that PIN led TIGTA's Title 26 investigation is fiction.

Plaintiff's motion continues to set forth the false narrative that "TIGTA agents were acting *as part of PIN's investigation.*" ECF No. 153 at 4. Plaintiff reasons that because TIGTA coordinated with PIN from the start of TIGTA's Title 26 investigation, it was PIN's investigation, not TIGTA's. *Id.* at 3-5. Plaintiff has twice before made this unsupported argument. ECF No. 88 at 3 (arguing that "[m]aterials . . . collected as part of an investigation led by PIN with the assistance of TIGTA" are not protected by § 6103); ECF No. 111 at 13 (same argument). And this Court rejected that argument and correctly held that TIGTA's investigative file is protected by 26 U.S.C. § 6103. ECF No. 141 (Omnibus Order) at 14-16. Plaintiff's "expedited" motion, *for the third time*, continues to push his fictional narrative that PIN was the driving force behind the investigation, contrary to sworn statements by both TIGTA and PIN, based on select emails taken out of context. This narrative should again be rejected.

Plaintiff wants certain records that he incorrectly claims "PIN obtained" from USB flash drives including (1) Littlejohn's electronic journal; (2) a data dictionary; (3) communications

2

between Littlejohn and ProPublica; and (4) "information" related to Littlejohn's unauthorized disclosure to ProPublica and the New York Times. ECF No. 153 at 3. First, PIN is not in possession, and never was in possession, of these USB drives. ECF No. 153-4 (Decl. of Scott H. Moffit, Special Agent in Charge, TIGTA) ¶¶ 6-10; ECF No. 153-3 (Decl. of Jonathan E. Jacobson, Trial Attorney, PIN) ¶¶ 4-6. These drives have been in the custody, possession, and control of TIGTA who obtained the drives as part of its Title 26 investigation. *Id.* Littlejohn provided TIGTA with his consent to search the drives, TIGTA agents collected the drives and transported them to the TIGTA office, and TIGTA personnel analyzed and processed the information. ECF No. 153-4 (Moffit Decl.) ¶¶ 8-10; ECF No. 153-3 (Jacobson Decl.) ¶¶ 4-6. TIGTA has retained control of the USB drives and provided to PIN under § 6103(h)(2) only the information that was necessary for Littlejohn's prosecution. *Id*. If PIN were ordered to turn over all the contents on the USB drives, it could not because TIGTA is the only entity that has custody and control over those drives. Both TIGTA and PIN have provided declarations explaining who took possession of the evidence, and what records TIGTA turned over to PIN. Because those records were obtained by TIGTA *pursuant to TIGTA's Title 26 investigation*, those records are protected under 26 U.S.C. § 6103 and cannot be produced. ECF No. 141.

      Plaintiff cuts from his script the TIGTA and PIN declarations that explain that TIGTA independently conducted the investigation. ECF No. 89-1 ¶ 5 (Wood Decl.) (explaining that TIGTA conducted the investigation and independently determined the course of investigation, while coordinating with PIN both before and after referral); ECF No. 153-4 (Moffit Decl.) ¶ 5 (same); ECF NO. 153-3 (Jacobson Decl.) ¶ 9 ("While TIGTA coordinated with PIN during the investigation and after referral, TIGTA independently determined the course of its

investigation."). The declarations establish that any involvement by PIN was to assist TIGTA with its investigation. Not the other way around.

Not only is Plaintiff's narrative counter to the facts, but it is also contrary to the law. Only TIGTA—not PIN—has the legal authority to investigate alleged acts of unlawful disclosure of return information. Inspector General Act, 5 U.S.C. §§ 412(k)(1)(A) and 422(a)(1)(L)(ii); Treas. Order 115-01; ECF No. 89-1 (Decl. of TIGTA Special Agent in Charge Erik Wood) ¶ 3; ECF No. 153-4 (Moffit Decl.) ¶ 3. PIN has neither the authority to investigate alleged acts of unlawful disclosure of return information, nor the authority to direct TIGTA on how to conduct its investigation. The record evidence shows that TIGTA was not acting at the direction of PIN. *See* ECF Nos. 89-1 (Wood Decl.), 153-4 (Moffit Decl.), 153-3 (Jacobson Decl.).

PIN's assistance in TIGTA's Title 26 investigation does not strip away § 6103 protections. Section 6103(h)(2) allows for TIGTA to share information with the Department of Justice. But the information disclosed to the Department is still protected by § 6103 and cannot be further disclosed without authorization. *See* 26 U.S.C. §§ 6103(a), (h)(4). Even if the Department disclosed information to a court under § 6103(h)(4), TIGTA's internal files remain protected. *See Rice v. United States*, 166 F.3d 1088, 1091 (10th Cir. 1999).

TIGTA required PIN's assistance to obtain search warrants. This is no different than any other criminal investigation. *See* Fed. R. Crim. P. 41; 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation *in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor*, is reserved to officers of the Department of Justice, under the direction of the Attorney General."); 28 C.F.R. § 60.1 (requiring TIGTA to consult with the appropriate U.S. Attorney Office prior to seeking a warrant). And PIN's assistance does not mean that it took control of the investigation.

Indeed, TIGTA executed the search warrants, which are under seal in other courts, and TIGTA has maintained sole possession of the materials it obtained. Just like the thumb drives, if PIN were ordered to turn over information gathered by TIGTA pursuant to a search warrant, PIN would need to ask TIGTA to retrieve the information as almost all the information is in TIGTA's investigative file, not PIN's prosecution file. The execution of and information obtained from a search warrant in a Title 26 investigation is return information protected from disclosure under § 6103. *Jones v. United States*, 869 F. Supp. 747, 752-53 (D. Neb. 1994) (holding that although applications for and execution of a search warrant in connection with Title 26 investigation is return information, disclosure of the existence of and evidence gathered from such warrants is not wrongful if an exception to disclosure applies); *McQueen v. United States*, 5 F. Supp. 2d 473, 480-81 (S.D. Tex. 1998) (rejecting argument that separate grand jury and Title 26 investigations merged).

Plaintiff's position would eviscerate § 6103 protections from almost all criminal Title 26 investigations and runs counter to this Court's Omnibus Order. If adopted, a taxpayer's § 6103 protections would end at any point a U.S. Attorney's Office or other DOJ component assists TIGTA or an IRS criminal investigator in obtaining a search warrant. Plaintiff's position also removes § 6103's protections from certain civil investigations. For example, the IRS has the authority to issue summonses to collect information for the "purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." 26 U.S.C. § 7202(a)(2). Information obtained by an IRS summons is return information under § 6103. *Radcliffe v. Internal Revenue Serv.*, 536 F. Supp. 2d 423 (S.D.N.Y. 2008), *aff'd,* 328 Fed.

App'x 699 (2d Cir. 2009). When a party refuses to comply with an IRS administrative summons, the case is referred to the DOJ to obtain a court order to require a party to comply with the summons. Under Plaintiff's argument, all the information obtained pursuant to a court order enforcing a summons, even if that information is provided directly to the IRS, would no longer be protected by § 6103. Such a ruling would upend § 6103.

Finally, Plaintiff seeks all records, no matter who collected the records, after the date TIGTA made a criminal referral which Plaintiff guesses to be "no later than December 2021, and may be in fact as early as November 2021." ECF No. 153 at 3. Plaintiff is candid that it he is taking a guess on the referral date in the hopes he can capture all TIGTA-sourced investigative materials. His guess is wrong. TIGTA's investigation started before any referral and continued even after the referral date. ECF Nos. 153-3 (Jacobson Decl.) ¶ 9; 153-4 (Moffit Decl.) ¶ 5.

Plaintiff claims that TIGTA's exclusive investigation ended when PIN became involved because "TIGTA is required to "[c]omplete all other investigative leads on current and former employees, witnesses, and third parties, prior to referral to the USAO for a prosecutorial determination." ECF No. 153 at 7 (citing TIGTA Operations Manual at (400)-290.8). TIGTA's internal operations manual is not binding authority. *See United States v. Tabres*, Crim. No. 1:15-cr-277, 2016 WL 11258758, at *8 (N.D. Ga. June 3, 2016) (collecting cases that hold that internal government manuals do not confer substantive rights). Regardless, TIGTA's internal operations manual does not require the completion of an investigation before referral. It provides that TIGTA will complete investigative leads prior to referral only "as appropriate." In this case, it was not appropriate for TIGTA to complete its investigation before the criminal referral to PIN because the three-year statute of limitations was rapidly approaching. In any event, the date of

6

TIGTA's referral is irrelevant to whether information in PIN's possession is return information for the reasons discussed below.

## II. Section 6103 prohibits the disclosure of information that passed through TIGTA pursuant to its Title 26 investigation.

Plaintiff distorts the case law interpreting the broad protections afforded to return information under § 6103 to re-litigate a matter he has already lost. Plaintiff cites three cases in support of his position: *Ryan v. United States*, 74 F.3d 1161 (11th Cir. 1996); *Baskin v. United States*, 135 F.3d 338 (5th Cir. 1998); and *United States v. Musin*, No. 09-cv-00062 (S.D. Iowa Mar. 10, 2011). As explained below, none of them supports Plaintiff's position. The United States' production of only the proffer memoranda and PIN's communications with Mr. Littlejohn's counsel adheres to § 6103, case law, and this Court's Omnibus Order. Documents in PIN's possession that were obtained from and gathered by TIGTA pursuant to its Title 26 investigation are prohibited from disclosure under § 6103.

In *Ryan*, the Eleventh Circuit held that "return information" encompasses "information that has passed through the [Secretary]." 74 F.3d at 1163. The holding in *Ryan*, and as recognized by this Court's Omnibus Order, is anchored in the statutory definition of "return information" from § 6103(b): information gathered by the Treasury to investigate an offense under Title 26. ECF No. 141 (Omnibus Order) at 14. In *Ryan*, the plaintiff filed a claim against the United States under § 7431 alleging that the prosecutor in the plaintiff's criminal case unlawfully disclosed his return information in violation of § 6103 by giving a reporter prosecution memoranda. The *prosecution* memoranda summarized witnesses statements made *to the prosecution* in interviews and before the grand jury. *Ryan*, 74 F.3d at 1162. The Eleventh Circuit upheld the district court's finding that "the contents of the memoranda were the prosecution's work product distilled from statements of trial witnesses and, consequently, were

7

not 'return information' acquired from the IRS." *Id.* Although an IRS agent assisted the prosecutor in its criminal investigation (which concerned a non-Title 26 matter), the information in the prosecution memoranda was "collected by the United States Attorney's Office" and it was "not information belonging to the Secretary of the Treasury." *Id. Ryan* supports the United States' position that information gathered by TIGTA as part of its Title 26 investigation is protected from disclosure under § 6103. That PIN coordinated with TIGTA as part of TIGTA's investigation does not change the fact that the documents at issue were gathered by *TIGTA* at the direction of *TIGTA*.

Plaintiff's reliance on *Baskin* is similarly misplaced. *Baskin*, just like *Ryan*, confirms that "'return information' must be information which has somehow passed through, is directly from, or generated by the IRS." *Baskin*, 135 F.3d at 342. The information at issue in *Baskin* consisted of checks obtained by a grand jury investigating non-tax crimes. The plaintiff, an employee of a local police department, alleged that an IRS Special Agent (who was assigned to support the grand jury investigation under the supervision of the USAO) made an unauthorized disclosure by providing a copy of the checks to the Internal Affairs Division of the police department. The Fifth Circuit upheld the district court's finding that the checks did not constitute "return information" under § 6103. 135 F.3d at 342-43. The Fifth Circuit confirmed that to constitute "return information" the data must be "'received by, recorded by, prepared by, furnished to, or collected by' the IRS *with respect to the legislatively prescribed purposes*." *Baskin*, 135 F.3d at 343. (emphasis added). The information was not gathered by the IRS—it was gathered by the DOJ pursuant to the grand jury subpoena. Littlejohn's prosecution, unlike *Baskin*, involves a Title 26 investigation. This Court already recognized that the information gathered by TIGTA as part of its investigation of Mr. Littlejohn constitutes return information under § 6103. That

8

TIGTA shared with PIN some of the documents that TIGTA gathered as part of its investigation does not mean that the documents then lost § 6103 protection.

Finally, Plaintiff believes it has caught the United States in a contradictory position by citing *United States v. Musin*, a 2011 case involving allegations of wrongful disclosure. Even though the United States is not bound by prior arguments in briefs from over a decade earlier, the United States' position here is consistent with *Musin*. First, Plaintiff has mischaracterized the brief as stating that even materials "physically collected" by the IRS or TIGTA is not return information under § 6103. The brief does not say that, but it does cite *Ryan.* ECF No. 153-12 at 17. Second, Plaintiff states, "[t]here, the Government correctly argued that 'return information' under Section 6103 'does not include information gathered by or provided to the DOJ.'" ECF NO. 153 at 2. We do not dispute this and have consistently taken the position that information PIN obtained from sources other than the TIGTA investigation is not return information. Indeed, the United States produced that information (proffer memoranda and email communications with Littlejohn's counsel) to Plaintiff. As shown in the declarations, the remaining documents were obtained exclusively from TIGTA's investigation and thus are not subject to the Court's Omnibus Order compelling production.

## CONCLUSION

The United States complied with the Court's Omnibus Order because it turned over documents that were jointly gathered by PIN and TIGTA (the proffer memoranda) and is only withholding records from PIN's file that were obtained exclusively from the TIGTA investigation.

Dated: June 7, 2024  Respectfully Submitted

DAVID A. HUBBERT
Deputy Assistant Attorney General

 /s/ *Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
BEATRIZ T. SAIZ
New Jersey Bar No. 024761995
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-307-2089 (v) | 202-514-4963 (f)
Stephanie.A.Sasarak@usdoj.gov
Mary.E.Smith@usdoj.gov
Beatriz.T.Saiz@usdoj.gov
Counsel for the United States

Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*Mary Elizabeth Smith*
MARY ELIZABETH SMITH
Trial Attorney
U.S. Dept. of Justice, Tax Division