IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-24023-SCOLA/GOODMAN

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| INTERNAL REVENUE SERVICE, *et al.,* | ) ) |
| Defendants. | ) ) ) |

**REPLY IN SUPPORT OF THE UNITED STATES' LIMITED OBJECTION TO THE
MAGISTRATE JUDGE'S OMNIBUS ORDER ON
<u>PLAINTIFF'S MOTION TO COMPEL</u>**

Through its limited objection, the United States seeks confirmation that it is not required to produce materials protected by the attorney-client privilege and attorney work product doctrine from the files of Department of Justice, Public Integrity Section related to the prosecution of Charles E. Littlejohn. The United States has consistently maintained that such privileged materials are not responsive to Plaintiff's discovery requests. And Plaintiff has never challenged that position. But Magistrate Judge Goodman ordered the production of PIN's "prosecutorial investigative file (but not those portions of the file which were obtained *exclusively* from TIGTA's investigation or any grand jury materials)." ECF No. 141. This language potentially sweeps in PIN's privileged materials. Because Plaintiff did not seek these materials in his motion to compel, ECF No. 111 at 12 (listing requested documents from PIN's files), and does not seek them now, ECF No. 148 at 7 n.1, the United States asks the Court to limit Magistrate Judge Goodman's order to non-privileged portions of PIN's file and confirm that the United States has not waived any privileges over PIN's file.

**ARGUMENT**

PIN's internal work product and attorney client communications (whether before or after this suit was filed) were not responsive to *any* of Plaintiff's discovery requests, and thus, not properly subject to Plaintiff's motion to compel. "Before a court will compel a party to produce discovery, the party requesting discovery must show that the producing party ***improperly declined*** to voluntary comply with a formal discovery request under Rule 34." *Walker v. Dorriety*, No. 1:20-cv-1007, 2022 WL 20209780*1 (M.D. Ala. Apr. 4, 2022) (emphasis added). Here, Plaintiff issued discovery requests seeking certain information—and not specifically internal communications or attorney client communications—from PIN's files. For seven of these discovery requests, Plaintiff sought certain communications and added the phrase "and all documents concerning communications." On January 16, 2024, the Government objected to the language "and all documents concerning communications" as too overbroad, vague, unduly burdensome, and not proportional to the needs of the case. "It is unreasonable for PIN or any other Justice Department to search its files to determine whether there are any documents that 'concern' a particular communication." (ECF No. 111-1 Ex. 11.) The Government also notified Plaintiff that it intended to withhold attorney-client communications and work product of both PIN and the Tax Division attorneys created after Plaintiff filed his complaint and that according to the local rules such items were not required to be included on a privilege log. *Id*.

The Government limited Plaintiff's request and responded consistent with its objections. As PIN's internal communications and attorney client communications were not responsive, the Government was not required to provide a privilege log.

Plaintiff never challenged the Government's objection to the "concerning" language or the Government's intention to withhold all post-suit attorney client and work product

communications, including in his motion to compel. Indeed, Plaintiff "neither desires nor expect the Government to produce *truly* privileged information and communications." ECF No. 148 at 7 n.1. Yet, Plaintiff wants a privilege log for non-responsive material to determine if non-responsive material is in fact privileged. *Id.* A responding party is not required to provide a privilege log for non-responsive materials. And the responding party makes the determination of what materials are responsive.

In responding to Plaintiff's discovery, the United States was upfront about what it considered responsive and about the materials it would include a privilege log. Plaintiff could have challenged the United States' position then. But he chose not to because he admittedly does not want PIN's privileged materials. Requiring the United States to provide a privilege log for thousands of internal communications serves no purpose and will not advance this suit.

Finally, as Plaintiff acknowledges, Magistrate Judge Goodman did not address the United States' privilege claims for PIN's files. ECF No. 148 at 6. This, however, does not operate as a privilege waiver. Nor does the United States' May 29th production waive privilege. The May 29th production is consistent with the United States' limited objection and position throughout this case. PIN's protected work product and attorney-client communications are not responsive to Plaintiff's discovery. A log for those materials is thus not required.

## CONCLUSION

For the reasons above and its in limited objection, ECF No. 145, the United States requests that the Court limit Magistrate Judge Goodman's order to non-privileged portions of PIN's prosecutorial investigative file (but not those portions that were obtained exclusively from TIGTA's investigation or any grant jury materials) and determine that the United States did not waive any privilege over PIN's files.

Dated: June 7, 2024    Respectfully Submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*<u>Beatriz T. Saiz</u>*
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
BEATRIZ T. SAIZ
New Jersey Bar No. 024761995
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-307-2089 (v) | 202-514-4963 (f)
Mary.E.Smith@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov
Counsel for the United States

Of counsel:
MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## CERTIFICATE OF SERVICE

      I hereby certify that on June 7, 2024, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to counsel of record.

*<u>Beatriz T. Saiz</u>*
BEATRIZ T. SAIZ
Trial Attorney
U.S. Dept. of Justice, Tax Division