UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-cv-24023-SCOLA/GOODMAN

KENNETH C. GRIFFIN,

     Plaintiff,

v.

INTERNAL REVENUE SERVICE and U.S.
DEPARTMENT OF THE TREASURY,

     Defendants.

_____/

## ORDER ON MOTION TO SEAL[1]

In conjunction with his motion to compel, Kenneth C. Griffin ("Griffin" or "Plaintiff") filed the instant motion to seal (at least temporarily) certain documents pursuant to the Stipulated Protective Order [ECF No. 86] and S.D. Fla. L.R. 5.4. [ECF No. 110]. The Undersigned permitted Plaintiff to file certain documents under seal (for now) and issued a shortened briefing schedule. [ECF No. 116]. Defendants filed a response [ECF No. 129] and Plaintiff filed a reply [ECF No. 139].

---

[1] Although the subject of this Order concerns matters which were filed under seal, the Undersigned is not filing the Order itself under seal because it does not disclose sensitive information.

*Initially*, the documents at issue were: (1) the **redacted portions of Griffin's motion to compel** [ECF No. 123]; (2) Exhibit 1 to the motion to compel, which is **Charles Edward Littlejohn's ("Littlejohn") deposition transcript** [ECF No. 118-1]; (3) **Exhibit 8** to the motion to compel, which is correspondence from the Government's counsel to Griffin's counsel; and (4) **Exhibit 14** to the motion to compel, which is the Government's Amended Responses to Interrogatories 1–5 and 7–9 and Responses to Interrogatories 12–20. [ECF No. 110, p. at 1].

In its response, the Government stated that it "removed its confidential designation for the excerpt from [ ]. Littlejohn's deposition transcript at pages 301:22 to 302:10 and does not seek to keep confidential the redacted portions of Exhibits 8 and 14." [ECF No. 129, p. 2 n.1].

Nonetheless, it continues to seek confidential status protection for the following **seven** excerpts of Littlejohn's deposition:

1.  Pages 127:20 to 139:16

2.  Pages 174:12 to 179:22

3.  Pages 189:3 to 193:12

4.  Pages 198:13 to 199:16

5.  Page 201:7 to 16

6.  Page 218:4 to 22

7.  Pages 296:8 to 297:2

*Id.* at 2. The remaining, at-issue excerpts (*i.e.*, certain portions of the Littlejohn deposition transcript and the redacted language from Plaintiff's motion to compel referencing that deposition) will be referred to, collectively, as the "Sealed Materials."

## I.      Griffin's Objection to the Government's Substantive-Based Response

Although *Plaintiff* filed the motion to seal, the *Government* is the party actually interested in keeping the Sealed Materials from the public. In fact, Griffin states in his motion that the Sealed Materials *should* be made public. [ECF No. 110, p. 4]. For this reason, the Undersigned directed the Government to "file on CM/ECF a **response memorandum explaining why** the information at issue should be sealed." [ECF No. 116 (emphasis added)].

In his reply, Griffin contends that the Government should be required to follow the procedure outlined in paragraph XII of the Protective Order [ECF No. 86][2] and timely

---

[2]      Paragraph XII of the Protective Order states, in its entirety, that:

XII.    Any party may serve a written objection to any designation of confidentiality made by the designating party. This objection shall specifically identify the material or information (or, where more practical, the category of material or category of information) for which the objecting party wishes to have the designation removed. Within fourteen (14) days of receipt of such objection or such other time as the parties may agree, the designating party shall: (i) review the material to which the objection applies; (ii) notify the objecting party in writing whether the designating party will agree to remove the designation as requested; and (iii) if the designating party will not agree to remove the designation, state with specificity its reasons for not agreeing. **If an agreement cannot be reached,**

set the matter for hearing before the Undersigned. [ECF No. 139, pp. 1–2 ("The [p]arties were unable to reach an agreement concerning these objections, and thus, **if the Government wishes to preserve its confidentiality designations, it must seek relief from the Court concerning its confidentiality designations no later than May 10, 2024**." (emphasis added)].

This appears to be a "goose and gander" situation (*i.e.*, what's good for the goose is good for the gander). Griffin, himself, brought the parties' dispute concerning the Government's confidentiality designations to the Court's attention by filing the instant motion [ECF No. 110]. In other words, he did not want to wait for the procedure outlined in paragraph XII of the Protective Order to run its course because, as he notes in his motion, it would take too long:

> **because of the approaching close of fact discovery under the Scheduling Order,** *see* **ECF 75, [ ] Griffin cannot wait until the designations are removed or the dispute resolved—a process that could take more than a month**—before seeking the relief requested in the Motion to Compel. *See*

---

> **the designating party may seek a ruling from the Court designating the material as Confidential Information or for other similar protection, within fourteen (14) days of the expiration of the fourteen (14) day period referenced above**. Any request for relief must be made pursuant to the Court's Discovery Procedures Order [ECF No. 16]. The material at issue will be treated as Confidential Information until the Court rules on the matter. If the parties disagree about whether the information is properly designated as Confidential Information, and the designating party does not timely seek relief from the Court, then the material is deemed to be not confidential.

[ECF No. 86, ¶ XII (emphasis added)].

4

ECF 86 ¶ XII (providing the designating party with fourteen days from receipt of objection to respond and an additional fourteen days to notice a hearing if the parties cannot reach agreement). **Accordingly, [ ] Griffin respectfully requests leave to temporarily file the Proposed Sealed Materials under seal until the Court adjudicates the Parties' confidentiality dispute pursuant to Paragraph XII of the Protective Order**.

[ECF No. 110, p. 5 (emphasis added)]. But, at the same time, he wanted the *Government* to adhere to the paragraph XII procedure. *Id.*

In other words, he wanted to circumvent the paragraph XII procedure by having the Court permit him to *temporarily* file under seal documents (subject to disputed designations) so that he could file an unredacted version of his motion to compel and freely reference the disputed portions of those documents; but, at the same time, require the Government to adhere to the paragraph XII procedure by setting a hearing before the Undersigned on or before May 10, 2024 (the 14-day deadline).

The Government filed a *substantive* response [ECF No. 129], addressing the merits of why certain portions of Littlejohn's deposition should be kept sealed and supported that argument with the declaration of IRS Technical Advisor Michael C. Dunn ("Dunn"). [ECF No. 129-1].[3]

The Government's response was **explicitly** authorized by the Undersigned's Order:

---

[3]     With the Court's permission [ECF No. 131], the Government filed an under-seal, unredacted version of Dunn's declaration. [ECF No. 134-1].

5

> PAPERLESS ORDER regarding [110] Plaintiff's Motion for Leave to File Under Seal per Local Rule 5.4 by Kenneth C. Griffin.
>
> By Friday, May 3, 2024, **the Government (who is the party who designated the at-issue documents as "Confidential Information") will file on CM/ECF a response memorandum explaining why the information at issue should be sealed**. Plaintiff may file an optional reply by no later than Thursday, May 9, 2024.
>
> In the interim, Plaintiff may file an under-seal, unredacted version of the motion to compel (with the redacted portions highlighted, so that the Court can readily ascertain which portions have been redacted).

[ECF No. 116 (emphasis added)].

While Griffin may have *wanted* to confine the Government to the paragraph XII procedure, the Court took a different route. The Undersigned's Order [ECF No. 116] makes clear that the Court was a expecting a substantive response from the Government when it explicitly directed the Government to "**file on CM/ECF a response memorandum explaining why the information at issue should be sealed**." *Id.* (emphasis added).

Therefore, Griffin cannot be heard to complain about the Government's merits-based response to his motion to seal when said response was clearly and explicitly ordered by the Court in ECF No. 116.

## II.    Applicable Legal Standard

"[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require

judicial resolution of the merits is subject to the common-law right[.]" *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312–13 (11th Cir. 2001) ("[D]ocuments filed in connection with motions to compel discovery are not subject to the common-law right of access."); *see also Shark Tech LLC v. Gagnon*, No. 1:21-CV-279-TFM-MU, 2024 WL 1145176, at *9 (S.D. Ala. Mar. 14, 2024) ("attachments to a motion to compel are not subject to the common-law right"). The Eleventh Circuit has "explained that the need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose [of which] is to assist trial preparation.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)).

"Information exchanged during pretrial discovery is not generally considered to be public information and can be restricted upon a showing of good cause." *Emess Cap., LLC v. Rothstein*, 841 F. Supp. 2d 1251, 1254 (S.D. Fla. 2012) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1119 (3d Cir. 1986)). "A district court may in its discretion enter a protective order shielding discovery materials from public disclosure upon a showing a good cause and when the balance of interests favor entering the order." *Id.* (citing *Chicago Trib. Co.*, 263 F.3d at 1313; *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)).

When "a protective order is entered and a party then moves to seal discovery materials attached to a nondispositive motion, the court need only determine whether the materials fall within the protective order because the 'good cause' showing was already made" at the time the protective order was entered. *Id.* at 1255 (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

Even where there is no opposition, a party's designation of whether a document is "confidential" under a confidentiality agreement does not control whether the document is entitled to under-seal protection. *See Consejo de Defensa Del Estado de La Republica de Chile v. Espirito Santo Bank*, No. 09–20613–CIV–GRAHAM/TORRES, 2010 WL 2712093 (S.D. Fla. July 7, 2010) (noting that even the entry of a confidentiality order by the Court does not alter the sealing process or procedure).

The presumption in this District is that court filings and proceedings are public. S.D. Fla. L. R. 5.4(a). "The party asking for sealing bears the burden of justifying it." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924-RLR, 2022 WL 1283832, at *1 (S.D. Fla. Apr. 7, 2022) (citing *Chicago Tribune Co.*, 263 F.3d at 1313).

### III.    Analysis

The Stipulated Protective Order states, in part, that:

**A party or third-party may designate Discovery Material as confidential only when the party or third-party determines in good faith that the material falls within the protections of Rule 26(c) of the Federal Rules of Civil Procedure**, contains information that is personally identifying or

financial in nature, contains proprietary business information, or is otherwise required to be kept confidential pursuant to a court order (collectively, "Confidential Information"). Confidential Information includes procurement documents that are source selection sensitive or contain information submitted to the Government by a vendor which the vendor might reasonably consider proprietary or confidential. Confidential Information may consist of all or part of a document produced. Any dispute regarding the confidential nature of particular material shall not serve as the basis for refusing to produce that particular material. **Nothing in this Protective Order requires any party to produce documents or information which is privileged or otherwise prohibited by law from being produced**.

[ECF No. 86, pp. 2–3 (emphasis added)].

The Government argues that the Sealed Materials "fall[ ] within the protections of Rule 26(c) because [they] concern[ ] confidential information of a non-party taxpayer protected by 26 U.S.C. § 6103 as well as confidential information regarding IRS systems that a bad actor could exploit." [ECF No. 129, p. 4]. The Government points out that it is seeking to protect approximately 30 pages, out of over 300 pages of testimony. *Id.*

It maintains that "[g]ood cause exists to keep the redacted portions of [ ] Littlejohn's deposition transcript sealed" because these excerpts "could expose IRS system vulnerabilities or otherwise disclose confidential information of a non-party taxpayer protected by 26 U.S.C. § 6103." *Id.* at 5–6. The Government supports its position with Dunn's declaration. [ECF No. 129-1].

### a.      Littlejohn's Deposition Transcript [ECF No. 118-1]

In total, the Government seeks to maintain seven excerpts from Littlejohn's deposition under seal. The Court will address each excerpt in turn.

### i.      Excerpt 1: Pages 127:30 to 139:16

This excerpt discusses how Littlejohn accessed the tax returns of a specific, non-party taxpayer using "publicly available information to formulate search queries[.]" [ECF No. 129, p. 6]. Dunn states that the information in this excerpt "discloses vulnerabilities in the IRS systems," "provides a roadmap regarding what knowledge and information is useful if attempting to exploit [those] vulnerabilities," and "provides information about what protections are in place and . . . how to circumvent [them]." [ECF No. 129-1, ¶ 4].

The Government argues that "Littlejohn's discussion of how he accessed [this non-party] taxpayer's return information . . . is information that should be protected from disclosure pursuant to 26 U.S.C. § 6103." [ECF No. 129, p. 6]. It notes that "[r]eturn information includes 'virtually any information collected by the Internal Revenue Service regarding a person's tax liability.'" *Id.* (quoting *Landmark Legal Found. v. IRS*, 267 F.3d 1132, 1135 (D.C. Cir. 2001)). It contends that "the testimony discloses the identity of a non-party as a taxpayer and the **amounts** and **sources** of his income." *Id.* at 7 (emphasis added).

The Undersigned has reviewed Excerpt 1 and finds that, contrary to the Government's representation to the Court, no dollar amounts are discussed. Additionally, the term "**sources** of his income" is imprecise. The excerpt does not discuss *where* the taxpayer's income comes from. It identifies the taxpayer by name and discusses, generally, where Littlejohn looked to obtain information about this taxpayer.

Section 6103 defines "return information" to mean:

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, **or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense**[.]

26 U.S.C. § 6103(b)(2)(A) (emphasis added). This definition:

> is "very broad" and "reaches far beyond what the phrase 'return information' would normally conjure up." *Cause of Action v. IRS*, 125 F.Supp.3d 145, 163 (D.D.C. 2015). "Return information" has "evolved to include virtually any information collected by the Internal Revenue Service regarding a person's tax liability." [*Landmark Legal Found,* 267 F.3d at 1135].

*Scott v. Treasury Inspector Gen. for Tax Admin.*, No. 18-80366-CIV, 2018 WL 7082718, at *8 (S.D. Fla. Dec. 27, 2018), *report and recommendation adopted*, No. 18-80366-CIV, 2019 WL 286856 (S.D. Fla. Jan. 17, 2019), *aff'd*, 787 F. App'x 642 (11th Cir. 2019).

11

The Government relies solely on the broad definition of "return information" and cites to a FOIA case (*Landmark*), which does not address deposition testimony, testimony in general, or transcripts. It does not address, for instance, a deposition transcript where the non-party taxpayer is identified multiple times, including in portions of the deposition which the Government is not seeking to maintain under seal.

As the party seeking under seal protection, the Government "bears the burden of justifying it." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2022 WL 1283832, at *1. The Government has not presented the Court with any legal authority which supports its position that a former IRS contractor's description of what steps he took to gain access to tax returns and return information is "return information" under section 6103. Because the Government fails to develop this argument, the Court will not consider it.

When a litigant raises an argument only generally and fails to offer specific factual contentions or fails to support the argument with legal authority, a court may summarily reject the argument. *See United States Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a "perfunctory and underdeveloped argument" with no citation to legal authority and collecting cases); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research

12

for him."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

The Government also argues that the "public disclosure of the testimony could expose IRS system vulnerabilities" because it provides "specific details about how [ ] Littlejohn illegally disclosed taxpayer return information and what steps [ ] Littlejohn took to evade detection by the IRS." [ECF No. 129, p. 7].

The Court has reviewed the excerpt and finds nothing worthy of under-seal protection. The excerpt discusses Littlejohn's commonsense concerns about detection, which would be shared by any bad actor, and there is nothing complex or novel about how Littlejohn obtained the tax return information.

The Court notes that the name of the non-party taxpayer is discussed in other parts of the deposition transcript which the Government is *not* seeking to keep under seal. *See*, *e.g.*, Pages 78:15–21; 82:20–83:5; 88:13–89:13; 122:4–6; 139:17–21. Therefore, the identity of this taxpayer does not merit under-seal protection.

Littlejohn was criminally prosecuted for unlawful disclosure of tax returns and tax return information in the District Court for the District of Columbia. *See United States v. Littlejohn*, No. 23cr343 (D.D.C. Sept. 29, 2023). He pled guilty pursuant to a Plea Agreement and signed a Factual Basis for Plea. [ECF Nos. 8, 9 in Case No. 23cr343]. Both

documents were **publicly filed on CM/ECF** and are available to anyone with a PACER

account or the wherewithal to visit the D.C. district court. *Id.*

Littlejohn's factual proffer states in part that:

Rather than directly search an IRS database for Public Official A's tax return and return information, **[Littlejohn] queried the database using more generalized parameters that would nevertheless collect Public Official A's tax return and return information** (as well as return and return information for related entities and individuals) in the resulting data set in order to avoid detection by the IRS.

[ECF No. 9 in Case No. 23cr343, ¶ 5 (emphasis added)]. Because the specific parameter(s)

used by Littlejohn were not disclosed in the factual proffer, the Court will permit the

Government to redact *only* the specific parameter(s) from Excerpt 1. For example, for page

139:1–8, the Government may redact Littlejohn's testimony as follows:

Q.      And before we get to that, what were the -- you said [REDACTED] was a parameter that you used --

A.      It was many different [REDACTED].

Q.      Many different [REDACTED]. Okay. Anything else you used? Any other categories?

A.      No, just [REDACTED].

[ECF No. 118-1, p. 140 (139:1–8)].

The Government is permitted to redact the specific parameter(s) used by Littlejohn

from other portions of Excerpt 1 in the same manner as the example above.

### ii. Excerpt 2: Pages 174:12 to 179:22

The Government notes that in Excerpt 2, Littlejohn describes: (1) "how he uploaded information;" (2) "which parts of the IRS systems are covered by a specific safeguard;" (3) "when passwords and credentials are required on IRS systems;" (4) "an IRS system that prevents certain actions;" (5) "the types of files that he exported and the format of those files;" and (6) "how taxpayer return information is stored in IRS systems and presented to users." [ECF No. 129, p. 7]. It contends that "public disclosure of the testimony in [E]xcerpt 2 could expose IRS system vulnerabilities." *Id.* at 8.

The Government has shown good cause for maintaining Excerpt 2 under seal.

### iii. Excerpt 3: Pages 189:3 to 193:12

The Government notes that in Excerpt 3, Littlejohn describes: (1) "how IRS systems capture certain information reported in tax returns;" (2) "IRS system storage capacities;" and (3) "[o]bservations [ ] Littlejohn made regarding a non-party taxpayer." *Id.* It argues that "Littlejohn's testimony about observations he made regarding a non-party taxpayer's return information is information that should be protected from disclosure pursuant to 26 U.S.C. § 6103." *Id.* But the Government failed to adequately develop this argument (*see* section 6103 discussion, *supra*).

The Government also argues that "[Littlejohn's] testimony about IRS systems may be exploited by bad actors to circumvent IRS safeguards that are in place to protect confidential tax return information." *Id*.

The Court has reviewed Excerpt 3 and finds good cause for keeping **most** of this excerpt under seal. However, page 193:3–12 does not disclose any information which could be exploited by bad actors. Therefore, Excerpt 3 will remain redacted -- with the exception of page 193:3–12.

### iv.    Excerpt 4: Pages 198:13 to 199:16

The Government notes that in Excerpt 4, Littlejohn describes: (1) "the nature of data in IRS systems;" (2) "observations [he] made regarding a non-party taxpayer;" and (3) "the specific steps, and order of the steps, that [he] followed to obtain and disclose return information without detection." *Id*. at 9. It argues that "Littlejohn's testimony about observations he made regarding a non-party taxpayer's return information is information that should be protected from disclosure pursuant to 26 U.S.C. § 6103." *Id*. As discussed above, the Government failed to develop this argument and the Court will not consider it.

The Government also argues that Littlejohn's "testimony providing step-by-step instructions and about IRS systems may be exploited by bad actors to circumvent IRS safeguards that are in place to protect confidential tax return information." *Id*. Dunn's

under-seal declaration states that the method described could help others circumvent IRS

security. [ECF No. 134-1, ¶ 7].

The Court notes that Littlejohn's factual proffer states that:

6.      On or about November 30, 2018, [Littlejohn] uploaded [ ] data to a private website that he controlled. He elected to upload the data to a personal, private website-rather than downloading the data to a physical storage device or uploading it to a more conventional remote storage website-to avoid IRS protocols designed to detect and prevent large downloads or uploads from IRS devices or systems. That same day, [Littlejohn] used a personal computer to download the data from the private website. He then stored the data in multiple locations, including on personal data storage devices such as his Apple iPod.

***

10.     In or about July and August 2020, [Littlejohn] accessed unmasked IRS data associated with thousands of the nation's wealthiest people, including returns and return information dating back over 15 years.

11.     [Littlejohn] thereafter uploaded this data to a private website on multiple occasions using a method similar to the one he employed in removing tax return and return information associated with Public Official A. In uploading the taxpayer returns and return information to a private website, [Littlejohn] used two virtual machines (essentially simulated versions of physical computers). In order to conceal his activities, [Littlejohn] promptly destroyed these machines after he used them to steal the data from IRS.

[ECF No. 9 in Case No. 23cr343, ¶¶ 6, 10–11].

Based on paragraph 7 of Dunn's under-seal declaration [ECF No. 134-1], the Court

will allow the Government to redact the following portions of Excerpt 4: 198:17–20 and

199:10–16. The remaining portions of Excerpt 4 should **not** be redacted because they were either discussed in other portions of Littlejohn's deposition which the Government does not seek to maintain under seal (197:4–12) or were already disclosed in paragraphs 6, 10, or 11 of the publicly filed factual proffer.

> ### v.    Excerpt 5: Pages 201:7-16

The Government notes that "[d]uring this portion of his deposition, [ ] Littlejohn disclosed details regarding a specific IRS safeguard" and that this information could be used by a bad actor. [ECF No. 129, p. 9].

Based on paragraph 8 of Dunn's under-seal declaration [ECF No. 134-1], the Government has shown good cause for maintaining Excerpt 5 under seal.

> ### vi.    Excerpt 6: Page 218:4-22

The Government notes that in Excerpt 6, "Littlejohn disclosed details about how to interpret certain information in an IRS database." [ECF No. 129, p. 9]. The Government argues that this information would help bad actors. *Id.*

Based on paragraph 9 of Dunn's under-seal declaration [ECF No. 134-1], the Government has shown good cause for maintaining Excerpt 6 under seal.

> ### vii.    Excerpt 7: Pages 296:8 to 297:2

The Government notes that in Excerpt 7, "Littlejohn disclosed details about different software and how to pull data from an IRS database." [ECF No. 129, p. 9].

Based on paragraph 10 of Dunn's under-seal declaration [ECF No. 134-1], the Government has shown good cause for maintaining Excerpt 7 under seal.

### b.    Dunn's Declaration [ECF No. 134-1]

In an earlier Order, the Court allowed the Government to file both a public, redacted version of Dunn's declaration and an under-seal, unredacted version of Dunn's declaration. [ECF No. 131]. The Order further stated that "whether [ ] Dunn's declaration will remain under seal will depend on the Court's ruling on whether [ ] Littlejohn's deposition transcript is subject to under-seal protection." *Id.*

The Court has reviewed Dunn's under-seal declaration and finds as follows: Paragraph 4 should not be sealed. **Most** of paragraph 5 should not be sealed (it makes general, commonsense observations about how knowing certain security measures are in place can help bad actors avoid them). However, the last sentence of paragraph 5 should read: "Knowing the extent that [REDACTED] could become an advantage for a bad actor wanting to steal [REDACTED] data." [ECF No. 134, ¶ 2]. Paragraphs 7–10 should remain under seal.

## IV.   Scope of the Undersigned's Order

The Undersigned notes that this Order concerns a *discovery* motion. In the context of a discovery motion, the public's right to access does not attach. *Chicago Trib. Co.*, 263 F.3d at 1312–13 ("[M]aterial filed with discovery motions is not subject to the common-

law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]"). **However**, if either party were to later file the remaining sealed portions of Littlejohn's deposition transcript in connection with a request for a *substantive* ruling, such as a summary judgment motion, then the Court may reach a different conclusion about whether this testimony should *remain* under seal.

## V.      Conclusion

Based on the foregoing, the Undersigned **grants in part and denies in part** the motion to seal [ECF No. 110].

The Undersigned could not locate under seal, *unredacted* versions of Exhibits 8 and 14 on CM/ECF. Because these are *Plaintiff's* exhibits (and the Government is no longer seeking to keep the redacted portions confidential [ECF No. 129, p. 2 n.1]), Plaintiff will file a **notice of filing** attaching public, unredacted versions of Exhibits 8 [ECF No. 111-9] and 14 [ECF No. 111-15] within **one (1) week** from the date of this Order.

Within **ten (10) days** from the date of this Order, Plaintiff will file a ***notice*** **of filing** (not a motion) attaching a semi-redacted version of his motion to compel (without any exhibits) [ECF No. 123-1] consistent with the redactions permitted by this Order. By the same deadline, the Government will file a **notice of filing** attaching Littlejohn's semi-redacted deposition transcript [ECF No. 118-1] and a *separate* **notice of filing** attaching

20

Dunn's semi-redacted declaration [134-1] (as *two* separate filings, each bearing their own

CM/ECF number) with only those redactions permitted by this Order.

      **DONE AND ORDERED** in Chambers, in Miami, Florida, on June 10, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
The Honorable Robert N. Scola, Jr.
All Counsel of Record