# EXHIBIT 8

From: Smith, Mary E. (TAX) <Mary.E.Smith@usdoj.gov>
Sent: Tuesday, February 20, 2024 5:01 PM
To: Peter Fountain <peterfountain@quinnemanuel.com>; AJ Merton <ajmerton@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; John Bash <johnbash@quinnemanuel.com>
Cc: Sasarak, Stephanie A. (TAX) <Stephanie.A.Sasarak@usdoj.gov>; Vanaskie, Thomas K. (TAX) <Thomas.K.Vanaskie@usdoj.gov>; Saiz, Beatriz T. (TAX) <Beatriz.T.Saiz@usdoj.gov>
Subject: RE: Griffin v. IRS et al. -- Discovery M&C

[EXTERNAL EMAIL from mary.e.smith@usdoj.gov]

Counsel:

In effort to try to narrow or eliminate the issues that need to be raised with the Court, we wanted to follow up on some of the issues discussed last week:

1. Status of Document Production: We produced the third batch of IRS documents from the three file storage locations last Friday. The IRS advised that it had a total of 33 batches of documents that required the second level of review. The IRS has completed its review of 12 of the 33 batches of documents. With two exceptions, the remaining batches each have approximately 200 documents (the final two batches have 710 documents and 76 documents respectively). Some of the documents left for review are duplicative of what the IRS has already reviewed (despite the IRS removing near duplicates). The IRS will continue producing documents on a rolling basis. The IRS advised that the original estimate of completing the review and production from the three file storage locations is still accurate; *i.e.*, it might take up to 5 more weeks to complete the review. The IRS advised that the total number of documents in the 33 batches was 7,388 (although there are some duplicates) and the total page count is approximately 215,000. The IRS is trying to conduct this review as fast as reasonably possible, but the IRS must comply with section 6103 and confirm that the responsive documents do not include the return information of other taxpayers. And, as explained previously, the IRS must conduct two levels of review to confirm that the documents can be released. The IRS must use managers or other higher-level attorneys to complete the second level review. This review process is unique to the IRS because of section 6103. As always, we will continue to keep you apprised of the status of the IRS's review and provide you rolling productions.

2. Contracting Officer Representatives: The IRS asked the CORs if they had any documents relating to Littlejohn. As I mentioned previously, one of the CORs (Sandra Jackson) confirmed that she does not have any additional, responsive documents. The other COR (Marsha Coleman) advised that she has some responsive emails. IRS Counsel expects to receive the emails soon and will review them for responsiveness and privilege. We will produce any responsive, non-privilege documents (or provide a privilege log for any responsive, privileged documents) as soon as the IRS provides the emails to us.

3. IRS Employees: The process for gathering documents from four additional file storage locations (Rene Schwarzbaum, Nannette Downing, Sandy Lin, and John Weaver) is time-consuming, burdensome, and not proportional to the needs of this case. The IRS proactively gathered documents from the three file storage locations most likely to have responsive documents (Littlejohn's laptop, Littlejohn's emails, Paul Wight's emails). You have not articulated what documents or information you believe may be found in the emails of these four individuals that would be relevant to your claims in this case that would exist independent of the three file storage locations the IRS already searched. Rule 26 requires discovery to be proportional to the needs of the

case. The process of gathering documents from the four file storage locations and running searches to determine the number of documents that contain the search terms will require the IRS to divert resources away from the numerous other cases that require ESI searches would still take well over a month just for that initial stage of gathering/uploading documents.

4. <u>ROG No. 15</u>: As discussed, the IRS is not aware of any BAH employees (apart from Littlejohn) who worked under the contracts at issue and unlawfully inspected/accessed/disclosed Mr. Griffin's return information. All of the information available in this case establishes that Mr. Littlejohn was a sole actor and worked alone in his criminal conduct. Yet you want the IRS to disclose which BAH employees *lawfully* accessed, inspected, or disclosed Mr. Griffin's return information. Such information is not relevant to this case. You claim that it is relevant because you want to know who Mr. Littlejohn worked with at BAH, who Mr. Littlejohn may have communicated with about Mr. Griffin's return information, and who at BAH might have personal knowledge relevant to the issues in this case. Those questions would not be answered by identifying who at BAH *lawfully* accessed Mr. Griffin's return information. To the extent you want to know who Littlejohn worked with at BAH, you can refer to the United States' document production in this case, review BAH's document productions, or ask Littlejohn. But, in an effort to try to streamline the issues, we have asked the IRS if there is a comprehensive list of BAH employees who worked under the contracts. If there is such a list we will let you know.

5. <u>RFP No. 77</u>: It is premature to ask the Court to resolve the relevancy objection. Even if the Court were to agree the communications are relevant, we would not be able to produce those communications because of section 6103. We need the Court to decide the section 6103 issue before it decides the relevancy objection.

6. <u>The Government's privilege logs</u>:
    A. <u>IRS Privilege Log.</u> The IRS will supplement its privilege log for those entries where review of the document would not enable you to evaluate the propriety of the particular privilege assertion. My understanding is those documents are minimal.
    B. <u>TIGTA Privilege Log.</u> TIGTA is unable to provide more details about the investigative file because it would be a disclosure of Mr. Littlejohn's return information. Even a general description of specific records in the investigative file would reveal information received by, recorded by, prepared by, furnished to, or collected by TIGTA during its investigation. Having said that, TIGTA believes that the entries in the privilege log apart from entry no. 1 identifies all responsive documents within the investigative file. TIGTA included entry no. 1 because of the overbreadth of some of the document requests (such as the request asking for all documents related to Littlejohn).

Mary Beth Smith
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood Street, Suite 400
Dallas, Texas 75201
Telephone: (214) 880-9779
Facsimile: (214) 880-9741

---

From: Peter Fountain <peterfountain@quinnemanuel.com>
Sent: Tuesday, February 13, 2024 7:52 PM
To: Smith, Mary E. (TAX) <Mary.E.Smith@usdoj.gov>; AJ Merton <ajmerton@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; John Bash <johnbash@quinnemanuel.com>
Cc: Sasarak, Stephanie A. (TAX) <Stephanie.A.Sasarak@usdoj.gov>; Vanaskie, Thomas K. (TAX) <Thomas.K.Vanaskie@usdoj.gov>; Saiz, Beatriz T. (TAX) <Beatriz.T.Saiz@usdoj.gov>
Subject: [EXTERNAL] RE: Griffin v. IRS et al. -- Discovery M&C

Dear Mary Beth,

Below are our responses.  As you will see, we have tried to narrow these disputes as much as possible, and we reserve all rights with respect to items not raised in this email.  We have also added issues based on our preliminary review of the Government's privilege logs.  We look forward to speaking tomorrow.

1. <u>Status of Document Production</u>:  We believe that the Government's position—that it can take six to eight additional weeks to review and produce 5,609 documents (including families)—is not in compliance with the Court's orders.  We would ask the Government to confirm it will complete its production of documents identified in the "priority" requests we sent on January 5, 2024 no later than the end of February.  If the Government does not believe it can do so, we will seek relief from the Court.
2. <u>Contracting Officer Representatives</u>:  Please confirm that the IRS contracting officers do not have documents responsive to Mr. Griffin's requests, as offered in the Government's email of February 2.
3. <u>IRS Employees</u>:  We asked the United States to pull additional file storage locations for four current and former IRS employees (Rene Schwarzbaum, Nanette Downing, John Weaver, and Sandy Lin) and to run the same searches that the IRS has done for the three file storage locations (Paul Wight's email, Mr. Littlejohn's laptop, and Mr. Littlejohn's email).  The Government's position is that this review and production would be unduly burdensome.  We do not agree, given that these same searches run over every repository identified to date by the Government yielded only 5,609 documents (including families).  Notably, we are not asking the Government to review these documents at this time, but rather to provide hit counts to inform the parties' discussion concerning the potential review and production of those documents.
4. <u>ROG No. 15</u>: We disagree that the United States answered this interrogatory or objected appropriately. The relevancy of identifying Booz Allen employees who lawfully accessed Mr. Griffin's return information is that it, among other things, identifies other Booz Allen personnel who may have worked with Mr. Littlejohn, who may have communicated with Mr. Littlejohn about that return information, and/or who might have personal knowledge regarding facts that are relevant to the unlawful disclosure(s) at issue in this case.
5. <u>RFP No. 77</u>:  As we noted, we disagree that Mr. Littlejohn's unlawful disclosure of tax information to News Organization 1 is irrelevant.  To the extent that such documents relate to "a separate disclosure involving a separate taxpayer," as the Government argues, that does not address our position that the months of communications between Mr. Littlejohn and News Organization 1 are likely to contain highly relevant information concerning, among other things, information regarding how and why the unlawful disclosure(s) at issue in this case occurred.
6. <u>The Government's privilege logs</u>:
    A. <u>IRS Privilege Log.</u>  Judge Goodman ordered the Government to produce a privilege log "consistent with Local Rule 26.1."  ECF No. 84 at 2.  In our view, the Government has not complied with that order, particularly as the IRS log is missing critical information required under Local Rule 26.1.  All 134 entries are missing "general subject matter of the document or electronically stored information."  L.R. 26.1(e)(2)(B)(ii).  Nor is this information readily ascertainable from the documents.  *See, e.g.*, USA-Griffin-0003522.  106 entries list only the document's date and file type, and thus are also missing "information as is sufficient to identify the document . . . including, where appropriate, the author, addressee, and any other recipient of the document or electronically stored information, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other."  *Id.*  Please provide a compliant log as soon as possible so that Mr. Griffin may assess the Government's privilege claims.  *See* F.R.C.P. 26(b)(5)(A) (requiring a party asserting a privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim").
    B. <u>TIGTA Privilege Log.</u>  The Government's TIGTA privilege log fails to provide sufficient detail as required by the applicable rules.  For example, the log contains, as a single entry, "TIGTA investigative file."  This is improper.  *See TIC Park Ctr. 9, LLC v. Cabot*, 2017 WL 9988744, at *4 (S.D. Fla. June 1, 2017) ("A proper privilege log should identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed.").
    C. <u>PIN's Privilege Log.</u>  Please explain what the privilege column refers to, for example, "Objections 1, 3-6."

3

D. <u>TIGTA Law Enforcement Declaration.</u>  The declaration states that "All of the documents and information maintained in TIGTA's investigative file were generated and/or compiled, in their entirety, *pursuant to TIGTA OI's investigation* of the alleged unauthorized disclosure to ProPublica and include the evidence obtained and evaluated by TIGTA during the course of its investigation." ¶ 7.  To assess whether these documents are entitled to 6103 protection, we need to understand whether they were *collected* by TIGTA, as opposed to DOJ.  The declaration does not answer this question.

Sincerely,

Peter Fountain
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
Direct: 212-849-7187
Mobile: 914-441-3182
peterfountain@quinnemanuel.com

---

From: Smith, Mary E. (TAX) <Mary.E.Smith@usdoj.gov>
Sent: Monday, February 12, 2024 12:30 PM
To: Peter Fountain <peterfountain@quinnemanuel.com>; AJ Merton <ajmerton@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; John Bash <johnbash@quinnemanuel.com>
Cc: Sasarak, Stephanie A. (TAX) <Stephanie.A.Sasarak@usdoj.gov>; Vanaskie, Thomas K. (TAX) <Thomas.K.Vanaskie@usdoj.gov>; Saiz, Beatriz T. (TAX) <Beatriz.T.Saiz@usdoj.gov>
Subject: RE: Griffin v. IRS et al. -- Discovery M&C

[EXTERNAL EMAIL from mary.e.smith@usdoj.gov]

Yes, that works. Thanks.

Mary Beth Smith
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood Street, Suite 400
Dallas, Texas  75201
Telephone: (214) 880-9779
Facsimile: (214) 880-9741

---

From: Peter Fountain <peterfountain@quinnemanuel.com>
Sent: Monday, February 12, 2024 11:28 AM
To: Smith, Mary E. (TAX) <Mary.E.Smith@usdoj.gov>; AJ Merton <ajmerton@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; John Bash <johnbash@quinnemanuel.com>
Cc: Sasarak, Stephanie A. (TAX) <Stephanie.A.Sasarak@usdoj.gov>; Vanaskie, Thomas K. (TAX) <Thomas.K.Vanaskie@usdoj.gov>; Saiz, Beatriz T. (TAX) <Beatriz.T.Saiz@usdoj.gov>
Subject: [EXTERNAL] RE: Griffin v. IRS et al. -- Discovery M&C

Thank you – does 11 am on Wednesday work for the Government?

---

From: Smith, Mary E. (TAX) <Mary.E.Smith@usdoj.gov>
Sent: Monday, February 12, 2024 11:36 AM
To: Peter Fountain <peterfountain@quinnemanuel.com>; AJ Merton <ajmerton@quinnemanuel.com>; William Burck

<williamburck@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; John Bash <johnbash@quinnemanuel.com>
Cc: Sasarak, Stephanie A. (TAX) <Stephanie.A.Sasarak@usdoj.gov>; Vanaskie, Thomas K. (TAX) <Thomas.K.Vanaskie@usdoj.gov>; Saiz, Beatriz T. (TAX) <Beatriz.T.Saiz@usdoj.gov>
Subject: RE: Griffin v. IRS et al. -- Discovery M&C

[EXTERNAL EMAIL from mary.e.smith@usdoj.gov]

Good morning:

Of course we consent to your request for an extension of the deadline to seek relief from the Court regarding Interrogatory No. 15. Regarding your request for a call, would sometime Wednesday work on your end? We are generally available Wednesday before 3pm EST.

I have asked the IRS for an update regarding the second round of production from the three file locations.

Mary Beth Smith
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood Street, Suite 400
Dallas, Texas  75201
Telephone: (214) 880-9779
Facsimile: (214) 880-9741

From: Peter Fountain <peterfountain@quinnemanuel.com>
Sent: Monday, February 12, 2024 8:31 AM
To: Smith, Mary E. (TAX) <Mary.E.Smith@usdoj.gov>; AJ Merton <ajmerton@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; John Bash <johnbash@quinnemanuel.com>
Cc: Sasarak, Stephanie A. (TAX) <Stephanie.A.Sasarak@usdoj.gov>; Vanaskie, Thomas K. (TAX) <Thomas.K.Vanaskie@usdoj.gov>; Saiz, Beatriz T. (TAX) <Beatriz.T.Saiz@usdoj.gov>
Subject: [EXTERNAL] RE: Griffin v. IRS et al. -- Discovery M&C

Dear Mary Beth,

We have asked the Government to let us know its availability to meet and confer, but the Government has not done so.  Please confirm by this afternoon that the Government agrees, pursuant to Local Rule 26.1(g)(2)(C), to a seven-day extension of Mr. Griffin's deadline to seek relief from the Court regarding Interrogatory No. 15.  Otherwise, we will need to file a notice of hearing and note that the Parties have been unable to meet and confer.

Relatedly, the Government wrote two weeks ago that it "anticipate[d] making another production early next week" – can you please advise as to the status of that production?

We will respond to your M&C email this week once we have completed our preliminary review of the Government's privilege logs.

Sincerely,

Peter Fountain
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP

Direct: 212-849-7187
Mobile: 914-441-3182
peterfountain@quinnemanuel.com

From: Smith, Mary E. (TAX) <Mary.E.Smith@usdoj.gov>
Sent: Friday, February 2, 2024 3:20 PM
To: AJ Merton <ajmerton@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; John Bash <johnbash@quinnemanuel.com>
Cc: Sasarak, Stephanie A. (TAX) <Stephanie.A.Sasarak@usdoj.gov>; Vanaskie, Thomas K. (TAX) <Thomas.K.Vanaskie@usdoj.gov>; Saiz, Beatriz T. (TAX) <Beatriz.T.Saiz@usdoj.gov>
Subject: RE: Griffin v. IRS et al. -- Discovery M&C

[EXTERNAL EMAIL from mary.e.smith@usdoj.gov]

AJ:

Thank you for reaching out and voicing your concerns. We hope we can reach a resolution. I will address your concerns in order:

1. Status of Document Production: I understand that you wanted the United States to make rolling productions of the responsive, non-privileged documents that the IRS gathered from the three file storage locations as soon as January 16 and concluding on January 30. Your requested production dates were not possible. The IRS must comply with its obligations under section 6103. As we have explained in our letter to you dated January 30, 2024 the IRS assigned a team of eleven attorneys to review documents. Three attorneys were assigned to complete a first level of review of the potentially responsive documents from the three file storage locations. The IRS completed that review. But the IRS is required to do a second level of review of the documents because only managers and senior attorneys have the authority to determine whether the documents may be released. The IRS has assigned seven managerial level reviewers and one senior attorney reviewer for the second-level review. The IRS has completed its second-level review of the documents you assigned to first priority and has partially completed its second-level review of documents you assigned to second priority. We produced the responsive, non-privileged documents (or portions thereof) from the completed review yesterday (USA-Griffin-0002925 to USA-Griffin-0008609). The IRS is still conducting its second-level review of documents you assigned to second and third priority and will produce those on a rolling basis. We anticipate making another production early next week. We will continue to keep you informed of the status of the IRS's review of the remaining documents.

2. Document Review Protocol: In an effort to get you the documents as soon as possible, we have asked IRS counsel to conduct the review for responsiveness, privilege, and section 6103. Once IRS counsel released the documents to use for production, we will release them to you.

3. <u>Metadata</u>: Thank you for alerting us to your concern about the lack of metadata. We have asked IRS counsel to produce documents with metadata (to the extent it is available) going forward. Although we do not understand this to be a case where the authenticity of documents is a concern, if there are particular documents from yesterday's production that you want metadata for let us know and we can ask for it from the IRS.

4. <u>Contracting Officer Representatives</u>: IRS counsel has obtained responsive, non-privileged documents from the contracting officers and we produced those to you. The contracting officers' interactions with Mr. Littlejohn were limited. We do not agree that pulling the contracting officers' email and running search terms (like the IRS did for Paul Wight) is proportional to the needs of the case. But we can confirm with the IRS that the contracting officers do no have any additional documents responsive to the requests.

5. <u>Potential Data Custodians at IRS Offices</u>: We are not sure what information you are looking for regarding issue number 5. We provided you the available contracts between Booz Allen and the IRS from the procurement office. And we provided you with Mr. Littlejohn's training transcript and the available training materials. Mr. Littlejohn's training transcript reflects he completed all required training. And we produced the OL5081 that shows Mr. Littlejohn's access to the CDW database (the database that contained Mr. Griffin's return information). The IRS offices you identify in issue number 5 do not have additional, responsive information or documents relevant to those issues.

6. <u>IRS Employees</u>: You have asked the United States to pull four additional file storage locations for four current and former IRS employees (Rene Schwarzbaum, Nanette Downing, John Weaver, and Sandy Lin) and to run the same searches that the IRS has done for the three file storage locations (Paul Wight's email, Mr. Littlejohn's laptop, and Mr. Littlejohn's email). As you are aware, that process is extremely time-consuming (and has required the IRS to use a team of 11 attorneys). Searching four additional file storage locations is not proportional to the needs of the case. The issues in this case are whether Mr. Littlejohn was an IRS employee or contractor and the number of Mr. Littlejohn's unauthorized inspections/disclosures of Mr. Griffin's return information. To the extent Mr. Littlejohn's communications with these four individuals are relevant, such communications will be produced as part of the production of documents from the three file storage locations.

7. <u>Reza Rashidi</u>: We identified Mr. Rashidi as someone who has familiarity with the CDW database (*i.e.*, the database that Mr. Littlejohn had access to). He did not personally interact or otherwise communicate with Mr. Littlejohn. Instead, Mr. Rashidi is someone who has knowledge about the CDW database.

8. <u>ROGs 11, 18, 20, 21</u>: The United States answered these interrogatories. You are now rewriting the interrogatories and asking the United States to provide information that is not called for by those interrogatories. You can find out that information through depositions.

9. <u>ROG No. 15</u>: The United States answered this interrogatory and objected appropriately. What is the relevancy of identifying Booz Allen employees who lawfully accessed, inspected, or disclosed Mr. Griffin's return information?

10. <u>ROG 6</u>: We provided as much information as we could in response to this interrogatory while complying with section 6103. We are not able to provide more details.

11. <u>ROG 7</u>: The United States answered this interrogatory. You are now rewriting the interrogatory and asking the United States to provide a response to a hypothetical. The United States will not do so.

12. <u>ROG No. 10</u>: The United States answered this Interrogatory. You are now rewriting the Interrogatory and asking the United States to provide information that is not called for by the Interrogatory. You can find out that information through depositions.

13. <u>ROG No. 16</u>: The United States answered this Interrogatory and objected appropriately. At this time, the United States is unable to disclose how Mr. Littlejohn did what he did apart from what is disclosed in the criminal case. As set forth in the United States' response to Interrogatory No. 16:

> The law enforcement investigatory privilege protects the disclosure of information regarding how Mr. Littlejohn collected and secured taxpayer return information, what Mr. Littlejohn knew about IRS security measures, including how to evade insider threat safeguards, and how Mr. Littlejohn circumvented IRS security measures. Disclosing that information would reveal IRS system vulnerabilities. The investigatory privilege prevents the United States from disclosing why Mr. Littlejohn was able to use virtual machines to obtain Mr. Griffin's Return Information and disclose it to ProPublica in violation of IRS security measures.

14. <u>ROG No. 19</u>: We understand that you are seeking clarification about the information provided in response to Interrogatory No. 19. We will follow up with IRS counsel on this issue. In the meantime, one resource that might be helpful to decipher the spreadsheets is the public version of Doc 6209 available at https://www.irs.gov/privacy-disclosure/document-6209-adp-and-idrs-information

15. <u>RFPD No. 77</u>: The United States objected to this Request on January 16, and supplemented its objection on January 30. The United States disagrees that the scope of discovery in this case should expand to include Mr. Littlejohn's disclosure of Public Official A's return information to New Organization 1. That is a separate disclosure involving a separate taxpayer. It is not relevant to the parties' claims or defenses and not proportional to the needs of the case. In addition, disclosure of the documents is prohibited by section 6103.

Mary Beth Smith

Trial Attorney, Tax Division

U.S. Department of Justice

717 N. Harwood Street, Suite 400

Dallas, Texas  75201

Telephone: (214) 880-9779

Facsimile: (214) 880-9741

---

**From:** AJ Merton <ajmerton@quinnemanuel.com>
**Sent:** Friday, January 26, 2024 8:29 AM
**To:** Smith, Mary E. (TAX) <Mary.E.Smith@usdoj.gov>; Sasarak, Stephanie A. (TAX) <Stephanie.A.Sasarak@usdoj.gov>; Vanaskie, Thomas K. (TAX) <Thomas.K.Vanaskie@usdoj.gov>
**Cc:** William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Derek Shaffer <derekshaffer@quinnemanuel.com>; John Bash <johnbash@quinnemanuel.com>
**Subject:** [EXTERNAL] Griffin v. IRS et al. -- Discovery M&C

Counsel—

We write to respond to the Government's January 3 and January 8 letters, as well as to meet and confer about deficiencies in the Government's most recent discovery responses to date.  Please let us know when you are available in the coming week to meet and confer regarding the following issues:

1. <u>Status Of Document Productions.</u> The status and timing of the Government's rolling productions of responsive documents from the set of 5,609 documents, including families, returned by the Parties' agreed-upon search terms.  On January 5, we provided our priorities with respect to the search terms and requested an initial rolling production by January 16 and a second production by January 22.  The Government did not respond and has not yet produced any documents identified by search terms.

2. <u>Document Review Protocol.</u> The protocol and procedure for the "culling" of materials in connection with any Section 6103 review, including whether materials that are "culled" are still being (a) reviewed by DOJ counsel for responsiveness and (b) logged as privileged.

3. <u>Missing Metadata.</u> The Government's productions to date appear to be missing metadata.  At this time, we are not asking for the reproduction of materials already disclosed or an overlay (although we reserve all rights with respect to prior productions), but we request the customary metadata fields (which we can discuss as necessary) and native files moving forward.

4. <u>Missing Custodians.</u> Why the IRS contracting officer representatives and contracting officers identified in interrogatory responses and in document production are not custodians.  We propose that the Government

9

collect the custodial files of these officers, run Mr. Griffin's search terms across the custodial files, and provide a hit count so that the parties could meet and confer to resolve any volume concerns or disputes as to the likely relevance of these officers' files.

5. <u>Missing Custodians.</u> What Defendants have done to determine whether there are potential data custodians at the following IRS Offices—*i.e.*, Office of the Chief Procurement Officer, Privacy Government Liaison and Disclosure Office, Human Capital Office, Facilities Management and Security Services Office; Personnel Security Office; IT Cybersecurity Office—and/or other contracting officer representatives that have discoverable information, including information regarding Mr. Littlejohn's compliance with IRS privacy and UNAX training requirements as well as records related to Mr. Littlejohn's access to IRS systems that contained Mr. Griffin's return information.

6. <u>Missing Custodians.</u> Why four of the five individuals (current or former IRS employees Rene Schwarzbaum, Nanette Downing, John Weaver, and Sandy Lin) that the Government identified in its answers to Interrogatories 11, 18, and 20 are not custodians. In its answer to Interrogatory 11, the Government identified these four people plus Paul Wight as "employees or officers of the United States that have personal knowledgeable about the relationship between Booz Allen, Mr. Littlejohn, and Defendants." In its answer to Interrogatory 18, the Government identified these same four people, plus Wight, as "[t]he employees or officers of the United States that have personal knowledge about why it was necessary to provide Mr. Littlejohn access to the CDW databases." In its answer to Interrogatory 20, the Government identified these same four people, plus Wight, as "[t]he employees or officers of the United States that have personal knowledge about how Booz Allen personnel supervised and directed Mr. Littlejohn's work." Wight is currently the sole custodian whose files the Government is searching in addition to Littlejohn's. Clearly these other four individuals have relevant, discoverable information. We propose that the Government collect the custodial files of Schwarzbaum, Downing, Weaver, and Lin; run Mr. Griffin's search terms across the custodial files; and provide a hit count so that the parties could meet and confer to resolve any volume concerns or disputes as to the likely relevance of these individuals' files.

7. <u>Missing Custodians.</u> Why Rea Rashidi, whom the Government identified in response to Interrogatory 4, is not a custodian. The Government identified Rashidi as "Director, Data Management Division, RAAS[, and] a person likely to have discoverable information regarding the CDW databases Mr. Littlejohn was authorized to access" and through which Littlejohn accessed Mr. Griffin's "Taxpayer Identity information." We propose that the Government collect the custodial files of Rashidi, run Mr. Griffin's search terms across the custodial files, and provide a hit count so that the parties could meet and confer to resolve any volume concerns or disputes as to the likely relevance of Rashidi's files.

8. <u>ROGS 11, 18, 20, and 21.</u> Information regarding Littlejohn's IRS unit, supervisors, and coworkers. The Government provided only one name, Paul Wight, as an answer to Interrogatory 21, which asks the Government to "Identify the ten employees or officers of the United States most directly responsible for supervising Mr. Littlejohn's work for the IRS for periods between 2017 through 2021, including their job titles and descriptions of their job responsibilities, and Describe how You Identified every such Person." At the same time, although the Government identified the same five people (Wight, Schwarzbaum, Downing, Weaver, and Lin) in its answers to Interrogatories 11, 18, and 20, each of these answers were subject to the Government's objections to and qualifications of the Interrogatory. We propose that to complete answers to Interrogatories 11, 18, 20, and 21 the Government identify (a) the IRS units (whether divisions, departments, or offices) that Littlejohn worked in, (b) the dates that he worked in those units and (c) the IRS employees who worked in those units at those dates.

9. <u>ROG 15.</u> Interrogatory 15 requests that Defendants identify all individuals at Booz Allen Hamilton and the IRS who accessed Mr. Griffin's Return Information for the period from 2017 through 2021, and if so, whether the IRS will produce that information. The Government answered Interrogatory 15 by stating that the Government is unaware of other individuals who *unlawfully* accessed such information, however, the Interrogatory seeks the identity of anyone who accessed Mr. Griffin's information between 2017 through 2021—lawfully or otherwise—

and thus the Government has not answered the Interrogatory. If the Government is unable to determine this information, then we propose discussing language for a draft RFA or stipulation regarding the same.

10. <u>ROG 6.</u> Documents and Communications between the Government and ProPublica concerning Mr. Griffin's return information for federal income tax years between 2010 and 2018. Interrogatory 6 asks for the Government to "Describe" all such Documents and Communications, and "Describe" is defined as requiring that the Defendants "set out in complete detail every act, event, fact, date, location, person, reason, or occurrence related to the question posed in the Interrogatory." The Government answered only that "TIGTA requested both verbally and through written communication that ProPublica turnover to TIGTA a copy of all the information ProPublica received." We believe that a complete answer to Interrogatory 6 requires the Government to provide more detail. As an alternative, we propose that the Government produce the Documents and Communications referenced (including, but not limited to, any emails, letters, and notes or memoranda reflecting and concerning telephone calls or meetings).

11. <u>ROG 7.</u> Interrogatory 7 asks that the Government "[d]escribe all steps" it has "taken to determine whether [it] failed to establish and/or maintain" appropriate safeguards to protect Mr. Griffin's Return Information from unlawful disclosure. In its answer, the Government offered two conclusory statements: (1) "The United States has at all times maintained appropriate safeguards to protect Mr. Griffin's return information from unlawful disclosure," and (2) the unlawful disclosure was made by a "lone actor," Littlejohn. We believe that a complete answer to Interrogatory 7 requires that the Government explain whether the Government took any steps to determine whether Mr. Littlejohn's unlawful disclosure could have been prevented if Defendants implemented TIGTA's and the GAO's data security recommendations as referenced in Mr. Griffin's Second Amended Complaint, and if so, the results of those undertakings.

12. <u>ROG 10.</u> Interrogatory 10 seeks the facts, circumstances, and documents relating to "any indicia, warning, audit, notice, events, Document, Communication, thing" "concerning" any security risk, breach, or unauthorized disclosure or inspection of return information concerning any tax year between 2010 and 2022. The Government answered that "After publication of Mr. Griffin's return information, the IRS referred the case to TIGTA to conduct any investigation to the potential unauthorized disclosure of return or return information. TIGTA did not confirm the existence of an investigation to the public, or with the IRS, until September 29, 2023," when criminal charges against Littlejohn were announced. We believe that a complete answer to Interrogatory 10 (specifically, "10.1") requires the Government to identify (a) who at the IRS made the referral to TIGTA reference in the response, (b) what date that referral happened, (c) what documents were shared as part of that referral, and (d) communications reflecting or responding to that referral. We propose in the alternative of a verified answer that the Government produce documents sufficient to reflect these events, to the extent that the Government believes that it can produce nonprivileged documents sufficient to provide the requested information.

13. <u>ROG 16.</u> Interrogatory 16 seeks a description of why Defendants' technical, administrative, and physical safeguards over the IRS's data and records systems that ensure all Windows computers connected to its network were authorized and compliant with relevant security policies did not prevent Mr. Littlejohn from using virtual machines to obtain Mr. Griffin's Return Information. The Government's answer to Interrogatory "16.1" referred to Littlejohn's use of two virtual machines to conceal his activities, but this is non-responsive. We believe that a complete answer to Interrogatory 16 requires that the Government explain why the IRS's safeguard to ensure that all Windows computers connected to its network were authorized and compliant did not prevent Mr. Littlejohn from using the virtual machines referenced in the Government's answer to Interrogatory "16.1" to obtain Mr. Griffin's Return Information. Alternatively, if the Government has not taken any steps to determine whether Mr. Littlejohn would have been able to use virtual machines to obtain Mr. Griffin's Return information if the IRS's safeguards were working properly, then we can discuss language for a proposed RFA or stipulation regarding the same.

14. <u>ROG 19.</u> Interrogatory 19 seeks a description of all of the Return Information of Mr. Griffin's that Mr. Littlejohn disclosed to ProPublica, including the file names of any files that contained Mr. Griffin's Return Information that

> was disclosed to ProPublica. In its January 16, 2024 response to Interrogatory 19, the Government produced 124 documents purported to be an "inventory of the Mr. Griffin Return Information that Charles Littlejohn disclosed to ProPublica," but the Government did not provide any clarification, key, or context regarding the categories of information purported to be represented therein. Can the Government provide a key for deciphering the documents—defining things such as "iph," "KEYLINE," EXTRACT_JOB_ID," "DISPATCH_TYP," "ENT_BLDU," TOTRF" and all other column titles and responses listed in these documents?
>
> 15. <u>RFP 77.</u> Request for Production 77 seeks communications between Mr. Littlejohn and News Organization 1 (which we understand to be the NY Times). The Government objected to this Request on grounds of relevance, claiming that "Mr. Littlejohn's communications with News Organization 1 have nothing to do with the wrongful disclosure of Mr. Griffin's return information." We disagree. Mr. Littlejohn communicated with News Organization 1 over the course of "several months" in spring and summer 2019 regarding whether Mr. Littlejohn would disclose tax return information to the organization, before doing so in August 2019. These months of communications are likely to contain highly relevant information concerning, among other things, Mr. Littlejohn's exploitation of the IRS's security vulnerabilities to disclose return information. In all events, the Government's conclusory objection is procedurally inadequate because "the discovery respondent bears the burden of establishing a lack of relevancy." *Haiser v. MSC Cruises, S.A.*, 2019 WL 1388641, at *2 (S.D. Fla. Jan. 31, 2019).

Finally, as you know, January 30 is the Government's deadline for production and response to all outstanding discovery requests (including, but not limited to, requests for production of the investigative files). Because the Government previously represented that it could not commit to a date certain for production (including in the December 29 hearing), we ask that the Government confirm that it intends to satisfy this deadline so that we can promptly seek relief from the Court if it does not.

We reserve all rights and look forward to speaking with you soon.

All best,

AJ

Alexander J. Merton
Partner
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I. St. NW, Suite 900
Washington, D.C. 20005
202.538.8226 Direct
202.538.8100 Fax
ajmerton@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.