# EXHIBIT 14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**Case No. 1:22-cv-24023-SCOLA/GOODMAN**

| | |
|---|---|
| KENNETH C. GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNAL REVENUE SERVICE, *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**UNITED STATES' AMENDED RESPONSE TO INTERROGATORIES**
**1-5, AND 7-9, AND RESPONSE TO INTERROGATORIES 12-20**

The United States, pursuant to the Court's Post-Discovery Hearing Order (ECF No. 84)

and Federal Rule of Civil Procedure 33, amends its response to Plaintiff's First Set of

Interrogatories (Interrogatory Nos. 1 through 10) and responds to Plaintiff's Second Set of

Interrogatories (Interrogatory Nos. 11 through 21).[1]

The United States incorporates by reference the Objections to the Definitions and

Instructions in the Response to Plaintiff's First Set of Interrogatories.

**SPECIFIC OBJECTIONS AND AMENDED**
**RESPONSE TO FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** For each Request for Admission that You do not admit in full and
without qualification, Describe all legal and factual bases that tend to support and/or undermine
Your reasons for not admitting that Request in full and without qualification, and Identify all
Documents you claim support your reasons for not admitting that Request in full and without
qualification.

**OBJECTION:** The United States objects to Interrogatory No. 1 as compound.
Plaintiff's First Set of Requests for Admission contains 45 requests. Plaintiff's Second

---

[1] On January 8, 2023, the United States amended its response to Interrogatory Nos. 6 and 10 and
responded to Interrogatory Nos. 11 and 21. The United States is not further amending its
response to those interrogatories at this time.

Set of Requests for Admission contains 64 requests. In total, Plaintiff has propounded 109 separate requests for admission to the United States. To date, the United States has denied, in whole or in part, 43 of the first 45 requests for admission. The deadline to respond to the Second Set of Requests for Admission is January 30, 2024. This interrogatory seeks explanations of at least 43 of the United States' responses to Plaintiff's requests for admission. Each request for admission for which the United States must provide a factual basis for its denial or partial denial, plus all documents to support the denials or partial denials, must be considered a discrete subpart. *See Superior Sales West, Inc. v. Gonzalez*, 335 F.R.D. 98, 104-05 (W.D. Tex. 2020); *see also Pouncil v. Brach Law Firm*, 277 F.R.D. 642, 647 (D. Kan. 2011); *Commodores Entertainment Corp. v. McClary*, No. 14-1335, 2015 WL 12843874, at *3 (M.D. Fla. Nov. 6, 2015). Because Rule 33 of the Federal Rules of Civil Procedure limits parties to twenty-five interrogatories, including discrete subparts, this interrogatory alone exceeds the number of interrogatories permitted.

To the extent any of the requests for admission seeks a conclusion of law as opposed to a discrete fact that is not seriously in dispute, the request is "beyond the proper scope of Rule 36." *Akowskey v. Nationstar Mortgage, LLC*, No. 21-14487, 2022 WL 17342202, at *4 (S.D. Fla. Nov. 30, 2022) (Maynard, J.); *see also In re Olympia Holding Corp.*, 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995) (collecting cases).

To the extent the United States answered any request for admission with only objections, the United States incorporates those objections, such as relevance and proportionality, in response to this compound interrogatory.

**INTERROGATORY NO. 2:** For all federal income tax years between 2013 and 2018, Identify all Persons who accessed, Inspected, and/or Disclosed Mr. Griffin's Return Information as well as the Taxpayer Return Information for at least 50 other Targeted Taxpayer Returns, and Describe how You Identified all such Persons.

**OBJECTIONS:** The United States objects to Interrogatory No. 2 as compound and will treat it as **three** distinct interrogatories: (1) "Identify all Persons who accessed, Inspected, and/or Disclosed Mr. Griffin's Return Information"; (2) "Identify all Persons who accessed, Inspected, and/or Disclosed . . . as well as the Taxpayer Return Information for at least 50 other Targeted Taxpayer Returns"; and (3) "Describe how You Identified all such Persons." Based on this objection, the United States responds separately to each discrete subpart of this interrogatory.

The United States further objects to this interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims or defenses, and not proportional to the needs of the case to the extent it seeks the identity of all Persons who lawfully accessed, inspected, or disclosed Mr. Griffin's Return Information and the identity of all Persons who accessed or inspected "the Taxpayer Return Information for at least 50 other Targeted Taxpayer Returns." This case concerns the disclosure of <u>Mr. Griffin's</u> return information to ProPublica. Mr. Griffin lacks standing to assert a wrongful disclosure claim under 26 U.S.C. § 7431 on behalf of other taxpayers. *See Norman E. Duquette, Inc. v. Comm'r*,

110 F. Supp. 2d 16, 23 (D.D.C. 2000) ("Section 7431 explicitly restricts standing to taxpayers whose tax return information has been improperly disclosed."). And so, the United States will respond to this Interrogatory to the extent it seeks the identities of individuals who unlawfully accessed, inspected, or disclosed Mr. Griffin's Return Information to ProPublica and how any individuals were identified (to the extent such information is not protected from disclosure by 26 U.S.C. § 6103).

The United States further objects to the extent this interrogatory seeks information protected from disclosure by the law enforcement investigatory privilege or 26 U.S.C. § 6103. The steps taken by TIGTA to investigate the disclosure of return information to ProPublica are investigative techniques that are protected by the investigatory process privilege. And the information gathered by TIGTA during its investigation of Mr. Littlejohn constitutes Mr. Littlejohn's return information under 26 U.S.C. § 6103(b)(2). There is no exception that authorizes the disclosure of that information in this litigation.

**RESPONSE TO INTERROGATORY NO. 2.1:** Charles Edward Littlejohn wrongfully disclosed Mr. Griffin's Return Information to ProPublica.

**RESPONSE TO INTERROGATORY NO. 2.2:** As detailed in the filings in *United States v. Littlejohn*, No. 23-cr-343 (D.D.C.), Charles Edward Littlejohn wrongfully disclosed return information of taxpayers other than Mr. Griffin to ProPublica.

**RESPONSE TO INTERROGATORY NO. 2.3:** TIGTA identified Mr. Littlejohn as the individual responsible for wrongfully disclosing thousands of taxpayers' return information to ProPublica, including Mr. Griffin's return information, as part of its investigation under Title 26.

**INTERROGATORY NO. 3:** For all INSOLE Files containing Taxpayer Return Information for federal income tax years between 2010 and 2018, provide the following:

    a. A Description of the categories of data derived from each sample Return included therein;

    b. A Description of the categories of data derived from the microdata records for each sample Return included therein;

    c. A Description of which INSOLE File(s) contain Mr. Griffin's Return and/or Mr. Griffin's Return Information;

    d. A Description of the administrative, technical, and physical safeguards You use to protect these INSOLE Files from unlawful disclosure; and

    e. A Description of how You can Identify all Persons who access, Inspect, and/or Disclose these INSOLE Files.

**OBJECTIONS:** The United States objects to this interrogatory to the extent it seeks information for years 2010 through 2012 as overly broad and not proportional to the needs of this case because Mr. Griffin does not allege the wrongful disclosure of his return information for these years.

The United States further objects to this interrogatory because it is not relevant to the parties' claims or defenses in this case or proportional to the needs of the case. Mr. Littlejohn did not have access to INSOLE files during the time period at issue and he did not disclose INSOLE Files containing Mr. Griffin's Return Information to ProPublica.

**RESPONSE:** Pursuant to Fed. R. Civ. P. 33(d), the United States refers Mr. Griffin to Exhibits A through F, which were produced in the original response to Plaintiff's First Set of Interrogatories. Exhibits A through F are publicly available documents that show the content of the INSOLE files for, respectively, years 2013 through 2018. A red square in Exhibits A though F denotes that the item is in the INSOLE file.

The INSOLE files for years 2013 through 2014 and for years 2016 through 2018 contain at least some of Mr. Griffin's Return Information. The INSOLE File for year 2015 does not contain Mr. Griffin's Return Information.

**<u>INTERROGATORY NO. 4</u>:** Identify all data systems and files that contain Mr. Griffin's Return Information which also contains information of his Taxpayer Identity for federal income tax years between 2010 - 2018 (*e.g.*, INSOLE File, IRS Individual Master File,  etc.), and for each data system and/or file, Identify the five Persons most knowledgeable about non-privileged discoverable facts regarding:

   a.  A Description of the categories of data contained in each of these data systems and/or files;

   b.  A Description of how Taxpayer Return Information contained in these data systems and/or files are stored;

   c.  A Description of how to identify which Persons have authority to access these data systems and/or files;

   d.  A Description of the mechanisms in place to track the details of instances where Persons access, Inspect, alter, and/or Disclose Taxpayer Return Information in these data system and/or files; and

   e.  The administrative, technical, and physical safeguards You use to protect Taxpayer Return Information contained in these files from unlawful disclosure.

**OBJECTIONS:** The United States objects to Interrogatory No. 4 to the extent it seeks information for years 2010 through 2012 as overly broad and not proportional to the

4

needs of this case because Mr. Griffin does not allege the wrongful disclosure of his return information for those years.

The United States further objects to this interrogatory because it is not relevant to the parties' claims or defenses and not proportional to the needs of the case. Plaintiff sent this Interrogatory before he knew who disclosed his return information to ProPublica and what information of his was disclosed. But Mr. Griffin now knows that Mr. Littlejohn is the one who disclosed his return information to ProPublica. And the United States is producing, in response to Interrogatory No. 19.1, documents containing Mr. Griffin's return information that Mr. Littlejohn disclosed to ProPublica.

**RESPONSE:** As a person working under the contracts identified in response to Interrogatory No. 18.1, Charles Littlejohn was authorized to access the IRS's Compliance Data Warehouse (CDW) masked taxpayer identification (TIN) database and the NHQ or Unmasked TINs (CDW-UNMASKED TINS) database. Mr. Littlejohn had access to Mr. Griffin's Taxpayer Identity information because he had access to the CDW databases.

The United States cannot speculate who might be most knowledgeable, but identifies Reza Rashidi, Director, Data Management Division, RAAS as a person likely to have discoverable information regarding the CDW databases Mr. Littlejohn was authorized to access.

**INTERROGATORY NO. 5:** Describe all steps that the IRS has taken to determine whether Mr. Griffin's Return Information for any federal income tax years between 2013 and 2018 was Disclosed to ProPublica in violation of 26 U.S.C. § 6103, and Identify the five Persons most knowledgeable about the non- privileged discoverable facts that tend to support and/or undermine Your determinations.

**OBJECTION:** The United States objects to Interrogatory No. 5 as compound and will treat it as **two** distinct interrogatories: (1) "Describe all steps that the IRS has taken to determine whether Mr. Griffin's Return Information for any federal income tax years between 2013 and 2018 was Disclosed to ProPublica in violation of 26 U.S.C. § 6103"; and (2) "Identify the five Persons most knowledgeable about the non- privileged discoverable facts that tend to support and/or undermine Your determinations." Based on this objection, the United States responds separately to each discrete subpart of this interrogatory.

The United States further objects to the extent this interrogatory seeks information protected from disclosure by the law enforcement investigatory privilege. The steps taken by TIGTA to investigate the disclosure of return information to ProPublica are investigative techniques that are protected by the investigatory process privilege.

The United States further objects to Plaintiff's instruction to identify *five* persons who are most knowledge about the information sought in this interrogatory because it assumes there are at least five persons with such knowledge. The United States will identify the individuals who are knowledgeable about the information sought in this

interrogatory without regard to the arbitrary demand to identify a specific number of individuals.

**RESPONSE TO INTERROGATORY NO. 5.1:** In the wake of articles in ProPublica describing tax information of wealthy taxpayers, the IRS referred the matter to TIGTA to investigate the source of the data leak. As detailed in filings in *United States v. Littlejohn*, No. 23-cr-343 (D.D.C.), TIGTA determined that Mr. Littlejohn disclosed Mr. Griffin's Return Information to ProPublica in violation of 26 U.S.C. § 6103.

**RESPONSE TO INTERROGATORY NO. 5.2:** The United States cannot speculate as to who is most knowledgeable. The employees or officers of the United States that have personal knowledge of TIGTA's investigation are Special Agent in Charge, Special Investigations Unit, Erik Wood and Special Agent, Special Investigations Unit, Cole Ashcroft.

**INTERROGATORY NO. 7:** Describe all steps that You have taken to determine whether you failed to establish and/or maintain adequate administrative, technical, and/or physical safeguards to protect Mr. Griffin's Return Information from unlawful Disclosure, as alleged in the Complaint, and Identify the five Persons most knowledgeable about the non-privileged discoverable facts that tend to support and/or undermine Your determinations.

**OBJECTIONS:** The United States objects to Interrogatory No. 7 as compound and will treat it as **two** distinct interrogatories: (1) "Describe all steps that You have taken to determine whether you failed to establish and/or maintain adequate administrative, technical, and/or physical safeguards to protect Mr. Griffin's Return Information from unlawful Disclosure, as alleged in the Complaint"; and (2) "Identify the five Persons most knowledgeable about the non- privileged discoverable facts that tend to support and/or undermine Your determinations." Based on this objection, the United States responds separately to each discrete subpart of this interrogatory.

The United States further objects to the extent this interrogatory seeks information protected from disclosure by the law enforcement investigatory privilege. The steps taken by TIGTA to investigate the disclosure of return information to ProPublica are investigative techniques that are protected by the investigatory process privilege. Similarly, that privilege protects the disclosure of information regarding how Mr. Littlejohn collected and secured taxpayer return information, what Mr. Littlejohn knew about IRS security measures, including how to evade insider threat safeguards, and how Mr. Littlejohn circumvented IRS security measures. Disclosing that information would reveal IRS system vulnerabilities.

The United States also objects to this interrogatory as unduly burdensome and not proportional to the needs of the case. The Court has "acknowledge[d] that the Government's motion [to dismiss] as to count two [the Privacy Act claim] does appear likely to succeed." (ECF No. 79 at 2.) Discovery on a claim that is likely to be dismissed places an undue burden on the United States.

The United States further objects to Plaintiff's instruction to identify *five* persons who are most knowledge about the information sought in this interrogatory because it assumes there are at least five persons with such knowledge. The United States will identify the individuals who are knowledgeable about the information sought in this interrogatory without regard to the arbitrary demand to identify a specific number of individuals.

**RESPONSE TO INTERROGATORY NO. 7.1:** The United States has at all times maintained appropriate safeguards to protect Mr. Griffin's return information from unlawful disclosure. The disclosure at issue was made by a lone actor, Mr. Littlejohn, who abused his position of trust as a contractor with lawful access to Mr. Griffin's return information under 26 U.S.C. § 6103(n). By way of further response, the United States refers Mr. Griffin to the criminal filings in *United States v. Littlejohn*, No. 23-cr-343 (D.D.C.), which describe how Littlejohn used his technical expertise to surreptitiously download Mr. Griffin's return information to private devices and conceal his misconduct.

**RESPONSE TO INTERROGATORY NO. 7.2:** The United States cannot speculate as to who is most knowledgeable. The employees or officers of the United States that have personal knowledge about how Mr. Littlejohn used his technical expertise to surreptitiously download Mr. Griffin's return information to private devices and conceal his misconduct are Special Agent in Charge, Special Investigations Unit, Erik Wood and Special Agent, Special Investigations Unit, Cole Ashcroft.

**INTERROGATORY NO. 8:** If you contend that ProPublica is not in possession of Mr. Griffin's Return Information as alleged in the Complaint, describe all legal and factual bases that tend to support and/or undermine Your contention and identify all Documents that tend to support and/or undermine Your contention, and Identify the five Persons most knowledgeable about the non-privileged discoverable facts that tend to support and/or undermine your contention.

**RESPONSE:** The United States admits that Mr. Littlejohn disclosed Mr. Griffin's Return Information to ProPublica. The United States does not know whether ProPublica is still in possession of Mr. Griffin's Return Information.

**INTERROGATORY NO. 9:** For all federal income tax years between 2010 and 2018, Identify all Persons who accessed, Inspected, and/or Disclosed (1) INSOLE File(s) and (2) Public Use File(s) that contain Mr. Griffin's Return Information, and Describe how You Identified all such Persons.

**OBJECTIONS:** The United States objects to Interrogatory No. 9 as compound and will treat it as **two** distinct interrogatories: (1) "Identify all Persons who accessed, Inspected, and/or Disclosed (1) INSOLE File(s) and (2) Public Use File(s) that contain Mr. Griffin's Return Information"; and (2) "Describe how You Identified all such Persons." Based on this objection, the United States responds separately to each discrete subpart of this interrogatory.

7

The United States also objects to this interrogatory because it is overly broad, unduly burdensome, not relevant to the parties' claims or defenses, and not proportional to the needs of the case. The interrogatory asks for the identification of all individuals who accessed, inspected, or disclosed INSOLE files that contain Mr. Griffin's return information, but it is not limited in scope to any specific subject-matter regarding those files or whether such access, inspect, or disclosure was authorized. Plaintiff sent this Interrogatory before he knew who disclosed his return information to ProPublica or what information of his was disclosed. But Mr. Griffin now knows that Mr. Littlejohn disclosed his Return Information to ProPublica. And the United States has produced, in response to Interrogatory No. 19, Mr. Griffin's Return Information that Mr. Littlejohn disclosed to ProPublica..

The United States further objects to the interrogatory to the extent it seeks information for the 2010 through 2012 as overly broad and not proportional to the needs of this case because Mr. Griffin does not allege the wrongful disclosure of his return information for those years.

**RESPONSE TO INTERROGATORY NO. 9.1:** The United States is not aware of any person who unlawfully accessed, inspected, or disclosed INSOLE File(s) that contain Mr. Griffin's Return Information.

**RESPONSE TO INTERROGATORY NO. 9.2:** The United States is not aware of any person who unlawfully accessed, inspected, or disclosed INSOLE File(s) that contain Mr. Griffin's Return Information.

**SPECIFIC OBJECTIONS AND**
**RESPONSE TO SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 12:** For the period from 2017 through 2021, Identify all contact information for Mr. Littlejohn, including but not limited to all email addresses, telephone numbers, and instant messaging platform and application handles (including but not limited to Telegram and Signal).

**RESPONSE:** The United States is aware of the following contact information for Mr. Littlejohn during the relevant time period: ███████████ (home phone number); ████████████████████ (residence); 77 K Street NE, Washington, D.C. 20002 (work location at the IRS). In addition, the Plea Agreement and the Motion for Forfeiture filed in *United States v. Littlejohn*, No. 23-cr-343, ECF Nos. 8, 17 (D.D.C.) disclose that Mr. Littlejohn had an interest in a Proton Mail account, Twitter (X) account, and a Dropbox account.

**INTERROGATORY NO. 13:** Describe all steps that the IRS took to ensure that Booz Allen and Mr. Littlejohn completed all annual IRS provided UNAX Training between 2017 and 2021.

**RESPONSE:** The IRS had several contracts with Booz Allen Hamilton between 2017 and 2021. Mr. Littlejohn was part of the Booz Allen staff assigned to work on an analytics contract with the IRS Privacy, Governmental Liaison, and Disclosure Office (PGLD) and an analytics contract with the IRS Research, Applied Analytics, and Statistics Division (RAAS). Under the contracts, Booz Allen Hamilton was responsible for ensuring that its employees participated in all IRS required trainings. Mr. Littlejohn completed those trainings, including multiple UNAX trainings. The United States refers Mr. Griffin to the contracts, which detail Booz Allen Hamilton's responsibility to ensure that contractor personnel complete the required trainings. *See, e.g.*, USA-Griffin-000237 to USA-Griffin-239 (RAAS contract); USA-Griffin-00558 to USA-Griffin-00560 (PGLD contract). In addition, the United States refers Mr. Griffin to Mr. Littlejohn's training transcript (USA-Griffin-2457 to USA-Griffin-2470). The Contracting Officer Representatives (Marsha Coleman and Sandra Jackson) assigned to each contract ensured that Booz Allen Hamilton complied with the IRS training requirements.

**INTERROGATORY NO. 14:** Describe all steps that You took to comply with the requirements of 26 U.S.C. § 6103(p)(9) for Booz Allen and Mr. Littlejohn, and Identify the five Persons most knowledgeable about Your compliance efforts.

**RESPONSE:** Section 6103(p)(9) of the Internal Revenue Code does not apply because Mr. Littlejohn was given access to IRS systems under 26 U.S.C. § 6103(n). *See* 26 U.S.C. § 6103(p)(9) ("The requirements of this paragraph shall not apply to disclosures pursuant to subsection (n) for purposes of Federal tax administration.").

**INTERROGATORY NO. 15:** For the period from 2017 through 2021, Identify all Persons employed by or otherwise associated with Booz Allen who accessed, Inspected, and/or Disclosed Mr. Griffin's Return Information, and Describe how You Identified all such Persons.

**OBJECTION:** The United States objects to Interrogatory No. 15 as compound and will treat it as **two** distinct interrogatories: (1) "Identify all Persons employed by or otherwise associated with Booz Allen who accessed, Inspected, and/or Disclosed Mr. Griffin's Return Information"; and (2) Describe how You Identified all such Persons. Based on this objection, the United States responds separately to each discrete subpart of this interrogatory.

Defendants object to this Interrogatory as overbroad to the extent it seeks the identification of individuals employed by or otherwise associated with Booz Allen who *lawfully* accessed, inspected, and/or disclosed Mr. Griffin's return information as such information is not relevant to the parties' claims or defenses or proportional to the needs of the case. The United States responds to this Interrogatory to the extent it seeks the identification of individuals who *unlawfully* accessed, inspected, and/or disclosed Mr. Griffin's return information.

The United States further objects to the extent this interrogatory seeks information protected from disclosure by the law enforcement investigatory privilege. The steps

9

taken by TIGTA to investigate the disclosure of return information to ProPublica are investigative techniques that are protected by the investigatory process privilege.

The United States further objects to Plaintiff's instruction to identify *five* persons who are most knowledge about the information sought in this interrogatory because it assumes there are at least five persons with such knowledge. The United States will identify the individuals who are knowledgeable about the information sought in this interrogatory without regard to the arbitrary demand to identify a specific number of individuals.

**RESPONSE TO INTERROGATORY NO. 15.1:** Charles Edward Littlejohn unlawfully disclosed Mr. Griffin's Return Information to ProPublica in violation of 26 U.S.C. § 6103. The United States is not aware of any other individuals associated with Booz Allen Hamilton who unlawfully accessed, inspected, or disclosed Mr. Griffin's Return Information.

**RESPONSE TO INTERROGATORY NO. 15.2:** TIGTA identified Mr. Littlejohn as the individual responsible for wrongfully disclosing thousands of taxpayers' return information to ProPublica, including Mr. Griffin's return information, as part of its investigation that led to the prosecution of Mr. Littlejohn for an offense under 26 U.S.C. § 7213.

**INTERROGATORY NO. 16:** Describe why Your technical, administrative, and physical safeguards over the IRS's data and records systems that ensure all Windows computers connected to its network were authorized and compliant with relevant security policies did not prevent Mr. Littlejohn from using virtual machines to obtain Mr. Griffin's Return Information while avoiding IRS protocols designed to detect and prevent large downloads or uploads from IRS devices or systems, and Identify the five employees or officers of the United States most knowledgeable about the non-privileged discoverable facts regarding Your description.

**OBJECTION:** The United States objects to Interrogatory No. 16 as compound and will treat it as **two** distinct interrogatories: (1) "Describe why Your technical, administrative, and physical safeguards over the IRS's data and records systems that ensure all Windows computers connected to its network were authorized and compliant with relevant security policies did not prevent Mr. Littlejohn from using virtual machines to obtain Mr. Griffin's Return Information while avoiding IRS protocols designed to detect and prevent large downloads or uploads from IRS devices or systems"; and (2) "Identify the five employees or officers of the United States most knowledgeable about the non-privileged discoverable facts regarding Your description." Based on this objection, the United States responds separately to each discrete subpart of this interrogatory.

The United States further objects to this interrogatory because it seeks information protected from disclosure by the law enforcement investigatory privilege. That privilege protects the disclosure of information regarding how Mr. Littlejohn collected and secured taxpayer return information, what Mr. Littlejohn knew about IRS security measures, including how to evade insider threat safeguards, and how Mr. Littlejohn circumvented

10

IRS security measures. Disclosing that information would reveal IRS system vulnerabilities. The investigatory privilege prevents the United States from disclosing why Mr. Littlejohn was able to use virtual machines to obtain Mr. Griffin's Return Information and disclose it to ProPublica in violation of IRS security measures.

The United States also objects to this interrogatory as unduly burdensome and not proportional to the needs of the case. The Court has "acknowledge[d] that the Government's motion [to dismiss] as to count two [the Privacy Act claim] does appear likely to succeed." (ECF No. 79 at 2.) Discovery on a claim that is likely to be dismissed places an undue burden on the United States.

The United States further objects to Plaintiff's instruction to identify *five* persons who are most knowledge about the information sought in this interrogatory because it assumes there are at least five persons with such knowledge. The United States will identify the individuals who are knowledgeable about the information sought in this interrogatory without regard to the arbitrary demand to identify a specific number of individuals.

**RESPONSE TO INTERROGATORY NO. 16.1:** The United States refers Mr. Griffin to the criminal filings in *United States v. Littlejohn*, No. 23-cr-343 (D.D.C.). The Factual Basis for the Plea (ECF No. 9) discloses non-privileged information about how Mr. Littlejohn evaded security safeguards and wrongfully disclosed taxpayer return information to ProPublica:

- In or about July and August 2020, Defendant accessed unmasked IRS data associated with thousands of the nation's wealthiest people, including returns and return information dating back over 15 years. ECF No. 9 ¶ 10.

- Defendant thereafter uploaded this data to a private website on multiple occasions using a method similar to the one he employed in removing tax return and return information associated with Public Official A. In uploading the taxpayer returns and return information to a private website, Defendant used two virtual machines (essentially simulated versions of physical computers) In order to conceal his activities, Defendant promptly destroyed these machines after he used them to steal the data from the IRS. ECF No. 9 ¶ 11.

- In or about September 2020, Defendant contacted [ProPublica] to discuss the possibility of giving them a copy of the data on the nation's wealthiest taxpayers that he had stolen from the IRS. Also, in or about September 2020, Defendant, without authorization, anonymously provided the data to [ProPublica] by mailing it on a password-protected personal data storage device. In or about November 2020, Defendant provided the device's password to a journalist at [ProPublica]. ECF No. 9 ¶ 12.

- Defendant acknowledges that he willfully obstructed or impeded, or attempted

to obstruct or impede the administration of justice with respect to the investigation of his offenses:

- o Almost all of the files in Defendant's user profile on his assigned IRS laptop were deleted just prior to the laptop being returned to the IRS, when Defendant ceased working on [Booz Allen's] IRS contract in 2021.

- o Similarly, Defendant destroyed the virtual machines soon after he used them to facilitate his theft of the taxpayer returns and return information from an IRS database, in one case just minutes after stealing a data set and in another case approximately two days after stealing another data set.

- o In addition, after uploading the taxpayer returns and return information to the private website he had recently created, Defendant promptly contacted the domain registration service to cancel the private website's domain registration. ECF No. 9 ¶ 14.

- • Defendant acknowledges that he abused a position of trust and employed highly specialized technical skills in furthering his criminal activity. ECF No. 9 ¶ 15.

Additional non-privileged information regarding Mr. Littlejohn's conduct may be disclosed in a pre-sentencing brief or at the sentencing hearing.

**RESPONSE TO INTERROGATORY NO. 16.2:** The United States cannot speculate as to who is most knowledgeable. The employees or officers of the United States that have personal knowledge about how Mr. Littlejohn was able to use virtual machines to obtain Mr. Griffin's Return Information while avoiding IRS protocols designed to detect and prevent large downloads or uploads from IRS devices or systems are Special Agent in Charge, Special Investigations Unit, Erik Wood and Special Agent, Special Investigations Unit, Cole Ashcroft.

**INTERROGATORY NO. 17:** Describe why Your technical, administrative, and physical safeguards over the IRS's data and records systems that convert IRS data into a format that is unreadable for unauthorized users did not prevent ProPublica from being able to access Mr. Griffin's Return Information in a readable format after ProPublica received it from Mr. Littlejohn, and Identify the five employees or officers of the United States most knowledgeable about the non-privileged discoverable facts regarding Your description.

**OBJECTION:** The United States objects to Interrogatory No. 17 as compound and will treat it as **two** distinct interrogatories: (1) "Describe why Your technical, administrative, and physical safeguards over the IRS's data and records systems that convert IRS data into a format that is unreadable for unauthorized users did not prevent ProPublica from being able to access Mr. Griffin's Return Information in a readable format after

12

ProPublica received it from Mr. Littlejohn"; and (2) "Identify the five employees or officers of the United States most knowledgeable about the non-privileged discoverable facts regarding Your description." Based on this objection, the United States responds separately to each discrete subpart of this interrogatory.

The United States further objects to this interrogatory because it seeks information protected from disclosure by the law enforcement investigatory privilege. That privilege protects the disclosure of information regarding how Mr. Littlejohn collected and secured taxpayer return information, what Mr. Littlejohn knew about IRS security measures, including how to evade insider threat safeguards, and how Mr. Littlejohn circumvented IRS security measures. Disclosing that information would reveal IRS system vulnerabilities. The investigatory privilege prevents the United States from disclosing how Mr. Littlejohn was able to produce Mr. Griffin's Return Information to ProPublica in violation of IRS security measures.

The United States also objects to this interrogatory as unduly burdensome and not proportional to the needs of the case. The Court has "acknowledge[d] that the Government's motion [to dismiss] as to count two [the Privacy Act claim] does appear likely to succeed." (ECF No. 79 at 2.) Discovery on a claim that is likely to be dismissed places an undue burden on the United States.

The United States further objects to Plaintiff's instruction to identify *five* persons who are most knowledge about the information sought in this interrogatory because it assumes there are at least five persons with such knowledge. The United States will identify the individuals who are knowledgeable about the information sought in this interrogatory without regard to the arbitrary demand for the identification of a specific number of individuals.

**RESPONSE TO INTERROGATORY NO. 17.1:** The United States refers Mr. Griffin to the criminal filings in *United States v. Littlejohn*, No. 23-cr-343 (D.D.C.). The Factual Basis for the Plea (ECF No. 9) discloses non-privileged information about how Mr. Littlejohn wrongfully disclosed taxpayer return information to ProPublica:

- In or about July and August 2020, Defendant accessed unmasked IRS data associated with thousands of the nation's wealthiest people, including returns and return information dating back over 15 years. ECF No. 9 ¶ 10.

- Defendant thereafter uploaded this data to a private website on multiple occasions using a method similar to the one he employed in removing tax return and return information associated with Public Official A. In uploading the taxpayer returns and return information to a private website, Defendant used two virtual machines (essentially simulated versions of physical computers) In order to conceal his activities, Defendant promptly destroyed these machines after he used them to steal the data from the IRS. ECF No. 9 ¶ 11.

13

- In or about September 2020, Defendant contacted [ProPublica] to discuss the possibility of giving them a copy of the data on the nation's wealthiest taxpayers that he had stolen from the IRS. Also, in or about September 2020, Defendant, without authorization, anonymously provided the data to [ProPublica] by mailing it on a password-protected personal data storage device. In or about November 2020, Defendant provided the device's password to a journalist at [ProPublica]. ECF No. 9 ¶ 12.

- Defendant acknowledges that he willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice with respect to the investigation of his offenses:

  o Almost all of the files in Defendant's user profile on his assigned IRS laptop were deleted just prior to the laptop being returned to the IRS, when Defendant ceased working on [Booz Allen's] IRS contract in 2021.

  o Similarly, Defendant destroyed the virtual machines soon after he used them to facilitate his theft of the taxpayer returns and return information from an IRS database, in one case just minutes after stealing a data set and in another case approximately two days after stealing another data set.

  o In addition, after uploading the taxpayer returns and return information to the private website he had recently created, Defendant promptly contacted the domain registration service to cancel the private website's domain registration. ECF No. 9 ¶ 14.

- Defendant acknowledges that he abused a position of trust and employed highly specialized technical skills in furthering his criminal activity. ECF No. 9 ¶ 15.

Additional non-privileged information regarding Mr. Littlejohn's conduct may be disclosed in a pre-sentencing brief or at the sentencing hearing.

**RESPONSE TO INTERROGATORY NO. 17.2:** The United States cannot speculate as to who is most knowledge. The employees or officers of the United States that have personal knowledge about why IRS's data and records systems that convert IRS data into a format that is unreadable for unauthorized users did not prevent ProPublica from being able to access Mr. Griffin's Return Information in a readable format after ProPublica received it from Mr. Littlejohn are Special Agent in Charge, Special Investigations Unit, Erik Wood and Special Agent, Special Investigations Unit, Cole Ashcroft.

**INTERROGATORY NO. 18:** Describe why it was necessary to disclose Mr. Griffin's Taxpayer Identity information to Mr. Littlejohn, and Identify the five employees or officers of the United States most knowledgeable about the non-privileged discoverable facts regarding Your description.

> **OBJECTION:** The United States objects to Interrogatory No. 18 as compound and will treat it as **two** distinct interrogatories: (1) "Describe why it was necessary to disclose Mr. Griffin's Taxpayer Identity information to Mr. Littlejohn"; and (2) "Identify the five employees or officers of the United States most knowledgeable about the non-privileged discoverable facts regarding Your description" Based on this objection, the United States responds separately to each discrete subpart of this interrogatory.

The United States further objects to Plaintiff's instruction to identify *five* persons who are most knowledge about the information sought in this interrogatory because it assumes there are at least five persons with such knowledge. The United States will identify the individuals who are knowledgeable about the information sought in this interrogatory without regard to the arbitrary demand to identify a specific number of individuals.

**RESPONSE TO INTERROGATORY NO. 18.1:** The IRS had several contracts with Booz Allen between 2017 and 2021. Mr. Littlejohn was part of the Booz Allen staff assigned to work on an analytics contract with the IRS Privacy, Governmental Liaison, and Disclosure Office (PGLD) and an analytics contract with the IRS Research, Applied Analytics, and Statistics Division (RAAS). Under the PGLD contract, Booz Allen committed its employees, including Mr. Littlejohn, to perform analytics as part of PGLD's Identity Assurance Operations Program. The purpose of the PGLD contract was to ensure all taxpayers were given access to the ability to use IRS online services. To access this information, a taxpayer must first virtually verify their own identity to access IRS online services. The IRS contracted with a separate vendor to conduct online identity verification. That system, however, was not working efficiently and effectively blocked certain taxpayers from accessing IRS online services. The PGLD contract sought to identify which taxpayers were impacted and solve access issues related to identity assurance. Under the RAAS contract, Booz Allen committed its employees, including Mr. Littlejohn, to perform analytics on the IRS's Small Business and Self-Employed Division's private debt collection program. Mr. Littlejohn's work under the contracts required that he receive access to the IRS's Compliance Data Warehouse (CDW) masked taxpayer identification (TIN) database and the NHQ or Unmasked TINs (CDW-UNMASKED TINS) database. Mr. Littlejohn had access to Mr. Griffin's Taxpayer Identity information because he had access to the CDW databases. The United States does not contend that it was necessary to disclose Mr. Griffin's return information to Mr. Littlejohn but instead that Mr. Littlejohn was authorized to access Mr. Griffin's return information for the purposes described in this response.

**RESPONSE TO INTERROGATORY NO. 18.2:** The United States cannot speculate as to who is most knowledgeable. The employees or officers of the United States that have personal knowledge about why it was necessary to provide Mr. Littlejohn access to the

CDW databases are: (1) Paul Wight, Associate Director, Identity Innovations, PGLD Identity Assurance, (2) Rene Schwarzbaum (retired), Director, PGLD Identity Assurance from November 2015 until February 2019, (3) Nanette Downing (retired), Director, PGLD Identity Assurance from February 2019 until March 2022, (4) John Weaver, Initiative Manager, RAAS (no longer with IRS); and (5) Sandy Lin, former RAAS Initiative Manager.

**INTERROGATORY NO. 19:** Describe all of the Return Information of Mr. Griffin's that Mr. Littlejohn disclosed to ProPublica, including the file names of any files that contained Mr. Griffin's Return Information that was disclosed to ProPublica, and Identify the five employees or officers of the United States most knowledgeable about the non-privileged discoverable facts regarding Your description.

> **OBJECTION:** The United States objects to Interrogatory No. 19 as compound and will treat it as **two** distinct interrogatories: (1) "Describe all of the Return Information of Mr. Griffin's that Mr. Littlejohn disclosed to ProPublica, including the file names of any files that contained Mr. Griffin's Return Information that was disclosed to ProPublica"; and (2) "Identify the five employees or officers of the United States most knowledgeable about the non-privileged discoverable facts regarding Your description." Based on this objection, the United States responds separately to each discrete subpart of this interrogatory.

> The United States further objects to Plaintiff's instruction to identify *five* persons who are most knowledge about the information sought in this interrogatory because it assumes there are at least five persons with such knowledge. The United States will identify the individuals who are knowledgeable about the information sought in this interrogatory without regard to the arbitrary demand to identify a specific number of individuals.

> **RESPONSE TO INTERROGATORY NO. 19.1:** Pursuant to Fed. R. Civ. P. 33(d), the United States responds to this interrogatory by providing documents that contain an inventory of the Mr. Griffin Return Information that Charles Littlejohn disclosed to ProPublica. These documents constitute information that Plaintiff is entitled to receive under 26 U.S.C. § 7431(e). The United States is in the process of bates-labeling the documents and will produce them in redacted form by January 17, 2024.[2]

> **RESPONSE TO INTERROGATORY NO. 19.2:** The United States cannot speculate as to who is most knowledgeable. The employee or officer of the United States that has

---

[2] Included in the documents containing Plaintiff's information that was disclosed to ProPublica are Discriminate Function System (DIF) scores. DIF scores are assigned by the IRS and are how the IRS primarily selects tax returns for examination. A delegate of the Secretary of the Treasury has determined that releasing DIF scores would seriously impair Federal tax administration. The DIF scores have been redacted under 26 U.S.C. § 6103(e)(7). *See Teo v. Internal Rev. Serv.*, No. 20-81351, 2021 WL 4045003, *3, 11 (Aug. 20, 2021, S.D. Fla.) (Matthewman, J.).

personal knowledge about the CDW databases is Reza Rashidi, Director, Data Management Division, RAAS.

**INTERROGATORY NO. 20:** Describe every manner in which You supervised or otherwise exerted control over the performance of Mr. Littlejohn's work for the IRS, and Identify the five employees or officers of the United States with the most knowledgeable about the non-privileged discoverable facts regarding Your description.

> **OBJECTION:** The United States objects to Interrogatory No. 20 as compound and will treat it as **two** distinct interrogatories: (1) "Describe every manner in which You supervised or otherwise exerted control over the performance of Mr. Littlejohn's work for the IRS"; and (2) "Identify the five employees or officers of the United States [] most knowledgeable about the non-privileged discoverable facts regarding Your description." Based on this objection, the United States responds separately to each discrete subpart of this interrogatory.
>
> The United States further objects to this interrogatory because it presumes that there are employees or officers of the United States who supervised or otherwise controlled Mr. Littlejohn's work.
>
> **RESPONSE TO INTERROGATORY NO. 20.1:** No employee or officer of the United States was directly responsible for supervising or exerting control over the performance of Mr. Littlejohn's work performed for Booz Allen under the contracts with the IRS. Supervision of Mr. Littlejohn for the services contracted for by the IRS was Booz Allen's responsibility. The IRS managed the analytics contract and received the analytics results (product) from Booz Allen. Supervision of performance of the contract and how Booz Allen employees decided to ensure delivery of the tasks required under the contract were the responsibility of Booz Allen.
>
> **RESPONSE TO INTERROGATORY NO. 20.2:** The United States cannot speculate as to who is most knowledgeable. The employees or officers of the United States that have personal knowledge about how Booz Allen personnel supervised and directed Mr. Littlejohn's work are: (1) Paul Wight, Associate Director, Identity Innovations, PGLD Identity Assurance; (2) Rene Schwarzbaum (retired), Director, PGLD Identity Assurance from November 2015 until February 2019; (3) Nanette Downing (retired), Director, PGLD Identity Assurance from February 2019 until March 2022; (4) John Weaver, Initiative Manager, RAAS (no longer with IRS), and (5) Sandy Lin, former RAAS Initiative Manager.

<u>**Verification of Response to Interrogatories**</u>

Based on facts that were provided to me by IRS personnel, by Treasury personnel, and/or

derived from the IRS's files and/or Treasury files, I verify that the foregoing responses to

Interrogatories are true and correct to the best of my knowledge and belief.


Date:   January 15, 2024          _____
                                  Bart D. Jeffress
                                  General Attorney, IRS Office of Chief Counsel
                                  Procedure & Administration

18

Dated: January 15, 2024

DAVID A. HUBBERT
Deputy Assistant Attorney General

**<u>Mary Elizabeth Smith</u>**
MARY ELIZABETH SMITH
Maryland Bar No. 0712110235
STEPHANIE A. SASARAK
Maryland Bar No. 1012160096
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-307-2089 (v) | 202-514-4963 (f)
Mary.E.Smith@usdoj.gov
Stephanie.A.Sasarak@usdoj.gov

*Counsel for the United States*

Of counsel:

MARKENZY LAPOINTE
United States Attorney
Southern District of Florida

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 15, 2024, a copy of the foregoing United States'

Amended Response to Plaintiff's First Set of Interrogatories and Response to Plaintiff's Second

Set of Interrogatories was served via electronic mail on counsel of record.

<u>**Mary Elizabeth Smith**</u>
MARY ELIZABETH SMITH
Trial Attorney
U.S. Dept. of Justice, Tax Division